Craig B. Bailey (State Bar No. 114,410)
  cbailey@fulpat.com
James Juo (State Bar No. 193,852)
  jjuo@fulpat.com
FULWIDER PATTON LLP
Howard Hughes Center
6060 Center Drive, Tenth Floor
Los Angeles, California 90045
Telephone: (310) 824-5555
Facsimile: (310) 824-9696

Attorneys for Defendant Anastasia International, Inc.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DREAM MARRIAGE GROUP, INC., <br><br> Plaintiff, <br><br> v. <br><br> ANASTASIA INTERNATIONAL, INC., <br><br> Defendant. | CASE NO. 10 CV 5034 RSWL (FFMx) <br><br> SUPPLEMENTAL REPLY IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS UNDER RULE 12(B)(6) |

423385.

SUPPLEMENTAL REPLY IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS UNDER RULE 12(B)(6)
Civil Action No. 10 CV 5034 RSWL (FFMx)

## I. INTRODUCTION

Defendant Anastasia International, Inc. ("Defendant" or "Anastasia") moved to dismiss, with prejudice, three of the claims asserted by Plaintiff Dream Marriage Group, Inc. ("Plaintiff" or "DMG") in its Second Amended Complaint.

In its Opposition, DMG conceded that its Sixth Cause of Action for breach of contract should be dismissed.

DMG also conceded that there was no basis for its Fifth Cause of Action for trademark infringement under California Business and Professions Code § 14320. Although DMG argued that it has a cause of action for trademark infringement under the common law, Anastasia's motion did not assert a failure to state a common law claim. DMG's Fifth Cause of Action fails to state a claim for infringement under the California state trademark statute, and, to that extent, it should be dismissed with prejudice.

Finally, DMG argued that its Seventh Cause of Action for unfair competition under California Business and Professions Code § 17200 (the "UCL") should not be dismissed because DMG has an ownership interest in the revenues that Anastasia received from third party customers as a result of its allegedly unfair business practices. [Dkt No. 22 at 7]. However, lost revenue of this nature is not a basis for restitution, which is required for a private party to have standing to bring an action under the UCL.

Accordingly, the Court should dismiss all of these claims with prejudice under Rule 12(b)(6).

## II. ARGUMENT

DMG has conceded two of the three claims that were challenged in Anastasia's motion. The only remaining dispute is whether DMG has alleged sufficient facts for restitution which is required to have standing under the UCL.

423385.

Supplemental Reply In Support Of Defendant's
Motion To Dismiss Under Rule 12(b)(6)
Civil Action No. 10 CV 5034 RSWL (FFMx)

1

### A. DMG Lacks Standing To Seek Relief Under The UCL

DMG does not dispute that a restitutionary claim is required in order to have standing under the UCL.  See Cal. Bus. & Prof. Code § 17204; *see also Pom Wonderful LLC v. Welch Foods, Inc.*, No. CV 09-00567 AHM (AGRx), 2009 WL 5184422, at *2 (C.D. Cal. Dec. 21, 2009) ("Proposition 64, approved by California voters in 2004, 'changed the standing requirements for a UCL claim'" to include a showing of "lost money or property." (citation omitted)); *see also Pom Wonderful LLC v. Tropicana Products, Inc.*, No. CV 09-00566 DSF (CTx), slip op. at 2 (C.D. Cal. Oct. 21, 2009) ("California courts have interpreted the 'lost money or property' component of UCL standing to mean that a prospective UCL plaintiff must be entitled to restitution under the statute.").  Instead, DMG argues that its Complaint stated a claim for restitution of the profits that Anastasia received from third party customers as a result of Anastasia's alleged infringement of DMG's trade name.[1]  However, even if the facts alleged in DMG's Complaint are accepted as true,[2] DMG has not stated a claim for restitution, and its claim should be dismissed for lack of standing.  *Walker v. Geico General Ins. Co.*, 558 F.3d 1025, 1027 (9th Cir. 2009) (Affirming dismissal of a UCL claim because the plaintiff did not establish the requisite loss of money or property for restitution.).

---

[1] DMG also claims that it is entitled to an injunction under § 17200.  However, that is irrelevant to the standing inquiry which requires that the plaintiff have a claim for restitution.  *Walker*, 558 F.3d at 1027; *Citizens of Humanity, LLC v. Costco Wholesale Corp.*, 171 Cal. App. 4th 1, 89 Cal. Rptr. 3d 455, 472 (Cal. Ct. App. 2009) (Without a cognizable loss that would entitle it to restitution, a plaintiff has no standing to pursue either restitution or injunctive relief under the UCL.).

