O

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Dream Marriage Group Inc., a Nevada corporation,<br><br>            Plaintiff,<br><br>      v.<br><br>Anastasia International, Inc., a Kentucky corporation,<br><br>            Defendant. | CV 10-5034 RSWL (FFMx)<br><br>ORDER Re: Defendant's Motion to Dismiss Under 12(b)(6) [16]. |

On October 26, 2010, Defendant's Motion to Dismiss Under 12(b)(6) came on for regular calendar before this Court [16].  The Court, having reviewed all papers submitted pertaining to this Motion and having considered all arguments presented to the Court, **NOW FINDS AND RULES AS FOLLOWS**:

The Court hereby **GRANTS IN PART AND DENIES IN PART** Defendant's Motion to Dismiss Under 12(b)(6).

In a Rule 12(b)(6) motion to dismiss, the Court must presume all factual allegations of the complaint

1

to be true and draw all reasonable inferences in favor of the non-moving party.  <u>Klarfeld v. United States</u>, 944 F.2d 583, 585 (9th Cir. 1991).  A dismissal can be based on the lack of cognizable legal theory or the lack of sufficient facts alleged under a cognizable legal theory.  <u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir. 1988). However, a party need not state the legal basis for his claim, only the facts underlying it. <u>McCalden v. California Library Ass'n</u>, 955 F.2d 1214, 1223 (9th Cir. 1990).

Defendant moves to dismiss three causes of action under Federal Rule of Civil Procedure 12(b)(6). Specifically, Defendant seeks to dismiss: (1) Plaintiff's Fifth Cause of Action for Trademark Infringement pursuant to California Business and Professions Code, Section 14320 and California common law; (2) Plaintiff's Sixth Cause of Action for Breach of Contract; and (3) Plaintiff's Seventh Cause of Action for Unfair Competition pursuant to California Business and Professions Code, Section 17200.

    1. <u>Defendant's Motion to Dismiss as to the Fifth Cause of Action for Trademark Infringement.</u>

The Court **GRANTS** Defendant's Motion to Dismiss Under 12(b)(6) as to Plaintiff's claim for statutory Trademark Infringement under California Business and Professions Code, Section 14320, and **DENIES** the Motion as to Plaintiff's state common law claim.

As to Plaintiff's statutory claim for Trademark

Infringement, Plaintiff did not plead any facts in its Second Amended Complaint ("SAC") affirming that it has a registered trademark pursuant to California Business and Professions Code, Section 14245. In fact, Plaintiff concedes to dismissing this claim given that the statute it originally relied on, California Business and Professions Code Section 14320, has been repealed as of 2008.[1]

Since Plaintiff failed to plead facts affirming that it has a registered trademark in California, Plaintiff did not plead sufficient facts under a cognizable legal theory upon which it can recover. See Balistreri, 901 F.2d at 699. Therefore, because Plaintiff cannot maintain a statutory claim for trademark infringement and does not oppose Defendant's request for dismissal as to its statutory claim pursuant to California Business and Professions Code, Section 14320, this Court **DISMISSES WITH PREJUDICE** Plaintiff's Fifth Cause of Action for Trademark Infringement under California Business and Professions Code, Section 14320.

As to Plaintiff's state common law claim for Trademark Infringement, Plaintiff pled sufficient facts to support the inference that: (1) Plaintiff's trademark is protected; (2) the protected interest

---

[1] In its SAC, Plaintiff relied on California Business and Professions Code, Section 14320, to support its statutory claim for Trademark Infringement. However, Section 14320 was repealed and replaced by Section 14245 as of 2008.

