1  Craig B. Bailey (State Bar No. 114,410)
     cbailey@fulpat.com
2  James Juo (State Bar No. 193,852)
     jjuo@fulpat.com
3  FULWIDER PATTON LLP
   Howard Hughes Center
4  6060 Center Drive, Tenth Floor
   Los Angeles, California 90045
5  Telephone: (310) 824-5555
   Facsimile: (310) 824-9696
6
   Attorneys for Defendant/Counterclaim-Plaintiff
7  Anastasia International, Inc.

8

9              UNITED STATES DISTRICT COURT

10            CENTRAL DISTRICT OF CALIFORNIA

11

12  DREAM MARRIAGE GROUP, INC.,          CASE NO. 10 CV 5034 RSWL (FFMx)

13            Plaintiff,
                                         ANSWER AND COUNTERCLAIMS
14       v.                              BY DEFENDANT ANASTASIA
                                         INTERNATIONAL, INC. TO
15  ANASTASIA INTERNATIONAL, INC,        SECOND AMENDED COMPLAINT

16            Defendant.                 DEMAND FOR JURY TRIAL

17
   ────────────────────────────
18  DREAM MARRIAGE GROUP, INC.,

19            Plaintiff/
              Counterclaim-Defendant,
20
         v.
21
   ANASTASIA INTERNATIONAL, INC,
22
              Defendant/
23            Counterclaimant-Plaintiff.

24

25

26

27

28

425719.

DEFENDANT'S NOTICE OF MOTION AND MOTION FOR SANCTIONS UNDER
RULE 11 RE PLAINTIFF'S 2ND AMENDED COMPLAINT

1  Craig B. Bailey (State Bar No. 114,410)
     cbailey@fulpat.com
2  James Juo (State Bar No. 193,852)
     jjuo@fulpat.com
3  FULWIDER PATTON LLP
   Howard Hughes Center
4  6060 Center Drive, Tenth Floor
   Los Angeles, California 90045
5  Telephone: (310) 824-5555
   Facsimile: (310) 824-9696
6
   Attorneys for Defendant Anastasia International, Inc.
7

8              **UNITED STATES DISTRICT COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10

| 11  DREAM MARRIAGE GROUP, INC., | CASE NO. 10 CV 5034 RSWL (FFMx) |
|---|---|
| 12          Plaintiff, | |
| 13          v. | ANSWER AND COUNTERCLAIMS BY DEFENDANT ANASTASIA INTERNATIONAL, INC. TO SECOND AMENDED COMPLAINT |
| 14  ANASTASIA INTERNATIONAL, INC, | |
| 15          Defendant. | DEMAND FOR JURY TRIAL |

16

17                        ANSWER

18      Defendant Anastasia International, Inc. ("Anastasia"), answers the Second

19  Amended Complaint of Plaintiff Dream Marriage Group, Inc. ("DMG"), as follows.

20                  JURISDICTION AND VENUE

21      1.      Anastasia admits that this court has subject matter jurisdiction of claims

22  arising under the cited statutes, but denies that the claims alleged in the Second

23  Amended Complaint state a valid claim against Anastasia within this Court's

24  jurisdiction, and denies any remaining allegations contained in paragraph 1 of the

25  Second Amended Complaint to the extent they relate to Anastasia.  Anastasia is

26  without knowledge or information sufficient to form a belief as to the truth of the

27  allegations of paragraph 1 of the Second Amended Complaint to the extent they

28  relate to others and therefore denies them.

425913.

ANSWER AND COUNTERCLAIMS BY DEFENDANT ANASTASIA                    1
INTERNATIONAL, INC. TO SECOND AMENDED COMPLAINT
Civil Action No. 10 CV 5034 RSWL (FFMx)

1    2.    Anastasia admits that this court can have supplemental jurisdiction over

2  certain claims under the cited statute, but denies that the claims alleged in the

3  Second Amended Complaint state a valid claim against Anastasia within the Court's

4  supplemental jurisdiction, and denies any remaining allegations contained in

5  paragraph 2 of the Second Amended Complaint to the extent they relate to

6  Anastasia.  Anastasia is without knowledge or information sufficient to form a belief

7  as to the truth of the allegations of paragraph 2 of the Second Amended Complaint

8  to the extent they relate to others and therefore denies them.

9    3.    Anastasia admits that it is incorporated under the laws of the State of

10  Kentucky with its principal place of business in Maine, and admits that this court

11  has subject matter jurisdiction of claims arising under the cited statute, but is

12  without knowledge or information sufficient to form a belief as to the truth of the

13  remaining allegations of paragraph 3 of the Second Amended Complaint and

14  therefore denies them.

15    4.    Anastasia denies the allegations of paragraph 4 of the Second Amended

16  Complaint to the extent they relate to Anastasia, and is without knowledge or

17  information sufficient to form a belief as to the truth of such allegations as they

18  relate to others and therefore denies them.

