STEVEN H. HANEY, SBN 121980
BRUCE A. FIELDS, SBN 102426
HANEY, BUCHANAN & PATTERSON L.L.P.
707 Wilshire Boulevard, Fifty-Third Floor
Los Angeles, California 90017
Telephone (213) 228-6500
Facsimile (213) 228-6501
Email: shaney@hbplaw.com
       bfields@hbplaw.com

Attorneys for Plaintiff and Cross-Defendant DREAM MARRIAGE GROUP, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DREAM MARRIAGE GROUP, INC., a Nevada corporation,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>ANASTASIA INTERNATIONAL, Inc., a Kentucky corporation,<br><br>　　　　　　　　Defendants. | Case No. 10 5034 RSWL (FFMx)<br><br>**CROSS-DEFENDANT DREAM MARRIAGE GROUP, INC. ANSWER TO COUNTER CLAIMS OF ANASTASIA INTERNATIONAL, INC.'S** |

　　Cross Defendant DREAM MARRIAGE GROUP, INC. ("Cross Defendant") hereby answers the Counter Claims of ANASTASIA INTERNATIONAL, INC. ("Cross Complainant") as follows:

　　1.　Upon information and belief Cross Defendant admits the averments of paragraph 1 of the Cross Complaint.

　　2.　Cross Defendant admits the averments of paragraph 2 of the Cross Complaint.

　　3.　Cross Defendant admits the averments of paragraph 3 concerning personal jurisdiction and venue. .

4. Cross Defendant admits the averments of paragraph 4.

## FIRST CLAIM FOR RELIEF
### (Declaratory Judgment of No Infringement, No Unfair Competition, No False Designation of Origin, No Dilution, And No Cyberpiracy)

5. Cross Defendant realleges paragraphs 1-4 above and incorporates them by reference as if fully set forth herein.

6. Cross Defendant lacks sufficient information and belief to admit or deny the averments of paragraph 6 of the Cross Complaint.

7. Cross Defendant admits the averments of paragraph 7.

8. Cross Defendant denies the averments of paragraph 8 of the Cross Complaint as it relates to activities not constituting cyberpiracy, trademark infringement, false designation of origin, dilution and unfair competition, or any violation of intellectual property of DMG. Otherwise, Cross Defendant lacks sufficient information to admit or deny the remaining averments of paragraph 8.

9. Cross Defendant admits the averments of paragraph 9.

10. Cross Defendant lacks sufficient information to admit or deny the averments of paragraph 10.

## SECOND COUNTER CLAIM OF RELIEF
### (CANCELLATION OF U.S. TRADEMARK REGISTRATION No. 3,760,949)

11. Cross Defendant realleges paragraphs 1-10 above and incorporates them by reference as if fully set forth herein.

12. Cross Defendant lacks sufficient information to admit or deny the averments of paragraph 12 with respect to the counter claim, however, Cross Defendant admits that the court has jurisdiction.

13. Cross Defendant admits lines 8 through 10 through the reference of "3,760,949", otherwise Cross Defendant the denies the averments of paragraph 13 of the Cross Complaint.

14. Cross Defendant denies the averments of paragraph 14 of the Cross Complaint.

15. Cross Defendant denies the averments of paragraph 15 of the Cross Complaint.

16. Cross Defendant denies the averments of paragraph 16 of the Cross Complaint.

17. Cross Defendant admits the averments of paragraph 17 of the Cross Complaint.

18. Cross Defendant lacks sufficient information and belief to admit or deny the averments of paragraph 18 of the Cross Complaint.

19. Cross Defendant lacks sufficient information and belief to admit or deny the averments of paragraph 19 of the Cross Complaint.

20. Cross Defendant denies the averments of paragraph 20 of the Cross Complaint.

21. Cross Defendant denies the averments of paragraph 21 of the Cross Complaint.

22. Cross Defendant lacks sufficient information and belief to admit or deny the averments of paragraph 22 of the Cross Complaint.

