1 | Bruce A. Fields (SBN 102426)
2 | Haney, Buchanan & Patterson LLP
  | 707 Wilshire Blvd., 53rd Floor
3 | Los Angeles, CA 90017
  | Telephone: (213) 228-6500
4 | Facsimile:  (213) 228-6501
5 | bfields@hbplaw.com

6
  | Attorneys for Plaintiff Dream Marriage
7 | Group, Inc.

8 | **UNITED STATES DISTRICT COURT**

9 | **CENTRAL DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| DREAM MARRIAGE GROUP, INC., a Nevada corporation, | Case No. 10-cv-5034 RSWL (FFMx) |
| Plaintiff, | STIPULATION TO FILE 3RD AMENDED COMPLAINT |
| vs. | |
| ANASTASIA INTERNATIONAL, Inc., a Kentucky corporation, and DOES 1-10, | |
| Defendants. | |

IT IS HEREBY STIPULATED by and between the Parties through their respective counsel that PLAINTIFF may file its 3rd Amended Complaint, a copy which is attached hereto.

IT IS FURTHER STIPULATED that defendant waives further service of the 3rd Amended Complaint and has until January 18, 2011 to respond to the 3rd Amended Complaint. Defendant retains its right to challenge all new or amended claims presented in the 3rd Amended Complaint and to otherwise assert all objections and defenses available to Defendant.

1

Date: December ___14___ 2010

Bruce A. Fields
Attorney for Plaintiff
Dream Marriage Group, Inc.

Date: December ___14___ 2010

Craig B. Bailey
FULWIDER PATTON, LLP
Attorneys for Defendant
Anastasia International, Inc.

STIPULATION RE 3RD AMENDED COMPLAINT - CASE NO. 10-CV-5034 RSWL (FFMX)

Bruce A. Fields (SBN 102426)
Haney, Buchanan & Patterson LLP
707 Wilshire Blvd., 53rd Floor
Los Angeles, CA 90017
Telephone:  (213) 228-6500
Facsimile:   (213) 228-6501
bfields@hbplaw.com

Attorneys for Plaintiff Dream Marriage
Group, Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DREAM MARRIAGE GROUP, INC., a Nevada corporation,<br><br>Plaintiff,<br><br>vs.<br><br>ANASTASIA INTERNATIONAL, Inc., a Kentucky corporation, and DOES 1-10,<br><br>Defendants. | Case No. 10-cv-5034 RSWL (FFMx)<br><br>3RD AMENDED COMPLAINT FOR:<br><br>1. CYBERPIRACY – 15 U.S.C. § 1125(D)<br>2. TRADEMARK INFRINGEMENT – 15 U.S.C. § 1114(1)<br>3. FALSE DESIGNATION OF ORIGIN – 15 U.S.C. § 1125(A)<br>4. DILUTION – 15 U.S.C. § 1125(C)<br>5. TRADEMARK INFRINGEMENT – CALIFORNIA COMMON LAW<br>6. UNFAIR COMPETITION – CAL. BUS. & PROF. § 17200<br>7. COMPUTER ABUSE – 18 USC  § 1030<br><br>DEMAND FOR JURY TRIAL |

Plaintiff Dream Marriage Group, Inc., a Nevada corporation, by and through its undersigned attorneys, complains and alleges as follows:

## JURISDICTION AND VENUE

1.    This is an action for cyberpiracy under 15 U.S.C. § 1125(d); for trademark

1   infringement under 15 U.S.C. § 1114(1); for false designation of origin under
2   15 U.S.C. § 1125(c); and for unfair competition under California Business & Professions
3   Code § 17200 and California common law, as well as 18 USC § 1030.  As such, this Court
4   has subject matter jurisdiction over the claims pursuant to 15 U.S.C. § 1121, and
5   28 U.S.C. §§ 1331 and 1338.

6       2.      This Court has supplemental jurisdiction over the claims in this Complaint
7   that arise under the statutory and common law of the State of California pursuant to
8   28 U.S.C. § 1367(a) because the state law claims are so related to the federal claims that
9   they form part of the same case or controversy and derive from a common nucleus of
10  operative facts.

