1  STEVEN H. HANEY, SBN 121980
   BRUCE A. FIELDS, SBN 102426
2  HANEY, BUCHANAN & PATTERSON L.L.P.
   707 Wilshire Boulevard, Fifty-Third Floor
3  Los Angeles, California 90017
   Telephone (213) 228-6500
4  Facsimile (213) 228-6501
   Email: shaney@hbplaw.com
5         bfields@hbplaw.com

6  Attorneys for Plaintiff
   Dream Marriage Group, Inc..
7

8              **UNITED STATES DISTRICT COURT**

9             **CENTRAL DISTRICT OF CALIFORNIA**

10

11  DREAM MARRIAGE GROUP, INC., a       ) **Case No. 10-05034 RSWL (FFMx)**
    Nevada corporation,                 )
12                                       )
                        Plaintiff,       ) **JOINT RULE 26-1 REPORT**
13                                       )
              v.                         )
14                                       )
                                         )
15  ANASTASIA INTERNATIONAL, INC.,      )
    a Kentucky corporation, and Does 1-10 ) Hon. Ronald S.W. Lew
16                                       )
                        Defendants.      )
17                                       )

18      Counsel for Plaintiff Dream Marriage Group, Inc. ("Plaintiff") and counsel for

19  Defendant Anastasia International, Inc. ("Defendant") conducted a conference

20  pursuant to Federal Rule of Civil Procedure 26(f) on December 22, 2010. The

21  parties hereby submit their Joint Rule 26(f) Report pursuant to Rule 26(f) and this

22  Court's Order.

23

24

25

26

27

28

**I.    Summary of Issues and Necessary Discovery**

The issues in this case are described by the claims and defenses in the pleadings.  Plaintiff asserts that Defendant Anastasia has infringed its DREAM-MARRIAGE  trademark by registering internet domain names referencing the trademark and has attempted to market and lure potential customers of Plaintiff to Defendant's or Defendant's affiliate websites, without Plaintiff's knowledge or consent. Plaintiff further contends that Defendant intentionally and without authorization gained access to Plaintiff's website in order to make use of data and acquire data from the website without Plaintiff's knowledge or consent. As a result of Defendant's activities and conduct, Plaintiff claims to have been damaged, and claims to have incurred losses according to proof.  Defendant Anastasia denies that it has infringed Plaintiff's trademark, denies that it has wrongfully accessed Plaintiff's website as alleged and  asserts various affirmative defenses.  Anastasia furthermore has counterclaimed for declaratory judgment of non-infringement, and for cancellation of Plaintiff's Dream-Marriage trademark registration.

**II.    Scope of Discovery and Limitations**

A.    The scope of discovery shall be defined by the claims and defenses in the pleadings. Discovery will be needed as to Plaintiff's claims and alleged damages and Defendants' defenses. There shall be no particular order followed for discovery, except as otherwise agreed to by the parties or ordered by the Court.

B.    The parties do not contemplate any changes in the timing, form, or requirement for disclosures under Federal Rule of Civil Procedure 26(a)(1), and have agreed to make such disclosures on January 18, 2011.

C.    The parties have agreed that no changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or the Local Rules of the Central District of California, except as otherwise stipulated by the parties or ordered by the Court.

1    D.   The parties do not believe that this case requires the procedures set forth
2  in the Manual for Complex Litigation.

3    E.   The parties anticipate they will stipulate to a protective order under Rule
4  26(c) regarding confidential documents and information in discovery and the
5  inadvertent production of materials subject to claims of attorney-client privilege or
6  work product. The parties will prepare a stipulated protective order and will submit it
7  to the Magistrate Judge for approval.

8    F.   For each testifying expert, opposing counsel will receive an expert report
9  as provided by FRCP 26(a)(2) and copies of all materials considered and/or relied
10  upon by the expert for purposes of preparing such report that were not previously
11  produced during the litigation.  All electronic data sets and compilations shall be
12  produced in the same form or format in which it was used for the expert's purposes,
13  in working form, with all links to other spreadsheets and/or underlying active data,
14  and any programs or intermediate analyses that were used in preparation of the
15  expert's report. The parties have agreed that drafts of experts reports and
16  communications (both oral and written) between the party's attorney and the expert
17  relating to such drafts are not subject to discovery except to the extent that the
18  communications relate to one or more of the matters identified in FRCP
19  26(b)(4)(c)(i)-(iii).

20    G.   Plaintiff's Seventh Cause of Action for alleged computer fraud and abuse
21  under 18 USC §1030 may be challenged by way of a motion to dismiss under FRCP
22  12. Plaintiff's First through Seventh Causes of Action also may be challenged by
23  way of summary judgment motions after some discovery is conducted.

24  **III.   Settlement**

25    There were some informal discussions between counsel for Defendant and
26  counsel for Plaintiff regarding the possibility of settling this lawsuit.  However, both
27  parties agree that an early settlement conference may be helpful in resolving this
28  dispute.  The parties request that the case be referred to Magistrate Mumm for a

1   formal settlement conference. If a referral to Magistrate Mumm is not possible, then

2   the parties have agreed to utilize the services of a Settlement Officer selected from

3   the ADR settlement officer panel to assist in settlement negotiations.

4   **IV.    Electronic Discovery**

5       Electronic documents may be produced as text-searchable pdf's or as native

6   files. It shall be unnecessary to preserve metadata for electronic documents. If there

7   is an issue regarding electronic discovery, the parties will meet and confer to attempt

8   to resolve the issue without involving the Court, unless necessary.

9   **V.    Discovery and Exchange Schedule**

10      The parties have agreed upon, and propose to the Court, the following

11  schedule  for this case:

12      1.      January 18, 2011 - Exchange of Initial Disclosures required by Rule

13  26(a)

14      2.      March 4, 2011 – Add parties/amend pleadings cut-off (all DOE

15  defendants are dismissed as of this cut-off date)

16      3.      April 29, 2011 – Deadline for parties to meet for settlement

17      4.      May 6, 2011 – Joint Settlement Report

18      5.      May 11, 2011 – Status Conference

19      6.      November 18, 2011 - Fact Discovery Cut-off

20      7.      November 28, 2011 – Exchange the names of experts

21      8.      December 23, 2011 - Exchange of Expert Reports

22      9.      January 27, 2012 - Exchange of Rebuttal Expert Reports (if any)

23      10.     February 24, 2012 - Expert Discovery Cut-off

24      11.     March 28, 2012 - Dispositive Motion Filing Cut-off

25      12.     April 11, 2012 – Opposition Cut-off

26      13.     April 25, 2012 – Reply Cut-off

27      14.     May 9, 2012 – Motion Hearing

28      15.     July 11, 2012- Final Pretrial Conference

1            16.      August 28, 2012- Trial

2    **VI.      Trial Estimate**

3            The Parties estimate a 6-7 day jury trial.

4

5    Dated: January 4, 2011              HANEY, BUCHANAN & PATTERSON, LPP

6

7                                        By:
8                                            BRUCE A. FIELDS
                                             Attorneys for Plaintiff
9

10
     Dated: January 4, 2011             FULWIDER PATTON, LLP.
11

12

13                                       By:
14                                           CRAIG B. BAILEY
                                             Attorneys for Defendant
15

16

17

18

19

20

21

22

23

24

25

26

27

28