Bruce A. Fields (SBN 102426)
Bruce A. Fields, A.P.C.
Email: bfields@bfieldslaw.com
1801 Century Park East, Ste 2400
Los Angeles, CA 90067
Telephone: (310) 552-7832
Facsimile: (800) 279-4830

Attorney for Counter Defendant
Dream Marriage Group, Inc.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DREAM MARRIAGE GROUP, Inc., <br><br> Plaintiff, <br><br> vs. <br><br> ANASTASIA INTERNATIONAL, Inc., et al, <br><br> Defendants. | Case No. CV 10-5034 RSWL (FFMx) <br><br> COUNTER CLAIM DEFENDANT DREAM MARRIAGE GROUP, INC.'S ANSWER TO COUNTER CLAIMS |

Counter Claim Defendant DREAM MARRIAGE GROUP, INC. ("Counter Defendant") hereby answers the Counter Claims of ANASTASIA INTERNATIONAL, INC. ("Counter Complainant") as follows:

    1.    Upon information and belief Counter Defendant admits the averments of paragraph 1 of the Counter Claims.

    2.    Counter Defendant admits the averments of paragraph 2 of the Counter Claims.

3. Counter Defendant admits the averments of paragraph 3 concerning personal jurisdiction and venue.

4. Counter Defendant admits the averments of paragraph 4.

### FIRST CLAIM FOR RELIEF
### (Declaratory Judgment of No Infringement, No Unfair Competition, No False Designation of Origin, No Dilution, And No Cyberpiracy And No Computer Abuse)

5. Counter Defendant realleges paragraphs 1-4 above and I incorporates them by reference as if fully set forth herein.

6. Counter Defendant lacks sufficient information and belief to admit or deny the averments of paragraph 6 of the Counter Claims.

7. Counter Defendant admits the averments of paragraph 7.

8. Counter Defendant denies the averments of paragraph 8 of the Counter Claims as it relates to activities not constituting cyberpiracy, trademark infringement, false designation of origin, dilution and unfair competition, or any violation of intellectual property of DMG. Otherwise, Counter Defendant lacks sufficient information to admit or deny the remaining averments of paragraph 8.

9. Counter Defendant admits the averments of paragraph 9.

10. Counter Defendant lacks sufficient information to admit or deny the averments of paragraph 10.

### SECOND COUNTER CLAIM OF RELIEF
### (CANCELLATION OF U.S. TRADEMARK REGISTRATION No. 3,760,949)

11. Counter Defendant realleges paragraphs 1-10 above and incorporates them by reference as if fully set forth herein.

12. Counter Defendant lacks sufficient information to admit or deny the averments of paragraph 12 with respect to the counter claim, however, Counter Defendant admits that the court has jurisdiction.

13. Counter Defendant admits lines 8 through 10 through the reference of "3,760,949", otherwise Counter Defendant denies the averments of paragraph 13 of the Counter Claims.

14. Counter Defendant denies the averments of paragraph 14 of the Counter Claims.

15. Counter Defendant denies the averments of paragraph 15 of the Counter Claims.

16. Counter Defendant denies the averments of paragraph 16 of the Counter Claims.

17. Counter Defendant admits the averments of paragraph 17 of the Counter Claims.

18. Counter Defendant lacks sufficient information and belief to admit or deny the averments of paragraph 18 of the Counter Claims.

19. Counter Defendant lacks sufficient information and belief to admit or deny the averments of paragraph 19 of the Counter Claims.

20. Counter Defendant denies the averments of paragraph 20 of the Counter Claims.

21. Counter Defendant admits that it was not the entity that first used the trade mark in commerce and denies the averments of paragraph 21 of the Counter Claims.

22. Counter Defendant denies the averments of paragraph 22 of the Counter Claims.

23. Counter Defendant denies the averments of paragraph 23 of the Counter Claims.

COUNTER CLAIM DEFENDANT'S ANSWER

24. Counter Defendant lacks sufficient information and belief to admit or deny the averments of paragraph 24 of the Counter Claims.

### AFFIRMATIVE DEFENSES

Counter Defendant hereby pleads and affirmatively sets forth the following defenses in response to Counter Complainant's Cross Claims.

### FIRST AFFIRMATIVE DEFENSE

1. The Counter Claims, and each cause of action therein, fails to state a cause of action against Counter Defendants.

### SECOND AFFIRMATIVE DEFENSE

2. Counter Complainant's claims are barred by the doctrine of laches.

### THIRD AFFIRMATIVE DEFENSE

3. Counter Complainant is barred from obtaining any relief sought in the Counter Claims by reason of that Counter Complainant's own unclean hands.

### FOURTH AFFIRMATIVE DEFENSE

4. Counter Complainant's claims are barred by the doctrine of estoppel.

### FIFTH AFFIRMATIVE DEFENSE

5. Counter Complainant's claims are barred by doctrine of waiver.

### SIXTH AFFIRMATIVE DEFENSE

6. On information and belief, Counter Complainant has initiated this lawsuit without a good faith belief that said Counter Complainant has a right to such relief, either in law or in fact, and solely for the improper purpose of

harassing Counter Defendants and forcing Counter Defendants to incur needless expenses from the cost of this litigation and to inhibit Counter Defendants from earning a legitimate living. These acts constitute common law and statutory unfair competition and unclean hands and bar Counter Complainant from relief in this action.

## SEVENTH AFFIRMATIVE DEFENSE

7. The Counter Claims, and each cause of action therein, is barred by the statutes of limitations.

## EIGHTH AFFIRMATIVE DEFENSE

8. Counter Complainant is barred from obtaining any relief sought in the Counter Claims because Counter Complainant is unreasonably and unlawfully attempting to enforce its rights, if any, beyond the scope of such rights.

