BRUCE A. FIELDS, SBN 102426
BRUCE A. FIELDS A PROFESSIONAL CORPORATION
1801 Century Park East, 24th Floor
Los Angeles, California 90067
Telephone (310) 552-7832
Facsimile (800) 279-4830
Email: bfields@bfieldslaw.com

Attorneys for Plaintiff
Dream Marriage Group, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DREAM MARRIAGE GROUP, INC., a Nevada corporation,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>ANASTASIA INTERNATIONAL, INC., a Kentucky corporation, and Does 1-10<br><br>　　　　　　Defendants. | Case No. 10-5034 RSWL (FFMx)<br><br>[~~PROPOSED~~] **PROTECTIVE ORDER**<br><br>**NOTE CHANGES MADE BY COURT**<br><br>Hon. Ronald S.W. Lew |

Plaintiff Dream Marriage Group, Inc. (hereinafter "Plaintiff") and Defendant Anastasia International, Inc. (hereinafter "Defendant") have stipulated that a protective order be entered with respect to the information and documents to be produced during discovery in this action.

## GOOD CAUSE STATEMENT

It is the intent of the parties and the Court that confidential materials will not be designated as protected information for tactical reasons in this case and that nothing be so designated without a good faith belief that there is good cause why it

should not be part of the public record of this case. Confidential information that the parties may seek to protect from unrestricted or unprotected disclosure will be limited to confidential, trade secret or sensitive information which a producing party determines in good faith should be kept confidential and where the unrestricted or unprotected disclosure of such information may result in prejudice or harm to the disclosing party.

Accordingly, the parties will engage in the following procedures for the purpose of preventing Confidential Material from being disclosed or used for any purpose other than the conduct of this litigation:

1. Any party, responding party, or witness ("hereinafter, "Designating Party"), may designate as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" under the terms of this Protective Order, any document, material or information which that party causes to be produced or disclosed, provided that party shall have first made a good faith determination that there is reasonable basis for concluding that the document, material or information is confidential or a trade secret, or necessary to protect the privacy of third parties associated with the parties' business. The "CONFIDENTIAL-ATTORNEYS' EYES ONLY" designation may be used only for documents, material or information which the Designating Party believes in good faith to be of an extraordinarily high degree of current commercial sensitivity and/or would provide a competitive advantage to the competitor if disclosed.

(a) For purposes of this order, the following shall constitute and may be designated as Confidential Material:

i. Any information that has not been made public, the disclosure of which the Disclosing Party contends would reasonably be expected to cause harm to the business operation of the Disclosing Party or provide improper advantage to others, including confidential information qualifying as trade secrets pursuant to California Civil Code § 3426.1; confidential customer lists and information from

which a customer list may be derived; information associated with customers and third parties, including communications by customers and third parties; confidential information regarding the finances of a privately-held company; current and future business plans; proprietary computer code information; confidential information regarding the operation of a commercial website; competitor or competitive market analyses; supplier lists and identifying information; member and third party identities associated with the Parties' business and communications relative thereto; distributor, supplier, and customer agreements and licenses; unpublished sales information; agreements with vendors, agents, sales representatives, suppliers, and distributors; personnel files; and confidential information regarding costs, sales, pricing, revenue, and profits;

    ii. Any testimony regarding Confidential Material as defined above; and

    iii. Those portions of briefs, affidavits, memoranda, depositions, or other writings, including exhibits thereto, which contain or refer to Confidential Material.

  2. The following procedures shall apply to the designation of Confidential Material:

   a. Any document, material or information produced by a Designating Party in response to a discovery request may be denominated as containing Confidential Material by the party or the responding person or entity at the time of production by writing or stamping "CONFIDENTIAL-ATTORNEYS' EYES ONLY" or "CONFIDENTIAL" on the cover or first page and each page containing Confidential Material.

   b. If Confidential Material is disclosed during the course of a deposition, the Designating Party shall, whenever possible, request the court reporter to insert a statement regarding the confidentiality of the information into the deposition transcript. However, if a statement regarding confidentiality is not

inserted into the deposition transcript, the Designating Party subsequently may identify Confidential Material contained in the deposition transcript by providing notice to all counsel of record within 30 days of the Designating Party's receipt of the deposition transcript stating which exhibits and portions of the transcript are so designated as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY". Upon being informed that certain portions of a deposition are designated, each party shall cause each copy of the transcript in its possession, custody, or control to be marked in accordance with Paragraph 2(a) of this Order, to the extent not already marked by the court reporter. Any deposition transcript designated under this paragraph, shall be subject to all other paragraphs in this Order governing material so designated.

c. The Designating Party shall have the right to exclude from attendance at the deposition, during the time that the Confidential Material is to be discussed or disclosed, any person other than persons authorized by this Order to receive the Confidential Material, the deponent (and the deponent's counsel in the case of a separately-represented non-party), and the court reporter.

