Bruce A. Fields (102426)
bfields@bfieldslaw.com
Bruce A. Fields A.P.C.
1801 Century Park East, 24th Floor
Los Angeles, California 90067
Telephone:   310-552-7832
Facsimile:   800-279-4830

Attorneys for Plaintiff
Dream Marriage Group, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Dream Marriage Group, Inc., | Case no. CV 10-5034 RSWL (FFMx) |
| Plaintiff, | (1) EX PARTE APPLICATION FOR LEAVE TO INCREASE LENGTH OF DEPOSITION OF DEFENDANT'S PERSON MOST KNOWLEDGABLE TO TWO DAYS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 26 (B)(2); 30(B)(6) AND 30(a)(2)(A); OR ALTERNATIVELY FOR AN ORDER SHORTENING TIME OF SAID HEARING; |
| vs. | |
| Anastasia International, Inc. et al., | |
| Defendants. | |
| | (2)  MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT; |
| | (3)  DECLARATION OF BRUCE A. FIELDS; AND |
| | (4)  [PROPOSED] ORDER (FILED AND LODGED CONCURRENTLY HEREWITH) |
| | Date:          August 16, 2011<br>Time:          10:00 A.M.<br>Courtroom: E 9th Floor |
| | (Honorable Frederick F. Mumm) |
| | Discovery Cut-Off: November 18, 2011 |

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on August 16, 2011, at 10:00 a.m., or as soon thereafter as the matter may be heard in Courtroom E 9th Floor of the United States District Court, Central District of California, 312 North Spring Street, Los Angeles, California, Plaintiff Dream Marriage Group, Inc. ("Plaintiff") will bring their Ex Parte Application on for hearing.

This ex parte proceeding is commenced pursuant to Federal Rule 26(B)(2); 30(B)(6) and 30(a)(2)(A) to seek leave of the Court to extend the corporate Defendant Anastasia International, Inc's ("Defendant") to Persons Most Knowledgeable ("PMK") to two days.  Plaintiff provided timely notice of deposition to Defendant to produce Persons Most Knowledgeable to address 30 separate categories that will provide relevant, probative information, germane to these proceedings.  Plaintiff also served 22 categories of document requests for the Defendant to produce at the PMK deposition at a location close to Defendant's place of business in Bangor, Maine.

It is under this proper exercise of jurisdiction, Federal Rule 30(A)(2)(a) that Plaintiff seeks formal leave of this Court permitting Plaintiff to depose the PMK for one additional day.

Good Cause exists because Plaintiff's counsel has to travel from Los Angeles to Bangor, Maine to take said deposition, which requires two separate travel days and approximately ten hours of travel each way. Plaintiff's counsel good faith contention is that the deposition to cover the categories and documents cannot be completed within the (7) hour limit. Declaration of Bruce A. Fields ¶6. Plaintiff has noticed two other depositions of witnesses, noticed to proceed day to day beginning on Monday August 29, 2011. One deposition, the deposition of Defendant's President Alexey Eremin will not proceed due to Defendant advising of his lack of availability, however, Plaintiff seeks to promote judicial economy to seek an additional day to depose Defendant's PMK. Plaintiff's counsel initially

requested Defendant's counsel with respect to the amount of witnesses that would be produced at the PMK deposition to address the thirty categories, however, Plaintiff's counsel never received a clear response to this inquiry. Otherwise, Plaintiff's counsel attempted to resolve this issue with Defendant's counsel, however, Defendant's counsel has not responded timely and Plaintiff's counsel had no other choice but to provide Defendant's counsel notice of this Ex Parte Application on August 12, 2011. Declaration of Bruce A. Fields ¶**4.** Time is of the essence in securing travel arrangements in that the cost of said travel increases daily and Plaintiff's counsel must purchase the tickets to assure timely travel. (See Declaration of Bruce A. Fields ¶**5**).

