Craig B. Bailey (State Bar No. 114410)
  cbailey@fulpat.com
James Juo (State Bar No. 193852)
  jjuo@fulpat.com
FULWIDER PATTON LLP
Howard Hughes Center
6060 Center Drive, Tenth Floor
Los Angeles, California 90045
Telephone: (310) 824-5555
Facsimile: (310) 824-9696

Attorneys for Defendant

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| Dream Marriage Group, Inc., <br><br>    Plaintiff and Counter-Defendant, <br><br>v. <br><br>Anastasia International, Inc., <br><br>    Defendant and Counter-Complainant. | Case No. CV 10-5034 RSWL (FFMx) <br><br>**OPPOSITION TO EX PARTE APPLICATION TO INCREASE LENGTH OF RULE 30(b)6) DEPOSITION** <br><br>Judge: Hon. Fredrick F. Mumm <br>Date:  August 16, 2011 <br>Time:  10 A.M. <br>Crtrm.: E 9th Floor |

Defendant Anastasia International, Inc. opposes the ex parte application filed by Plaintiff Dream Marriage Group, Inc. ("DMG") to preemptively increase the length of the Rule 30(b)(6) deposition noticed by DMG.

## BACKGROUND

On July 28, 2011, DMG served three separate depositions notices for August 29, 30, and 31, 2011. Specifically, DMG noticed the following three depositions:

| Deponent | Date |
|---|---|
| Elena Sykes (owner of Anastasia) | August 29, 2011 |
| 30(b)(6) deposition of Anastasia | August 30, 2011 |
| Alexey Eremin (President of Anastasia) | August 31, 2011 |

1. Copies of the notices for these three depositions are attached as Exhibits A, B and C to the concurrently filed Declaration of James Juo.

2. Based on DMG's notices, which sandwiched two other depositions for the day before and the day after the 30(b)(6) deposition of Anastasia, DMG originally planned to address its noticed thirty categories in a single day, August 30, 2011.

3. This is consistent with Rule 30(d)(1) which limits depositions to one day of seven hours. *See also Roberson v. Bair*, 242 F.R.D. 130, 138 (D. D.C. 2007) (noting the presumption that the seven-hour limit "was carefully chosen and that extensions of that limit should be the exception, not the rule").

4. Counsel for DMG was informed that Anastasia expected to designate a single witness for the 30(b)(6) deposition. If only one person is designated as the 30(b)(6) witness, that witness is entitled to a presumption that his or her testimony will last no more than seven hours under Rule 30(d)(1).

5. No depositions have been taken in this action yet.

## DISCUSSION

DMG now claims that its noticed 30(b)(6) deposition of Anastasia will take more than one day to cover its noticed topics, even though DMG previously had scheduled only one day to address those same topics.

What changed since DMG served its notice of deposition?

As noted on page 2 of DMG's Ex Parte Application, DMG was notified that Alexey Eremin, who lives outside of the country, would not be available for his noticed deposition of August 31, 2011.

With the August 31 date now open, DMG suddenly finds that an additional day is required for the 30(b)(6) deposition.

DMG's counsel's "good faith contention" that more time is needed is pure speculation. *See Malec v. Trustees of Boston College*, 208 F.R.D. 23, 24 (D. Mass. 2002) (refusing to consider such a request until after the first seven hours have been exhausted).

The only stated basis for DMG's request to increase the length of the deposition of Anastasia's single 30(b)(6) witness is the number of 30(b)(6) topics—but this is the same number of topics that DMG originally had allotted a single day to cover.  DMG has taken no other depositions in this action, and has identified no substantive basis for increasing the time for the deposition of Anastasia's single 30(b)(6) witness.

Moreover, for many of the 30(b)(6) deposition topics identified in DMG's notice, Anastasia has asserted in earlier discovery responses that Anastasia had no information or no documents.  DMG's desire to delve into areas in which Anastasia lacks substantive knowledge does not justify an increase in the 7-hour time limit for a deposition.  Preemptively increasing the time limit for the 30(b)(6) deposition to two days will give DMG carte blanche to depose a single individual for 14 hours in order to drill down a number of dry holes without justification.

The burden is on the party moving for an extension to show good cause why the requested extension is warranted.  *See Roberson*, 242 F.R.D. at 138.  Clearly, DMG has failed to carry the burden here.

## CONCLUSION

Anastasia respectfully request that the Court deny DMG's ex parte application to preemptively increase the length of the deposition of Anastasia's single 30(b)(6) witness.

DATED:  August 16, 2011            Respectfully submitted,

FULWIDER PATTON LLP

By:      /s James Juo
         Craig B. Bailey
         James Juo
         Attorneys for Defendant