Craig B. Bailey (State Bar No. 114410)
  cbailey@fulpat.com
James Juo (State Bar No. 193852)
  jjuo@fulpat.com
FULWIDER PATTON LLP
Howard Hughes Center
6060 Center Drive, Tenth Floor
Los Angeles, California 90045
Telephone: (310) 824-5555
Facsimile: (310) 824-9696

Attorneys for Defendant

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| Dream Marriage Group, Inc.,<br><br>　　　Plaintiff and Counter-Defendant,<br><br>　v.<br><br>Anastasia International, Inc.,<br><br>　　　Defendant and Counter-Complainant. | Case No. CV 10-5034 RSWL (FFMx)<br><br>**EX PARTE APPLICATION TO LIMIT THE DURATION OF THE DEPOSITIONS OF ELENA SYKES AS AN INDIVIDUAL, AND AS A 30(b)(6) WITNESS, TO A TOTAL OF TWO DAYS**<br><br>Judge: Hon. Fredrick F. Mumm<br>Crtrm.: E - 9th Floor |

With this *Ex Parte* Application, Defendant Anastasia International, Inc. ("Anastasia") seeks to limit the duration of Elena Sykes' deposition as an individual and as a 30(b)(6) witness to a total of two days under Rules 26(b) and 30(d).

There is necessary good cause to file this *Ex Parte* Application because the depositions are scheduled to begin within two weeks, Anastasia's counsel will need to make travel arrangements, and it was only after the Court's August 16 Order allowing a single 30(b)(6) witness to be deposed for two days that Plaintiff Dream Marriage Group, Inc. ("DMG") insisted on deposing the <u>same witness</u>, Elena Sykes, for a total of 21 hours over <u>three days</u> both individually and as a 30(b)(6) witness on the same or related topics. After being advised of Anastasia's position, DMG stated its opposition. Juo Decl. at ¶6.

544939.1

CV 10-5034 RSWL (FFMx)
EX PARTE APPLICATION TO LIMIT THE DURATION OF THE DEPOSITIONS OF ELENA SYKES
AS AN INDIVIDUAL, AND AS A 30(b)(6) WITNESS, TO A TOTAL OF TWO DAYS

## BACKGROUND

Elena Sykes is not a party to this action. She is being deposed pursuant to a Rule 45 subpoena. See Exhibit A at 5, attached to the Declaration of James Juo.

Defendant Anastasia is a closely-held company having only one owner, Elena Sykes, who has been either the sole owner or co-owner of Anastasia since its inception. Juo Decl. at ¶8. She also was a corporate officer and a director of Anastasia since its inception, and held those positions until late last year. Juo Decl. at ¶7. All of the activity alleged in DMG's Complaint occurred while Ms. Sykes was the President and the sole Director of Anastasia.

DMG originally noticed Elena Sykes' deposition for August 29 (Exh. A), and the 30(b)(6) deposition of Anastasia for August 30, with a Rule 30(b)(2) request for documents to be produced on the day of the deposition (Exh. B). A deposition of Alexey Eremin (Anastasia's current President) was noticed for August 31. Exh. C.

On August 8, DMG was informed that Mr. Eremin was unavailable for a deposition on August 31. Exh. D at 51. Ever since then, DMG has scrambled to find reasons to expand the 30(b)(6) deposition.

First, DMG stated that a second day of deposition would be needed if more than one 30(b)(6) witness was designated. Exh. D at 50.

After Anastasia stated that only one 30(b)(6) witness was expected, DMG stated that the 30(b)(6) deposition could be completed in one day if the documents to be produced under Rule 30(b)(2) were produced early. Exh. D at 49 and 50.

On Friday, August 12, DMG demanded an increase in the length of the 30(b)(6) deposition from one day to two unless Anastasia agreed to early document production under Rule 30(b)(2). Exh. E at 52.

On Monday, August 15, DMG moved this Court to increase the length of the 30(b)(6) deposition from one day to two days for a new reason—because of the number of topics set forth in its 30(b)(6) deposition notice. Dkt. Entry No. 60.

544939.1

2    CV 10-5034 RSWL (FFMx)
EX PARTE APPLICATION TO LIMIT THE DURATION OF THE DEPOSITIONS OF ELENA SYKES
AS AN INDIVIDUAL, AND AS A 30(b)(6) WITNESS, TO A TOTAL OF TWO DAYS

1  DMG's request for two days was granted in an order dated August 16, 2011.  Dkt.
2  Entry No. 64.
3      The next day, Anastasia confirmed that Elena Sykes would be Anastasia's
4  only 30(b)(6) witness, and suggested having her individual deposition occur on the
5  same days as the 30(b)(6) deposition.  Exh. F at 57.
6      DMG rejected Anastasia's proposal, stating that a separate third day would be
7  required for her individual deposition, but refusing to identify any areas outside of
8  the thirty 30(b)(6) topics that would justify a third day of depositions. Exh. F at 56-
9  57.  DMG also stated that her individual deposition could take up to 7 hours.  *Id*.
10     Anastasia immediately responded that there was no justification for three full
11 days (or 21 total hours) to depose a single witness, and that an ex parte application
12 to limit Elena Sykes' individual deposition and her 30(b)(6) deposition to a total of
13 two days would be filed the next day.  Exh. F at 56.
14     DMG replied again, this time identifying two alleged areas for her individual
15 deposition: (1) an inquiry into "all our discovery," and (2) her involvement with
16 Maine Webmasters.  Exh. F at 55.
17     However, Anastasia noted in response that inquiry into those areas would
18 necessarily include the 30(b)(6) topics, and one of the 30(b)(6) topics expressly
19 addresses Maine Webmasters.  Exh. F at 55.  Maine Webmasters is a third party
20 corporation that was dissolved years ago before any of the acts alleged in the
21 Complaint occurred.  Juo Decl. at ¶7.
22     DMG then falsely claimed that Anastasia was attempting to restrict Elena
23 Sykes' individual deposition to the 30(b)(6) topics.  Exh. F at 54.
24     To correct DMG's mischaracterization, Anastasia explained that its proposal
25 was for Elena Sykes' individual deposition to take place on one of the two days of
26 the 30(b)(6) deposition where she is the designed witness, in order to avoid an
27 unnecessary third day of deposition, especially where the relevant areas of
28 examination already are covered by DMG's many 30(b)(6) topics.  Exh. F at 53-54.

