# FULWIDER • PATTON LLP
## INTELLECTUAL PROPERTY LAW

Vern Schooley
James W. Paul
John S. Nagy
Craig B. Bailey
Stephen J. Strauss
Thomas H. Majcher
Thomas A. Runk
Michael S. Elkind
Gary M. Anderson
I. Morley Drucker
David G. Parkhurst
John K. Fitzgerald
Paul Y. Feng
Gunther O. Hanke
James Juo
Michael J. Moffatt
David J. Pitman
Scott R. Hansen
Kenneth C. Cheney

*Senior Counsel*
Richard A. Bardin

*Of Counsel*
Leonard D. Messinger
Katherine L. McDaniel

Robert W. Fulwider
*(1903-1979)*

Warren L. Patton
*(1912-1985)*

F.A. Utecht (Ret.)

(310) 242-2662
cbailey@fulpat.com

September 3, 2010

**ATTORNEY-CLIENT PRIVILEGED**
**VIA E-MAIL**

Andrew M. Weitz
General Counsel
Dream Marriage Group, Inc.
9701 Wilshire Boulevard, Ste. 1010
Beverly Hills, CA  90212

Re:   Dream Marriage Group, Inc. v. Anastasia International, Inc.
      USDC Case No. CV10 5034 RSWL (FFMx)
      Our Docket No. ANASI-84685

Dear Andrew:

   I am writing because two allegations in Dream Marriage Group's Second Amended Complaint appear to lack a good faith basis.

   First, Paragraph 14 of the Complaint alleges that the DREAM-MARRIAGE word mark is used throughout http://www.anastasiadate.com/search.html, and purports to attach true and correct copies of pages from this website as Exhibit A to the Complaint.  This is an utterly false statement.  The anastasiadate.com website does not use the DREAM-MARRIAGE word mark, and the pages attached as Exhibit A to the Complaint do not appear anywhere on the anastasiadate.com website.  We demand that Dream Marriage Group's Second Amended Complaint be amended to remove both Paragraph 14 and Exhibit A.  If not, then please provide us the evidentiary support for these unfounded allegations.

Howard Hughes Center • 6060 Center Drive, Tenth Floor, Los Angeles, California 90045
www.fulpat.com • 310-824-5555 • 310-824-9696 fax

**5**

Exhibit A
Page 1 of 2

Andrew M. Weitz
September 3, 2010
Page 2

**FULWIDER • PATTON** LLP
INTELLECTUAL PROPERTY LAW

    Second, Paragraphs 24 and 25 allege that Anastasia International has "screen-scraped" Dream Marriage Group's website, repeatedly downloaded most or all of the content from dream-marriage.com to steal customer profiles and information, logged into Dream Marriage Group's agency pages with stolen passwords, used that access to screen-scrape the men's gallery on the site, and has pretended to be Dream Marriage Group's female clients.  Anastasia has no knowledge of any such activity, and doubts that Dream Marriage Group has any good faith basis for making these allegations against Anastasia.  We demand that Dream Marriage Group's Second Amended Complaint be amended to delete Paragraphs 24 and 25.  If not, then please provide us the evidentiary support for these unfounded allegations.

    If we do not receive a satisfactory response from you by Tuesday, **September 7, 2010**, then we will serve a Motion for Sanctions Under Rule 11 against Dream Marriage Group.  I look forward to hearing from you.

        Sincerely,

        FULWIDER PATTON LLP

        Craig B. Bailey

CBB:kg

417017.1

**Craig Bailey**

| | |
|---|---|
| **From:** | Andrew Weitz <andrew@dream-marriage.com> |
| **Sent:** | Tuesday, September 07, 2010 12:08 PM |
| **To:** | Craig Bailey |
| **Subject:** | allegations |
| **Attachments:** | goodfaith.docx |

Hi Craig,

Please find a copy of the letter I have sent you by mail.  I look forward to speaking with you.

Sincerely,

Andrew Weitz
General Counsel
Dream Marriage Group, Inc.
9701 Wilshire Boulevard Suite 1010
Beverly Hills, CA 90212
310-651-3077

*Please note, communication with Dream Marriage Group, Inc. and its lawyers via email does not constitute or create an attorney-client relationship between Dream Marriage Group, Inc. and the other party. The content of any communication you send to or recieve from the company, electronically or by any other means, will not be considered confidential. You should not send any confidential information to the company by any means and you should be aware that we can use any unsolicited information you send to us on behalf of our company. We will neither accept requests for legal advice nor offer specific legal advice over the Internet.*

1

Exhibit B
Page 1 of 3

# dream-marriage.com
# 9701 Wilshire Boulevard Suite 1010
# Beverly Hills, CA 90212

*from the desk of the General Counsel* Andrew M. Weitz

**sent via US Mail and email at <cbailey@fulpat.com>**

Mr. Craig Bailey
Fulwider & Patton
6060 Center Drive 10th Floor
Los Angeles, CA 90045

Dear Craig:

Your 9/4 letter both encourages and disappoints me.  I am encouraged that you did not dispute one of the major foundations of my client's claims.  That is the allegation that your client used my client's registered trademark to lure potential customers to your client's website.

As to our statements regarding the allegations that your client used our trademark on its website, I examined the anastasiadate.com website and you're right. I couldn't find the dream-marriage mark or any reasonable facsimile thereof anywhere in the many areas I checked.  That, however, is irrelevant.  The issue is not whether your client is currently infringing the trademark, diluting its name or tarnishing it.  What matters is what your client has done it in the past and the resulting damages therefrom. If you think it is required, I will be happy to look at the complaint and make sure I am not alleging your client is doing anything now regarding this issue that may bring rise to liability and I will change the tenses as appropriate.

In any case, my staff and my IP expert are currently compiling evidence which warrant our factual contentions.  As such, the allegations in the complaint regarding the above were reasonably based on belief or a lack of information.  I will amend the complaint to identify that good faith belief if you deem it necessary.

Similarly, in paragraphs 24 and 25, the allegations were reasonably based on belief or a lack of information and my IP expert is gathering evidence regarding your client's screen scraping and related actions.  You will see the results of his

**8**



work in our Rule 26 disclosure.  Once again I will add a sentence or two to those paragraphs indicating the good faith belief of our allegations of my client and me. I trust this addresses your concerns.  I am confident that once you see our evidence, we can commence a meaningful settlement discussion to which I look forward.  Your courtesy and cooperation are appreciated.


Sincerely,

Andrew Weitz

Andrew Weitz
310-651-3077

Exhibit B
Page 3 of 3

# F U L W I D E R • P A T T O N LLP
## INTELLECTUAL PROPERTY LAW

Vern Schooley
James W. Paul
John S. Nagy
Craig B. Bailey
Stephen J. Strauss
Thomas H. Majcher
Thomas A. Runk
Michael S. Elkind
Gary M. Anderson
I. Morley Drucker
David G. Parkhurst
John K. Fitzgerald
Paul Y. Feng
Gunther O. Hanke
James Juo
Michael J. Moffatt
David J. Pitman
Scott R. Hansen
Kenneth C. Cheney

*Senior Counsel*
Richard A. Bardin

*Of Counsel*
Leonard D. Messinger
Katherine L. McDaniel

Robert W. Fulwider
(1903-1979)

Warren L. Patton
(1912-1985)

F.A. Utecht (Ret.)

(310) 242-2662
cbailey@fulpat.com

September 7, 2010

**VIA E-MAIL**

Andrew M. Weitz
General Counsel
Dream Marriage Group, Inc.
9701 Wilshire Boulevard, Ste. 1010
Beverly Hills, CA 90212

    Re:    Dream Marriage Group, Inc. v. Anastasia International, Inc.
           USDC Case No. CV10 5034 RSWL (FFMx)
           Our Docket No. ANASI-84685

Dear Andrew:

    Thank you for your prompt response to my letter of September 3, 2010. I have several comments.

    First, you should not mistake our letter as any kind of admission regarding the trademark allegations in your complaint. Our purpose in writing the letter was not to catalog all of our disagreements with the allegations in the complaint, but only to highlight two areas that appear to be lacking under Rule 11.

    Second, while I certainly appreciate your willingness to amend the complaint to clarify that the "dream-marriage" mark is not currently being used on the anastasiadate.com website, that does not fully address our concern. If my letter was not clear, let me be clear now. The "dream-marriage" mark has never been used on the anastasiadate.com website, and the pages you attach as Exhibit A to the complaint, which purport to be true and correct copies of pages from the anastasiadate.com website, have never appeared on the anastasiadate.com website. I would note that the URL address that typically should appear at the bottom of each page to identify the source of the material is missing from all pages of Exhibit A. Perhaps your staff or your IP expert have provided you with incorrect information as to the source of these materials.

Exhibit C
Page 1 of 2

Andrew M. Weitz
September 7, 2010
Page 2

FULWIDER • PATTON LLP
INTELLECTUAL PROPERTY LAW

        If you have any evidence at all to support the allegation that these materials came from the anastasiadate.com website, please let me know.  Otherwise, we continue to demand that the complaint be amended to remove both paragraph 14 and Exhibit A.

        Third, as for the allegations of screen scraping and other conduct contained in paragraphs 24 and 25 of the complaint, I would like to know what evidence (if any) you had to support those allegations against my client at the time of the complaint.  That, as you know, is the relevant time period for determining compliance with Rule 11 in this instance.  We have repeatedly told you that our client has no knowledge about any of these allegations and has no involvement whatsoever in any such conduct as alleged.  If you have any additional information to impart to support those allegations against my client, please let me know.  If you would prefer to recite those facts in an amended complaint as you suggest, please let me know that as well.

        I look forward to resuming our settlement discussions.  However, I am concerned that such discussions will not proceed in a meaningful way if we are being confronted with allegations that lack a good faith basis under Rule 11.

        Feel free to call me if you have any questions or are unclear in any way as to our concerns.

                        Sincerely,

                        FULWIDER PATTON LLP

                        Craig B. Bailey

CBB:kg

417176.1

Exhibit C
Page 2 of 2

**Craig Bailey**

| | |
|---|---|
| **From:** | bfields@hbplaw.com |
| **Sent:** | Tuesday, October 12, 2010 6:06 PM |
| **To:** | Craig Bailey |
| **Cc:** | bfields@hbplaw.com; shaney@hbplaw.com |
| **Subject:** | Dream Marriage Group v Anastasia |
| **Attachments:** | Opposition to Motion to Dismiss.pdf |

Craig,

As we discussed today, enclosed is a copy of the proposed Opposition to Dismiss that we intend to attach as an exhibit to our motion to be relieved from the inadvertence and excusable neglect for not filing the opposition timely. We hope we can resolve this through stipulation to save further time and costs in this regard.