[2] Although Anastasia strongly disputes the facts alleged in DMG's Complaint, for purposes of this motion to dismiss, all material allegations in the complaint must be accepted as true.  *Ileto v. Glock Inc.*, 349 F.3d 1191, 1200 (9th Cir. 2003).  But DMG's Complaint still must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).

423385.

SUPPLEMENTAL REPLY IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS UNDER RULE 12(B)(6)
Civil Action No. 10 CV 5034 RSWL (FFMx)

2

### B. DMG Has Failed To State A Claim For Restitution

DMG's Complaint seeks recovery of "all profits and property acquired by means of Defendant's unfair competition." [Dkt. No. 1 at 14]. In its brief, DMG claims that it is entitled to restitution because it has "a property right in the trade name DREAM-MARRIAGE" that Anastasia allegedly infringed "to lure customers and the public into providing revenue streams" to Anastasia. [Dkt. No. 22 at 6]. DMG contends that the alleged infringing activity "could have been confusing on the part of the customer." [*Id.*] Thus, DMG concludes that it "arguably has an ownership interest with respect to any revenues received by Defendant associated with Defendant utilizing Plaintiff's proprietary trade name." [*Id.* at 7].

Although DMG mouths the buzzwords for restitution, DMG in fact is seeking nothing more than damages for alleged trademark infringement. Indeed, DMG itself characterizes its unfair competition claim as "trademark-related" and "substantially congruent" with its federal Lanham Act claims. [Dkt No. 22 at 5].

### C. The *Pom Wonderful* Cases, Which Involved Overlapping UCL and Lanham Act Claims, Are Highly Instructive

Within the last year, the question of standing in cases that involved overlapping UCL claims and Lanham Act claims has been addressed by three different judges in the Central District—namely, Judge Fischer in *Pom Wonderful LLC v. Tropicana Products, Inc.*, No. CV 09-00566 DSF (CTx), slip op. (C.D. Cal. Oct. 21, 2009); Judge Matz in *Pom Wonderful LLC v. Welch Foods, Inc.*, No. CV 09-00567 AHM (AGRx), 2009 WL 5184422 (C.D. Cal. Dec. 21, 2009); and Judge Otero in *Pom Wonderful LLC v. Coca-Cola Company*, --- F. Supp. 2d ---, No. CV 08-06237 SJO (FMOx), 2010 WL 2836269 (C.D. Cal. May 5, 2010).

In all three cases, the UCL claim was dismissed for lack of standing because the disgorgement of profits theory alleged as a basis for standing was held to be nonrestitutionary. *Tropicana*, No. CV 09-00566 DSF (CTx), slip op. at 2; *Welch*, 2009 WL 5184422, at *3; *Coca-Cola*, --- F. Supp. 2d ---, 2010 WL 2836269, at *17.

DMG's claim to recover "all profits allegedly acquired by means of [Anastasia's] unfair competition" is no different, and should be dismissed for lack of standing as well.

### D. DMG Has No Vested Interest In Anastasia's Revenue From Third Party Customers

To claim restitution under the UCL, a plaintiff must have either prior possession or a vested interest in the money or property lost. *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1149, 131 Cal. Rptr. 2d 29, 42, 63 P.3d 937, 947 (Cal. 2003); *see also Citizens of Humanity, LLC v. Costco Wholesale Corp.*, 171 Cal. App. 4th 1, 89 Cal. Rptr. 3d 455, 472 (Cal. Ct. App. 2009) (Any alleged harm to goodwill associated with a trademark is not a loss of "money or property," and is insufficient to confer standing for a UCL claim.).

DMG concedes that it did not have prior possession of any money or property lost. Indeed, DMG does not claim that Anastasia has ever taken any money from DMG or prevented DMG from using its DREAM-MARRIAGE trade name.