1 arose before Defendant began using the same name; and
2 (3) Defendant used the protected mark in the same area
3 in which Plaintiff's trademark was protected. <u>See</u>
4 <u>Golden Door Inc. v. Odisho</u>, 646 F.2d 347, 352 (9th Cir.
5 1980)(applying Cal. law).  Accordingly, because
6 Plaintiff's state common law claim for Trademark
7 Infringement states a claim upon which relief may be
8 granted, Plaintiff's Fifth Cause of Action for
9 Trademark Infringement pursuant to California common
10 law survives Defendant's instant Motion to Dismiss
11 under 12(b)(6). <u>See</u> Fed. R. Civ. P. 12(b)(6)(West
12 2010).

    2.   <u>Defendant's Motion to Dismiss as to the Sixth Cause of Action for Breach of Contract.</u>

The Court **GRANTS** Defendant's Motion to Dismiss Under 12(b)(6)as to Plaintiff's Sixth Cause of Action for Breach of Contract. To withstand a Motion to Dismiss Under 12(b)(6), Plaintiff need only plead the underlying facts to support a claim upon which relief may be granted. <u>See</u> <u>McCalden</u>, 955 F.2d at 1223.  In California, a plaintiff seeking contract recovery must plead and prove the elements of a contract, plaintiff's performance or excuse for nonperformance, defendant's breach, and damage to the plaintiff. <u>Amelco Electric v. City of Thousand Oaks</u>, 38 P.3d 1120, 1129 (Cal. 2002).

Plaintiff concedes its Breach of Contract claim to Defendant and does not oppose Defendant's Motion to

4

Dismiss with respect to this cause of action. Accordingly, Plaintiff's Sixth Cause of Action for Breach of Contract is hereby **DISMISSED WITH PREJUDICE.**

    3.   <u>Defendant's Motion to Dismiss as to the Seventh Cause of Action for Unfair Competition.</u>

The Court **DENIES** Defendant's Motion to Dismiss Under 12(b)(6) as to Plaintiff's Seventh Cause of Action for Unfair Competition pursuant to California Business and Professions Code, Section 17200. Section 17200 defines unfair competition as "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code § 17200 (West 2010). Additionally, a plaintiff in California must establish that it has standing to bring a claim under the Unfair Competition Law ("UCL"). <u>Walker v. USAA Cas. Ins. Co.</u>, 474 F. Supp. 2d 1168, 1172 (E.D. Cal. 2007).

To survive Defendant's Motion to Dismiss, Plaintiff need only plead facts underlying its claim for Unfair Competition. <u>See</u> <u>McCalden</u>, 955 F.2d at 1223. Thus, Plaintiff must merely plead facts that tend to show Defendant committed an unlawful, unfair or fraudulent business act or practice or participated in unfair, deceptive, untrue or misleading advertising. <u>See</u> Cal. Bus. & Prof. Code § 17200 (West 2010).

By pleading that it suffered injury in fact resulting from Defendant's alleged unlawful use of

5

Plaintiff's DREAM-MARRIAGE trademark in top-level domain names and that websites Defendant allegedly created were intended to confuse and deceive clients as to the websites' source of origin, Plaintiff has met its burden to maintain its claim for Unfair Competition. Additionally, the facts Plaintiff asserted regarding its ownership interest in DREAM-MARRIAGE and its allegations that Defendant knowingly and intentionally misappropriated Plaintiff's trademark, support Plaintiff's assertion that it has standing to sue under the UCL.

Since the Court must presume all factual allegations of the Complaint to be true and draw all reasonable inferences in favor of the non-moving party, <u>Klarfeld</u>, 944 F.2d at 585, Plaintiff pled sufficient facts to support its claim for Unfair Competition, and therefore, Plaintiff's claim survives a 12(b)(6) motion to dismiss at this juncture.

Accordingly, for the reasons heretofore stated, the Court **GRANTS IN PART AND DENIES IN PART** Defendant's Motion to Dismiss Under 12(b)(6). The Defendant has ten days from the issuance of this Order to file its Answer with the Court.

DATED: October 27, 2010

**IT IS SO ORDERED.**

*RONALD S.W. LEW*
_____
**HONORABLE RONALD S.W. LEW**
Senior, U.S. District Court Judge