19                                    <u>PARTIES</u>

20    5.    Anastasia is without knowledge or information sufficient to form a

21  belief as to the truth of the allegations of paragraph 5 of the Second Amended

22  Complaint and therefore denies them.

23    6.    Anastasia admits that it is incorporated under the laws of the State of

24  Kentucky with its principal place of business in Maine, and is engaged in providing

25  services to persons interested in establishing personal relationships through websites

26  including anastasiadate.com, anastasiainternational.com, anastasiaweb.com,

27  anastasiawebscam.com, anastasiainternationalscam.com and foreignpassion.com,

28

1   but denies the remaining allegations of paragraph 6 of the Second Amended

2   Complaint.

3       7.     Anastasia is without knowledge or information sufficient to form a

4   belief as to the truth of the allegations of paragraph 7 of the Second Amended

5   Complaint and therefore denies them.

6       8.     Anastasia denies the allegations of paragraph 8 of the Second Amended

7   Complaint to the extent they relate to Anastasia, and is without knowledge or

8   information sufficient to form a belief as to the truth of such allegations as they

9   relate to others and therefore denies them.

10                  PLAINTIFF'S ALLEGED MARKS

11       9.     Anastasia is without knowledge or information sufficient to form a

12   belief as to the truth of the allegations of paragraph 9 of the Second Amended

13   Complaint and therefore denies them.

14       10.    Anastasia denies that U.S. Trademark Registration No. 3,760,949 is

15   incontestable or is conclusive evidence of any right to use the cited mark, and is

16   without knowledge or information sufficient to form a belief as to the truth of the

17   remaining allegations of paragraph 10 of the Second Amended Complaint and

18   therefore denies them.

19       11.    Anastasia is without knowledge or information sufficient to form a

20   belief as to the truth of the allegations of paragraph 11 of the Second Amended

21   Complaint and therefore denies them.

22       12.    Anastasia denies the allegations of paragraph 12 of the Second

23   Amended Complaint to the extent they relate to Anastasia, and is without

24   knowledge or information sufficient to form a belief as to the truth of such

25   allegations as they relate to others and therefore denies them.

26                  DEFENDANT'S ACTIVITIES

27       13.    Anastasia denies the allegations of paragraph 13 of the Second

28   Amended Complaint to the extent they relate to Anastasia, and is without

1   knowledge or information sufficient to form a belief as to the truth of such

2   allegations as they relate to others and therefore denies them.

3       14.   Anastasia denies the allegations of paragraph 14 of the Second

4   Amended Complaint.

5       15.   Anastasia denies that it has ever used any mark allegedly owned by

6   Plaintiff as an internet domain name or for any other purpose or that it was ever

7   required to seek any permission from Plaintiff, and denies the remaining allegations

8   of paragraph 15 of the Second Amended Complaint to the extent they relate to

9   Anastasia.  Anastasia is without knowledge or information sufficient to form a belief

10  as to the truth of the allegations of paragraph 15 of the Second Amended Complaint

11  to the extent they relate to others and therefore denies them.

12      16.   Anastasia denies that it has ever registered or used any mark allegedly

13  owned by Plaintiff or the domain names cited in paragraph 13 of the Second

14  Amended Complaint, and denies the remaining allegations of paragraph 16 of the

15  Second Amended Complaint to the extent they relate to Anastasia.  Anastasia is

16  without knowledge or information sufficient to form a belief as to the truth of the

17  allegations of paragraph 16 of the Second Amended Complaint to the extent they

18  relate to others and therefore denies them.

19      17.   Anastasia denies registering or using the domain names cited in

20  paragraph 13 of the Second Amended Complaint, and denies the remaining

21  allegations of paragraph 17 of the Second Amended Complaint to the extent they

22  relate to Anastasia.  Anastasia is without knowledge or information sufficient to

23  form a belief as to the truth of the allegations of paragraph 17 of the Second

24  Amended Complaint to the extent they relate to others and therefore denies them.

25      18.   Anastasia denies the allegations of paragraph 18 of the Second

26  Amended Complaint to the extent they relate to Anastasia, and is without

27  knowledge or information sufficient to form a belief as to the truth of such

28  allegations as they relate to others and therefore denies them.

1    19.    Anastasia denies the allegations of paragraph 19 of the Second

2  Amended Complaint to the extent they relate to Anastasia, and is without

3  knowledge or information sufficient to form a belief as to the truth of such

4  allegations as they relate to others and therefore denies them.

5                    <u>FIRST CAUSE OF ACTION</u>

6    20.    Paragraph 20 of the Second Amended Complaint incorporates by

7  reference paragraphs 1-18 of the Second Amended Complaint.  Anastasia

8  incorporates by reference its Answers to paragraphs 1-18 of the Second Amended

9  Complaint as its answer to paragraph 20 of the Second Amended Complaint.

10    21.    Anastasia denies the allegations of paragraph 21 of the Second

11  Amended Complaint to the extent they relate to Anastasia, and is without

12  knowledge or information sufficient to form a belief as to the truth of such

13  allegations as they relate to others and therefore denies them.

14    22.    Anastasia denies the allegations of paragraph 22 of the Second

15  Amended Complaint to the extent they relate to Anastasia, and is without

16  knowledge or information sufficient to form a belief as to the truth of such

17  allegations as they relate to others and therefore denies them.

18    23.    Anastasia is without knowledge or information sufficient to form a

19  belief as to the truth of such allegations and therefore denies them.