## AFFIRMATIVE DEFENSES

Cross Defendant hereby pleads and affirmatively sets forth the following defenses in response to Cross Complainant's Cross Claims.

### FIRST AFFIRMATIVE DEFENSE

1. The Cross Complaint, and each cause of action therein, fails to state a cause of action against Cross Defendants.

### SECOND AFFIRMATIVE DEFENSE

2. Cross Complainant's claims are barred by the doctrine of laches.

### THIRD AFFIRMATIVE DEFENSE

3. Cross Complainant is barred from obtaining any relief sought in the Cross Complaint by reason of that Cross Complainant's own unclean hands.

### FOURTH AFFIRMATIVE DEFENSE

4. Cross Complainant's claims are barred by the doctrine of estoppel.

### FIFTH AFFIRMATIVE DEFENSE

5. Cross Complainant's claims are barred by doctrine of waiver.

### SIXTH AFFIRMATIVE DEFENSE

6. On information and belief, Cross Complainant has initiated this lawsuit without a good faith belief that said Cross Complainant has a right to such relief, either in law or in fact, and solely for the improper purpose of harassing Cross Defendants and forcing Cross Defendants to incur needless expenses from the cost of this litigation and to inhibit Cross Defendants from earning a legitimate living. These acts constitute common law and statutory unfair competition and unclean hands and bar Cross Complainant from relief in this action.

### SEVENTH AFFIRMATIVE DEFENSE

7. The Cross Complaint, and each cause of action therein, is barred by the statutes of limitations.

### EIGHTH AFFIRMATIVE DEFENSE

8. Cross Complainant is barred from obtaining any relief sought in the Cross Complaint because Cross Complainant is unreasonably and unlawfully attempting to enforce its rights, if any, beyond the scope of such rights.

### NINTH AFFIRMATIVE DEFENSE

9. Cross Complainant's causes of action are barred by mistake of fact or mistake of law.

### TENTH AFFIRMATIVE DEFENSE

10. Cross Defendant is protected by the privileges of competition and free

competition because Cross Complainant and Cross Defendants were at all relevant times engaged in economic business competition.

### ELEVENTH AFFIRMATIVE DEFENSE

11. Cross Defendant at all times acted in good faith.

### TWELVTH AFFIRMATIVE DEFENSE

12. Cross Defendant is informed and believes, and thereon alleges, that injury, if any, suffered by Cross Complainant was caused by the acts, omissions, and wrongdoing of Cross Complainant, by virtue of its own acts and/or the acts or omissions of others chargeable to it, and not any acts, omissions, or wrongdoing by Cross Defendant.

### THIRTEENTH AFFIRMATIVE DEFENSE

13. Cross Defendant is informed and believes, and thereon alleges, that at all times alleged in the Cross Complaint, Cross Complainant, by virtue of his own acts and/or the acts or omissions of others chargeable to him, failed to exercise ordinary and reasonable care on Cross Complainant's own behalf, in the management and maintenance of its property, and negligently and carelessly was the proximate cause of some portion, up to and including the whole thereof, of Cross Complainant's alleged injuries and damages, if any, and therefore, Cross Complainant's recovery, if any, should be barred and/or reduced according to law, up to and including the whole thereof, and Cross Defendant is entitled to an apportionment among all such parties according to their responsibility for injuries and damages, if any, suffered by Cross Complainant.

### FOURTEENTH AFFIRMATIVE DEFENSE

14. Cross Defendant is informed and believes, and thereon alleges, that the injury, if any, suffered by Cross Complainant was proximately caused and contributed

to by the conduct, acts, omissions, and/or activities of a third party and/or parties either named or unnamed, and any recovery obtained by Cross Complainant should be barred and/or reduced according to law, up to and including the whole thereof.

### FIFTEENTH AFFIRMATIVE DEFENSE

15. Cross Defendant is informed and believes, and thereon alleges, that if Cross Defendant is subjected to any liability of Cross Complainant herein it will be due in whole and/or in part to the conduct, acts, omissions, and/or activities of a party and/or parties unknown to Cross Defendant at this time, and any recovery obtained by Cross Complainant should be barred and/or reduced according to law, up to and including the whole thereof.