11      3.      The plaintiff is a corporation incorporated under the laws of Nevada with its
12  principal place of business in California.  Defendant is incorporated under the laws of
13  Kentucky with its principal place of business in Maine.  The amount in controversy exceeds
14  $75,000.  Accordingly, this district court has original jurisdiction over this matter pursuant
15  to 28 USC § 1332.

16      4.      Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b) as a
17  substantial part of the events or omissions giving rise to the claim and the threatened and
18  actual harm to Plaintiff occurred in this District by reason of Defendants' conduct as
19  alleged below. Venue is also proper in this Judicial District pursuant to because Defendant
20  Anastasia International, Inc. does business within this District.

21                                          PARTIES

22      5.      Plaintiff Dream Marriage Group, Inc. (the "Dream Marriage Group") is now,
23  and at all relevant times was, a for-profit corporation organized and existing under the laws
24  of the State of Nevada.  Plaintiff owns and manages several internet websites providing
25  matchmaking and dating services to the public.  The Dream Marriage Group is the owner
26  of the trademark described herein used in the conducting of that business.

27      6.      Defendant ANASTASIA INTERNAIONAL, Inc., on information and belief,
28

2

1   is a business organization incorporated in Kentucky engaged in internet matchmaking

2   business in the United States and abroad, primarily conducting that business through

3   various websites including but not limited to anatasiadate.com, anastasiainternational.com,

4   anastasiaweb.com, anastasiawebscam.com, russianwomensites.com, mail-order-brides-

5   websites.no.1reviews.com, anastasiainternationalscam.com, stop-scammers.com, and

6   foreignpassion.com.

7       7.   The true names and capacities, whether individual, corporate, associate or

8   otherwise of Does 1 through 10, inclusive, and each of them, are unknown to Plaintiff, who

9   therefore sues said defendants by such fictitious names, and will seek leave of this Court to

10  amend this Complaint to show the true names and capacities when they have been

11  ascertained. Plaintiff is informed and believes, and on that basis alleges, that each defendant

12  designated herein as a Doe was responsible, intentionally, negligently, in a contributory

13  and/or vicarious capacity, or in some other actionable manner, for the events and

14  happenings referred to herein which proximately and legally caused the damages to Plaintiff

15  as hereinafter alleged.

16      8.   Plaintiff is informed and believes and thereon alleges that at all times herein

17  mentioned each of the Defendants, including all Defendants sued under fictitious names,

18  and those agents, employees, and/or independent contractors identified herein, was the

19  agent and/or employee of each of the remaining Defendants, and in doing the things

20  herein alleged, was acting within the course and scope of this agency or employment.

21                          FACTUAL ALLEGATIONS

22  Plaintiff's Mark

23      9.   For nearly eight (8) years, the Dream Marriage Group, its assignors, and their

24  predecessors in interest have continuously employed the word mark Dream-Marriage in the

25  internet matchmaking/dating website dream-marriage.com, and in related promotional

26  materials. For almost a year, the word mark Dream-Marriage has been a registered service

27  mark. The Dream-Marriage mark is used in connection with the activities of dream-

28

1  marriage.com and the enterprises of the matchmaking website.

2      10.    Plaintiff is the owner of U.S. Trademark Registration No. 3,760,949 for the

3  DREAM-MARRIAGE word mark, which evidences Plaintiff's exclusive right to use the

4  DREAM- MARRIAGE mark.

5      11.    Through Plaintiff's continuous and conspicuous usage of its "Dream-Marriage"

6  mark ("Plaintiff's Mark"), Plaintiff is informed and believes and based thereon alleges that

7  the mark is famous, and widely known and recognized by the internet dating and

8  matchmaking public as indicating the source of Plaintiff's dating and matchmaking services.

9  Plaintiff Dream Marriage Group has exercised legitimate control over the uses of the Mark

10  and has been diligent in abating the use of the Mark by unauthorized third parties.

11      12.    Plaintiff is informed and believes, and based thereon alleges, that through

12  publicity, fact and legend, Plaintiff's Mark has acquired widespread public recognition that

13  evokes strong and immediate reactions whenever it is uttered or used. Plaintiff is informed

14  and believes, and based thereon alleges, that the impact of Plaintiff's Mark is significant,

15  and as a result, the Mark has great commercial value. Plaintiff is informed and believes, and

16  based thereon alleges, that the Defendants seek to exploit that value for their own gain.