## NINTH AFFIRMATIVE DEFENSE

9. Counter Complainant's causes of action are barred by mistake of fact or mistake of law.

## TENTH AFFIRMATIVE DEFENSE

10. Counter Defendant is protected by the privileges of competition and free competition because Counter Complainant and Counter Defendants were at all relevant times engaged in economic business competition.

## ELEVENTH AFFIRMATIVE DEFENSE

11. Counter Defendant at all times acted in good faith.

///

///

### TWELVTH AFFIRMATIVE DEFENSE

12. Counter Defendant is informed and believes, and thereon alleges, that injury, if any, suffered by Counter Complainant was caused by the acts, omissions, and wrongdoing of Counter Complainant, by virtue of its own acts and/or the acts or omissions of others chargeable to it, and not any acts, omissions, or wrongdoing by Counter Defendant.

### THIRTEENTH AFFIRMATIVE DEFENSE

13. Counter Defendant is informed and believes, and thereon alleges, that at all times alleged in the Counter Claims, Counter Complainant, by virtue of his own acts and/or the acts or omissions of others chargeable to him, failed to exercise ordinary and reasonable care on Counter Complainant's own behalf, in the management and maintenance of its property, and negligently and carelessly was the proximate cause of some portion, up to and including the whole thereof, of Counter Complainant's alleged injuries and damages, if any, and therefore, Counter Complainant's recovery, if any, should be barred and/or reduced according to law, up to and including the whole thereof, and Cross Defendant is entitled to an apportionment among all such parties according to their responsibility for injuries and damages, if any, suffered by Counter Complainant.

### FOURTEENTH AFFIRMATIVE DEFENSE

14. Counter Defendant is informed and believes, and thereon alleges, that the injury, if any, suffered by Counter Complainant was proximately caused and contributed to by the conduct, acts, omissions, and/or activities of a third party and/or parties either named or unnamed, and any recovery obtained by Counter Complainant should be barred and/or reduced according to law, up to and including the whole thereof.

COUNTER CLAIM DEFENDANT'S ANSWER

## FIFTEENTH AFFIRMATIVE DEFENSE

15. Counter Defendant is informed and believes, and thereon alleges, that if Counter Defendant is subjected to any liability of Counter Complainant herein it will be due in whole and/or in part to the conduct, acts, omissions, and/or activities of a party and/or parties unknown to Counter Defendant at this time, and any recovery obtained by Counter Complainant should be barred and/or reduced according to law, up to and including the whole thereof.

## SIXTEENTH AFFIRMATIVE DEFENSE

16. Counter Defendant is informed and believes, and thereon alleges, that Counter Defendant is not liable for the independent acts of third parties and Counter Complainant's injuries and damages, if any, are attributable to acts of third parties.

## SEVENTEENTH AFFIRMATIVE DEFENSE

17. Counter Defendant is informed and believes, and thereon alleges, that Counter Complainant's damages, if any, were proximately and concurrently caused or contributed to by the fraud, deceit, or other wrongful misconduct of Counter Complainant as referenced in Second Amended Complaint filed herein.

## EIGHTEENTH AFFIRMATIVE DEFENSE

18. Counter Defendant is informed and believes, and thereon alleges, that Counter Complainant at all times gave Counter Complainant's consent, express or implied, to the acts, omissions, and conduct alleged of Counter Defendant in the Counter Claims.

///

///

### NINETEETH AFFIRMATIVE DEFENSE

19.  Counter Defendant is informed and believes, and thereon alleges, that Counter Complainant ratified the alleged acts of Counter Defendant.

### TWENTIETH AFFIRMATIVE DEFENSE

20.  Counter Defendant is informed and believes, and thereon alleges, that Counter Complainant expressly, impliedly, and/or equitably released all rights against Counter Defendant in connection with the transaction giving rise to the allegations set forth in the Counter Claims.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

21.  Counter Defendant is informed and believes, and thereon alleges that Counter Complainant's damages, if any, are set off by any value and/or benefit Cross Complainant obtained due to its own conduct and/or contributory negligence, and any recovery obtained by Counter Complainant should be barred and/or reduced according to law, up to and including the whole thereof.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

22.  Counter Defendant is informed and believes, and thereon alleges, that Counter Complainant acquiesced to the alleged acts of Counter Defendant.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

23.  Counter Defendant is informed and believes, and thereon alleges, that Counter Complainant has not suffered, and will not suffer any harm at all, let alone irreparable harm, by virtue of the conduct alleged against Counter Defendants.

///

///

///

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

24. Counter Defendant is informed and believes, and thereon alleges, that Counter Complainant lacks standing to bring the claims against Counter Defendants as set forth in Counter Complainant's Counter Claims.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

25. Counter Defendant is informed and believes, and thereon alleges, that Counter Complainant's claims against Counter Defendant are barred because Counter Defendant has complied, or substantially complied, with all applicable laws.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

26. Counter Defendant is informed and believes, and therein alleges, that because the Counter Claims herein is couched in conclusionary terms, Counter Defendant presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available and cannot fully anticipate all affirmative defenses that may be applicable to the within action. Accordingly, the right to assert additional affirmative defenses, if and to the extent that such affirmative defenses are applicable, is hereby reserved.

### PRAYER FOR RELIEF

Counter Defendant denies that Counter Complainant is entitled to:

(a) any of the relief in the Counter Claims, or any of it;

(b) judgment in favor of Counter Defendant;

(c) attorneys' fees as provided for by law;

(d) costs incurred in defense of the motion; and

(e)  other and further relief as the Court deems to be just and equitable under the circumstances.

Dated: February 8, 2011

BRUCE A. FIELDS, A.P.C.

By: /s/ Bruce A. Fields
Bruce A. Fields
Attorney for Counter Claim
Defendant Dream Marriage
Group, Inc.