3. Failure to denominate documents or information as Confidential Material in the manner described in Paragraph 2 hereof will not be deemed a waiver of designation of such documents or information as Confidential Material if the failure is inadvertent; the producing party or witness may later designate said document or information as Confidential Material. Disclosure of said document or information by any person prior to the later designation as Confidential Material shall not be deemed a violation of the provisions of this Order. Should any documents be inadvertently produced which are later determined to be confidential, the attorneys will cooperate with respect to the confidential documents and will apprise the producing party of all recipients who are not authorized to receive confidential documents referenced herein.

4. No party shall use any information contained in any Confidential Material for any purpose other than the preparation and presentation of this action and for no other purpose whatsoever. Confidential Material shall not be disclosed to anyone other than those persons authorized to receive such material pursuant to this Protective Order, unless and until the restrictions herein are removed by order of the Court or by consent of the Designating Party.

5. Each recipient of Confidential Materials shall maintain such material in a secure, safe area and shall exercise reasonable care with respect to the storage, custody, use, and dissemination of the Confidential Material and, in any event, shall exercise no less than the same standard of care with respect to the storage, custody, use, and dissemination of such material as is exercised by the recipient with respect to its own confidential and proprietary material. In no event shall any "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" designated information be stored, electronically or otherwise, at any business premises of any party to this action. This includes computer hard drives and servers. No copies of any Confidential Material shall be made except to the extent necessary for the prosecution or defense of this action.

6. If any party believes that a designation of any document, information or testimony as Confidential Material is unwarranted, that party may so inform the designating party or witness in writing. Upon receiving such written objection, the parties shall negotiate in good faith to resolve their differences. Failing agreement, the document, information or testimony in question shall be kept Confidential as designated unless and until the Court orders otherwise upon motion in accordance with Local Rule 37 brought by the party challenging confidentiality. In the event of motion practice, the party asserting confidentiality bears the burden of demonstrating that the document, information, or testimony at issue falls within the definition of Confidential Material set forth in paragraph 1 of this Order. Pending resolution of any such motion, all Persons bound by this Protective Order shall

continue to treat the Material which is the subject of the motion as Confidential Material. If the Parties want to file the Joint Stipulation required by Local Rule 37 under seal, the Parties may file a stipulation ~~to that effect~~ **along with an application pursuant to Local Rule 79-5** or the moving party may file an ex parte application making the appropriate request **pursuant to Local Rule 79-5**. **(FFM)** The Parties must set forth good cause in the stipulation or ex parte application as to why the Joint Stipulation or portions thereof should be filed under seal. Further, the parties recognize that there may be situations—such as in the case of possible settlement discussions, or as necessary for a party's defense—where a specific party representative may need to have limited access to material designated CONFIDENTIAL or CONFIDENTIAL –ATTORNEYS' EYES ONLY. In such situations, the parties agree to work together in good faith to resolve any issues regarding such access. Failing agreement, a motion in accordance with Local Rule 37 may be brought by either party.

7.  Material which has been designated as "CONFIDENTIAL," or the substance thereof, may not be disclosed by any person, including parties in this action, other than the party or witness producing it, except solely for the purpose of this litigation, and then only to the following persons:

   a. all counsel of record engaged in the litigation of this action, and professional, clerical, secretarial and other support personnel of such counsel necessary to assist in this action;

   b. independent experts or consultants who are retained to consult with or assist counsel for either party in the preparation of this action for trial;

   c. witnesses in the course of deposition or trial testimony in the reasonable and good faith belief of counsel that such witness has prior knowledge of the information contained in the Confidential Material;

   d. this Court and its employees, the triers of fact and court reporters transcribing testimony taken in this case and notarizing officers;

e. excepting party witnesses and employees who are from the non-producing party, any person who is being prepared to testify in the reasonable and good faith belief of counsel of record that such person will be a witness in this action to support a party's claims or defenses, and that his or her examination with respect to the Confidential Material is necessary for legitimate discovery or trial purposes in connection with such testimony;

f. current directors, officers, employees or agents of the Designating Party at a deposition, hearing, or trial in this action;

g. independent outside vendors not affiliated with the parties for purposes of performing clerical-type services with respect to trial preparation in connection with this litigation, e.g., photocopying, imaging, computer data entry, electronic discovery production or processing, preparation of summaries or graphics, and the like, provided that they have access to Confidential Material only to the extent necessary to perform their duties;

h. any person indicated on the face of the Confidential Material to be its originator, author, or a recipient;

i. any Person who is determined to have been an author and/or previous recipient of the Confidential Material, but is not identified on the face thereof, provided there is prior testimony of actual authorship or receipt of the Confidential Material by such Person; and

j. any person to whom the Designating Party agrees.