This Application is based upon the attached Memorandum of Points and Authorities and on all papers and pleadings on file herein, and on such oral and documentary evidence which may be introduced at the hearing to obtain the Court's permission to depose the PMK witness or witnesses for an additional day. This Application is brought on an ex parte basis due to the imminency of the properly noticed depositions, the current November 18, 2011 discovery cut-off deadline and opposing counsel's failure to respond timely, to Plaintiff's request for a stipulation in writing to extend the PMK deposition to two days.

Should the Court not grant the Order requested in this Ex Parte Application, Plaintiff respectfully requests that the Court issue an order shortening time for hearing on this application, as time is of the essence, to promote judicial economy.

Dated: August 15, 2011                    Bruce A. Fields A.P.C.

                                          By:/s/ Bruce A. Fields
                                          _____
                                          Bruce A. Fields
                                          Attorneys for Plaintiff
                                          Dream Marriage Group, Inc.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff has asserted claims against Defendant for Cyberpiracy 15 USC § 1125(d), Trademark Infringement 15 USC § 1114(l), False Designation of Origin 15 USC § 1125(a), Trademark Dilution 15 USC § 1125(c), California Common Law Trademark, Unfair Business Practices and COMPUTER ABUSE – 18 USC § 1030.

On July 28, 2011, Plaintiff served three Notices of deposition of Defendant witnesses, including a deposition of the Persons Most Knowledgeable ("PMK") relative to thirty separate categories. The deposition notice also included twenty-three separate document requests. The depositions are to commence on August 29, 2011 in Bangor, Maine where Defendant's business is located. Plaintiff's counsel is traveling from Los Angeles to Bangor with respect to the depositions, which requires two separate days of travel to and from said depositions. Declaration of Bruce A. Fields ¶2.

On August 8, 2011 Plaintiff's counsel responded to an email from Defendant's counsel with a formal request on the amount of witnesses that Defendant would designate and produce for the PMK deposition, indicating that the deposition most likely will require more than one day. On August 10, 2011, Defendant's responded that it was his belief that only one person would be designated, but he was not able to confirm. Plaintiff's counsel again responded with a request to advise on the amount of witnesses. Declaration of Bruce A. Fields ¶3.

Plaintiff's counsel also proposed to Defendant's counsel that one way to potentially reduce the time for the PMK deposition was for Defendant to produce the requested documents to be provided at deposition on or before August 26, 2011, delivered to Plaintiff's counsel in Los Angeles or stipulate to extend the PMK deposition to two days. On August 12, 2011, Defendant counsel

was advised that if a stipulation could not be agreed to that Plaintiff would seek an Order from the court via Ex Parte on August 15, 2011. Declaration of Bruce A. Fields ¶**4.**

## II.  LEGAL ANALYSIS

Pursuant to Federal Rule of Civil Procedure 26(B)(2), the Court may alter the

limits in the Rules as to the number and length of depositions on its own initiative or by granting a motion.  Generally speaking, Rule 30 limits each plaintiff, defendant, and third party defendants to ten noticed depositions, with a seven hour limitation per witness, unless the parties have stipulated otherwise in writing or the Court grants leave for more time pursuant to Rule 30(A)(2)(a).  In considering whether additional deponents should be permitted, the Court has previously looked to such considerations as, whether or not the information to be provided by the additional deponents is duplicative or unreasonably cumulative. See Andamiro U.S.A. v. Konami Amusement of Am., Inc., 59 U.S.P.Q.2D (BNA) 1094 (9th Cir. 2001), or whether circumstance warrant extending the amount of time for a deposition.  Discovery will be allowed when it is not duplicative or unreasonably cumulative.

By way of the instant Application, the Plaintiff now seeks to depose a PMK with respect to 30 categories with a request for 23 categories of documents which directly relate to Plaintiff's claims in this case.   These are the only depositions taken to date and are essential to Plaintiff's discovery efforts and preparation for trial.

The information to be obtained from the PMK cannot be properly accessed from another source and is directly relevant to the Plaintiff's claims.  In assessing the burden or expense of the proposed additional discovery, it does not outweigh its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the

litigation, and the importance of the proposed discovery in resolving the issues. The overall assessment of these factors should tip the scales in favor of the Plaintiff's request to depose the PMK for an additional day.