"To avoid running afoul of the court's order regarding the conduct of the 30(b)(6) deposition, a separate deposition of Elena Sykes as an individual could be conducted on August 31st following the conclusion of her 30(b)(6) deposition." *Id.*

### POINTS AND AUTHORITIES

Elena Sykes' deposition was noticed pursuant to a Rule 45 subpoena. Exh. A at 5. An undue burden should not be imposed on a person subject to a subpoena. Fed. R. Civ. P. 45(c). Requiring a witness to attend an additional third day of deposition is presumptively an undue burden. *See* Fed. R. Civ. P. 30(d)(1).

DMG does not have "*carte blanche* to depose an individual for seven hours as an individual and seven hours as a 30(b)(6) witness. In the case of many closely held corporations, the knowledge of an individual concerning a particular subject also constitutes the total knowledge of the entity." *Sabre v. First Dominion Capital, LLC*, 2001 WL 1590544, at *2 (S.D.N.Y. 2001). Another deposition of the same witness as an individual may be unnecessary in such a situation. *Id.*

### A Third Day Of Deposition Is Unnecessary And Unduly Burdensome

Here, Anastasia is a closely held corporation, and Elena Sykes has been either the sole owner or co-owner of Anastasia since its inception. Juo Decl. at ¶8. She also was the President and the sole Director of Anastasia when all of the activity alleged in DMG's Complaint occurred. Juo Decl. at ¶8. The duration of her individual deposition should be limited to the time remaining on the second day of the 30(b)(6) deposition where she is the designated witness. A third day of deposition for her as an individual is completely unnecessary.

DMG's stated intent to inquire into "all our discovery" during Elena Sykes' individual deposition would inherently include the 30(b)(6) topics, which are directed to all aspects of DMG's case against Anastasia. Exh. B at 9-12.

Regarding DMG's stated intent to inquire into Maine Webmasters (a third party to this action)—questions regarding Maine Webmasters' involvement in Anastasia's business expressly fall under DMG's 30(b)(6) Topic No. 13 (as well as

Topic No. 5 which relates to "the business" of Anastasia). Questions regarding Maine Webmasters as a third party on matters unrelated to Anastasia's business, on the other hand, are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

With no area of examination that is substantively outside the scope of DMG's many 30(b)(6) topics, there is no substantial need for DMG to subject Elena Sykes to a third day of deposition. DMG will still have two days to depose her both individually and as a 30(b)(6) witness.

**No Burden On DMG**

Anastasia's counsel has not made travel arrangements yet, but DMG's counsel recently asserted that his travel expenses have been "pre-paid" and he was not willing to change them. Exh. F at 53. On August 15, 2011, however, DMG's counsel averred to this Court that he had not yet booked his travel, and that airfares were "increasing $100 per week." Dkt. Entry No. 64 at 8. The earliest DMG's counsel could have purchased his plane ticket was August 16, 2011, the day of the Court's prior ruling. If DMG's counsel were to change to a later flight, there should be no increase in airfare because it would still be within the same week.

Furthermore, since counsel for DMG and counsel for Anastasia are both located in Los Angeles, if there are only two days of depositions instead of three, then both parties will save at least one day of lodging expenses and meals for their respective counsel, as well as the costs for the court reporter and conference room.

If counsel for DMG chooses to not change his travel plans, the end result is that counsel for DMG will have an extra day in Maine on August 29 to prepare for the depositions. In that case, Anastasia would be willing to accommodate those travel plans by responding early to DMG's Rule 30(b)(2) document requests on August 29. Counsel for DMG previously had indicated that the amount of time necessary for both depositions could be limited to August 30 and 31 if Anastasia's 30-day response period under Rule 30(b)(2) were shortened.

DMG's counsel is Bruce A. Fields (bfields@bfieldslaw.com) at 1801 Century Park East, 24th Floor, Los Angeles, CA 90067; 310-552-7832.

## CONCLUSION

To avoid having a single witness deposed over three consecutive working days, to promote judicial economy, and encourage the expeditious and efficient deposition of Elena Sykes, her deposition as an individual should take place on one of the two days for the Rule 30(b)(6) deposition in which she will be the designated witness. Ms. Sykes should not be forced to endure a third day of deposition at DMG's insistence. With two days to depose her, DMG will not be prejudiced by this reasonable limitation on the duration of her deposition.

DATED: August 18, 2011           Respectfully submitted,

FULWIDER PATTON LLP

By:      /s James Juo
        Craig B. Bailey
        James Juo
        Attorneys for Defendant

544939.1

6   CV 10-5034 RSWL (FFMx)
EX PARTE APPLICATION TO LIMIT THE DURATION OF THE DEPOSITIONS OF ELENA SYKES
AS AN INDIVIDUAL, AND AS A 30(b)(6) WITNESS, TO A TOTAL OF TWO DAYS