Thanks,
Bruce

Bruce A. Fields, PC
Haney, Buchanan, Patterson, LLP
707 Wilshire Blvd. Suite 5350
Los Angeles, CA 90017
Telephone: 213-228-6517 (direct line)
Facsimile: 213-228-6501
email: bfields@hbplaw.com

1

STEVEN H. HANEY, SBN 121980
BRUCE A. FIELDS, SBN 102426
HANEY, BUCHANAN & PATTERSON L.L.P.
707 Wilshire Boulevard, Fifty-Third Floor
Los Angeles, California 90017
Telephone (213) 228-6500
Facsimile (213) 228-6501
Email: shaney@hbplaw.com
        bfields@hbplaw.com

Attorneys for Plaintiff
DREAM MARRIAGE GROUP, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DREAM MARRIAGE GROUP, INC., a Nevada corporation, | Case No. 10 5034 RSWL (FFMx) |
| Plaintiff, | **PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT ANASTASIA INTERNATIONAL, INC.'S MOTION TO DISMISS** |
| v. | |
| ANASTASIA INTERNATIONAL, Inc., a Kentucky corporation, | Hearing Date: October 27, 2010 Time:   10:00 a.m. |
| Defendants. | Hon. Ronald S.W. Lew |

Plaintiff DREAM MARRIAGE GROUP, INC. hereby files its Memorandum of Points and Authorities in opposition to Defendant ANASTASIA INTERNATIONAL, Inc.'s Motion to Dismiss as follows:

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.     INTRODUCTION

Defendant ANASTASIA INTERNATIONAL, INC. moves to dismiss Plaintiff's Fifth Cause of Action for Trademark Infringement pursuant to California Business and Professions Code § 14320 and California Common Law; Sixth Cause of Action for Breach of Contract and Seventh Cause of Action for Unfair Competition pursuant to

PLAINTIFF'S MEMORANDUM OF POINTS AND
AUTHORITIES IN OPPOSITION TO DEFENDANT
ANASTASIA INTERNATIONAL, INC.'S MOTION TO DISMISS  - 1 -

*PRINTED ON RECYCLED PAPER*

1  California Business and Professions Code § 17200 et seq. only.  Plaintiff opposes the

2  Motion to Dismiss with respect to Plaintiff's Fifth Cause of Action for Trademark

3  Infringement under common law and the Seventh Cause of Action for Unfair

4  Competition pursuant to California Business and Professions Code § 17200.  Plaintiff

5  concedes Defendant's Motion to Dismiss with respect to Plaintiff's Sixth Cause of

6  Action for Breach of Contract and with respect to that claim does not oppose the

7  motion.

8  **II.    FACTUAL BACKGROUND**

9          For nearly ten years, Plaintiff has continuously employed the word mark

10  DREAM-MARRIAGE and its internet matchmaking dating website Dream-

11  marriage.com and for almost one year has had a registered trademark and service

12  mark.  The mark is used in connection with the activities of its enterprises of the

13  matchmaking website as well as authorized goods such as posters, adhesive labels,

14  motion pictures and sound recordings in connection with promotional and

15  entertainment services relative thereto.  (Plaintiff's Second Amended Complaint)

16  ("SAC") ¶9.  Through continuous and conspicuous usage by Plaintiff of the mark

17  "DREAM-MARRIAGE", Plaintiff's Mark is famous.  Plaintiff's Mark is widely

18  known and recognized by the internet dating and matchmaking public.  Plaintiff has

19  exercised legitimate control over the uses of the Mark and has been abating the use of

20  the Mark by unauthorized third parties.  Through its publicity, Plaintiff's Mark has

21  acquired widespread public recognition that evokes strong and immediate reaction and

22  has acquired a great commercial value as well as an established secondary meaning to

23  the public. SAC ¶11-12.

24          Defendant Anastasia International, Inc. registered internet domain names which

25  infringed on Plaintiff's Mark as follows: "Russian-dream-marriage.com; Brides-for-

26  dream-marriage.com; Russian-dream-marriage.com; Dreammarriageonline.com;

27  Dream-marriage-brides.com; Dreammarriage.info; Dreammarriag.info;

28

PLAINTIFF'S MEMORANDUM OF POINTS AND
AUTHORITIES IN OPPOSITION TO DEFENDANT
ANASTASIA INTERNATIONAL, INC.'S MOTION TO DISMISS  - 2 -                    *PRINTED ON RECYCLED PAPER*

Exhibit D
Page 3 of 9

1  Dreemmarriage.info, all without Plaintiff's consent." SAC ¶13. Additionally,

2  Defendant has operated at least one website "www.anastasiadate.com" where the use

3  of DREAM-MARRIAGE is used throughout the website. SAC ¶14.

4      Plaintiff asserts that Defendant's unauthorized registration and use of the

5  infringing domain names and use of Plaintiff's Mark is likely to cause confusion,

6  mistake and deception as to the source or origin of the infringing domain names and

7  use of the Mark. SAC ¶17.

8      Defendant's activities have irreparably harmed Plaintiff, and will continue to

9  irreparably harm Plaintiff so long as Defendant continues to use the Mark.  SAC ¶18.

10      Plaintiff has asserted claims against Defendant for Cyberpiracy 15 USC §

11  1125(d), Trademark Infringement 15 USC § 1114(l), False Designation of Origin 15

12  USC § 1125(a), Trademark Dilution 15 USC § 1125(c), and Defendant has not

13  challenged Plaintiff's claims in this respect at this time.

14  **III.  PLAINTIFF HAS A RIGHT TO MAINTAIN ITS FIFTH CAUSE OF**

15      **ACTION FOR COMMON LAW TRADEMARK INFRINGEMENT.**

16      Plaintiff originally relied upon Business and Professions Code § 14320 as a part

17  of its claim; however, this code section has been repealed as of 2008.  Plaintiff should

18  be able to continue to assert its cause of action for common law trademark

19  infringement as this claim has for a long time been well-recognized in both state and

20  federal courts.  Plaintiff has alleged that it has been using the name and mark

21  DREAM-MARRIAGE connected to matchmaking and dating and has utilized an

22  internet matchmaking and dating website Dream-marriage.com, which has a federally

23  registered trademark and service mark.  The name DREAM-MARRIAGE is unique

24  when associated with matchmaking and internet dating services.  In the case of *Kelley*

25  *Blue-Book v. Car-Smarts, Inc.* 802 F.Supp. 278 (C.D. Cal. 1992), Defendants used the

26  term "Blu-Book" and "Blue-Book" in its telephone designations.  In addition to the

27  Plaintiff's assertion of federally registered trademark infringement claims, the Court

28

PLAINTIFF'S MEMORANDUM OF POINTS AND
AUTHORITIES IN OPPOSITION TO DEFENDANT
ANASTASIA INTERNATIONAL, INC.'S MOTION TO DISMISS - 3 -

*PRINTED ON RECYCLED PAPER*

15

Exhibit D
Page 4 of 9

1   found that the Plaintiff was also entitled to assert a common law trademark

2   infringement cause of action, stating that "under California Common Law, 'to

3   constitute adoption, a trademark or trade name must be appropriated and used as such.

4   However, registration is not necessary for acquisition of a trade mark or trade name.'"

5   (*Kelley Blue-Book* at p. 289.  Also see *Grupo Gigante SA DE CV v. Dallo and*

6   *Company, Inc.* 391 F. 3d 1088, 1106 fn 40 (9th Cir. 2004)).  "California common law

7   also provides that 'whoever first adopts and uses a trade name, either within or without

8   the state, is its original owner.'" (*American Petrofina v. Petrofina of California, Inc.*

9   596 F. 2d 896, 897 (9th Cir. 1979).  *Kelley Blue-Book* at 289).  Further, a likelihood of

10  confusion analysis may also be used in determining whether an infringement of a

11  common law trademark has occurred. (*Academy of Motion Picture Arts v. Creative*

12  *House Promotions, Inc.* 728 F. Supp. 1442, 1451-52 (C.D. Cal. 1989). *Kelley Blue-*

13  *Book* at 290).  Based on the foregoing, Plaintiff should be allowed to maintain its

14  common law trademark cause of action against this Defendant.

**IV.   PLAINTIFF SHOULD BE ALLOWED TO MAINTAIN ITS CAUSE OF**
15
**ACTION FOR UNFAIR COMPETITION UNDER BUSINESS AND**
16
**PROFESSIONS CODE § 17200.**
17

18          An "unlawful business activity" has been uniformly construed as broadly as

19  possible, to include anything properly called a business activity that at the same time is

20  forbidden by law. (*People v. McKale* (1979) 25 Cal. 3d. 626, 632).  The "unlawful"

21  practices prohibited by § 17200 are any practices forbidden by law, be it civil or

22  criminal, federal, state or municipal, statutory, regulatory or court-made.  (*Saunders v.*

23  *Superior Court* (1994) 27 Cal. App. 4th. 832,838-839).  The elements of a cause of

24  action for unfair competition are: (1) a business practice; (2) that is unfair, unlawful or

25  fraudulent; and (3) authorized remedy. (Business and Professions Code § 17200;

26  *Paulus v. Bob Lynch Ford, Inc.* (2006) 139 Cal. App. 4th. 659,676; *Cruz v. Pacific*

27  *Care Health Systems, Inc.* (2003) 30 Cal. 4th. 303,317).

28

PLAINTIFF'S MEMORANDUM OF POINTS AND
AUTHORITIES IN OPPOSITION TO DEFENDANT
ANASTASIA INTERNATIONAL, INC.'S MOTION TO DISMISS - 4 -

*PRINTED ON RECYCLED PAPER*

**16**

Exhibit D
Page 5 of 9

1   Any restrictions on the breadth of § 17200 must come from the legislature. (*Stop*
2   *Youth Addiction v. Lucky Stores, Inc.* (1998) 17 Cal. 4th. 553,578). Because the
3   Unfair Business Practices Act provides remedies that are cumulative to those provided
4   under other statutes, without clear legislative exemption, industries subject to other
5   statutory regulation are nonetheless subject to this Act as well. (*Quelimane Company,*
6   *Inc. v. Stewart Title Guarantee Company* (1998) 19 Cal. 4th. 26,43-44). The Unfair
7   Business Practices Act makes practices proscribed therein independently actionable
8   (*Cel-Tech Communications, Inc. v. L.A. Cellular Telephone Company* (1999) 20 Cal.
9   4th. 163,180). "Liability under § 17200 of California Business and Professions Code
10  is strict, rendering Defendants' mental states irrelevant." (See *State Farm Casualty*
11  *Company v. Superior Court*, 45 Cal. App. 4th. 1093,1102, 53 Cal. Rptr. 2d. 229, 223
12  (1996)).

13  **A.   Unfair Business Practices Apply to Trademark Infringement and**
14  **Related Claims.**

15  The courts have already recognized that "the Federal Lanham Act and
16  California law of unfair competition are 'substantially congruent'" (Citations omitted.)
17  and it has been held in this district that "the primary consideration in trademark-related
18  unfair competition cases in California, as well as elsewhere, is a likelihood of
19  confusion." (*Academy of Motion Picture Arts v. Creative House Promotions, Inc.* 728
20  F. Supp. 1442,1452 (C.D. Cal. 1989); *Kelley Blue-Book* at p. 288-289; also see *Toyota*
21  *Jidosha Kabushiki Kaisha v. Natural Health Trends Corporation* (2005) U.S. District
22  LEXIS 10442; 74 U.S.P.Q. 2d. (BNA) 1475; *Sega Enterprises LTD v. Maphia* 948 F.
23  Supp. 923, 939 (N.D. Cal. 1996)).