Instead, DMG claims that it has "an ownership interest" in any revenues received by Anastasia from third party customers as a result of Anastasia's alleged infringement of DMG's rights in the DREAM-MARRIAGE mark. However, this is not restitution—it is nothing more than a claim for trademark damages dressed up in restitutionary language. DMG is simply seeking damages for lost business from third party customers that allegedly went to Anastasia instead of DMG. *Korea Supply*, 29 Cal. 4th at 1151, 131 Cal. Rptr. 2d at 43, 63 P.3d at 948 ("Compensation for a lost business opportunity is a measure of damages and not restitution to the alleged victims." (citation omitted)). *Tropicana*, No. CV 09-00566 DSF (CTx), slip op. at 2 ("Lost profits are not restitution – they are damages."); *see also Coca-Cola*, --- F. Supp. 2d ---, 2010 WL 2836269, at *17 ("[A] lost business opportunity, . . . is not a vested interest." (citing *Korea Supply*, 29 Cal. 4th at 1150, 131 Cal. Rptr. 2d at 42, 63 P.3d at 947)).

423385.

Supplemental Reply In Support Of Defendant's
Motion To Dismiss Under Rule 12(B)(6)
Civil Action No. 10 CV 5034 RSWL (FFMx)

4

Indeed, a vested interest is an interest that is "not contingent; unconditional; absolute." *Tropicana*, No. 09-566, slip op. at 2 (citing Black's Law Dictionary 1699 (9th ed. 2009)). Here, DMG's asserted interest is a contingent expectancy that Anastasia's customers would have gone to DMG but for Anastasia's alleged infringing use of the DREAM-MARRIAGE mark, which is neither unconditional nor absolute. *See also Welch*, 2009 WL 5184422, at *3 (The expectancy of payment from third party consumers is "nonrestitutionary." (citing *Korea Supply*, 29 Cal. 4th at 1150)). Simply put, DMG has no vested interest in Anastasia's revenues from third parties that allegedly were lured into becoming Anastasia's customers. *See Tropicana*, No. 09-566, slip op. at 2 ("[T]here is no reasonable definition of vested interest that would include market share."); *see also Korea Supply*, 29 Cal. 4th at 1150 (Noting that restitution could be available for a plaintiff having a vested interest in earned but unpaid wages; but that a lost business opportunity is an expectancy interest that cannot be recovered through restitution.).

### E. *Korea Supply* Is Also Instructive On What Constitutes "Lost Money Or Property" Under The UCL

In *Korea Supply*, the plaintiff KSC sought disgorgement of profits unfairly obtained by the defendant Lockheed through wrongful means including the use of bribes and sexual favors to win a contract with the Republic of Korea.[3] *Id.* at 44. Specifically, KSC claimed that it would have obtained a commission from MacDonald Dettwiler (Lockheed's competitor) had MacDonald Dettwiler been awarded the contract instead. "This proposed recovery would be in exactly the same amount that [KSC] is seeking to recover as damages for its traditional tort claim." *Id.* at 1151. In rejecting this claim under the UCL, the California Supreme Court held that a claim based on the expectancy of payment from a third party "is properly

---

[3] Although *Korea Supply* was decided before Proposition 64's passage, it is instructive in determining what constitutes "lost money or property" for the UCL's standing requirement. *Welch*, 2009 WL 5184422, at *3.

423385.

SUPPLEMENTAL REPLY IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS UNDER RULE 12(B)(6)
Civil Action No. 10 CV 5034 RSWL (FFMx)

5

characterized as a claim for nonrestitutionary disgorgement of profits." *Id*. at 1150; *see also Tropicana*, No. 09-566, slip op. at 2 ("The California Supreme Court has likened a vested interest in property to property that can be the subject of a constructive trust." (citing *Korea Supply*, 29 Cal. 4th at 1150)). Thus, "disgorgement of such profits [allegedly obtained by means of an unfair business practice] is not an authorized remedy in an individual action under the UCL" where the profits are neither money taken from a plaintiff nor funds in which the plaintiff has an ownership interest. *Korea Supply*, 29 Cal. 4th at 1140, 131 Cal. Rptr. 2d 35, 63 P.3d 941.

### F. DMG's Reliance On *Juarez* Is Misplaced

In an effort to avoid *Korea Supply*'s prohibition against a nonrestitutionary disgorgement of profits, DMG relies on a lower court decision in *Juarez v. Arcadia Financial, Ltd.*, 152 Cal. App. 4th 889, 61 Cal. Rptr. 3d 382 (2007). DMG quoted *Juarez* as recognizing two separate components for restitution: (1) that the offending party must have obtained something to which it was not entitled, and (2) that the victim must have given up something which he or she was entitled to keep. [Dkt No. 22 at 7].