20    24.    Anastasia denies the allegations of paragraph 24 of the Second

21  Amended Complaint.

22    25.    Anastasia denies the allegations of paragraph 25 of the Second

23  Amended Complaint to the extent they relate to Anastasia, and is without

24  knowledge or information sufficient to form a belief as to the truth of such

25  allegations as they relate to others and therefore denies them.

26    26.    Anastasia denies the allegations of paragraph 26 of the Second

27  Amended Complaint to the extent they relate to Anastasia, and is without

28

1  knowledge or information sufficient to form a belief as to the truth of such

2  allegations as they relate to others and therefore denies them.

3       27.    Anastasia denies the allegations of paragraph 27 of the Second

4  Amended Complaint to the extent they relate to Anastasia, and is without

5  knowledge or information sufficient to form a belief as to the truth of such

6  allegations as they relate to others and therefore denies them.

7       28.    Anastasia admits that none of the domain names cited in paragraph 13

8  of the Second Amended Complaint consist of the name Anastasia International, Inc.

9  or consist of a name that is commonly used to identify Anastasia, and denies any

10  remaining allegations of paragraph 28 of the Second Amended Complaint to the

11  extent they relate to Anastasia.  Anastasia is without knowledge or information

12  sufficient to form a belief as to the truth of the allegations of paragraph 28 of the

13  Second Amended Complaint to the extent they relate to others and therefore denies

14  them.

15       29.    Anastasia denies making any use of any of the domain names cited in

16  paragraph 13 of the Second Amended Complaint, and denies any remaining

17  allegations of paragraph 29 of the Second Amended Complaint to the extent they

18  relate to Anastasia.  Anastasia is without knowledge or information sufficient to

19  form a belief as to the truth of the allegations of paragraph 29 of the Second

20  Amended Complaint to the extent they relate to others and therefore denies them.

21       30.    Anastasia denies using any mark allegedly owned by DMG on any

22  website, and denies the remaining allegations of paragraph 30 to the extent they

23  relate to Anastasia.  Anastasia is without knowledge or information sufficient to

24  form a belief as to the truth of the allegations of paragraph 30 of the Second

25  Amended Complaint to the extent they relate to others and therefore denies them.

26       31.    Anastasia denies the allegations of paragraph 31 of the Second

27  Amended Complaint to the extent they relate to Anastasia, and is without

28

1  knowledge or information sufficient to form a belief as to the truth of such
2  allegations as they relate to others and therefore denies them.

3       32.    Anastasia denies the allegations of paragraph 32 of the Second
4  Amended Complaint to the extent they relate to Anastasia, and is without
5  knowledge or information sufficient to form a belief as to the truth of such
6  allegations as they relate to others and therefore denies them.

7       33.    Anastasia denies the allegations of paragraph 33 of the Second
8  Amended Complaint to the extent they relate to Anastasia, and is without
9  knowledge or information sufficient to form a belief as to the truth of such
10  allegations as they relate to others and therefore denies them.

11      34.    Anastasia denies the allegations of paragraph 34 of the Second
12  Amended Complaint to the extent they relate to Anastasia, and is without
13  knowledge or information sufficient to form a belief as to the truth of such
14  allegations as they relate to others and therefore denies them.

15      35.    Anastasia denies the allegations of paragraph 35 of the Second
16  Amended Complaint to the extent they relate to Anastasia, and is without
17  knowledge or information sufficient to form a belief as to the truth of such
18  allegations as they relate to others and therefore denies them.

19      36.    Anastasia denies the allegations of paragraph 36 of the Second
20  Amended Complaint to the extent they relate to Anastasia, and is without
21  knowledge or information sufficient to form a belief as to the truth of such
22  allegations as they relate to others and therefore denies them.

23                    <u>SECOND CAUSE OF ACTION</u>

24      37.    Paragraph 37 of the Second Amended Complaint incorporates by
25  reference paragraphs 1-35 of the Second Amended Complaint.  Anastasia
26  incorporates by reference its Answers to paragraphs 1-35 of the Second Amended
27  Complaint as its answer to paragraph 37 of the Second Amended Complaint.

28

1    38.    Anastasia denies the allegations of paragraph 38 of the Second

2  Amended Complaint to the extent they relate to Anastasia, and is without

3  knowledge or information sufficient to form a belief as to the truth of such

4  allegations as they relate to others and therefore denies them.

5    39.    Anastasia denies the allegations of paragraph 39 of the Second

6  Amended Complaint to the extent they relate to Anastasia, and is without

7  knowledge or information sufficient to form a belief as to the truth of such

8  allegations as they relate to others and therefore denies them.

9    40.    Anastasia denies the allegations of paragraph 40 of the Second

10  Amended Complaint to the extent they relate to Anastasia, and is without

11  knowledge or information sufficient to form a belief as to the truth of such

12  allegations as they relate to others and therefore denies them.

13    41.    Anastasia denies the allegations of paragraph 41 of the Second

14  Amended Complaint to the extent they relate to Anastasia, and is without

15  knowledge or information sufficient to form a belief as to the truth of such

16  allegations as they relate to others and therefore denies them.