### SIXTEENTH AFFIRMATIVE DEFENSE

16. Cross Defendant is informed and believes, and thereon alleges, that Cross Defendant is not liable for the independent acts of third parties and Cross Complainant's injuries and damages, if any, are attributable to acts of third parties.

### SEVENTEENTH AFFIRMATIVE DEFENSE

17. Cross Defendant is informed and believes, and thereon alleges, that Cross Complainant's damages, if any, were proximately and concurrently caused or contributed to by the fraud, deceit, or other wrongful misconduct of Cross Complainant as referenced in Second Amended Complaint filed herein.

### EIGHTEENTH AFFIRMATIVE DEFENSE

18. Cross Defendant is informed and believes, and thereon alleges, that Cross Complainant at all times gave Cross Complainant's consent, express or implied, to the acts, omissions, and conduct alleged of Cross Defendant in the Cross Complaint.

### NINETEETH AFFIRMATIVE DEFENSE

19. Cross Defendant is informed and believes, and thereon alleges, that Cross Complainant ratified the alleged acts of Cross Defendant.

## TWENTIETH AFFIRMATIVE DEFENSE

20. Cross Defendant is informed and believes, and thereon alleges, that Cross Complainant expressly, impliedly, and/or equitably released all rights against Cross Defendant in connection with the transaction giving rise to the allegations set forth in the Cross Complaint.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

21. Cross Defendant is informed and believes, and thereon alleges that Cross Complainant's damages, if any, are set off by any value and/or benefit Cross Complainant obtained due to its own conduct and/or contributory negligence, and any recovery obtained by Cross Complainant should be barred and/or reduced according to law, up to and including the whole thereof.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

22. Cross Defendant is informed and believes, and thereon alleges, that Cross Complainant acquiesced to the alleged acts of Cross Defendant.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

23. Cross Defendant is informed and believes, and thereon alleges, that Cross Complainant has not suffered, and will not suffer any harm at all, let alone irreparable harm, by virtue of the conduct alleged against Cross Defendants.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

24. Cross Defendant is informed and believes, and thereon alleges, that Cross Complainant lacks standing to bring the claims against Cross Defendants as set forth in Cross Complainant's Cross Complaint.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

25. Cross Defendant is informed and believes, and thereon alleges, that Cross Complainant's claims against Cross Defendant are barred because Cross Defendant

has complied, or substantially complied, with all applicable laws.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

26.   Cross Defendant is informed and believes, and therein alleges, that because the Cross Complaint herein is couched in conclusionary terms, Cross Defendant presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available and cannot fully anticipate all affirmative defenses that may be applicable to the within action.  Accordingly, the right to assert additional affirmative defenses, if and to the extent that such affirmative defenses are applicable, is hereby reserved.

## PRAYER FOR RELIEF

Cross Defendants deny that Cross Complainant is entitled to:

(a)   any of the relief in the Cross Complaint, or any of it;

(b)   judgment in favor of Cross Defendant;

(c)   attorneys' fees as provided for by law;

(d)   costs incurred in defense of the motion; and

(e)   other and further relief as the Court deems to be just and equitable under the circumstances.

Dated: November 29, 2010          HANEY, BUCHANAN & PATTERSON,LP
                                  BRUCE A. FIELDS

                                  By: /s/ Bruce A. Fields
                                      BRUCE A. FIELDS
                                      Attorneys for Cross Defendant

---

CROSS-DEFENDANT'S ANSWER TO COUNTERCLAIMS OF
ANASTASIA INTERNATIONAL, INC.                - 8 -                PRINTED ON RECYCLED PAPER

## DEMAND FOR JURY TRIAL

Cross Defendant, by and through counsel, hereby demand a trial by jury.

Dated: November 29, 2010            HANEY, BUCHANAN & PATTERSON,LP
                                    BRUCE A. FIELDS

By: _____
    BRUCE A. FIELDS
    Attorneys for Cross Defendant