17  **Defendants' Infringing Activities**

18      13.    Within a year prior to the filing of this complaint, Plaintiff is informed and

19  believes, and based thereon alleges, that Defendants registered the following Internet

20  domain names (the "Infringing Domain Names"):

21          a.  russian-dream-marriage.com

22          b.  russian-dream-marriage.info

23          c.  brides-for-dream-marriage.com

24          d.  brides-for-dream-marriage.info

25          e.  dreammarriageonline.com

26          f.  dreammarriage.info

27          g.  dreammarriag.info

28          h.  dreemmarriage.info

i.   dream-marriage-brides.com

j.   dream-marriage-brides.info

k.   dreammarriageonline.com

14.   Plaintiff has never approved Defendants' use of the Mark, as Internet domain names or for any other purpose, and Plaintiff is informed and believes, and based thereon alleges, that Defendants have never sought permission for use of the Mark. Plaintiff is informed and believes, and based thereon alleges, that Defendants had actual knowledge of Plaintiff's Mark, prior to Defendants' registering the Infringing Domain Names and using the Mark so extensively on its sites.

15.   Plaintiff is informed and believes, and based thereon alleges, that Defendants' unauthorized registration and use of the Infringing Domain Names is likely to cause confusion, mistake, and deception as to the source or origin of the Infringing Domain Names, and is likely to falsely suggest a sponsorship, connection, license or association with Plaintiff or its licensees.

16.   Plaintiff is informed and believes, and based thereon alleges, that Defendants exercised joint ownership and/or control over the Infringing Domain Names and/or the content made available through the Infringing Domain Names.

17.   Plaintiff is informed and believes, and based thereon alleges, that Defendants intentionally induced the infringement of Plaintiff's Mark, and/or continued to supply products to those they knew or had reason to know were engaging in trademark infringement.

18.   Plaintiff is informed and believes, and based thereon alleges, that Defendants were engaged in the direct control and monitoring of the instrumentalities used to infringe Plaintiff's Mark.

19.   Plaintiff is informed and believes, and based thereon alleges, that Defendants and/or Defendants' agents made use of a process known as "screen scraping"[1] to take, copy,

---

[1] See, e.g., *MShift, Inc. v. Digital Insight Corp.*, No. 3:10-cv-00710, slip op. at 16 (N.D. Cal., Oct. 8, 2010

1   and/or make use of , a list of women online in the Plaintiff's service, among other data (the
2   "Scraped Data") (the Defendants' "Screen Scraping Activity").

3       20.   Plaintiff is informed and believes, and based thereon alleges, that Defendants
4   and/or Defendants' agents used various user accounts, without authorization, using stolen
5   login credentials, and/or exceeded the use authorized by Plaintiff for the credentials
6   Defendants signed up for access to (the Defendants' "Unauthorized Access").

7       21.   Plaintiff is informed and believes, and based thereon alleges, that Defendants
8   and/or Defendants' agents used the Scraped Data to harass, intimidate, and otherwise
9   unlawfully communicate with Plaintiff's female members (the Defendants' "Interfering
10  Activity").

11      22.   Plaintiff is informed and believes, and based thereon alleges, that Defendants
12  and/or Defendants' agents modified their activities to work around Plaintiff's several
13  attempts to deny and/or limit Defendants' wrongful access to Plaintiff's systems, data, and
14  services (the Defendants' "Circumvention Attempts").

15      23.   Plaintiff is informed and believes, and based thereon alleges, that Defendants'
16  activities have irreparably harmed and, if not enjoined, will continue to irreparably harm
17  Plaintiff and its long-used and federally registered marks.

18      24.   Plaintiff is informed and believes, and based thereon alleges, that Defendants'
19  activities have irreparably harmed and, if not enjoined, will continue to irreparably harm
20  the general public who has an inherent interest in being free from confusion, mistake and
21  deception.

## FIRST CAUSE OF ACTION
### (Cyberpiracy – 15 U.S.C. § 1125(d))

24      25.   Plaintiff realleges and incorporates by reference paragraphs 1 through 24 as
25  though fully set forth herein.

26      26.   Plaintiff is informed and believes, and based thereon alleges, that Defendants
27  had a bad faith intent to profit from Plaintiff's Mark..