8. Material which has been designated as "CONFIDENTIAL-ATTORNEYS' EYES ONLY", or the substance thereof, may not be disclosed by any person, including parties in this action, other than the party or witness producing it, except solely for the purpose of this litigation, and then only to the persons identified in Paragraphs 7(a)-(d) and (f)-(j), except that the persons described in Paragraph 7(a) shall be limited to counsel who is not a competitive decision-maker for a Party.  The parties agree that Christopher Harshman is a competitive decision-

maker for Plaintiff, and that Material which has been designated as "CONFIDENTIAL-ATTORNEYS' EYES ONLY" by anyone other than Plaintiff, shall not be disclosed to Mr. Harshman.

9. Subject to the restrictions of Paragraph 8, Confidential Material, namely "CONFIDENTIAL" and "CONFIDENTIAL- ATTORNEYS' EYES ONLY" designated material, may be disclosed to persons described in Paragraphs 7(b) and 7(e) only if such persons have first read this Protective Order and have acknowledged that they are bound by its terms by signing and dating a copy of the undertaking (attached hereto as Exhibit A) indicating their agreement to be so bound. A copy of the signed agreement by a person described in Paragraph 7(b) and an up-to-date curriculum vitae of such person, including an identification of any past or present business relationship or affiliation with any party to this action, shall be served on all Producing Parties in this action, and Confidential Material may not be shown to that person until ten days after such service in order to allow a Producing Party the opportunity to object to the disclosure of its Confidential Material to such person. An objection may only be made when the objecting party believes in good faith that good cause exists for the objection. If objection to disclosure is made within the time specified, the parties shall meet and confer within five business days of such objection and, if not resolved, the party seeking to disclose the Confidential Material to such person may seek an Order within ten business days after the meet and confer granting that person access to the material. **Any such motion must comply with Local Rule 37. (FFM)** Where objection is made, no such Confidential Material shall be disclosed to such person until the day after the last day to file a Motion seeking an Order granting the person access to the Confidential Material (where no such Order is sought), or upon entry of the Court Order granting the party's motion. If the Parties want to file the Joint Stipulation required by Local Rule 37 under seal, the Parties may file a stipulation ~~to that effect~~ **along with an application pursuant to Local Rule 79-5** or the moving party may file an ex parte

[~~PROPOSED~~] PROTECTIVE ORDER
8

application making the appropriate request **pursuant to Local Rule 79-5**. **(FFM)** Good cause must be set forth in the stipulation or ex parte application as to why the Joint Stipulation or portions thereof should be filed under seal.

10. At a deposition at which Confidential Material is to be elicited or disclosed, a person not entitled to access to such Confidential Material pursuant to Paragraphs 7 and 8 of this Protective Order, shall not be permitted to be present while Confidential Material is elicited or disclosed during the deposition.

11. Nothing contained herein shall prevent either party from disclosing its own Confidential Material or information contained therein, provided, however, that such disclosure shall not affect in any way the obligations of persons receiving Confidential Material pursuant to this Protective Order, except that there is no waiver of the right to claim that the disclosure of such material renders such material no longer confidential.

12. If any party wishes to use any Confidential Material in connection with any pleading, motion, brief, appendix or other paper filed with the Court, the paper containing such Confidential Material shall be submitted ~~and filed under seal~~ **along with an application** pursuant to Local Rule 79-5.1. ~~and~~ **If the application is granted, the Confidential Material** shall be maintained by the Clerk of this Court under seal, and such Confidential Material so filed shall not be made available to anyone except pursuant to order of the Court. The party ~~filing~~ **seeking to file** the paper under seal shall simultaneously file and serve a public version of the paper with the Confidential Material redacted. Procedures for the handling of Confidential Material to be introduced as evidence at trial shall be determined by further order of the Court.

13. Counsel for the parties to whom Confidential Material has been furnished shall be responsible for employing the procedures described in this Order and maintaining copies of the Agreements signed by those people to whom any Confidential Material will be disclosed.

14. If Confidential Material is disclosed to any person other than in the manner authorized by this Protective Order, the party responsible for the disclosure shall immediately upon learning of such disclosure inform the designating party or witness of all pertinent facts relating to such disclosure and shall make every effort to prevent use or disclosure of any type by each unauthorized person who received such information.