Here, Plaintiff only seeks to extend the length of the PMK deposition to include an additional day. Where there is a showing of a demonstrated need for the information, the Courts have, for example, in <u>United States v. Brooks</u>, 76 A.F.T.R.2d (RIA) 5382 (9th Cir. 1995), held that even though the number of depositions went over allowable limit without leave of Court, the depositions were properly noticed and did not exceed scope of proper discovery; additional depositions were deemed permissible.  It is in this tenor, that Plaintiff seeks leave from the Court to increase the amount of time to exceed the restricted seven hour limit.

Defendant's counsel are Craig Bailey cbailey@fulpat.com and James Juo juo@fulpat.com of FULWIDER PATTON 6060 Center dr. 10th Floor Los Angeles, CA 90045; 310-824-5555

## III.  CONCLUSION

Based upon the above, Plaintiff respectfully requests that this Court grant permission to depose the PMK for an additional seven hours, a second day to follow the deposition scheduled for  August 30, 2011 in Bangor, Maine.


Dated: August 15, 2011                         Bruce A. Fields A.P.C.


                                        By:/s/ Bruce A. Fields
                                        Bruce A. Fields
                                        Attorneys for Plaintiff
                                        Dream Marriage Group, Inc.

# DECLARATION OF BRUCE A. FIELDS

I, Bruce A. Fields, declare:

    1.    I am an attorney at law duly licensed to practice before all the Courts of the State of California, including the United States District Court, Central District. My corporation is attorney of record for Plaintiff in this matter.  I have personal knowledge of the following facts and, if called as a witness, could and would testify competently there-to under oath.

    2.    On July 28, 2011, Plaintiff served three Notices of deposition of Defendant witnesses, including a deposition of the Persons Most Knowledgeable ("PMK") relative to thirty separate categories. The deposition notice also included twenty-three separate document requests.  The depositions are to commence on August 29,2011 in Bangor, Maine where Defendant's business is located. Plaintiff's counsel is traveling from Los Angeles to Bangor with respect to the depositions, which requires two separate days of travel to and from said depositions. A true and correct copy of the deposition ntice is attached hereto as Exhibit "1". The attached exhibits to the deposition notice were not included in this in this attachment.

    3.    On August 8, 2011, I counsel responded to an email from Defendant's counsel with a formal request on the amount of witnesses that Defendant would designate and produce for the PMK deposition, indicating that the deposition most likely will require more than one day. On August 10, 2011, Defendant's responded that it was his belief that only one person would be designated, but he was not able to confirm.  I again responded with a request to advise on the amount of witnesses.  True and correct copies of the email exchange are attached hereto as Exhibit "2".

    4.    I also proposed to Defendant's counsel that one way to potentially reduce the time for the PMK deposition was for Defendant to produce the requested documents to be provided at deposition on or before August 26, 2011,

delivered to my office in Los Angeles or stipulate to extend the PMK deposition to two days. I further advised Defendant's counsel on August 12, 2011 that if a stipulation could not be agreed to that Plaintiff would seek an Order from the court via Ex Parte on August 15, 2011. True and correct copies of the email exchange is attached hereto as Exhibit "3").

5.    I have been monitoring the plane fares from Los Angeles to Bangor, Maine almost on a daily basis as the fare has been increasing $100 per week as we approach the actual travel dates. I need to determine the actual date of return before I can book my travel.

6.    My belief is that I cannot complete the PMK deposition within seven hours and require an additional day to cover the thirty categories and documents that will be produced on the date of deposition. The information sought is essential to Plaintiff's discovery and preparation for trial and most likely cannot be acquired from another source.

7.    I declare under the laws of the United States of America that this Declaration is true and correct, and was executed on August 15, 2011, in Los Angeles, California.

/s/ Bruce A. Fields
BRUCE A. FIELDS