24  **B.   Plaintiff had a proprietary right to the Trade Name and is entitled to**
25  **Restitution relative to revenues received by Defendant for its use of**
26  **Plaintiff's Trade Name.**

27  Contrary to Defendant's assertion in Defendant's moving papers, Plaintiff
28

PLAINTIFF'S MEMORANDUM OF POINTS AND
AUTHORITIES IN OPPOSITION TO DEFENDANT
ANASTASIA INTERNATIONAL, INC.'S MOTION TO DISMISS  - 5 -

*PRINTED ON RECYCLED PAPER*

1    alleges "within a year prior to the filing of this Complaint the Defendant Anastasia

2    International, Inc....registered...internet-level domain names" which bear substantial

3    similarity to Plaintiff's mark and that the Defendant also used Plaintiff's trade name

4    within its own website.  Plaintiff alleges further "that Defendant had actual knowledge

5    of Plaintiff's mark, prior to Defendant's registering of the infringing domain names

6    and using the mark so extensively on its site." SAC ¶13-16.  Plaintiff further alleges

7    that Defendant's activities have caused Plaintiff irreparable harm and, if not enjoined,

8    will continue to irreparably harm the general public, who has an inherent interest in

9    being free from confusion, mistake and deception. SAC ¶19.  Plaintiff further alleges

10   that "pursuant to California Business and Professions Code § 17203, Defendants are

11   required to disgorge and <u>restore</u> to Plaintiff all profits and property acquired by means

12   of Defendant's unfair competition.  Due to the conduct of Defendant, Plaintiff has

13   suffered irreparable harm, has suffered injury in fact and has lost money or property as

14   a result of Defendant's acts." SAC ¶84-87.  Defendant relies on the case of *Korea*

15   *Supply Company v. Lockheed Martin Corporation* 29 Cal. 4th. 1134 (2003), asserting

16   that Plaintiff's claims are limited to damage amounts.  *Korea Supply Company* and

17   cases like it can be distinguished from Plaintiff's case herein in that in *Korea Supply*

18   *Company,* the Plaintiff did not have a vested property right for which to assert a claim

19   for restitution and disgorgement.  Unlike *Korea Supply Company*, Plaintiff had

20   misappropriated Plaintiff's trade name, where Plaintiff had and has a property right in

21   the trade name DREAM-MARRIAGE. Defendant utilized the trade name in internet

22   web sites and with language in its own website to lure customers and the public into

23   providing revenue streams associated with the services. These same services were

24   being offered by the Plaintiff and were associated with Plaintiff's business.

25   Defendant's use and promotion bearing Plaintiff's Mark and trade name could have

26   been confusing on the part of the customer who purchased services associated with

27   Defendant's sites containing the same proprietary name owned by Plaintiff.  Thus, the

28

PLAINTIFF'S MEMORANDUM OF POINTS AND
AUTHORITIES IN OPPOSITION TO DEFENDANT
ANASTASIA INTERNATIONAL, INC.'S MOTION TO DISMISS  - 6 -                    *PRINTED ON RECYCLED PAPER*

1    Plaintiff arguably has an ownership interest with respect to any revenues received by

2    Defendant associated with Defendant utilizing Plaintiff's proprietary trade name.

3    "Business and Professions Code § 17203 permits 'any court of competent jurisdiction'

4    to enjoin '[a]ny person who engages, has engaged or proposes to engage in unfair

5    competition...' § 17203 also authorizes courts to make such orders as "may be

6    necessary to restore any person in interest any money or property, real or personal,

7    which may have been acquired by means of such unfair competition.' The purpose of

8    such orders is 'to deter future violations of the unfair trade practice statute and to

9    foreclose retention by the violator of its ill-gotten gains.' [Citations.]" (Bank of the

10    West v. Superior Court (1992) 2 Cal. 4th. 1254,1267 [10 Cal Rptr. 2d. 538,838 Pac.

11    2d. 545].) *Juarez v. Arcadia Financial Limited* 152 Cal. App. 4th. 889,913 (2007).

12    The court in *Juarez* recognized "the notion of restoring something to a victim of unfair

13    competition" which "includes two separate components. The offending party must

14    have obtained something to which it was not entitled and the victim must have given

15    up something which he or she was entitled to keep." (Citation omitted.) *Juarez* at p.

16    914. The *Juarez* court noted that even in *Korea Supply*, "the Supreme Court

17    concluded that "restitutionary disgorgement" is available under the UCL. This may

18    include monies that were not necessarily in the Plaintiff's possession: "We have stated

19    that [t]he concept of restoration or restitution, as used in the UCL, is not limited only

20    to the return of money or property that was once in the possession of that person."

21    [Citation.] "Instead, restitution is broad enough to allow a Plaintiff to recover money

22    or property in which he or she has a vested interest." (Citations omitted.) *Juarez* at p.

23    915. Further, with respect to the concept of restitution, "[a] person who has been

24    unjustly enriched at the expense of another is required to make restitution to the

25    other."... "Ordinarily, the measure of restitution is the amount of enrichment

26    received...," however, "if the loss suffered differs from the amount benefitted received,

27    the measure of restitution may be more or less than the loss suffered or more or less

28

than the enrichment." (Citations omitted.) *Juarez* at p. 915.  The Court in *Juarez*
concluded that Plaintiffs would be minimally entitled to discovery "reasonably
calculated to lead to the discovery of admissible evidence, since the Plaintiffs are
trying to determine whether any of Arcadia's profits can be traced directly to ill-gotten
funds." *Juarez* at p. 917.

Thus, with respect to Business and Professions Code § 17200 et seq., the
authority is not limited to granting preliminary injunctions, but includes the authority
to correct false impressions built up by prior advertising and to deter future violations.
(*Consumers Union of U.S., Inc. v. Altadena Certified Dairy* 4 Cal. App. 4th. 963
(1992)).

## V.    CONCLUSION

Based on the foregoing, Plaintiff again respectfully concedes Defendant's
Motion to Dismiss with respect to Plaintiff's Sixth Cause of Action for Breach of
Contract.  However, with respect to Defendant's Motion to Dismiss relative to
Plaintiff's Fifth Cause of Action for Common Law Trademark Infringement and
Seventh Cause of Action for Unfair Competition pursuant to California Business and
Professions Code § 17200, Defendant's motion should be denied.

Respectfully submitted,

Dated: October ___, 2010        HANEY, BUCHANAN & PATTERSON, LLP


By:_____
        STEVEN H. HANEY
        BRUCE A. FIELDS
        Attorneys for Defendant

PLAINTIFF'S MEMORANDUM OF POINTS AND
AUTHORITIES IN OPPOSITION TO DEFENDANT
ANASTASIA INTERNATIONAL, INC.'S MOTION TO DISMISS - 8 -         *PRINTED ON RECYCLED PAPER*

**20**

Exhibit D
Page 9 of 9

# FULWIDER • PATTON LLP
## INTELLECTUAL PROPERTY LAW

Vern Schooley
James W. Paul
John S. Nagy
Craig B. Bailey
Stephen J. Strauss
Thomas H. Majcher
Thomas A. Runk
Michael S. Elkind
Gary M. Anderson
I. Morley Drucker
David G. Parkhurst
John K. Fitzgerald
Paul Y. Feng
Gunther O. Hanke
James Juo
Michael J. Moffatt
David J. Pitman
Scott R. Hansen
Kenneth C. Cheney

*Senior Counsel*
Richard A. Bardin

*Of Counsel*
Leonard D. Messinger
Katherine L. McDaniel

Robert W. Fulwider
    *(1903-1979)*

Warren L. Patton
    *(1912-1985)*

F.A. Utecht (Ret.)

(310) 242-2662
cbailey@fulpat.com

November 2, 2010

Bruce A. Fields                                   **VIA HAND DELIVERY/E-MAIL**
Haney, Buchanan & Patterson LLP
707 Wilshire Boulevard, 53rd Floor
Los Angeles, CA  90017

Re:   Dream Marriage Group, Inc. v. Anastasia International, Inc.
      USDC Case No. CV10 5034 RSWL (FFMx)
      Our Docket No. ANASI-84685

Dear Bruce:

As you know, back in September we had initiated discussions with your predecessor, Andrew Weitz, about a number of allegations in the complaint that did not appear to be well-founded under Rule 11.  We had several communications with Mr. Weitz prior to his departure from the case, and it seemed to us that he was prepared to amend the complaint to address at least some of these concerns.

Unfortunately, nothing has happened and our concerns still have not been addressed.

In an effort move things along, we have enclosed a service copy of a proposed Rule 11 motion that sets forth our position.  The motion has not been filed and will not be filed with the court for 21 days, as provided by FRCP Rule 11.

Hopefully, in that time, we can find an amicable solution to these issues and avoid the necessity of court action.

Feel free to call me if you have any questions.

Sincerely,

FULWIDER PATTON LLP

Craig B. Bailey

CBB/mlr
Enclosures
426125.1

Howard Hughes Center  ●  6060 Center Drive, Tenth Floor, Los Angeles, California  90045
www.fulpat.com  ●  310-824-5555  ●  310-824-9696 fax

Exhibit E
Page 1 of 1

# HANEY, BUCHANAN & PATTERSON L.L.P.

### ATTORNEYS
### 707 WILSHIRE BOULEVARD
### FIFTY-THIRD FLOOR

BRUCE A. FIELDS                    LOS ANGELES, CALIFORNIA 90017

TELEPHONE: (213) 228-6517
TELECOPIER (213) 228-6501

November 16, 2010

*Via Overnight Express*

Craig B. Bailey, Esq.
Fulwider Patton LLP
Howard Hughes Center
6060 Center Drive, Tenth Floor
Los Angeles, California 90045

> **Re:**   ***Dream Marriage Group, Inc., v. Anastasia International, Inc.***
> **USDC Case No. 10 CV 5034 RSWL (FFMx)**

Dear Mr. Bailey:

This letter is an attempt to meet and confer with respect to the Rule 11 Sanctions Motion that you forwarded to our office on November 3, 2010.  The primary purpose of your motion is with respect to Paragraph 14 that addresses Exhibit "A" to the Complaint regarding website pages that our client has linked to your client, Anastasia International, Inc.  Further, your motion addresses Paragraphs 25 and 26 with respect to our clients' allegation that Anastasia has "screened-scraped" our clients' website.  Our client is enclosing a CD disk containing substantial evidence to support both allegations and we request that you immediately advise us that you will not be filing the motion, otherwise, if our client is forced to oppose said motion, we will seek attorneys' fees and costs against you and your client.

To support our clients' position relative to Anastasia's use of web pages either directly or through its affiliates under Anastasia's direction and control, our client contends that your client immediately tried to hide its websites as soon as your client had notice of the litigation filed in this case.  Our client was able to use a domain history tool to uncover the original records as of the date the Complaint was filed.  The enclosed files also depict several domain names, some of which are referenced in the Complaint and tie the domain names to your client.  Our client contends that your client was hosting all these sites on a computer system under its control, determined by the fact that your client was using a name server on a domain shown to be owned by your client.  Our client contends that just after the filing of the Complaint, your client moved the hosting of the domains to "Go Daddy".