However, standing under the UCL was not at issue in *Juarez*. The issue in *Juarez* was the scope of discovery—specifically whether to compel responses to interrogatories directed to any profits made on money that the defendant had received from the plaintiff. *Juarez*, 152 Cal.App. 4th at 912, 61 Cal. Rptr. 3d at 398. Here, DMG did not give up any property rights in its DREAM-MARRIAGE trade name. Indeed, DMG has alleged that it continues to use the DREAM-MARRIAGE name on its own site. [*See* Dkt No. 1 at 4, and Dkt No. 22 at 2]. Nor did DMG give Anastasia any money. Instead, the so-called "restitution" that DMG seeks is the revenues received by Anastasia from third party customers as a result of Anastasia's alleged infringement of DMG's DREAM-MARRIAGE name. This is a damages claim disguised as restitution.

Judge Matz's opinion in *Welch* provides a detailed discussion of *Juarez* that is especially instructive for this case:

> In *Juarez v. Arcadia Fin., Ltd.,* 152 Cal.App. 4th 889, 61 Cal. Rptr. 3d 382 (2007), a putative class action, the plaintiffs were seeking to recover money that was once in their possession. The plaintiffs' cars had been repossessed after the plaintiffs defaulted with creditor Arcadia Financial. The plaintiffs' UCL claim arose out of Arcadia's alleged failure to properly notify plaintiffs and putative class members of their right to redeem their vehicles by paying the full balance due under their contracts. The court found that plaintiffs were entitled to discovery to pursue a UCL claim to recover the money that Arcadia obtained by collecting deficiency judgments from the plaintiffs. The court noted that the plaintiffs had alleged a "measurable loss," and that "if the plaintiffs succeed in establishing UCL liability, it will be clear that Arcadia obtained something to which it was not entitled, and that the plaintiff class gave up something its members were entitled to keep." *Id.* at 914, 61 Cal. Rptr. 3d 382. Later, the court explained that "plaintiffs *arguably* have an ownership interest in any profits Arcadia may have gained through interest or earnings on the plaintiffs' money that Arcadia wrongfully held." *Id.* at 915, 61 Cal. Rptr. 3d 382 (emphasis added). Here, Pom has not alleged, and cannot allege in good faith, that at any time Welch has held Pom's money. Unlike in *Juarez,* the lost profits that Pom

423385.

SUPPLEMENTAL REPLY IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS UNDER RULE 12(B)(6)
Civil Action No. 10 CV 5034 RSWL (FFMx)

7

> seeks are not a "measurable loss" and Pom is not seeking to recover anything that was once in its possession.

*Welch,* 2009 WL 5184422, at *4.

Thus, *Juarez* is distinguishable from the present case because the defendant in *Juarez* had received money from the plaintiff who arguably had a vested interest in the interest or profits the defendant earned on plaintiff's money. *Id.* at 917, 61 Cal. Rptr. 3d at 402-403. Unlike *Juarez*, DMG is not seeking the interest or profits made on money that Anastasia received from DMG. Instead, like the *Pom Wonderful* cases (namely, the *Tropicana*, *Welch*, and *Coca-Cola* decisions by Judges Fischer, Matz, and Otero, respectively), DMG is only seeking money (*i.e.*, lost profits) that Anastasia received from third parties, which, under *Korea Supply*, is considered a nonrestitutionary disgorgement of profits that is not recoverable under the UCL. *Korea Supply*, 29 Cal. 4th at 1150-51, 131 Cal. Rptr. 2d at 42, 63 P.3d at 948).

DMG has alleged no facts that could legally support a claim for restitution. Thus, DMG lacks standing, and its UCL claim should be dismissed with prejudice.

### III. CONCLUSION

There is no dispute that DMG's Complaint fails to state a claim for breach of contract and for state statutory trademark infringement. Furthermore, DMG has not alleged any facts that can legally support a claim for restitution, which is required to have standing for its unfair competition claim under Section 17200. All of these claims should be dismissed with prejudice, and DMG should not be given leave to amend because the fundamental defects in its pleading cannot be corrected.

DATED: October 21, 2010

/s/ Craig B. Bailey
Craig B. Bailey
FULWIDER PATTON LLP
Attorneys for Defendant
ANASTASIA INTERNATIONAL, INC.

423385.

Supplemental Reply In Support Of Defendant's Motion To Dismiss Under Rule 12(B)(6)
Civil Action No. 10 CV 5034 RSWL (FFMx)

8