17    42.    Anastasia denies the allegations of paragraph 42 of the Second

18  Amended Complaint to the extent they relate to Anastasia, and is without

19  knowledge or information sufficient to form a belief as to the truth of such

20  allegations as they relate to others and therefore denies them.

21    43.    Anastasia denies the allegations of paragraph 43 of the Second

22  Amended Complaint to the extent they relate to Anastasia, and is without

23  knowledge or information sufficient to form a belief as to the truth of such

24  allegations as they relate to others and therefore denies them.

25    44.    Anastasia denies the allegations of paragraph 44 of the Second

26  Amended Complaint to the extent they relate to Anastasia, and is without

27  knowledge or information sufficient to form a belief as to the truth of such

28  allegations as they relate to others and therefore denies them.

1    45.    Anastasia denies the allegations of paragraph 45 of the Second

2 Amended Complaint to the extent they relate to Anastasia, and is without

3 knowledge or information sufficient to form a belief as to the truth of such

4 allegations as they relate to others and therefore denies them.

5    46.    Anastasia denies the allegations of paragraph 46 of the Second

6 Amended Complaint to the extent they relate to Anastasia, and is without

7 knowledge or information sufficient to form a belief as to the truth of such

8 allegations as they relate to others and therefore denies them.

9    47.    Anastasia denies the allegations of paragraph 47 of the Second

10 Amended Complaint to the extent they relate to Anastasia, and is without

11 knowledge or information sufficient to form a belief as to the truth of such

12 allegations as they relate to others and therefore denies them.

13                          THIRD CAUSE OF ACTION

14    48.    Paragraph 48 of the Second Amended Complaint incorporates by

15 reference paragraphs 1-46 of the Second Amended Complaint.  Anastasia

16 incorporates by reference its Answers to paragraphs 1-46 of the Second Amended

17 Complaint as its answer to paragraph 48 of the Second Amended Complaint.

18    49.    Anastasia denies the allegations of paragraph 49 of the Second

19 Amended Complaint to the extent they relate to Anastasia, and is without

20 knowledge or information sufficient to form a belief as to the truth of such

21 allegations as they relate to others and therefore denies them.

22    50.    Anastasia denies the allegations of paragraph 50 of the Second

23 Amended Complaint to the extent they relate to Anastasia, and is without

24 knowledge or information sufficient to form a belief as to the truth of such

25 allegations as they relate to others and therefore denies them.

26    51.    Anastasia denies the allegations of paragraph 51 of the Second

27 Amended Complaint to the extent they relate to Anastasia, and is without

28

1   knowledge or information sufficient to form a belief as to the truth of such
2   allegations as they relate to others and therefore denies them.

3        52.     Anastasia denies the allegations of paragraph 52 of the Second
4   Amended Complaint to the extent they relate to Anastasia, and is without
5   knowledge or information sufficient to form a belief as to the truth of such
6   allegations as they relate to others and therefore denies them.

7        53.     Anastasia denies the allegations of paragraph 53 of the Second
8   Amended Complaint to the extent they relate to Anastasia, and is without
9   knowledge or information sufficient to form a belief as to the truth of such
10   allegations as they relate to others and therefore denies them.

11        54.     Anastasia denies the allegations of paragraph 54 of the Second
12   Amended Complaint to the extent they relate to Anastasia, and is without
13   knowledge or information sufficient to form a belief as to the truth of such
14   allegations as they relate to others and therefore denies them.

15        55.     Anastasia denies the allegations of paragraph 55 of the Second
16   Amended Complaint to the extent they relate to Anastasia, and is without
17   knowledge or information sufficient to form a belief as to the truth of such
18   allegations as they relate to others and therefore denies them.

19        56.     Anastasia denies the allegations of paragraph 56 of the Second
20   Amended Complaint to the extent they relate to Anastasia, and is without
21   knowledge or information sufficient to form a belief as to the truth of such
22   allegations as they relate to others and therefore denies them.

23        57.     Anastasia denies the allegations of paragraph 57 of the Second
24   Amended Complaint to the extent they relate to Anastasia, and is without
25   knowledge or information sufficient to form a belief as to the truth of such
26   allegations as they relate to others and therefore denies them.

27        58.     Anastasia denies the allegations of paragraph 58 of the Second
28   Amended Complaint to the extent they relate to Anastasia, and is without

10

1 | knowledge or information sufficient to form a belief as to the truth of such

2 | allegations as they relate to others and therefore denies them.

3 | FOURTH CAUSE OF ACTION

4 | 59.   Paragraph 59 of the Second Amended Complaint incorporates by

5 | reference paragraphs 1-57 of the Second Amended Complaint.  Anastasia

6 | incorporates by reference its Answers to paragraphs 1-57 of the Second Amended

7 | Complaint as its answer to paragraph 59 of the Second Amended Complaint.

8 | 60.   Anastasia denies the allegations of paragraph 60 of the Second

9 | Amended Complaint to the extent they relate to Anastasia, and is without

10 | knowledge or information sufficient to form a belief as to the truth of such

11 | allegations as they relate to others and therefore denies them.