28

3RD AMENDED COMPLAINT - CASE NO. 10-CV-5034 RSWL (FFMX)

27.   Plaintiff is informed and believes, and based thereon alleges, that Defendants registered, trafficked in, and/or used the Infringing Domain Names, which are identical and/or confusingly similar and/or dilutive of Plaintiff's Mark.

28.   Plaintiff is informed and believes, and based thereon alleges, that Plaintiff's Mark were distinctive at the time Defendants registered and used the Infringing Domain Names.

29.   Plaintiff is informed and believes, and based thereon alleges, that Defendants do not have any intellectual property rights or any other rights in Plaintiff's Mark.

30.   Plaintiff is informed and believes, and based thereon alleges, that none of the Infringing Domain Names consist of the legal name of the Defendant, nor a name that is otherwise commonly used to identify the Defendant.

31.   Plaintiff is informed and believes, and based thereon alleges, that Defendant has not made any prior use of any of the Infringing Domain Names in connection with the *bona fide* offering of any goods or services.

32.   Plaintiff is informed and believes, and based thereon alleges, that Defendant has not made any *bona fide* use of Plaintiff's Mark on a website accessible under any of the Infringing Domain Names.

33.   Plaintiff is informed and believes, and based thereon alleges, that Defendant registered, trafficked in, or used the Infringing Domain Names to exploit their value for commercial gain by creating a likelihood of confusion as to source, sponsorship, affiliation or endorsement.

34.   Defendants' registration, use, or trafficking in the Infringing Domain Names constitutes cyberpiracy in violation of 15 U.S.C. § 1125(d), entitling Plaintiff to relief.

35.   By reason of Defendants' acts alleged herein, Plaintiff is informed and believes, and based thereon alleges, that Plaintiff's remedy at law is not adequate to compensate for the damages caused by Defendants, and that accordingly, Plaintiff is entitled to preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116.

36.    By reason of Defendants' acts alleged herein, Plaintiff is entitled to recover Defendants' profits, actual damages and the costs of the action, or statutory damages under 15 U.S.C. § 1117(d), on election of Plaintiff.

37.    Plaintiff is informed and believes, and based thereon alleges, that this is an exceptional case making Plaintiff eligible for an award of Attorney's fees under 15 U.S.C. § 1117.

## SECOND CAUSE OF ACTION

### *(Trademark Infringement – 15 U.S.C. § 1114(1))*

38.    Plaintiff realleges and incorporates by reference paragraphs 1 through 37 as though fully set forth herein.

39.    Plaintiff is informed and believes, and based thereon alleges, that Defendants' use in commerce of the Infringing Domain Names and the websites and advertisements displayed at the Infringing Domain Names, is likely to cause confusion, mistake, and to deceive.

40.    Plaintiff is informed and believes, and based thereon alleges, that Defendants' use of the Infringing Domain Names is likely to cause initial interest confusion among the general public.

41.    The acts of Defendants as alleged herein constitute trademark infringement in violation of 15 U.S.C. § 1114(1), entitling Plaintiff to relief.

42.    Plaintiff is informed and believes, and based thereon alleges, that Defendants have unfairly profited from the infringing actions alleged.

43.    By reason of Defendants' acts, Plaintiff is informed and believes, and based thereon alleges, that Plaintiff has suffered damage to the goodwill associated with its Marks.

44.    Plaintiff is informed and believes, and based thereon alleges, that Defendants' activities have irreparably harmed and, if not enjoined, will continue to irreparably harm Plaintiff and its long-used federally registered and common law marks.

45.    Plaintiff is informed and believes, and based thereon alleges, that Defendants'

1    activities have irreparably harmed and, if not enjoined, will continue to irreparably harm

2    the general public who has an interest in being free from confusion, mistake, and

3    deception.

4         46.    By reason of Defendants' acts alleged herein, Plaintiff is informed and

5    believes, and based thereon alleges, that Plaintiff's remedy at law is not adequate to

6    compensate for the damages caused by Defendants, and that accordingly, Plaintiff is

7    entitled to preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116.

8         47.    By reason of Defendants' willful acts, Plaintiff is entitled to damages, and that

9    those damages be trebled under 15 U.S.C. § 1117.

10        48.    Plaintiff is informed and believes, and based thereon alleges, that this is an

11   exceptional case making Plaintiff eligible for an award of attorneys' fees under

12   15 U.S.C. § 1117.