15. The parties' stipulation to this Protective Order shall not be deemed a waiver of:

    a. any party's right to object to any discovery request on any ground or to seek a protective order providing further protection for particular documents or information or portions thereof;

    b. any party's right to seek an order compelling discovery with respect to any discovery request;

    c. any party's right at any proceeding herein to object to the admission of any evidence on any ground;

    d. any party's right to apply to the Court at any time for an Order seeking to modify or obtain relief from any aspect of the Protective Order; or

    e. any party's right to claim that any information sought or disclosed in the course of this litigation is proprietary and/or otherwise barred from disclosure or use for any purpose.

16. The inadvertent production of any privileged or otherwise protected information shall not be deemed a waiver or impairment of any claim of privilege or protection, including but not limited to the attorney-client privilege or work-product doctrine, provided that the disclosing party immediately notifies the receiving party in writing when such inadvertent production is discovered.  Upon receiving written notice from the disclosing party that privileged information or work-product material has been inadvertently produced, all such information, and all copies thereof, shall be returned to the disclosing party.  Furthermore, any analyses,

memoranda, or notes that were internally generated based upon such inadvertently produced information or material shall immediately be treated in conformance with the protected nature of the information. If the receiving party disagrees with the designation of any such information or material as privileged or otherwise protected after conferring with the disclosing party in good faith, the receiving party may move the Court for a resolution of that dispute. **Any such motion must comply with Local Rule 37. (FFM)**

17. Designation of Material as Confidential Material on the face of such Material shall have no effect on the authenticity or admissibility of such Material at trial; and shall not be introduced as evidence for any purpose, other than in connection with a dispute involving the terms of this Protective Order. The fact that information is or is not designated "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEY-CLIENT PRIVILEGED" under this Protective Order shall not be deemed to be determinative of what a trier of fact may determine to be confidential or proprietary.

18. The provisions of this Protective Order shall continue in effect with respect to any Confidential Material until expressly released in writing by the party or witness furnishing such Confidential Material, and such effectiveness shall survive the entry of a final judgment or dismissal of the claims herein unless otherwise ordered by the Court.

19. Unless otherwise agreed in writing by the party or witness designating such Confidential Material or ordered by the Court, within sixty (60) days after final settlement or determination of this action, including all appeals, each person receiving Confidential Material shall return to the producing party or witness all Confidential Material in its possession or control and all copies thereof, or at its option shall destroy and certify to the producing party the destruction of all documents and other material or portions thereof containing or reflecting any Confidential Material, except that nothing contained in this provision shall require

1  that the discovering parties destroy their own attorney work product or turn over
2  their own attorney work product to another party.  Outside counsel for the parties
3  shall be permitted to retain a file copy of materials created during the course of the
4  litigation, including pleadings and all other materials made a part of the record,
5  deposition and trial transcripts and exhibits, and any attorney work product created
6  by the attorney which includes Confidential Material but the confidentiality of such
7  material must be maintained in accordance with the provisions of this Protective
8  Order.  Such retained material shall not be used for any purpose, except in
9  connection with any action arising directly out of this action, or pursuant to a Court
10 order for good cause shown.  Upon request, counsel for each party shall verify in
11 writing that they have complied with the provisions of this paragraph.

12         20.    In the event any person or receiving party having possession, custody
13 or control of any Confidential Material produced in this action, receives a subpoena
14 or other process or order to produce such information, the Party to whom the
15 subpoena or other request is directed shall immediately give written notice thereof to
16 the Party that produced the Confidential Material sought and shall afford that Party
17 reasonable opportunity to pursue formal objections to such disclosures. ~~If that Party~~
18 ~~does not timely object to the disclosure or does not prevail on its objections to such~~
19 ~~disclosure,~~ **T**he Party to whom the subpoena or other request is directed ~~may~~ **shall**
20 **not** produce the Confidential Material ~~without violating this Protective Order~~ **prior**
21 **to the date of production specified in the subpoena or other process**. **(FFM)**
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

22. The obligations of this Protective Order shall survive termination of this action. The Court shall retain jurisdiction even after termination of this action to enforce this Protective Order and to make such amendments and modifications to the Protective Order as the Court may from time to time deem appropriate. To the extent that Confidential Materials are or become known to the public through no fault of the disclosing party, such Confidential Material shall no longer be subject to the terms of this Protective Order.

**IT IS SO ORDERED.**

**DATED: March 10, 2011**             /S/ FREDERICK F. MUMM
**FREDERICK F. MUMM**
**United States Magistrate Judge**

# EXHIBIT A

**UNDERTAKING TO BE BOUND BY THE PRETRIAL PROTECTIVE ORDER**

**REGARDING CONFIDENTIALITY OF DOCUMENTS**

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Central District of California in the case of *Dream Marriage Group, Inc. v. Anastasia International, Inc.*, No. 10-5034. I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Signed: _____   _____
        [Print Name]              [Signature]

[PROPOSED] PROTECTIVE ORDER