Exhibit F
Page 1 of 2

Haney, Buchanan & Patterson L.L.P.

Craig B. Bailey
November 16, 2010
Page 2


Also enclosed are copies of web pages containing links associated to your client Anastasia as well as Google pages and Source Code linking the web pages attached as exhibits to the Complaint to your client.

Also enclosed are the files substantiating your client's access to our clients' website relative to the screen scraping allegation in our clients' Complaint. The zip file referenced as "Screen Scraping"substantiates our client's allegations that your client was accessing our client's site for this unlawful purpose.

The above referenced evidence and enclosures should be sufficient for you to withdraw your motion for sanctions, or minimally refrain from filing it as being premature. For the purpose of addressing your proposed motion, our client is not required to provide further explanation relative to the evidence that support the allegations in the Complaint. We believe we have met our burden of establishing that sufficient evidence exists to support the allegations addressed in your sanctions motions, however, should you disagree with respect to the web pages only, the solution to avoid the sanctions motion at this time would be to stipulate to strike the exhibit from the Second Amended Complaint. However, we still maintain the position that we have substantiated the web pages as being connected to your client.

I look forward to a response to this letter and the enclosures forthwith.


Sincerely,

Bruce A. Fields

BAF:fl
Enclosures

**Craig Bailey**

| | |
|---|---|
| **From:** | Bruce Fields <bfields@hbplaw.com> |
| **Sent:** | Monday, November 22, 2010 4:20 PM |
| **To:** | Craig Bailey |
| **Subject:** | Re: Dream Marriage v Anastasia |

Craig,

Will do so, however, we do intend to assert an additional claim re California Penal Code Section 502,
otherwise, our revised pleading will resolve all potential inaccuracies in response to your motion. Given the fact
that your filing deadline is this week to keep the 12-21-10 hearing date, I suggest that we agree that you refrain
from filing you motion at this time, especially since we have advised you that we intend to amend either
through stipulation or by noticed motion. Please advise.

Regards,
Bruce

On Mon, Nov 22, 2010 at 12:56 PM, Craig Bailey <cbailey@fulpat.com> wrote:
Hi Bruce:

I picked up your voicemail message today. As you requested, I am responding by e-mail.

We continue to evaluate the information you sent us last week in response to our proposed Rule 11 motion. We will let
you know the results of that evaluation before we make any further decisions regarding the need for the motion.

In the meantime, I understand that you are contemplating a Third Amended Complaint that will have an effect on the
issues raised by our motion. If so, we would be willing to review the proposed amendment to see if we can reach an
agreement on the Rule 11 matters and possibly stipulate to the filing of the amendment. Please send a clean copy and a
redline copy of the proposed amendment to us to facilitate our review.

Thanks you.

Craig

---

**From:** Craig Bailey
**Sent:** Saturday, November 06, 2010 1:08 AM
**To:** bfields@hbplaw.com
**Subject:** FW: Dream Marriage v Anastasia

Hi Bruce:

Normally, I would have called you in advance, but in this case, service of the motion seemed appropriate as the best way
to resolve these matters. Our prior communications with Mr. Weitz had not produced a resolution after nearly two months,
and your recent opposition to our motion to dismiss in which you relied on the challenged allegations from paragraph 14
only heightened our concerns.

As you know, the rules provide a 21 day lead time between service and filing of such a motion, so we have ample time to
discuss and to review any supporting documentation you provide before the Rule 11 motion is actually filed with the
court . While I certainly would like to resolve this matter amicably without court intervention, I would be very surprised if

1

you have any supporting documentation for the allegations in question -- particularly those that Mr.   Weitz seemed ready to concede before withdrawing from the case.

Craig

---

**From:** Bruce A. Fields [mailto:bfields@hbplaw.com]
**Sent:** Wednesday, November 03, 2010 3:12 PM
**To:** Craig Bailey
**Cc:** bfields@hbplaw.com
**Subject:** Dream Marriage v Anastasia

Hello Craig,


I was hoping we could begin this case fresh as I emphasized in our initial phone conversation. A simple phone call could have alleviated all the work and preparation on the motion for sanctions, especially when we are required to provide you with our supporting evidence when providing our initial Rule 26 disclosures.


I am endeavoring to acquire documentation to support the allegations in our complaint and will provide the documentation. Obviously, we are not required to provide foundational support and we will request that you withdraw the motion upon receipt of the documentation.



Regards,

Bruce



*Bruce A. Fields, APC*
*Haney, Buchanan, Patterson, LLP*
*707 Wilshire Blvd. Suite 5350*
*Los Angeles, CA 90017*
*Telephone: 213-228-6517 (direct line)*
*Facsimile: 213-228-6501*
*email: bfields@hbplaw.com*




--
*Bruce A. Fields, APC*
*Haney, Buchanan, Patterson, LLP*
*707 Wilshire Blvd. Suite 5350*
*Los Angeles, CA 90017*
*Telephone: 213-228-6517 (direct line)*

2

*Facsimile: 213-228-6501*
*email: bfields@hbplaw.com*

3

**Craig Bailey**

| | |
|---|---|
| **From:** | Bruce Fields <bfields@hbplaw.com> |
| **Sent:** | Wednesday, November 24, 2010 9:26 AM |
| **To:** | Craig Bailey |
| **Cc:** | Bruce Fields |
| **Subject:** | Dream Marriage v Anastasia |

Craig,

We are still investigation a few facts to we make sure that our allegations are correct, so we anticipate having the proposed 3rd Amended Complaint to you at the beginning of next week.

Our Rule 26 and pre-scheduling conference meeting should be held on or before 1-4-11. Please be advised that I will be away with my family between 12-24-10 through 1-3-11 and propose that we meet on a mutually convenient date before the 24th. I will be happy to meet with you at your office. Please let me know what dates you are available.

Thank you and Happy Thanksgiving,
Bruce

--
*Bruce A. Fields, APC*
*Haney, Buchanan, Patterson, LLP*
*707 Wilshire Blvd. Suite 5350*
*Los Angeles, CA 90017*
*Telephone: 213-228-6517 (direct line)*
*Facsimile: 213-228-6501*
*email: bfields@hbplaw.com*

**Craig Bailey**

---

| | |
|---|---|
| **From:** | Bruce Fields <bfields@hbplaw.com> |
| **Sent:** | Wednesday, December 01, 2010 11:07 AM |
| **To:** | Craig Bailey |
| **Cc:** | Bruce Fields |
| **Subject:** | Re: Dream Marriage v Anastasia |
| **Attachments:** | 3RD Amended Complaint REDLINE.pdf; 20101130 3RD Amended Complaint.pdf |

Craig,

Enclosed is the proposed 3rd Amended Complaint and a redlined version as requested. I would appreciate your professional courtesy to stipulate to this filing. Please advise as we intend to file our motion for leave next week if you will not stipulate.

Regards,
Bruce

On Tue, Nov 30, 2010 at 9:54 PM, Craig Bailey <cbailey@fulpat.com> wrote:
Hi Bruce:

When can we expect to receive your proposed 3rd Amended Complaint?

Craig

---

**From:** Bruce Fields [mailto:bfields@hbplaw.com]
**Sent:** Wednesday, November 24, 2010 9:26 AM
**To:** Craig Bailey
**Cc:** Bruce Fields
**Subject:** Dream Marriage v Anastasia

Craig,

We are still investigation a few facts to we make sure that our allegations are correct, so we anticipate having the proposed 3rd Amended Complaint to you at the beginning of next week.

Our Rule 26 and pre-scheduling conference meeting should be held on or before 1-4-11. Please be advised that I will be away with my family between 12-24-10 through 1-3-11 and propose that we meet on a mutually convenient date before the 24th. I will be happy to meet with you at your office. Please let me know what dates you are available.

Thank you and Happy Thanksgiving,
Bruce

--
*Bruce A. Fields, APC*
*Haney, Buchanan, Patterson, LLP*
*707 Wilshire Blvd. Suite 5350*
*Los Angeles, CA 90017*
*Telephone: 213-228-6517 (direct line)*
*Facsimile: 213-228-6501*

1

Exhibit I
Page 1 of 24

*email: bfields@hbplaw.com*

--
*Bruce A. Fields, APC*
*Haney, Buchanan, Patterson, LLP*
*707 Wilshire Blvd. Suite 5350*
*Los Angeles, CA 90017*
*Telephone: 213-228-6517 (direct line)*
*Facsimile: 213-228-6501*
*email: bfields@hbplaw.com*

2

Exhibit I
Page 2 of 24

| | |
|---|---|
| 1 | Bruce A. Fields (SBN 102426)[1] |
| 2 | bfields@hbplaw.com[2] |
| | Haney, Buchanan & Patterson LLP[3] |
| 3 | 707 Wilshire Blvd., 53rd Floor[4] |
| 4 | Los Angeles, CA 90017[5] |
| | Telephone:   (213) 228-6500[6] |
| 5 | Facsimile:   (213) 228-6501[7] |
| 6 | |
| 7 | Attorneys for Plaintiff Dream Marriage Group, Inc.[8] |
| 8 | ~~Andrew M. Weitz SBN 129962[9]~~ |
| 9 | ~~General Counsel[10]~~ |
| | ~~Dream Marriage Group, Inc.[11]~~ |
| 10 | ~~9701 Wilshire Boulevard 10th Floor[12]~~ |
| | ~~Beverly Hills, CA 90212[13]~~ |
| 11 | ~~310-651-3077[14]~~ |
| | ~~Fax (310) 601-7110[15]~~ |
| 12 | ~~andrew@dream-marriage.com[16]~~ |
| 13 | ~~Attorney for Dream Marriage Group, Inc.[17]~~ UNITED STATES DISTRICT COURT[18] |
| 14 | CENTRAL DISTRICT OF CALIFORNIA[19] |
| 15 | |

| | | |
|---|---|---|
| 16 | DREAM MARRIAGE GROUP, INC.[21]-[22] [23]a Nevada corporation,[24] | Case No[44]:~~cv[45],[46]~~ 10[47] ~~-cv[48]~~5034 RSWL (FFMx)[49] |
| 17 | | |
| 18 | Plaintiff,[25] | 3RD AMENDED COMPLAINT FOR:[50] |
| 19 | vs.[26] | 1.   [51]CYBERPIRACY - 15 U.S.C. § 1125(D)[52] |
| 20 | ANASTASIA INTERNATIONAL, | 2.   [53]TRADEMARK INFRINGEMENT - 15 U.S.C. § 1114(1)[54] |
| 21 | Inc.[27]-[28],[29] | 3.   ~~2ND AMENDED COMPLAINT FOR~~ |
| 22 | a Kentucky corporation,[30] and DOES 1-10.[31] | ~~CYBERPIRACY;TRADEMARK INFRINGEMENT;[55]~~FALSE |
| 23 | | DESIGNATION OF ORIGIN[56];[57] - 15 |
| 24 | Defendants.[32] ~~Defendant[33]~~ | U.S.C. § 1125(A))[58] |
| 25 | | 4.   [59]DILUTION - 15 U.S.C. § 1125(C))[60] |
| 26 | | 5.   [61]TRADEMARK INFRINGEMENT –CALIFORNIA COMMON LAW[62] |
| 27 | | 6.   ~~DILUTION; BREACH OF CONTRACT AND~~[63]UNFAIR |
| 28 | | COMPETITION[64] - CAL. BUS. & |