12 | 61.   Anastasia denies the allegations of paragraph 61 of the Second

13 | Amended Complaint to the extent they relate to Anastasia, and is without

14 | knowledge or information sufficient to form a belief as to the truth of such

15 | allegations as they relate to others and therefore denies them.

16 | 62.   Anastasia denies the allegations of paragraph 62 of the Second

17 | Amended Complaint to the extent they relate to Anastasia, and is without

18 | knowledge or information sufficient to form a belief as to the truth of such

19 | allegations as they relate to others and therefore denies them.

20 | 63.   Anastasia denies the allegations of paragraph 63 of the Second

21 | Amended Complaint to the extent they relate to Anastasia, and is without

22 | knowledge or information sufficient to form a belief as to the truth of such

23 | allegations as they relate to others and therefore denies them.

24 | 64.   Anastasia denies the allegations of paragraph 64 of the Second

25 | Amended Complaint to the extent they relate to Anastasia, and is without

26 | knowledge or information sufficient to form a belief as to the truth of such

27 | allegations as they relate to others and therefore denies them.

28 |

65.     Anastasia denies the allegations of paragraph 65 of the Second Amended Complaint to the extent they relate to Anastasia, and is without knowledge or information sufficient to form a belief as to the truth of such allegations as they relate to others and therefore denies them.

66.     Anastasia denies the allegations of paragraph 66 of the Second Amended Complaint to the extent they relate to Anastasia, and is without knowledge or information sufficient to form a belief as to the truth of such allegations as they relate to others and therefore denies them.

<u>FIFTH CAUSE OF ACTION</u>

67.     Paragraph 67 of the Second Amended Complaint incorporates by reference paragraphs 1-65 of the Second Amended Complaint.  Anastasia incorporates by reference its Answers to paragraphs 1-65 of the Second Amended Complaint as its answer to paragraph 67 of the Second Amended Complaint.

68.     Anastasia denies the allegations of paragraph 68 of the Second Amended Complaint to the extent they relate to Anastasia, and is without knowledge or information sufficient to form a belief as to the truth of such allegations as they relate to others and therefore denies them.

69.     DMG's alleged cause of action under California Business and Professions Code § 14320 has been dismissed with prejudice by the Court. Therefore, no response is required to the allegations of paragraph 69 of the Second Amended Complaint that relate to the alleged cause of action under California Business and Professions Code § 14320.  With respect to DMG's alleged cause of action under California common law, Anastasia denies the allegations of paragraph 69 of the Second Amended Complaint to the extent they relate to Anastasia, and is without knowledge or information sufficient to form a belief as to the truth of such allegations as they relate to others and therefore denies them.

70.     Anastasia denies the allegations of paragraph 70 of the Second Amended Complaint to the extent they relate to Anastasia, and is without

ANSWER AND COUNTERCLAIMS BY DEFENDANT ANASTASIA INTERNATIONAL, INC. TO SECOND AMENDED COMPLAINT
Civil Action No. 10 CV 5034 RSWL (FFMx)

12

1  knowledge or information sufficient to form a belief as to the truth of such

2  allegations as they relate to others and therefore denies them.

3      71.    Anastasia denies the allegations of paragraph 71 of the Second

4  Amended Complaint to the extent they relate to Anastasia, and is without

5  knowledge or information sufficient to form a belief as to the truth of such

6  allegations as they relate to others and therefore denies them.

7      72.    DMG's alleged cause of action under California Business and

8  Professions Code § 14320 has been dismissed with prejudice by the Court.

9  Therefore, no response is required to the allegations of paragraph 72 of the Second

10  Amended Complaint that relate to the alleged cause of action under California

11  Business and Professions Code § 14320.  With respect to DMG's alleged cause of

12  action under California common law, Anastasia denies the allegations of paragraph

13  72 of the Second Amended Complaint to the extent they relate to Anastasia, and is

14  without knowledge or information sufficient to form a belief as to the truth of such

15  allegations as they relate to others and therefore denies them.

16                         <u>SIXTH CAUSE OF ACTION</u>

17      73.    DMG's alleged sixth cause of action for breach of contract has been

18  dismissed with prejudice by the Court.  Therefore, , no response is required to the

19  allegations of paragraph 73 of the Second Amended Complaint.

20      74.    DMG's alleged sixth cause of action for breach of contract has been

21  dismissed with prejudice by the Court.  Therefore, no response is required to the

22  allegations of paragraph 74 of the Second Amended Complaint.

23      75.    DMG's alleged sixth cause of action for breach of contract has been

24  dismissed with prejudice by the Court.  Therefore, no response is required to the

25  allegations of paragraph 75 of the Second Amended Complaint.

26      76.    DMG's alleged sixth cause of action for breach of contract has been

27  dismissed with prejudice by the Court.  Therefore, no response is required to the

28  allegations of paragraph 76 of the Second Amended Complaint.

1    77.    DMG's alleged sixth cause of action for breach of contract has been
2 dismissed with prejudice by the Court.  Therefore, no response is required to the
3 allegations of paragraph 77 of the Second Amended Complaint.

4    78.    DMG's alleged sixth cause of action for breach of contract has been
5 dismissed with prejudice by the Court.  Therefore, no response is required to the
6 allegations of paragraph 78 of the Second Amended Complaint.