### THIRD CAUSE OF ACTION

### *(False Designation of Origin – 15 U.S.C. § 1125(a))*

15        49.    Plaintiff realleges and incorporates by reference paragraphs 1 through 48 as

16   though fully set forth herein.

17        50.    Plaintiff is informed and believes, and based thereon alleges, that Defendants'

18   use in commerce of the Infringing Domain Names and the websites and advertisements

19   displayed at the Infringing Domain Names, is likely to cause confusion, mistake, and to

20   deceive.

21        51.    Plaintiff is informed and believes, and based thereon alleges, that Defendants'

22   use of the Infringing Domain Names is likely to cause initial interest confusion among the

23   general public.

24        52.    The acts of Defendants as alleged herein constitute trademark infringement of

25   Plaintiff's Marks and false designation of origin in violation of 15 U.S.C. § 1125(a),

26   entitling Plaintiff to relief.

27        53.    Plaintiff is informed and believes, and based thereon alleges, that Defendants

28

1 have unfairly profited from the infringing actions alleged.

2      54.   By reason of Defendants' acts, Plaintiff is informed and believes, and based

3 thereon alleges, that Plaintiff has suffered damage to the goodwill associated with its Marks.

4      55.   Plaintiff is informed and believes, and based thereon alleges, that Defendants'

5 activities have irreparably harmed and, if not enjoined, will continue to irreparably harm

6 Plaintiff and its long-used federally registered and common law marks.

7      56.   Plaintiff is informed and believes, and based thereon alleges, that Defendants'

8 activities have irreparably harmed and, if not enjoined, will continue to irreparably harm

9 the general public who has an interest in being free from confusion, mistake, and

10 deception.

11      57.   By reason of Defendants' acts alleged herein, Plaintiff is informed and

12 believes, and based thereon alleges, that Plaintiff's remedy at law is not adequate to

13 compensate for the damages caused by Defendants, and that accordingly, Plaintiff is

14 entitled to preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116.

15      58.   By reason of Defendants' willful acts, Plaintiff is entitled to damages, and that

16 those damages be trebled under 15 U.S.C. § 1117.

17      59.   Plaintiff is informed and believes, and based thereon alleges, that this is an

18 exceptional case making Plaintiff eligible for an award of attorneys' fees under

19 15 U.S.C. § 1117.

20 FOURTH CAUSE OF ACTION

21 *(Dilution – 15 U.S.C. § 1125(c))*

22      60.   Plaintiff realleges and incorporates by reference paragraphs 1 through 59 as

23 though fully set forth herein.

24      61.   Plaintiff is informed and believes, and based thereon alleges, that Plaintiff's

25 Mark is famous, as that term is used in 15 U.S.C. § 1125(c), and was famous before

26 Defendants' adoption and use of the Infringing Domain Names as alleged herein, based on,

27 among other things, the Mark's inherent distinctiveness, federal registrations, and exclusive

28

1  nationwide use, advertising, promotion and recognition.

2       62.    Plaintiff is informed and believes, and based thereon alleges, that Defendants'

3  use in commerce of the Infringing Domain Names is likely to cause dilution by blurring

4  and dilution by tarnishment in violation of 15 U.S.C. § 1125(c), entitling Plaintiff to relief.

5       63.    Plaintiff is informed and believes, and based thereon alleges, that Defendants

6  have unfairly profited from the infringing actions alleged.

7       64.    By reason of Defendants' acts, Plaintiff is informed and believes, and based

8  thereon alleges, that Plaintiff has suffered damage to the goodwill associated with its Marks

9  and has been irreparably harmed.

10       65.    By reason of Defendants' acts, Plaintiff is informed and believes, and based

11  thereon alleges, that Plaintiff's remedy at law is not adequate to compensate for the

12  damages caused by Defendants, and that accordingly, Plaintiff is entitled to preliminary and

13  permanent injunctive relief pursuant to 15 U.S.C. § 1116.

14       66.    By reason of Defendants' willful acts, Plaintiff is entitled to damages, and that

15  those damages be trebled under 15 U.S.C. § 1117.

16       67.    Plaintiff is informed and believes, and based thereon alleges, that this is an

17  exceptional case making Plaintiff eligible for an award of attorneys' fees under

18  15 U.S.C. § 1117.