PROF. § 17200[65]

7.   [66]CALIFORNIA PENAL CODE § 502[67]

DEMAND FOR JURY TRIAL[68]

Plaintiff[69], ~~DREAM MARRIAGE GROUP, INC.~~ [70] Dream Marriage Group, Inc., [71]a Nevada corporation, by and through its undersigned [72]~~attorney~~[73]attorneys[74], complains and alleges as follows:[75]

### JURISDICTION AND VENUE[76]

1.      This is an action for cyberpiracy under 15 U.S.C. § 1125(d); for trademark infringement under 15 U.S.C. § 1114(1)[77] ~~and California Business & Professions Code § 14320~~[78]; for false designation of origin under 15 U.S.C. § 1125(c)[79]; for violation of California Penal Code § 502[80]; and for unfair competition under California Business & Professions Code § 17200 and California common law.  As such, this Court has subject matter jurisdiction over the claims pursuant to 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331 and 1338.[81]

2.      This Court has supplemental jurisdiction over the claims in this Complaint that arise under [82]~~state~~[83]the[84] statutory and common law of the State of California pursuant to 28 U.S.C. § 1367(a) because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.[85]

3.      The plaintiff is a corporation incorporated under the laws of Nevada with its principal place of business in California.  Defendant is incorporated under the laws of Kentucky with its principal place of business in Maine.  The amount in controversy exceeds $75,000.  Accordingly, this district court has original jurisdiction over this matter pursuant to 28 USC § 1332.[86]

4.      Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b) as a substantial part of the events or omissions giving rise to the claim and the threatened and

2

1   actual harm to Plaintiff occurred in this District by reason of Defendants' conduct as

2   alleged below. Venue is also proper in this Judicial District pursuant to because Defendant

3   [87]~~ANASTASIA INTERNAIONAL~~[88]Anastasia International[89], Inc. does business within this

4   District.[90]

<div align="center">

**PARTIES**[91]
</div>

6      5.     Plaintiff [92]~~DREAM MARRIAGE GROUP, INC.~~[93]Dream Marriage Group, Inc.

7   (the "Dream Marriage Group") [94]is now, and at all relevant times was, a for-profit

8   corporation organized and existing under the laws of the State of Nevada.  Plaintiff owns

9   and manages several internet websites providing matchmaking and dating services to the

10   public.  [95]~~DREAM MARRIAGE GROUP, INC.~~[96]The Dream Marriage Group[97] is the owner

11   of the trademark described herein used in the [98]~~conduction~~[99]conducting[100] of that

12   business.[101]

13      6.     Defendant ANASTASIA INTERNAIONAL, Inc., on information and belief,

14   is a business organization incorporated in Kentucky engaged in internet matchmaking

15   business in the United States and abroad, primarily conducting that business through

16   various websites including but not limited to anatasiadate.com, anastasiainternational.com,

17   anastasiaweb.com, anastasiawebscam.com, russianwomensites.com,

18   mail-order-brides-websites.no.1reviews.com, anastasiainternationalscam.com,

19   stop-scammers.com, [102]and [103]foreignpassion.com.[104]

20      7.     The true names and capacities, whether individual, corporate, associate or

21   otherwise of Does 1 through 10, inclusive, and each of them, are unknown to Plaintiff, who

22   therefore sues said defendants by such fictitious names, and will seek leave of this Court to

23   amend this Complaint to show the true names and capacities when they have been

24   ascertained. Plaintiff is informed and believes, and on that basis alleges, that each

25   defendant designated herein as a Doe was responsible, intentionally, negligently,

26   [105]~~contributorily, vicariously~~[106]in a contributory and/or vicarious capacity,[107] or in some other

27   actionable manner, for the events and happenings referred to herein which proximately

28   and legally caused the damages to Plaintiff as hereinafter alleged.[108]

<div align="center">

3

**3RD AMENDED COMPLAINT - CASE NO. 10-CV-5034 RSWL (FFMX)**
</div>

Exhibit I
Page 5 of 24

8.      Plaintiff is informed and believes and thereon alleges that at all times herein mentioned each of the Defendants, including all Defendants sued under fictitious names, and those agents, employees, and/or independent contractors identified herein, was the agent and/or employee of each of the remaining Defendants, and in doing the things herein alleged, was acting within the course and scope of this agency or employment.[109]

## ~~PLAINTIFF'S MARKS~~[110]

## FACTUAL ALLEGATIONS[111]

### Plaintiff's Mark[112]

9.      For nearly [113]~~10~~[114]eight (8)[115], [116]~~DREAM MARRIAGE GROUP, INC.~~[117]the Dream Marriage Group[118] has continuously employed the word mark Dream-Marriage in its internet matchmaking/dating website dream-marriage.com[119],[120] and [121]~~for~~[122]in related promotional materials. For[123] almost [124]~~1~~[125]a[126] year[127]~~as~~[128], the word mark Dream-Marriage has been[129] a registered [130]~~trademark and~~[131]service mark. The [132]~~DREAM-MARRIAGE~~[133]Dream-Marriage[134] mark is used in connection with the activities of dream-marriage.com[135],[136] and the[137] enterprises of the matchmaking website[138],~~ as indicia of active membership in the dream-marriage social network and with authorized goods such as posters, adhesive labels, motion pictures, sound recordings and in connection with promotional and entertainment services[139]~~.[140]

10.      Plaintiff[141] ~~DREAM MARRIAGE GROUP, INC[142]~~ is the owner of U.S. Trademark Registration No. 3,760,949 for the DREAM-MARRIAGE word mark[143]. ~~The aforesaid registration has become incontestable under 15 U.S.C. §1065. This registration is, therefore, conclusive evidence of~~[144], which evidences[145] Plaintiff's exclusive right to use the DREAM- MARRIAGE mark.[146]

11.      ~~11.~~[147]Through[148] Plaintiff's[149] continuous and conspicuous usage [150]~~by Plaintiff DREAM MARRIAGE GROUP, INC.~~[151]of [152]~~its~~[153]"Dream-Marriage"[154] mark[155] ("Plaintiff's Mark")[156] ~~is famous.~~[157],[158] Plaintiff[159]~~'s Mark~~[160] is[161] informed and believes and based thereon

4

1 <u>alleges that the mark is famous, and</u>[162] widely known and recognized by the internet dating

2 and matchmaking public as indicating the [163]~~membership and organization of mating~~

3 ~~search,~~[164]<u>source of Plaintiff's</u>[165] dating [166]~~pursuit~~[167]and matchmaking

4 [168]~~enthusiasts~~[169]<u>services</u>[170]. Plaintiff [171]~~DREAM MARRIAGE GROUP, INC.~~ [172]<u>Dream Marriage</u>

5 <u>Group</u>[173]has exercised legitimate control over the uses of the Mark and has been diligent in

6 abating the use of the Mark by unauthorized third parties.[174]

7     <u>12.</u>   ~~12. Through~~[175]<u>Plaintiff is informed and believes, and based thereon alleges,</u>

8 <u>that through</u>[176] publicity, fact and legend, Plaintiff's Mark has acquired widespread public

9 recognition that evokes strong and immediate reactions whenever it is uttered or used.

10 [177]~~The~~[178]<u>Plaintiff is informed and believes, and based thereon alleges, that the</u>[179] impact of

11 Plaintiff's Mark is significant, and as a result, the Mark has great commercial value.

12 [180]~~Defendant seeks~~[181]<u>Plaintiff is informed and believes, and based thereon alleges, that the</u>

13 <u>Defendants seek</u>[182] to exploit that value for [183]~~its~~[184]<u>their</u>[185] own gain.[186]

14 ~~**DEFENDANTS' INFRINGING ACTIVITIES**~~[187]

15 <u>**Defendants' Infringing Activities**</u>[188]

16     <u>13.</u>   ~~13.~~ [189]Within a year prior to the filing of this complaint, [190]~~Defendant~~

17 ~~ANASTASIA INTERNAIONAL, Inc. and Does 1 through 10, inclusive,~~[191]<u>Plaintiff is informed</u>

18 <u>and believes, and based thereon alleges, that Defendants</u>[192] registered the following

19 [193]~~internet top-level~~[194]<u>Internet</u>  [195]domain names (the "Infringing Domain Names"):[196]

20     <u>a.</u>  russian-dream-marriage.com[197]/,[198]

21     <u>b.</u>  ~~http://brides-for~~[199]<u>russian</u>[200]-dream-marriage,[201]~~com/~~[202]<u>info</u>[203]~~http://russian-dream-~~

    ~~marriage.com/faq.html~~[204]~~http://dreammarriageonline.com~~[205]

22     <u>c.</u>  [206]<u>brides-for-dream-marriage.com</u>[207]

23     <u>d.</u>  [208]<u>brides-for-dream-marriage.info</u>[209]

24     <u>e.</u>  [210]<u>dreammarriageonline.com</u>[211]

25     <u>f.</u>  dreammarriage.info[212]

26     <u>g.</u>  dreammarriag.info[213]

27     <u>h.</u>  dreemmarriage.info[214]

28

i.   dream-marriage-brides.com[215]

~~14. In addition, defendant owns and operates at least one website[216] http://www.anastasiadate.com/search.html[217] wherein use of the DREAM  MARRIAGE word mark was spread throughout.  [218]~~

j.   [219]dream-marriage-brides.info[220]

k.   [221]dreammarriageonline.com[222]

14.   ~~15.~~ [223]Plaintiff[224] ~~DREAM MARRIAGE GROUP, INC.~~[225] has never approved Defendants' use of the Mark[226]﹐[227] as Internet domain names or for any other purpose, and [228]Plaintiff is informed and believes, and based thereon alleges, that [229]Defendants have never sought permission for use of the Mark.[230]~~16.~~[231] Plaintiff is informed and believes, and [232]~~upon such information and belief~~[233]based thereon[234] alleges, that [235]~~Defendant~~[236]Defendants[237] had actual knowledge of Plaintiff's Mark, prior to [238]~~Defendant's~~[239]Defendants'[240] registering the Infringing Domain Names and using the Mark so extensively on its [241]~~site~~[242]sites[243]. [244]

15.   ~~17.~~[245]Plaintiff is informed and believes, and based thereon alleges, that[246] Defendants' unauthorized registration and use of the Infringing Domain Names is likely to cause confusion, mistake, and deception as to the source or origin of the Infringing Domain Names, and is likely to falsely suggest a sponsorship, connection, license or association with Plaintiff or its licensees.[247]

16.   [248]Plaintiff is informed and believes, and based thereon alleges, that Defendants exercised joint ownership and/or control over the Infringing Domain Names and/or the content made available through the Infringing Domain Names.[249]