7    79.    DMG's alleged sixth cause of action for breach of contract has been
8 dismissed with prejudice by the Court.  Therefore, no response is required to the
9 allegations of paragraph 79 of the Second Amended Complaint.

10    80.    DMG's alleged sixth cause of action for breach of contract has been
11 dismissed with prejudice by the Court.  Therefore, no response is required to the
12 allegations of paragraph 80 of the Second Amended Complaint.

13    81.    DMG's alleged sixth cause of action for breach of contract has been
14 dismissed with prejudice by the Court.  Therefore, no response is required to the
15 allegations of paragraph 81 of the Second Amended Complaint.

16    82.    DMG's alleged sixth cause of action for breach of contract has been
17 dismissed with prejudice by the Court.  Therefore, no response is required to the
18 allegations of paragraph 82 of the Second Amended Complaint.

19 <u>SEVENTH CAUSE OF ACTION</u>

20    83.    Paragraph 83 of the Second Amended Complaint incorporates by
21 reference paragraphs 1-71 of the Second Amended Complaint.  Anastasia
22 incorporates by reference its Answers to paragraphs 1-71 of the Second Amended
23 Complaint as its answer to paragraph 83 of the Second Amended Complaint.

24    84.    Anastasia denies the allegations of paragraph 84 of the Second
25 Amended Complaint to the extent they relate to Anastasia, and is without
26 knowledge or information sufficient to form a belief as to the truth of such
27 allegations as they relate to others and therefore denies them.

28

1   85.   Anastasia denies the allegations of paragraph 85 of the Second
2   Amended Complaint to the extent they relate to Anastasia, and is without
3   knowledge or information sufficient to form a belief as to the truth of such
4   allegations as they relate to others and therefore denies them.

5   86.   Anastasia denies the allegations of paragraph 86 of the Second
6   Amended Complaint to the extent they relate to Anastasia, and is without
7   knowledge or information sufficient to form a belief as to the truth of such
8   allegations as they relate to others and therefore denies them.

9   87.   Anastasia denies the allegations of paragraph 87 (misnumbered as
10  "84") of the Second Amended Complaint to the extent they relate to Anastasia, and
11  is without knowledge or information sufficient to form a belief as to the truth of
12  such allegations as they relate to others and therefore denies them.

13  88.   Anastasia denies the allegations of paragraph 88 (misnumbered as
14  "87") of the Second Amended Complaint to the extent they relate to Anastasia, and
15  is without knowledge or information sufficient to form a belief as to the truth of
16  such allegations as they relate to others and therefore denies them.

17  89.   Anastasia denies the allegations of paragraph 89 (misnumbered as
18  "88") of the Second Amended Complaint to the extent they relate to Anastasia, and
19  is without knowledge or information sufficient to form a belief as to the truth of
20  such allegations as they relate to others and therefore denies them.

21  ## AFFIRMATIVE DEFENSES

22  Anastasia hereby pleads and affirmatively sets forth the following defenses in
23  response to Plaintiff's Second Amended Complaint.

24  ## FIRST DEFENSE

25  90.   Plaintiff's Second Amended Complaint fails to state a claim upon
26  which relief may be granted.

27

28

## SECOND DEFENSE

91.   Plaintiff's claims are barred by the doctrine of laches, acquiescence, or estoppel.

## THIRD DEFENSE

92.   Plaintiff's claims are barred by reason of unclean hands.

## FOURTH DEFENSE

93.   Anastasia has not infringed or otherwise violated any of Plaintiff's alleged trademark rights or any other asserted intellectual property right.

## FIFTH DEFENSE

94.   Plaintiff's alleged "Dream-Marriage" mark is merely descriptive of Plaintiff's alleged services without secondary meaning, and is therefore invalid and unenforceable.

## SIXTH DEFENSE

95.   Plaintiff's alleged "Dream-Marriage" mark is not famous among the general public, and is not entitled to protection as a famous mark.  Further, Anastasia has not diluted Plaintiff's asserted mark.

## SEVENTH DEFENSE

96.   Plaintiff has not suffered any compensible injury or damages, and has failed to mitigate any alleged injury or damage, and any damages or injury alleged is attributable to causes other than any acts or omissions of Anastasia.

## EIGHTH DEFENSE

97.   Plaintiff is barred from recovery of damages and profits by reason of Plaintiff's failure to comply with the notice requirements of 15 U.S.C. § 1111.

## NINTH DEFENSE

98.   Plaintiff lacks standing to assert unfair competition and unfair trade practices or to seek any relief under California Business and Professions Code §§ 17200 et seq.

ANSWER AND COUNTERCLAIMS BY DEFENDANT ANASTASIA
INTERNATIONAL, INC. TO SECOND AMENDED COMPLAINT
Civil Action No. 10 CV 5034 RSWL (FFMx)

16

### TENTH DEFENSE

99.   U.S. Trademark Registration No. 3,760,949 is invalid and unenforceable.  The mark is merely descriptive of the services identified therein.

### ELEVENTH DEFENSE

100.   On information and belief, U.S. Trademark Registration No. 3,760,949 is void *ab initio* and Plaintiff's alleged "Dream-Marriage" mark is invalid and unenforceable, because Plaintiff is not the true owner of the mark.