19                        FIFTH CAUSE OF ACTION

20           *(Trademark Infringement –California Common Law)*

21       68.    Plaintiff realleges and incorporates by reference paragraphs 1 through 67 as

22  though fully set forth here.

23       69.    Plaintiff is informed and believes, and based thereon alleges, that Defendants

24  have used Plaintiff's Mark in commerce and have used the Infringing Domain Names in

25  connection with their business.

26       70.    Plaintiff is informed and believes, and based thereon alleges, that Defendants'

27  use in commerce of Plaintiff's Mark and the Infringing Domain Names are likely to cause

28

3RD AMENDED COMPLAINT - CASE NO. 10-CV-5034 RSWL (FFMX)

confusion or mistake or to deceive as to the source of origin in violation of the common law of the State of California, entitling Plaintiff to relief.

71.     Plaintiff is informed and believes, and based thereon alleges, that Defendants have unfairly profited from the infringing actions alleged.

72.     By reason of Defendants' acts, Plaintiff is informed and believes, and based thereon alleges, that Plaintiff has suffered damage to the goodwill associated with its Marks and has been irreparably harmed.

73.     By reason of Defendants' acts, Plaintiff is informed and believes, and based thereon alleges, that Plaintiff's remedy at law is not adequate to compensate for the damages caused by Defendants, and that accordingly, Plaintiff is entitled to preliminary and permanent injunctive relief.

## SIXTH CAUSE OF ACTION

### *(Unfair Competition – Cal. Bus. & Prof. § 17200)*

74.     Plaintiff realleges and incorporates by reference paragraphs 1 through 73 as though fully set forth herein.

75.     Plaintiff is informed and believes, and based thereon alleges, that Defendants' conduct constitutes unfair competition in that such acts were and are unlawful, unfair, deceptive and/or fraudulent business acts or practices in violation of California Business & Professions Code § 17200, *et seq.*

76.     As a direct and proximate result of Defendants' wrongful conduct, Plaintiff is informed and believes, and based thereon alleges, that Plaintiff has suffered injury in fact, which injuries include damage to Plaintiff's goodwill with potential clients. Plaintiff is informed and believes, and based thereon alleges, that Defendants' conduct has also caused damage to consumers.

77.     Plaintiff is informed and believes, and based thereon alleges, that Defendants' wrongful conduct has proximately caused and will continue to cause Plaintiff substantial injury, including without limitation a loss of potential revenues, dilution of goodwill,

1 confusion of potential partners and customers, and diminution of the value of Plaintiff's

2 Mark and products.

3    78.    Plaintiff is informed and believes, and based thereon alleges, that the harm

4 that Defendants' continued wrongful acts will cause to Plaintiff is both imminent and

5 irreparable, and the amount of damage sustained by Plaintiff will be difficult to ascertain if

6 these acts continue. As such, Plaintiff has no adequate remedy at law, and is therefore

7 entitled to an injunction restraining Defendants, their officers, agents, employees, and all

8 persons acting in concert with them from engaging in further such unlawful conduct.

9    79.    Plaintiff is further entitled to restitution from Defendants.

## SEVENTH CAUSE OF ACTION

### *(Computer Fraud and Abuse Act – 18 U.S.C. § 1030)*

12   80.    Plaintiff realleges and incorporates by reference paragraphs 1 through 79 as

13 though fully set forth herein.

14   81.    Plaintiff's dream-marriage.com website is hosted on web server computers and

15 other server computers used in interstate and foreign commerce and communication, and

16 are therefore "protected computers" pursuant to 18 U.S.C. § 1030(e)(2)(B).

17   82.    Pursuant to 18 U.S.C. § 1030(g), Plaintiff "may maintain a civil action against

18 the violator to obtain compensatory damages and injunctive relief or other equitable relief."

19 A civil suit brought "under section 1030(g) must prove (1) damage or loss (2) by reason of

20 (3) a violation of some other provision of section 1030, and (4) conduct involving one of

21 the factors set forth in section 1030(a)(5)(B)(i)-(v)," *Motorola, Inc. v. Lemko Corporation*, 609

22 F. Supp. 2d 760, 765 (N.D. Il. 2009) (statute revised in September 2008 to refer to

23 "subclauses (I), (II), (III), (IV), or (V) of subsection (c)(4)(A)(i)" instead of (a)(5)(B)(i)-(v)).