17.   [250]Plaintiff is informed and believes, and based thereon alleges, that Defendants intentionally induced the infringement of Plaintiff's Mark, and/or continued to supply products to those they knew or had reason to know were engaging in trademark

6

1  infringement.[251]

2      18.    [252]Plaintiff is informed and believes, and based thereon alleges, that

3  Defendants were engaged in the direct control and monitoring of the instrumentalities

4  used to infringe Plaintiff's Mark.[253]

5      19.    [254]Plaintiff is informed and believes, and based thereon alleges, that

6  Defendants and/or Defendants' agents made use of a process known as "screen

7  scraping"[1][255] to take, copy, and/or make use of, a list of women online in the Plaintiff's

8  service, among other data (the "Scraped Data") (the Defendants' "Screen Scraping

9  Activity").[256]

10     20.    [257]Plaintiff is informed and believes, and based thereon alleges, that

11 Defendants and/or Defendants' agents used various user accounts, without authorization,

12 using stolen login credentials, and/or exceeded the use authorized by Plaintiff for the

13 credentials Defendants signed up for access to (the Defendants' "Unauthorized Access").[258]

14     21.    [259]Plaintiff is informed and believes, and based thereon alleges, that

15 Defendants and/or Defendants' agents used the Scraped Data to harass, intimidate, and

16 otherwise unlawfully communicate with Plaintiff's female members (the Defendants'

17 "Interfering Activity").[260]

18     22.    [261]Plaintiff is informed and believes, and based thereon alleges, that

19 Defendants and/or Defendants' agents modified their activities to work around Plaintiff's

20 several attempts to deny and/or limit Defendants' wrongful access to Plaintiff's systems,

21 data, and services (the Defendants' "Circumvention Attempts").[262]

22     23.    18.[263]Plaintiff is informed and believes, and based thereon alleges, that[264]

23 Defendants' activities have irreparably harmed and, if not enjoined, will continue to

24 irreparably harm Plaintiff and its long-used and federally registered marks.[265]

25     24.    19.[266]Plaintiff is informed and believes, and based thereon alleges, that[267]

26 Defendants' activities have irreparably harmed and, if not enjoined, will continue to

27 irreparably harm the general public who has an inherent interest in being free from

28 ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
[1] See, e.g., *MShift, Inc. v. Digital Insight Corp.*, No. 3:10-cv-00710, slip op. at 16 (N.D. Cal., Oct. 8, 2010

7

3RD AMENDED COMPLAINT - CASE NO. 10-CV-5034 RSWL (FFMX)

Exhibit I
Page 9 of 24

1  confusion, mistake and deception.[268]

2  FIRST CAUSE OF ACTION[269]

3  *(Cyberpiracy – 15 U.S.C. § 1125(d))*[270]

4  25.  20.[271]Plaintiff realleges and incorporates by reference paragraphs 1 through

5  272 18273 24[274] as though fully set forth herein.[275]

6  26.  21.[276]Plaintiff is informed and believes[277],[278] and [279]on that basis[280]based

7  thereon[281] alleges[282],[283] that Defendants [284]registered, used and attempted to sell the Infringing

8  Domain Names[285]had a bad faith intent to profit from Plaintiff's Mark.[286],[287]

9  22.[288] Plaintiff's Marks were distinctive at the time Defendants registered[289], used and attempted

10  to sell the Infringing Domain Names.[290]

   23. The Infringing Domain Names are confusingly similar to Plaintiff's Marks.[291]

11  24. Defendant ANASTASIA INTERNAIONAL, Inc. has screen-scraped plaintiff's website. It

12  has repeatedly downloaded most, if not all of the content of dream-marriage.com for the purpose

13  of data mining to steal plaintiff's customer profiles and information.  In addition, defendant has

14  logged into plaintiff's agency pages with stolen passwords. Defendant used that access to

15, 16  screen-scrape the men's gallery on the site.[292]

17  25. Defendant sent multiple messages through plaintiff's Customer Service pretending to be our

18  female clients and asking them to delete their profiles from plaintiff's site without any authority

19  from the clients.[293]

21  27.  26.[294]Plaintiff is informed and believes[295],[296] and [297]on that basis[298]based

22  thereon[299] alleges[300],[301] that [302]Defendant[303]Defendants[304] registered, trafficked in, [305]and/[306]or

23  used the Infringing Domain Names[307] and digitally invaded plaintiff's website in a bad faith

24  attempt to profit from the goodwill long established by Plaintiff in its[308], which are identical

25  and/or confusingly similar and/or dilutive of Plaintiff's[309] Mark.[310]

26  28.  [311]Plaintiff is informed and believes, and based thereon alleges, that[312]

27  Plaintiff's Marks were distinctive at the time Defendants registered[313] and used the

28  Infringing Domain Names.[314]

8

1     29.   27.[315]Plaintiff is informed and believes, and based thereon alleges, that[316]

2 Defendants do not have any intellectual property rights or any other rights in Plaintiff's

3 Marks.[317]

4     30.   28.[318]Plaintiff is informed and believes[319],[320] and [321]on that basis[322]based

5 thereon[323] alleges[324],[325] that none of the Infringing Domain Names consist of the legal name

6 of the Defendant, nor a name that is otherwise commonly used to identify the

7 Defendant.[326]

8     31.   29.[327]Plaintiff is informed and believes[328],[329] and [330]on that basis[331]based

9 thereon[332] alleges[333],[334] that Defendant has not made any prior use of any of the Infringing

10 Domain Names in connection with the *bona fide* offering of any goods or services.[335]

11     32.   30.[336]Plaintiff is informed and believes[337],[338] and [339]on that basis[340]based

12 thereon[341] alleges[342],[343] that Defendant has not made any *bona fide* use of Plaintiff's Mark on

13 a website accessible under any of the Infringing Domain Names.[344]

14     33.   31.[345]Plaintiff is informed and believes[346],[347] and [348]on that basis[349]based

15 thereon[350] alleges[351],[352] that Defendant registered, trafficked in, or used the Infringing

16 Domain Names to exploit their value for commercial gain by creating a likelihood of

17 confusion as to source, sponsorship, affiliation or endorsement.[353]

18     34.   32.[354]Defendant's registration, use, or trafficking in the Infringing Domain

19 Names[355] and its actions invading plaintiff's website to mine for data and illegally obtain

20 plaintiff's customers[356] constitutes cyberpiracy in violation of 15 U.S.C. § 1125(d), entitling

21 Plaintiff to relief.[357]

22 35.     33. In September of 2009, defendant agreed to cease all use of plaintiff's trademark

23 and all pirate digital activity against plaintiff's website noted above. Refrain from such activity

24 was short lived and defendant is once again participating in using plaintiff's trademark on its

25 websites, registering and using websites with domain names similar to plaintiff's trademark and

26 screen-scraping and other conduct for the purpose of unlawfully obtaining plaintiff's customers.

27 [358]

28     36.   34.[359]By reason of Defendants' acts alleged herein, Plaintiff[360] is informed and

1 believes, and based thereon alleges, that Plaintiff[361]'s remedy at law is not adequate to
2 compensate for the damages caused by Defendants[362]. Accordingly[363], and that
3 accordingly[364], Plaintiff is entitled to preliminary and permanent injunctive relief pursuant
4 to 15 U.S.C. § 1116.[365]

5     37. 35.[366]By reason of Defendant's acts alleged herein, Plaintiff is entitled to
6 recover Defendants' profits, actual damages and the costs of the action, or statutory
7 damages under 15 U.S.C. § 1117(d), on election of Plaintiff[367], in an amount of One Hundred
8 Thousand Dollars ($100,000) per domain name infringement[368].[369]

9     38. 36. This[370]Plaintiff is informed and believes, and based thereon alleges, that
10 this[371] is an exceptional case making Plaintiff eligible for an award of Attorney's fees under
11 15 U.S.C. § 1117.[372]

<div align="center">

## SECOND CAUSE OF ACTION[373]

*(Trademark Infringement – 15 U.S.C. § 1114(1))*[374]

</div>

14     39. 37.[375]Plaintiff realleges and incorporates by reference paragraphs 1 through
15 [376]35[377]37[378] as though fully set forth herein.[379]

16     40. 38.[380]Plaintiff is informed and believes, and based thereon alleges, that[381]
17 Defendants' use in commerce of the Infringing Domain Names and the websites and
18 advertisements displayed at the Infringing Domain Names, is likely to cause confusion,
19 mistake, and to deceive.[382]

20     41. 39.[383]Plaintiff is informed and believes, and based thereon alleges, that[384]
21 Defendants' use of the Infringing Domain Names is likely to cause initial interest confusion
22 among the general public.[385]

23     42. 40.[386]The acts of Defendants as alleged herein constitute trademark
24 infringement in violation of 15 U.S.C. § 1114(1), entitling Plaintiff to relief.[387]

25     43. 41.[388]Plaintiff is informed and believes, and based thereon alleges, that[389]
26 Defendants have unfairly profited from the infringing actions alleged.[390]

27     44. 42.[391]By reason of Defendants' acts, Plaintiff [392]is informed and believes, and
28 based thereon alleges, that Plaintiff [393]has suffered damage to the goodwill associated with

<div align="center">

10

3RD AMENDED COMPLAINT - CASE NO. 10-CV-5034 RSWL (FFMX)

</div>

1  its Marks.[394]

2      45.     43.[395]Plaintiff is informed and believes, and based thereon alleges, that[396]

3  Defendants' activities have irreparably harmed and, if not enjoined, will continue to

4  irreparably harm Plaintiff and its long-used federally registered and common law marks.[397]

5      46.     44.[398]Plaintiff is informed and believes, and based thereon alleges, that

6  [399]Defendants' activities have irreparably harmed and, if not enjoined, will continue to

7  irreparably harm the general public who has an interest in being free from confusion,

8  mistake, and deception.[400]

9      47.     45.[401]By reason of Defendants' acts alleged herein, Plaintiff[402] is informed and

10  believes, and based thereon alleges, that Plaintiff[403]'s remedy at law is not adequate to

11  compensate for the damages caused by Defendants[404]. Accordingly[405], and that

12  accordingly[406], Plaintiff is entitled to preliminary and permanent injunctive relief pursuant

13  to 15 U.S.C. § 1116.[407]

14      48.     46.[408]By reason of Defendants' willful acts, Plaintiff is entitled to damages, and

15  that those damages be trebled under 15 U.S.C. § 1117.[409]

16      49.     47. This[410]Plaintiff is informed and believes, and based thereon alleges, that

17  this[411] is an exceptional case making Plaintiff eligible for an award of attorneys' fees under

18  15 U.S.C. § 1117.[412]

19              **THIRD CAUSE OF ACTION**[413]

20          *(False Designation of Origin – 15 U.S.C. § 1125(a))*[414]

21      50.     48.[415]Plaintiff realleges and incorporates by reference paragraphs 1 through

22  [416]46[417]48[418] as though fully set forth herein.[419]

23      51.     49.[420]Plaintiff is informed and believes, and based thereon alleges, that[421]