### TWELFTH DEFENSE

101.   U.S. Trademark Registration No. 3,760,949 is invalid and unenforceable for fraud on the Trademark Office.

102.   U.S. Trademark Registration No. 3,760,949 states that the owner of the DREAM-MARRIAGE mark is Dream Marriage Group, Inc. (a Nevada corporation), and that the date of first use in commerce of the DREAM-MARRIAGE mark was December 17, 2003.

103.   On information and belief, Dream Marriage Group, Inc. did not exist until sometime in late 2006.

104.   On information and belief, Dream Marriage Group, Inc. was not the entity that first used the DREAM-MARRIAGE mark in commerce.

105.   On information and belief, Plaintiff applied for and obtained U.S. Trademark Registration No. 3,760,949 knowing that it was not the true owner of the DREAM-MARRIAGE mark.

106.   On information and belief, Plaintiff's false declaration that it was the owner of the DREAM-MARRIAGE mark was made with the intent of misleading the U.S. Patent and Trademark Office into issuing the registration to Plaintiff, and the registration would not have issued to Plaintiff but for the false declaration.

### THIRTEENTH DEFENSE

107.   Plaintiff's alleged "Dream-Marriage" mark is not distinctive or famous and thus is not entitled to protection under 15 U.S.C. § 1125(d).  Nor has Anastasia

1  registered, trafficked, or used any of the domain names cited in paragraph 13 of the

2  Second Amended Complaint.

### FOURTEENTH DEFENSE

4  108.   On information and belief, Plaintiff has failed to join parties required to

5  be joined under FRCP 19.

### FIFTEENTH DEFENSE

7  109.   Anastasia is entitled to recover its attorney fees and costs incurred in

8  connection with the defense of this action.

### SIXTEENTH DEFENSE

10  110.   Anastasia reserves the right to assert additional defenses as they

11  become known through further investigation and/or discovery.

### COUNTERCLAIMS

14  Defendant/Counterclaimant Anastasia International, Inc. ("Anastasia") hereby

15  sets forth the following Counterclaims against Plaintiff/Counterclaim-Defendant

16  Dream Marriage Group, Inc. ("DMG") and demands a trial by jury for all issues so

17  triable.

### PARTIES

19  1.   Anastasia is a Kentucky corporation.

20  2.   On information and belief, DMG is a Nevada corporation.

### JURISDICTION AND VENUE

22  3.   Jurisdiction in this Court is proper pursuant to Rule 13 of the Federal

23  Rules of Civil Procedure, and under the Lanham Act pursuant to 15 U.S.C. § 1121

24  and 28 U.S.C. § 1338, and supplemental jurisdiction over the state and common-law

25  claims pursuant to 28 U.S.C. § 1367.  Venue is proper under 28 U.S.C. § 1391.

26  4.   By initiating suit in this Court, DMG has consented to personal

27  jurisdication.

28

## FIRST COUNTERCLAIM

### (Declaratory Judgment of No Infringement, No Unfair Competition, No False Designation of Origin, No Dilution, And No Cyberpiracy)

5.      Anastasia repeats and hereby incorporates herein by reference, as though specifically pleaded herein, the allegations of paragraphs 1 through 4 above.

6.      This counterclaim is for declaratory relief under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and arises from an actual and justiciable controversy between Anastasia and DMG regarding alleged intellectual property rights including trademark rights.

7.      DMG filed its Second Amended Complaint against Anastasia for, among other things, alleged cyberpiracy, trademark infringement, false designation of origin, dilution and unfair competition, based on DMG's alleged "Dream-Marriage" mark as represented by U.S. Trademark Registration No. 3,760,949.

8.      Anastasia's activities do not constitute cyberpiracy, trademark infringement, false designation of origin, dilution or unfair competition, or any violation of intellectual property rights of DMG.  As part of this allegation, Anastasia repeats and realleges, and incorporates herein by reference, each of the allegations set forth in paragraphs 90-105 above in its Answer.

9.      A justiciable controversy exists between Anastasia and DMG concerning the alleged infringement, dilution, unfair competition, false designation of origin, cyberpiracy, and other alleged intellectual property rights of DMG.

10.      Anastasia seeks a judicial determination of its rights and liabilities by a declaration that Anastasia's activities do not constitute trademark infringement, unfair competition, dilution, cyberpiracy, false designation of origin, or any violation of DMG's intellectual property rights.

## SECOND COUNTERCLAIM

### (Cancellation of U.S. Trademark Registration No. 3,760,949)

11.    Anastasia repeats and hereby incorporates herein by reference, as though specifically pleaded herein, the allegations of paragraphs 1 through 9 above.

12.    This counterclaim is for cancellation of U.S. Trademark Registration No. 3,760,949.  This Court has jurisdiction over this matter pursuant to 15 U.S.C. § 1119.

13.    DMG filed its Second Amended Complaint against Anastasia for, among other things, trademark infringement, and asserting ownership and validity of U.S. Trademark Registration No. 3,760,949.  Anastasia contends that U.S. Trademark Registration No. 3,760,949 is void and unenforceable.  Anastasia has standing to petition for cancellation of U.S. Registration No. 3,760,949.