24   83.    Plaintiff has been damaged and incurred loss ("Damage and Loss") in an

25 amount in excess of five thousand dollars ($5000) and substantially more subject to proof.

26 This includes, without limitation, reasonable costs incurred in: responding to the Screen

27 Scraping Activity, Unauthorized Access, and Circumvention Attempts; conducting a

28

damage assessment; and revenue lost, cost incurred, and other consequential damages incurred because of interruption of service, as specified in 18 U.S.C. § 1030(e)(11).

84.    Plaintiff's Damage and Loss is the direct and proximate result of Defendants' conduct, as set forth herein, specifically, Plaintiff was damaged and incurred loss by reason of Defendants' Screen Scraping Activity and Unauthorized Access, which:

   a.  Violated 18 U.S.C. § 1030(a)(2)(C) in that it was intentional access of a computer without authorization, or exceeding authorized access, thereby obtaining information, the Scraped Data, from a protected computer;

   b.  Violated 18 U.S.C. § 1030(a)(5)(B) by "intentionally access[ing] a protected computer without authorization, and as a result of such conduct, recklessly caus[ing] damage"; and

   c.  Violated 18 U.SC. § 1030(a)(5)(C) by "intentionally access[ing] a protected computer without authorization, and as a result of such conduct, caus[ing] damage and loss."

85.    Defendants' Screen Scraping Activity and Unauthorized Access conduct caused loss to Plaintiff in a one year period aggregating at least $5,000 in value, satisfying § 1030(c)(4)(A)(i)(I).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in its favor on all claims and grant relief as follows:

1.    An ordering requiring Defendants to transfer to Plaintiff the Infringing Domain Names, and any other domain names they own which are identical or confusingly similar to Plaintiff's Mark.

2.    An order preliminarily and permanently enjoining and restraining Defendants, and their officers, agents, servants, employees, attorneys and all those in active concert or participation with them from:

   a.  Registering or using, in any manner, any Internet domain name that

incorporates, in whole or part, Plaintiff's Mark or any name, mark or designation confusingly similar thereto;

    b. Using any of Plaintiff's Marks or any other name, mark, designation or depiction in a manner that is likely to cause confusion regarding whether Defendant is affiliated or associated with or sponsored by Plaintiff;

    c. Registering any Internet domain name that incorporates, in whole or in part, Plaintiff's Marks or any name, mark or designation confusingly similar thereto;

    d. Practicing trademark infringement, trademark dilution, unfair competition, false designation of origin, passing off, or false advertising, against Plaintiff or misappropriation of Plaintiff's trademark rights; and

    e. Assisting, aiding or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (i) through (iv) above.

    3.    A n order requiring Defendants to account to Plaintiff for, and disgorge, all profits they have derived by reason of the unlawful acts complained of above.

    4.    An award of its actual damages or, at its election, statutory damages, and that those damages be trebled, pursuant to 15 U.S.C. §1117(a), to the extent trebled damages are provided for.

    5.    An order awarding Plaintiff its costs of suit, including attorney fees.

    6.    An order granting prejudgment and post-judgment interest.

    7.    An order directing each Defendant to file with the Court and serve upon Plaintiff within thirty (30) days after service of an injunction, a written report under oath setting forth in detail the manner and form in which the Defendant has complied with the injunction and judgment;

    8.    Such further and additional relief as the Court may deem just and appropriate.

1   Dated: December 14, 2010                    Haney, Buchanan & Patterson LLP
2                                                Bruce A. Fields
3
4                                                _____
5                                                Bruce A. Fields
                                                 Attorneys for Plaintiff
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

3RD AMENDED COMPLAINT - CASE NO. 10-CV-5034 RSWL (FFMX)

1

JURY TRIAL DEMAND

2   Plaintiff demands a trial by jury on all issues so triable.

3   Dated: December 14, 2010               Haney, Buchanan & Patterson LLP

4                                          Bruce A. Fields

5

6

7                                          Bruce A. Fields

8                                          Attorneys for Plaintiff

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3RD AMENDED COMPLAINT - CASE NO. 10-CV-5034 RSWL (FFMX)