24  Defendants' use in commerce of the Infringing Domain Names and the websites and

25  advertisements displayed at the Infringing Domain Names, is likely to cause confusion,

26  mistake, and to deceive.[422]

27      52.     50.[423]Plaintiff is informed and believes, and based thereon alleges, that

28  [424]Defendants' use of the Infringing Domain Names is likely to cause initial interest

---

11

3RD AMENDED COMPLAINT - CASE NO. 10-CV-5034 RSWL (FFMX)

Exhibit I
Page 13 of 24

1  confusion among the general public.[425]

2      53.  51.[426]The acts of Defendants as alleged herein constitute trademark

3  infringement of Plaintiff's Marks and false designation of origin in violation of 15 U.S.C. §

4  1125(a), entitling Plaintiff to relief.[427]

5      54.  52.[428]Plaintiff is informed and believes, and based thereon alleges, that[429]

6  Defendants have unfairly profited from the infringing actions alleged.[430]

7      55.  53.[431]By reason of Defendants' acts, Plaintiff [432]is informed and believes, and

8  based thereon alleges, that Plaintiff [433]has suffered damage to the goodwill associated with

9  its Marks.[434]

10      56.  54.[435]Plaintiff is informed and believes, and based thereon alleges, that[436]

11  Defendants' activities have irreparably harmed and, if not enjoined, will continue to

12  irreparably harm Plaintiff and its long-used federally registered and common law marks.[437]

13      57.  55.[438]Plaintiff is informed and believes, and based thereon alleges, that[439]

14  Defendants' activities have irreparably harmed and, if not enjoined, will continue to

15  irreparably harm the general public who has an interest in being free from confusion,

16  mistake, and deception.[440]

17      58.  56.[441]By reason of Defendants' acts alleged herein, Plaintiff[442] is informed and

18  believes, and based thereon alleges, that Plaintiff[443]'s remedy at law is not adequate to

19  compensate for the damages caused by Defendants[444]. Accordingly[445], and that

20  accordingly[446], Plaintiff is entitled to preliminary and permanent injunctive relief pursuant

21  to 15 U.S.C. § 1116.[447]

22      59.  57.[448]By reason of Defendants' willful acts, Plaintiff is entitled to damages, and

23  that those damages be trebled under 15 U.S.C. § 1117.[449]

24      60.  58. This[450]Plaintiff is informed and believes, and based thereon alleges, that

25  this[451] is an exceptional case making Plaintiff eligible for an award of attorneys' fees under

26  15 U.S.C. § 1117.[452]

27

28

12

3RD AMENDED COMPLAINT - CASE NO. 10-CV-5034 RSWL (FFMX)

Exhibit I
Page 14 of 24

## FOURTH CAUSE OF ACTION[453]

### *(Dilution – 15 U.S.C. § 1125(c))*[454]

61. ~~59.~~[455]Plaintiff realleges and incorporates by reference paragraphs 1 through [456]~~57~~[457]59[458] as though fully set forth [459]~~here.~~[460]herein.[461]

62. ~~60.~~[462]Plaintiff is informed and believes, and based thereon alleges, that [463]Plaintiff's Mark is famous, as that term is used in 15 U.S.C. § 1125(c), and was famous before [464]~~Defendant~~[465]Defendants[466]' adoption and use of the Infringing Domain Names as alleged herein, based on, among other things, the Mark's inherent distinctiveness, federal registrations, and exclusive nationwide use, advertising, promotion and recognition.[467]

63. ~~61. Defendant's~~[468]Plaintiff is informed and believes, and based thereon alleges, that Defendants'[469] use in commerce of the Infringing Domain Names is likely to cause dilution by blurring and dilution by tarnishment in violation of 15 U.S.C. § 1125(c), entitling Plaintiff to relief.[470]

64. ~~62. Defendant has~~[471]Plaintiff is informed and believes, and based thereon alleges, that Defendants have[472] unfairly profited from the infringing actions alleged.[473]

65. ~~63.~~[474]By reason of [475]~~Defendant's~~[476]Defendants'[477] acts,[478] Plaintiff is informed and believes, and based thereon alleges, that[479] Plaintiff has suffered damage to the goodwill associated with its Marks and has been irreparably harmed.[480]

66. ~~64.~~[481]By reason of [482]~~Defendant's~~[483]Defendants'[484] acts,[485] Plaintiff is informed and believes, and based thereon alleges, that[486] Plaintiff's remedy at law is not adequate to compensate for the damages caused by Defendants[487]~~. Accordingly~~[488], and that accordingly[489], Plaintiff is entitled to preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116.[490]

67. ~~65.~~[491]By reason of [492]~~Defendant's~~[493]Defendants'[494] willful acts, Plaintiff is entitled to damages, and that those damages be trebled under 15 U.S.C. § 1117.[495]

68. ~~66. This~~[496]Plaintiff is informed and believes, and based thereon alleges, that this[497] is an exceptional case making Plaintiff eligible for an award of attorneys' fees under 15 U.S.C. § 1117.[498]

13

## FIFTH CAUSE OF ACTION[499]

*(Trademark Infringement –*[500] *Cal. Bus. & Prof. § 14320 and*[501] *California*[502] *Common Law)*[503]

69. 67.[504] Plaintiff realleges and incorporates by reference paragraphs 1 through [505]65[506]67[507] as though fully set forth here.[508]

70. 68. Defendant has[509] Plaintiff is informed and believes, and based thereon alleges, that Defendants have[510] used[511] in commerce[512] Plaintiff's Mark [513] in commerce[514] and[515] have used[516] the Infringing Domain Names in connection with their business.[517]

71. 69.[518] Plaintiff is informed and believes, and based thereon alleges, that[519] Defendant's use in commerce of Plaintiff's Mark and the Infringing Domain Names [520] is[521] are[522] likely to cause confusion or mistake or to deceive as to the source of origin in violation of [523] California Business & Professions Code § 14320 and under [524] the common law of the State of California, entitling Plaintiff to relief.[525]

72. 70.[526] Plaintiff is informed and believes, and based thereon alleges, that [527] Defendants have unfairly profited from the infringing actions alleged.[528]

73. 71.[529] By reason of [530] Defendant's[531] Defendants'[532] acts,[533] Plaintiff is informed and believes, and based thereon alleges, that[534] Plaintiff has suffered damage to the goodwill associated with its Marks and has been irreparably harmed.[535]

74. 72.[536] By reason of [537] Defendant's[538] Defendants'[539] acts,[540] Plaintiff is informed and believes, and based thereon alleges, that[541] Plaintiff's remedy at law is not adequate to compensate for the damages caused by Defendants[542]. Accordingly[543], and that accordingly[544], Plaintiff is entitled to preliminary and permanent injunctive relief[545] pursuant to California Business & Professions Code § 14335.[546] [547]

14

## SIXTH CAUSE OF ACTION[548]

### *(Breach of Contract)*[549]

73. As a cause of action and ground for relief, DREAM MARRIAGE GROUP, Inc. alleges breach of contract by ANASTASIA INTERNATIONAL, Inc. and incorporate by reference ¶¶(20) through (36), inclusive, of the complaint as a part of this count.[550]

74. From 2008 to the present, Defendant has been entering on to the dream-marriage.com website, agreed to the terms of use of the site and directly violated those terms of use by copying materials on the site and using those materials without the express authorization of Plaintiff. [551]

75. A true and correct copy of the dream-marriage.com Terms of Service is attached hereto and incorporated by reference as Exhibit "B".[552]

76. The dream-marriage.com Terms of Service are a valid legal contract between DREAM MARRIAGE GROUP, Inc. and ANASTASIA INTERNATIONAL, Inc. since no one can enter the site without reading and agreeing to the agreement. [553]

77. Pursuant to Section 9 of the Agreement, ANASTASIA INTERNATIONAL, Inc. is prohibited from using any materials on the dream-marriage.com website without the express consent of plaintiff. [554]

78. Defendant did so use dream-marriage.com materials without the express authorization of plaintiff and thus, is in breach of the agreement between the parties. [555]

79. The consideration of the contract was the marriage broker services provided to customers and the prevention of the misappropriation of client personal information, licensed materials and other property of plaintiff.[556]

80. DREAM MARRIAGE GROUP, Inc. has performed all of the conditions of the Agreement that are required to be performed by DREAM MARRIAGE GROUP, Inc. [557]

81. The nature of the Agreement and of contemporaneous facts and circumstances are such that DREAM MARRIAGE GROUP, Inc.'s remedies at law are inadequate.[558]

82. By reason of the foregoing, . DREAM MARRIAGE GROUP, Inc. seeks specific performance of the agreement.[559]

## SEVENTH CAUSE OF ACTION[560]

### *(Unfair Competition – Cal. Bus. & Prof. § 17200)*[561]

<u>75.</u>    83. [562]Plaintiff realleges and incorporates by reference paragraphs 1 through [563]71[564]<u>73</u>[565] as though fully set forth herein.[566]

84. Defendant has infringed Plaintiff's Mark in violation of Plaintiff's proprietary rights and . Such acts constitute unfair trade practices and unfair competition under California Business &

15

1   ~~Professions Code §§ 17200 *et seq.*, and under the common law of the State of California,~~

2   ~~entitling Plaintiff to relief.[567]~~

3   ~~85. In addition, defendant has been deploying a continuous campaign to lure, threaten and~~

4   ~~otherwise interfere with the relationships between plaintiff and its female clients.[568]~~

5

6   ~~86. Defendant has unfairly profited from the infringing actions alleged.[569]~~

7   ~~84. Pursuant to California Business & Professions Code § 17203, Defendants are required to~~

8       ~~disgorge and restore to Plaintiff all profits and property acquired by means of Defendant's~~

9       ~~unfair competition.[570]~~

10

11  ~~87. Due to the conduct of Defendant, Plaintiff has suffered irreparable harm;[571]~~

        76.    [572]Plaintiff is informed and believes, and based thereon alleges, that

12  Defendants' conduct constitutes unfair competition in that such acts were and are

13  unlawful, unfair, deceptive and/or fraudulent business acts or practices in violation of

14  California Business & Professions Code § 17200, *et seq.*[573]

15

        77.    [574]As a direct and proximate result of Defendants' wrongful conduct, Plaintiff

16  is informed and believes, and based thereon alleges, that Plaintiff[575] has suffered injury in

17  fact[576] ~~and has lost money or property as a result of Defendants' acts of unfair business practices~~

18  ~~as alleged herein. It would[577]~~, which injuries include damage to Plaintiff's goodwill with

19  potential clients. Plaintiff is informed and believes, and based thereon alleges, that

20  Defendants' conduct has also caused damage to consumers.[578]

21

        78.    [579]Plaintiff is informed and believes, and based thereon alleges, that

22  Defendants' wrongful conduct has proximately caused and will continue to cause Plaintiff

23  substantial injury, including without limitation a loss of potential revenues, dilution of

24  goodwill, confusion of potential partners and customers, and diminution of the value of

25  Plaintiff's Mark and products.[580]

26      79.    [581]Plaintiff is informed and believes, and based thereon alleges, that the harm