14.    U.S. Trademark Registration No. 3,760,949 is invalid under 15 U.S.C. § 1052(e) because the mark is merely descriptive of the services identified.

15.    On information and belief, U.S. Trademark Registration No. 3,760,949 is void *ab initio* because DMG is not the true owner of the mark.

16.    U.S. Trademark Registration No. 3,760,949 is invalid and unenforceable for fraud on the Trademark Office.

17.    U.S. Trademark Registration No. 3,760,949 states that the owner of the DREAM-MARRIAGE mark is Dream Marriage Group, Inc. (a Nevada corporation), and that the date of first use in commerce of the DREAM-MARRIAGE mark was December 17, 2003.

18.    On information and belief, Dream Marriage Group, Inc. did not exist until sometime in late 2006.

19.    On information and belief, Dream Marriage Group, Inc. was not the entity that first used the DREAM-MARRIAGE mark in commerce.

ANSWER AND COUNTERCLAIMS BY DEFENDANT ANASTASIA INTERNATIONAL, INC. TO SECOND AMENDED COMPLAINT
Civil Action No. 10 CV 5034 RSWL (FFMx)

20

20.    On information and belief, Plaintiff applied for and obtained U.S. Trademark Registration No. 3,760,949 knowing that it was not the true owner of the DREAM-MARRIAGE mark.

21.    On information and belief, Plaintiff's false declaration that it was the owner of the DREAM-MARRIAGE mark was made with the intent of misleading the U.S. Patent and Trademark Office into issuing the registration to Plaintiff, and the registration would not have issued to Plaintiff but for the false declaration.

22.    Anastasia seeks a judicial determination and order pursuant to 15 U.S.C. § 1119 that U.S. Trademark Registration No. 3,760,949 be cancelled as being invalid and unenforceable.

## PRAYER FOR RELIEF

WHEREFORE, Anastasia prays that the Court enter judgment that:

a.    Anastasia's activities do not constitute trademark infringement, unfair competition, dilution, and cyberpiracy, or any violation of DMG's intellectual property rights;

b.    All claims in the Second Amended Complaint be dismissed with prejudice, and judgment be entered for Anastasia as to all of the claims in the Second Amended Complaint.

c.    U.S. Trademark Registration No. 3,760,949 be cancelled;

d.    Anastasia be awarded all of its attorney's fees, expenses and costs incurred in this action; and

e.    Anastasia be granted such other and further relief as the Court deems just and proper.

ANSWER AND COUNTERCLAIMS BY DEFENDANT ANASTASIA
INTERNATIONAL, INC. TO SECOND AMENDED COMPLAINT
Civil Action No. 10 CV 5034 RSWL (FFMx)

21

# DEMAND FOR JURY TRIAL

Anastasia hereby demands a jury trial for all issues so triable in this action.

DATED:  November 8, 2010

/s/ Craig B. Bailey
Craig B. Bailey
FULWIDER PATTON LLP
Attorneys for Defendant
ANASTASIA INTERNATIONAL, INC.

425913.1

ANSWER AND COUNTERCLAIMS BY DEFENDANT ANASTASIA
INTERNATIONAL, INC. TO SECOND AMENDED COMPLAINT
Civil Action No. 10 CV 5034 RSWL (FFMx)

22

1

## PROOF OF SERVICE

2 **STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

3     At the time of service, I was over 18 years of age and not a party to this

4 action.  I am employed in the County of Los Angeles, State of California.  My

5 business address is 6060 Center Drive, Tenth Floor, Los Angeles, California 90045.

6     On November 9, 2010, I served true copies of the following document(s)

7 described as **ANSWER AND COUNTERCLAIMS BY DEFENDANT**

8 **ANASTASIA INTERNATIONAL, INC. TO SECOND AMENDED**

9 **COMPLAINT** on the interested parties in this action as follows:

10 ☐ **BY HAND DELIVERY:**  I caused such envelope(s) to be delivered by hand to

11 the office of the addressee.

12 ☒ **BY MAIL:**  I enclosed the document(s) in a sealed envelope or package

13 addressed to the persons at the addresses listed below and placed the envelope for

14 collection and mailing, following our ordinary business practices.  On the same day

15 that the correspondence is placed for collection and mailing, it is deposited in the

16 ordinary course of business with the United States Postal Service, in a sealed

17 envelope with postage fully prepaid.

18                      Steven H. Haney
Bruce A. Fields
19
            Haney, Buchanan & Patterson LLP
20           707 Wilshire Boulevard, 53rd Floor
              Los Angeles, CA  90017
21

22     I declare under penalty of perjury under the laws of the United States of

23 America that the foregoing is true and correct and that I am employed in the office

24 of a member of the bar of this Court at whose direction the service was made.

25     Executed on November 9, 2010, at Los Angeles, California.

26

27                    *Kathleen Gaines*
                   Kathleen Gaines

28

ANSWER AND COUNTERCLAIMS BY DEFENDANT ANASTASIA
INTERNATIONAL, INC. TO SECOND AMENDED COMPLAINT
Civil Action No. 10 CV 5034 RSWL (FFMx)

1