27  that Defendants' continued wrongful acts will cause to Plaintiff is both imminent and

28

---

16

3RD AMENDED COMPLAINT - CASE NO. 10-CV-5034 RSWL (FFMX)

Exhibit I
Page 18 of 24

1  irreparable, and the amount of damage sustained by Plaintiff will[582] be difficult to ascertain

2  [583]the amount of money damages that would afford Plaintiff adequate relief at law for

3  Defendants' acts. Plaintiff's remedy at law is not adequate to compensate Plaintiff for the

4  damages caused by Defendant. Accordingly, Plaintiff is entitled to preliminary and permanent

5  injunctive relief pursuant to California Business & Professions Code § 17203.[584]if these acts

6  continue. As such, Plaintiff has no adequate remedy at law, and is therefore entitled to an

7  injunction restraining Defendants, their officers, agents, employees[585], and all persons

8  acting in [586]concert with them from engaging in further such unlawful conduct.[587]

9       80.     [588]Plaintiff is further entitled to restitution from Defendants.[589]

10                    **SEVENTH CAUSE OF ACTION**[590]

11                    *(California Penal Code § 502)*[591]

12      81.     [592]Plaintiff realleges and incorporates by reference paragraphs 1 through 79 as

13  though fully set forth herein.[593]

14      82.     [594]Plaintiff is informed and believes, and based thereon alleges, that

15  Defendants' conduct, including without limitation Defendants' Screen Scraping Activity,

16  Unauthorized Access, Interfering Activity, and Circumvention Attempts, constitutes

17  violations of California Penal Code § 502(c) as follows:[595]

18      a.     [596]Plaintiff is informed and believes, and based thereon alleges, that

19              Defendants knowingly accessed and without permission took, copied, and/or

20              made use of data from Plaintiff's computer(s), computer system(s), and/or

21              computer network(s), in violation of California Penal Code § 502(c)(2);[597]

22      b.     [598]Plaintiff is informed and believes, and based thereon alleges, that

23              Defendants knowingly and without permission used and/or caused to be used

24              Plaintiff's computer services, in violation of California Penal Code § 502(c)(3);

25              and[599]

26      c.     [600]Plaintiff is informed and believes, and based thereon alleges, that

27              Defendants knowingly and without permission accessed and/or caused to be

28              accessed Plaintiff's computer(s), computer system(s), and/or computer

17

1    network(s), in violation of California Penal Code § 502(c)(7).[601]

2    83.    88. ~~Plaintiff is informed and believes and on that basis alleges that Defendants'~~

3    ~~conduct has been intentional and willful and in conscious disregard of Plaintiff's rights and,~~

4    ~~therefore, Plaintiff is entitled to its attorneys' fees.~~[602]Pursuant to California Penal Code §

5    502(e)(1)-(2), Plaintiff may bring this civil action against Defendants for compensatory

6    damages, injunctive relief, and an award of attorney's fees.[603]

7    ~~REQUEST~~[604]__PRAYER__[605] FOR RELIEF[606]

8    ~~Therefore~~[607]WHEREFORE[608], Plaintiff[609] ~~DREAM MARRIAGE GROUP, INC.~~[610]

9    respectfully requests [611]that the Court enter [612]judgment[613] in its favor on all claims and

10   grant relief[614] as follows:[615]

11   ~~A.    That the Court enter a judgment that Defendant has:~~[616]

12   ~~i.)  violated the rights of Plaintiff in the Mark in violation of 15 U.S.C. § 1125(d);~~[617]

13   ~~ii.) violated the rights of Plaintiff in the Mark in violation of 15 U.S.C. §1114(1);~~[618]
     ~~iii.) violated the rights of Plaintiff in the Mark in violation of 15 U.S.C. §1125(a);~~[619]

14   ~~iv.)    violated the rights of Plaintiff in the Mark in violation of 15 U.S.C. §1125(e);~~[620]

15   ~~v.)    infringed the rights of Plaintiff in the Mark in violation of California Business &~~
     ~~Professions Code § 14320; and~~[621]

16   ~~vi.)   infringed the rights of Plaintiff in the Mark in violation of California Business &~~
     ~~Professions Code § 17200 and the common law;~~[622]

17   1.    B. That Defendant be ordered[623]An ordering requiring Defendants[624] to transfer

18   to Plaintiff the Infringing Domain Names, and any other domain names they own which

19   are identical or confusingly similar to Plaintiff's Mark[625];[626],[627]

20   2.    C. That Defendant, its[628]An order[629] preliminarily and permanently [630]enjoining

21   and restraining Defendants, and their officers,[631] agents, [632]representatives[633]servants[634],

22   employees, [635]assigns and suppliers[636], and all persons acting in [637]concert or privity with

23   Defendant be[638] preliminarily and permanently [639]enjoined from the following

24   activities[640]attorneys and all those in active concert or participation with them from[641];[642]

25   a.    i.)[643]Registering or using, in any manner, any Internet domain name that

26   incorporates, in whole or part, Plaintiff's Mark or any name, mark or

27   designation confusingly similar thereto;[644]

28   b.    ii.)[645]Using any of Plaintiff's Marks or any other name, mark, designation or

18

depiction in a manner that is likely to cause confusion regarding whether Defendant is affiliated or associated with or sponsored by Plaintiff;[646]

c. iii.) [647]Registering any Internet domain name that incorporates, in whole or in part, Plaintiff's Marks or any name, mark or designation confusingly similar thereto;[648]

d. iv.) [649]Practicing trademark infringement, trademark dilution, unfair competition, false designation of origin, passing off, or false advertising, against Plaintiff or misappropriation of Plaintiff's trademark rights; and[650]

e. v.) [651]Assisting, aiding or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (i) through (iv) above[652];[653],[654]

3. ~~D. That Defendant be ordered~~[655]A n order requiring Defendants[656] to account to Plaintiff for, and disgorge, all profits they have derived by reason of the unlawful acts complained of above[657];[658],[659]

4. ~~E. That Defendant be required to pay to Plaintiff~~[660]An award of its actual damages or, at its election, statutory[661] damages, and that those damages be trebled, [662]~~under~~[663]pursuant to[664] 15 U.S.C. §1117(a)[665];[666], to the extent trebled damages are provided for.[667]

~~F. That Defendants be ordered to pay statutory damages under 15 U.S.C. § 1117, on election of Plaintiff, in an amount of One Hundred Thousand Dollars ($100,000) per domain name infringement;~~[668]

5. [669]An order awarding Plaintiff its costs of suit, including attorney fees.[670]

6. ~~G. That Defendant be ordered to pay Plaintiff's reasonable attorney fees;~~[671]An order granting[672] prejudgment [673]and post-judgment [674]interest[675], and costs of this action under 15 U.S.C. § 1117 and under California Business & Professions Code § 17200;[676],[677]

7. ~~H. That~~[678]An order directing each[679] Defendant[680] ~~be ordered~~[681] to file with the Court and serve upon Plaintiff [682]within thirty (30) days after service of an injunction, [683]a written report under oath setting forth in detail the manner and form in which [684]the [685]Defendant has complied with the injunction and judgment[686] ~~upon Defendant; and~~[687],[688]

8.   [689]An award of punitive damages.[690]

9.   ~~I. That Plaintiff be granted such other~~[691]Such further and additional[692] relief as [693]the Court [694]may [695]be[696]deem just and[697] appropriate.[698]

~~Dated: August 19, 2010~~————————————————————————[699]

————————————————————————Andrew Weitz[700]

————————————————————————Attorney for Plaintiff[701]

————————————————————————DREAM MARRIAGE GROUP, INC.[702]

Dated: November 21, 2010[703]          Haney, Buchanan & Patterson LLP[704]
                                        Bruce A. Fields[705]

                                        ——————————————————————
                                        Bruce A. Fields[706]
                                        Attorneys for Plaintiff[707]

~~DEMAND FOR~~[708]

<pre>
1                        [709]JURY TRIAL[710] DEMAND[711]

2   Plaintiff[712] hereby[713] demands [714]a [715]trial by jury [716]of[717]on[718] all issues [719]so [720]triable[721]

3   herein.[722] [723]

4   Dated: November 21, 2010[724]              Haney, Buchanan & Patterson LLP[725]
                                              Bruce A. Fields[726]
5

6

7                                            _____
                                              Bruce A. Fields[727]
8                                             Attorneys for Plaintiff[728]

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
</pre>

<center>21</center>

3RD AMENDED COMPLAINT - CASE NO. 10-CV-5034 RSWL (FFMX)

729

Dated: August 19, 2010 730

Andrew Weitz[731]

Attorney for Plaintiff [732]

DREAM MARRIAGE GROUP, INC[733]

**Craig Bailey**

| | |
|---|---|
| **From:** | Bruce Fields <bfields@hbplaw.com> |
| **Sent:** | Thursday, December 09, 2010 1:17 PM |
| **To:** | Craig Bailey |
| **Cc:** | Harshman, Chris; Bruce Fields |
| **Subject:** | Dream Marriage Group v Anastasia |

Hi Craig,

To follow up our phone conversation regarding the proposed 3rd Amended Complaint, you have agreed to a stipulation relative to the filing. We are changing some of the language and will again review the allegations we discussed to determine whether further edits may be warranted. We hope to have the new draft to you by Monday.

As we also discussed, I will endeavor to provide you with a proposed scheduling order next week and you will let me know your availability to meet with me during the week before Christmas so we can fulfill our scheduling conference obligations.

Thank you for your professional courtesy and cooperation.

Regards,
Bruce

--
Bruce A. Fields, APC
Haney, Buchanan, Patterson, LLP707 Wilshire Blvd. Suite 5350Los Angeles, CA 90017Telephone: 213-228-6517 (direct line)Facsimile:
213-228-6501email: bfields@hbplaw.com

1

Exhibit J
Page 1 of 1

**Craig Bailey**

| | |
|---|---|
| **From:** | Craig Bailey |
| **Sent:** | Tuesday, December 14, 2010 6:18 PM |
| **To:** | 'Bruce Fields' |
| **Subject:** | FW: Dream Marriage |
| **Attachments:** | STIPULATION.pdf; Microsoft Word - Proposed Order re Stipulation re 3RD Amended Complaint.pdf |

Bruce:

Attached is the signed stipulation and proposed order regarding the 3rd Amended Complaint.

To recap the changes we discussed to the Complaint :

1. para 1 - remove reference to Penal Code 502

2. para 9 - "assignors" should not be capitalized

3. paras. 28 and 29 - ""Marks" should be "Mark"

4. prayer for relief #8 (punitive damages) should be removed.

As we discussed with you last week, we continue to have concerns about the support for the allegations contained in paras 20 -22 of the Complaint, and reserve the right to challenge those allegations. We should plan on discussing those allegations further at our meeting next week.

Also, as I mentioned in our telephone conversation today, we have not had sufficient time to fully consider the newly asserted 7th Cause of Action, and thus reserve all rights to challenge those allegations as well. We should be ready to discuss any concerns we may have at our meeting next week.

Craig

1

Exhibit K
Page 1 of 1