Bruce A. Fields (SBN 102426)
Email: bfields@bfieldslaw.com
Bruce A. Fields, A.P.C.
1801 Century Park East, Ste 2400
Los Angeles, CA 90067
Telephone: (310) 552-7832
Facsimile:  (800) 279-4830

Attorney for Plaintiff

.ITIGATION CALENDAR

FEB 0 7 2011

FULWIDER • PATTON, LLP

ADDED AS DOC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

DREAM MARRIAGE GROUP, Inc.,

    Plaintiff,

    vs.

ANASTASIA INTERNATIONAL, Inc., et al,

    Defendants.

Case No. CV 10-5034 RSWL (FFMx)

**PLAINTIFF DREAM MARRIAGE GROUP, INC.'S AMENDED INITIAL DISCLOSURES PURSUANT TO RULE 26 OF THE FEDERAL RULES OF CIVIL PROCEDURE**

1

PLAINTIFF'S RULE 26 AMENDED INITIAL DISCLOSURES

Plaintiff Dream Marriage Group, Inc. ("Plaintiff"), by and through their undersigned counsel, hereby provides the following initial disclosures, in accordance with Federal Rule of Civil Procedure ("FRCP") 26(a)(1).

## PRELIMINARY STATEMENT

Plaintiffs' investigation of this action is limited to Plaintiffs' pre-filing investigation, and formal discovery has not yet begun. Accordingly, these disclosures are based only upon such information and documents presently available to and specifically known to Plaintiffs. It is anticipated that discovery, specifically including documents and answers provided by Defendant Anastasia International, Inc. ("Defendant") and third parties, independent investigation, legal research and analysis, will supply additional facts, add meaning to known facts, and establish new factual and legal conclusions. All such information may lead to substantial additions to, changes in, and/or variations in these responses.

These disclosures are submitted without waiving in any way, and on the contrary, with express reservation of: (1) the right to amend or supplement any and all information provided herein pursuant to FRCP 26(e); and (2) the right to object on any grounds whatsoever to the use in evidence or any other use of this information in this or any other proceeding, by these parties or any other parties or non-parties. Moreover, any disclosure by Plaintiffs herein or elsewhere of privileged information is, or was, inadvertent and cannot be construed as a waiver of any such privilege.

Finally, all of the disclosures contained herein are made subject to this Preliminary Statement.

2

PLAINTIFF'S RULE 26 AMENDED INITIAL DISCLOSURES

## DISCLOSURES

### A.   Individuals With Discoverable Information

In accordance with FRCP 26(a)(1)(A), Plaintiff believes that the following individuals are likely to have discoverable information that may be used to support their claims:

| | Witness | Subject(s) of Testimony |
|---|---|---|
| 1. | Elena Sykes (nee Besuden) 191 Broadway Bangor, ME 04401 (207) 947-5812 | CEO of Anastasia International, Inc.; technical and administrative contact for maineinc.net, maine-inc.net |
| 2. | Representative(s) of IT Online 14/2 Obraztsova Str. Moscow, Russia 127055 | Access made to Dream-Marriage.com website |
| 3. | An individual presently known to Plaintiff as Neil Bryant (address currently unknown) | Access made to Dream Marriage.com website |
| 4. | Representative(s) of "Maine Webmasters 191 Broadway Bangor, ME 04401 (207) 947-5861 | DNS and other hosting of the Infringing Domain Names, as defined in Plaintiff's Third Amended Complaint |
| 5. | Representative(s) of GoDaddy, Inc. 14455 North Hayden Rd., Suite 219 Scottsdale, AZ   85260 | Registration of, and Hosting and DNS services provided for the Infringing Domain Names |
| 6. | Representative(s) of Google Inc. 1600 Amphitheatre Parkway Mountain View, CA 94043 (650) 253-0000 | Cached copies of websites accessible via the Infringing Domain Names |
| 7. | Representative(s) of PCCW Global, Inc. 450 Spring Park Pl. Ste 100 | Hosting and DNS services provided for the Infringing Domain Names |

3

PLAINTIFF'S RULE 26 AMENDED INITIAL DISCLOSURES

| | | |
|---|---|---|
| | Herndon, VA 20170 | |
| 8. | Image Project, Inc. d/b/a WebSitePulse 674 Saxon Blvd. Deltona, FL 32725 | Access made to Dream-Marriage.com website |
| 9. | Shyrah Butcher Dream Marriage Group, Inc. 606 W. 57th St. Los Angeles, CA 90037 (562) 633-2744 | Business and records of Dream Marriage Group, Inc., including Plaintiff's Service Mark and the chain of title thereto |
| 10. | Andy Schmitt Parthenon Software Group, Inc. 6635 North Baltimore Avenue Portland, Oregon 97203 (503) 247-2447 | Access made to Dream-Marriage.com website; hosting and DNS services of the content available at the Infringing Domain Names |
| 11. | Fernando Torres IPMetrics LLC 8316 Clairemont Mesa Blvd. Ste 204 San Diego, CA 92111 (858) 538-1533 | Damages |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

4

PLAINTIFF'S RULE 26 AMENDED INITIAL DISCLOSURES

**B.     Documents**

In accordance with FRCP 26(1)(1)(B), Plaintiff provides the following description by category of documents in their possession, custody and control which Plaintiff believes may support their claims in this matter. Plaintiff further notes that its investigation is continuing, and in the event additional documents are found, such documents will be disclosed through a supplemental disclosure pursuant to FRCP 26(e).

| Location | Category of Documents |
|---|---|
| Dream Marriage Group, Inc. 9701 Wilshire Blvd. Ste 1000 Beverly Hills, CA 90212 (and/or the offices of its counsel in Vancouver, Washington, and Century City, California) | The certificate of trademark registration for the Service Mark with United States Patent and Trademark Registration No. 3,760,949; Asset transfer agreements; Rights assignment agreements; Management agreements; Agreements with third parties including without limitation affiliate agreements; Invoices and receipts for, e.g., domain name registrations, website development, and website hosting, including without limitation invoices and receipts from iPower / iPowerWeb.com and GoDaddy.com; Reports from archive.org, Alexa.com, and Domain Tools LLC; Results from whois and domain name system ("DNS") database queries; Court filings and pre-litigation correspondence regarding third parties' use of the Service Mark; Various evidentiary logs relating to |

5

PLAINTIFF'S RULE 26 AMENDED INITIAL DISCLOSURES

the activities alleged in the Complaint, including but not limited to website access logs, Internet Service Provider ("ISP") logs, login records, and other network activity logs; Correspondence and other communication relating to unfair competition; Correspondence and other communication relating to public confusion; and Screen shots of the "participat[ing] in the global affiliate network powered by Anastasia International (AnastasiaDate.com)" websites made available via the Infringing Domain Names.

**C.    Computation of Damages**

Pursuant to 15 U.S.C. § 1117, 18 U.S.C. § 1030, and California Business and Professions Code § 17200, Plaintiff may elect to seek actual damages in an amount to be proven at trial. Pursuant to 15 U.S.C. § 1117, Plaintiff may elect to seek statutory damages on those claims for which statutory damages are available. In addition, Plaintiff seeks its reasonable attorneys' fees and the full costs of this litigation (which cannot be ascertained at this stage of the proceedings). Plaintiff will make available for inspection and copying (pursuant to the FRCP), all documents or other evidentiary matter, not privileged or protected from disclosure, upon which Plaintiff's damage computations are based.

**D.    Insurance Agreements**

Not applicable.

PLAINTIFF'S RULE 26 AMENDED INITIAL DISCLOSURES

1  Dated:  February 4, 2011

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BRUCE A. FIELDS, A.P.C.

By:

Bruce A. Fields
Attorneys for Plaintiff
Dream Marriage Group, Inc.



7

PLAINTIFF'S RULE 26 AMENDED INITIAL DISCLOSURES

**PROOF OF SERVICE**

STATE OF CALIFORNIA          )
                             )
COUNTY OF LOS ANGELES        )

    I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 1801 Century Park East, 24th Floor Los Angeles, California 90067.

    On February 4, 2011, I served the foregoing documents described as: PLAINTIFF DREAM MARRIAGE GROUP, INC.'S AMENDED INITIAL DISCLOSURES PURSUANT TO RULE 26 OF THE FEDERAL RULES OF CIVIL PROCEDURE on:

Craig B. Bailey.
FULWIDER PATTON LLP
6060 Center Drive, Tenth Floor
Los Angeles, CA 90045

( ) BY EXPRESS OVERNIGHT MAIL - I caused such envelope with postage thereon fully prepaid to be placed in the United States mail at Los Angeles, California.

(x) BY MAIL - I caused such envelope with postage thereon fully prepaid to be placed in the United States mail at Los Angeles, California.

(x) BY EMAIL- I caused a copy of said document to be transmitted to the above referenced recipient at cbailey@fulpat.com.

( ) BY FACSIMILE - I telecopied a copy of said document(s) to the above addressee(s) at the number(s) provided by the addressee(s).  The above-referenced document was transmitted by facsimile transmission and the transmission was reported as complete and without error by the facsimile machine.

( ) BY PERSONAL SERVICE - I caused such envelope to be delivered by hand to attorney.

(XX) STATE - I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

( ) FEDERAL - I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on February 4, 2011, at Los Angeles, California.

BRUCE A. FIELDS

8

PLAINTIFF'S RULE 26 AMENDED INITIAL DISCLOSURES

1  BRUCE A. FIELDS (SBN 102426)
   bfields@bfieldslaw.com
2  BRUCE A. FIELDS A.P.C.
3  1801 Century Park East, 24th Floor
   Los Angeles, California 90067
4  Telephone: 310-552-7832
5  Facsimile: 800-279-4830

6  Attorneys for Plaintiff
7  Dream Marriage Group, Inc.

LITIGATION CALENDAR

FEB 2 5 2011

FULWIDER • PATTON, LLP
ADDED AS DOC.

8           UNITED STATES DISTRICT COURT
9          CENTRAL DISTRICT OF CALIFORNIA
10

11 DREAM MARRIAGE GROUP,          Case No. CV 10-5034 RSWL (FFMx)
12 INC.,
                                  **PLAINTIFF'S RESPONSES TO**
13            Plaintiff,          **DEFENDANT'S FIRST SET OF**
14                                **INTERROGATORIES**
15       v.
16 ANASTASIA
17 INTERNATIONAL, INC. et al.,
18            Defendants.
19
20

21 PROPOUNDING PARTY:    ANASTASIA INTERNATIONAL, INC.
22 RESPONDING PARTY:     DREAM MARRIAGE GROUP, INC.
23 SET:                  ONE
24      Pursuant to Rules 26 and 36 of the Federal Rules of Civil
25 Procedure ("FRCP"), Plaintiff Dream Marriage Group, Inc. ("DMG") by
26 its attorneys, hereby objects and responds to defendant's First Set of
27 Interrogatories.
28

                        RESPONSES TO INTERROGATORIES SET
                                                     ONE

EXHIBIT B
Page 1 of 19

## GENERAL OBJECTIONS AND RESERVATIONS

Plaintiff Dream Marriage Group, Inc. ("DMG") has not yet completed its investigation of the facts pertaining to this action, its discovery, or its preparation for trial. Insofar as any interrogatory properly seeks information, DMG has made a reasonable effort to locate the information, and reserves the right to rely on any documents or other evidence that may develop or come to its attention at a later time. DMG's responses and objections as set forth herein are made without prejudice to its rights to assert any additional or supplemental responses or objections should it discover additional grounds for such responses or objections. By making these responses, DMG does not concede that the responses, or any other information provided or produced, are properly discoverable or admissible, and DMG reserves the right to object to further discovery into this subject matter and to the introduction of these responses or any such other information into evidence.

DMG makes the following general objections to each interrogatory. The general objections may not be repeated in each response but, rather, are set forth immediately below and are hereby incorporated into each response. The assertion of the same, similar, or additional objections or the provisions of partial responses to these interrogatories waives none of DMG's objections as set forth below:

1.     DMG objects to each and every Definition, Instruction, and Interrogatory to the extent that it purports to impose any burden or obligation greater than the requirements of the discovery provisions of the Federal Rules of Civil Procedure. DMG will respond only according to its obligations under the FRCP.

2.     DMG objects to each and every interrogatory to the extent that it is unduly burdensome, annoying, harassing, oppressive, overly

2

RESPONSES TO INTERROGATORIES SET ONE

1  broad, seeks information neither relevant to the subject matter of the
2  action nor reasonably calculated to lead to the discovery of admissible
3  evidence, and exceeds the bounds of the legitimate purposes of discovery.
4      3.    DMG objects to each and every interrogatory to the extent
5  that it seeks or could be construed to seek information protected by any
6  applicable privilege including, without limitation, the attorney-client
7  privilege or the work-product doctrine. DMG will provide a privilege log
8  providing the information required by FRCP 26(b)(5). DMG objects to
9  identifying any privileged or work product documents that were created
10  after the filing date of this action on July 8, 2010, because to do
11  otherwise would be overly burdensome and would chill communications
12  between DMG and its counsel. DMG reserves the right to object at any
13  time before trial to the introduction into evidence or the use of any
14  privileged information that has been revealed or produced inadvertently,
15  and inadvertent production of any privileged document otherwise
16  immune from discovery shall not be deemed a waiver of any applicable
17  privilege or work-product protection.
18      4.    DMG objects to each and every interrogatory to the extent
19  that it seeks or could be construed to seek information protected as trade
20  secrets or confidential, proprietary, business, or commercial information
21  that is exempt from disclosure under any applicable evidentiary,
22  statutory, or common law privilege. DMG will only produce such
23  information upon entry of a mutually agreeable Protective Order.
24      5.    DMG objects to each and every interrogatory to the extent
25  that it seeks or could be construed to seek information that would violate
26  any constitutional, statutory or common-law privacy interest of DMG or
27  any current or former employee or representative of DMG.
28

3

RESPONSES TO INTERROGATORIES SET ONE

6.     DMG objects to each and every interrogatory to the extent
that it seeks or could be construed to seek the production of documents or
information regarding contracts or agreements not at issue on the
grounds that it would be unduly burdensome and oppressive to produce
such information, and that such information is neither relevant, nor
reasonably calculated, to lead to the discovery of admissible evidence.

7.     DMG objects to each and every interrogatory to the extent
that it seeks or could be construed to seek information regarding time
periods irrelevant to the causes of action alleged in DMG's Third
Amended Complaint, on the grounds that it would be unduly
burdensome and oppressive to produce such information, and that such
information is neither relevant nor reasonably calculated to lead to the
discovery of admissible evidence.

8.     DMG objects to each and every interrogatory to the extent
that it seeks or could be construed to seek information not in the
possession, custody or control of DMG. DMG further objects to each and
every interrogatory to the extent that it seeks information known by, or
equally available to, the defendants.

9.     By making these responses, DMG does not concede that any
information given is properly discoverable or admissible. DMG's
responses and objections to each Request, and documents produced in
response to each Request, are not intended to be and shall not be deemed
an admission o the matters stated, implied or assumed by any or all of
the Requests. In responding to the Requests, DMG neither waives nor
intends to waive, but expressly reserves any and all objections to the
relevance, competence, materiality or admissibility of any information
provided. DMG expressly reserves the right to object to further discovery
into the subject matter encompassed by the requests and to object to the

4

RESPONSES TO INTERROGATORIES SET
ONE

1  introduction into evidence of these responses. DMG further expressly

2  reserves the right to rely on any further, additional or different facts,

3  documents or other information which may develop or come to its

4  attention. DMG's responses as set forth herein are made without

5  prejudice to DMG's right to assert additional responses or grounds for

6  objections.

7      Each of the foregoing General Objections is incorporated in each of

8  the Responses regardless of whether they are specifically referenced

9  therein. Subject to and without waiver of or prejudice to such objections,

10  DMG responds as follows:

11              **RESPONSES TO INTERROGATORIES**

12  INTERROGATORY NO. 1:

13      Identify each current or prior owner of the Plaintiff's Mark,

14  including the name and address of such owner, whether such owner was

15  a business entity (e.g., if such owner was a corporation, the date and

16  state of such owner's incorporation), whether such owner was an

17  individual, whether such owner was a non-California corporation (and, if

18  so, when a certificate of qualification to do business in California was

19  obtained, or state that no certificate was obtained), and whether a

20  certificate for doing business under a fictitious name was filed (and, if so,

21  the date and place each certificate was filed). For purposes of this

22  interrogatory, "owner" includes assignors and predecessors in interests.

23  RESPONSE TO INTERROGATORY NO. 1:

24      Dream Marriage, Inc., a Virginia corporation, 10068 Naughton

25  Court, Bristow, VA 20136, date of incorporation October 23, 2003, no

26  certificate of qualification to do business in California was obtained, no

27  certificate for doing business under a fictitious name was filed.

28

1      Dream Marriage, Inc., a California corporation, 2316 Virginia Ave.
2  Apt. A, Santa Monica, CA 90404-5131, date of incorporation October 6,
3  2004.

4      Anastasia Popova, an individual, also d/b/a Dream Marriage,
5  fictitious name statement filed January 18, 2006 in Los Angeles County,
6  Califorina.

7      Dream Marriage Group, Inc., 2533 N Carson St. #3988, Carson
8  City, CA 89706, a Nevada corporation, incorporated November 29, 2006,
9  certificate of qualification to do business in California obtained October
10  26, 2010, no certificate for doing business under a fictitious name was
11  filed.

12

13  <u>INTERROGATORY NO. 2:</u>

14      With respect to each current or prior owner of the Plaintiff's Mark
15  identified in response to Interrogatory No.1, state the date when
16  ownership was acquired, the manner in which the ownership was
17  acquired, the amount of money or other consideration given for such
18  ownership interest, and identify all documents or things (including any
19  production number given by DMG) regarding or relating to the
20  acquisition of such ownership, and all persons involved in the acquisition
21  of such ownership.

22  <u>RESPONSE TO INTERROGATORY NO. 2:</u>

23      Dream Marriage, Inc., a Virginia corporation, created the Mark on
24  or about October 23, 2003. Anastasia Popova and Ilia Zavialov were
25  involved in the acquisition of ownership.

26      Dream Marriage, Inc., a California corporation, acquired ownership
27  of the Mark on October 7, 2004 by contract, in exchange for all shares of
28  Dream Marriage, Inc. Contract for the Transfer of Corporate Assets,

6    RESPONSES TO INTERROGATORIES SET
ONE

1  DM000143-145. Anastasia Popova and Ilia Zavialov were involved in the
2  acquisition of ownership.

3       Anastasia Popova acquired ownership of the Mark on January 1,
4  2006, by contract, in exchange for one dollar ($1). Contract for the
5  Transfer of Corporate Assets, DM000146-147. Anastasia Popova and Ilia
6  Zavialov were involved in the acquisition of ownership.

7       Dream Marriage Group, Inc. acquired ownership of the Mark on
8  November 30, 2006 by contract, in exchange for all shares of Dream
9  Marriage Group, Inc. Contract for the Transfer of Corporate Assets,
10  DM000148-149. Anastasia Popova and Ilia Zavialov were involved in the
11  acquisition of ownership.

12

13  INTERROGATORY NO. 3:

14       State whether DMG, or any of its alleged assignors or predecessors
15  in interest, has licensed or otherwise granted authority to any person or
16  entity to furnish goods or services bearing Plaintiff's Mark or any other
17  mark containing the words "dream marriage," and, if so, identify each
18  such person or entity, the mark involved, the goods and services covered,
19  all documents or things (including any production number given by
20  DMG) regarding or relating to each such license or grant, and all persons
21  involved in negotiating or enforcing such license or grant.

22  RESPONSE TO INTERROGATORY NO. 3:

23       Objection: the interrogatory seeks information by a known
24  competitor that is trade secret and confidential as to the manner in
25  which DMG conducts its business, which will require a Protective Order
26  for DMG to provide the information requested. DMG will further respond
27  to this interrogatory once the protective order is in place.

28

7

RESPONSES TO INTERROGATORIES SET ONE

1  Subject to and without waiving the foregoing objections, DMG

2  responds that DMG has licensed Dream World Partners, Inc. to use

3  Mark in connection with marketing, website operation, and other uses in

4  relationship to dating services and matchmaking services. Licensing

5  Agreement, DM000460 – 466, Ilia Zavialov.

6  DMG further responds that it has entered into Affiliate Program

7  Agreements with hundreds of entities, and that such Affiliate Program

8  Agreements provide extremely limited and highly constrained

9  permission to reference the Dream-Marriage Mark in, e.g., a manner

10  roughly akin to nominative fair use.

11  **INTERROGATORY NO. 4:**

12  State, by year, the total sales, in both units and dollars, of any

13  goods or services sold or provided by DMG (including its assignors and

14  predecessors in interest), or under license from DMG (including its

15  assignors and predecessors in interest), that bear Plaintiff's Mark, from

16  the first use of Plaintiff's Mark to the present.

17  **RESPONSE TO INTERROGATORY NO. 4:**

18  DMG incorporates by reference its general objections and

19  reservations as though fully set forth herein. DMG further objects that

20  the Interrogatory is vague, ambiguous, and unintelligible relative to the

21  term 'units.' DMG further objects that this request, demanding DMG

22  produce "all" documents, is overly broad and unduly burdensome,

23  oppressive and harassing, as the request does not specify a time period

24  and limit the scope. DMG further objects that the interrogatory seeks

25  information by a known competitor that is trade secret and confidential

26  as to the manner in which DMG conducts its business, which will require

27  a Protective Order for DMG to provide the information requested. DMG

28

RESPONSES TO INTERROGATORIES SET ONE

1   will further respond to this interrogatory once the protective order is in

2   place.

3

4   INTERROGATORY NO. 5:

5          Describe the circumstances surrounding the selection of Plaintiff's

6   Mark as a trademark. Include in your description at least the following:

7   the identity of the persons participating, the reasons Plaintiff's Mark

8   was selected, the dates of selection and first use, and the identity of each

9   mark, other than Plaintiff's Mark, considered as alternative to Plaintiff's

10  Mark for adoption at that time.

11  RESPONSE TO INTERROGATORY NO. 5:

12         Objection: the interrogatory seeks information by a known

13  competitor that is trade secret and confidential as to the manner in

14  which DMG conducts its business, which will require a Protective Order

15  for DMG to provide the information requested. DMG will further respond

16  to this interrogatory once the protective order is in place.

17         Subject to and without waiving the foregoing objections, DMG

18  responds that the phrase "dream marriage" was and is sentimental to

19  the relationship of the founders of the company, and the value that they

20  believe in for others. The Mark was selected in or about October 2003,

21  and was first used December 17, 2003. No alternative marks were

22  considered.

23

24  INTERROGATORY NO. 6:

25         Identify each instance in which DMG (or any related party of

26  entity, including any predecessor in interest) has communicated with a

27  third party regarding Anastasia, or any alleged wrongdoing by

28  Anastasia, including any activity alleged in any of DMG's pleadings in

9                    RESPONSES TO INTERROGATORIES SET
                                         ONE

1  this action. For each such instance, the response should include an

2  identification of all documents or things (including any production

3  number given by DMG) regarding or relating to such instance, and all

4  persons involved.

5  RESPONSE TO INTERROGATORY NO. 6:

6          Objection: the interrogatory seeks information which may include

7  communications subject to the attorney client privilege and attorney

8  work product privilege. DMG further objects that this request,

9  demanding DMG produce "all" documents, is overly broad and unduly

10  burdensome, oppressive and harassing, as the request does not specify a

11  time period and limit the scope. Further, the interrogatory seeks

12  information by a known competitor that is trade secret and confidential

13  as to the manner in which DMG conducts its business, which will require

14  a Protective Order for DMG to provide the information requested. DMG

15  will further respond to this interrogatory once the protective order is in

16  place.

17          Subject to and without waiving the foregoing objections, DMG

18  responds that information responsive to this Interrogatory is found in

19  DMG's document production, DM000171 – 459.

20  INTERROGATORY NO. 7:

21          Identify all data that DMG asserts Defendants have taken, copied,

22  and/or used from DMG, including, without limitation, the identities of

23  the "women online in the Plaintiff's service" and all other "Scraped Data"

24  alleged in paragraph 19 of DMG's Third Amended Complaint, and, for all

25  data identified, specifically identify whether such data was publicly

26  available on dream-marriage.com when the data was allegedly taken,

27  copied, and/or used from DMG.

28

10

RESPONSES TO INTERROGATORIES SET ONE

RESPONSE TO INTERROGATORY NO. 7:

Objection: the interrogatory seeks information which may include communications subject to the attorney client privilege and attorney work product privilege. Further, the interrogatory seeks information by a known competitor that is trade secret and confidential as to the manner in which DMG conducts its business, and which may invade the privacy rights of third parties, which will require a Protective Order for DMG to provide the information requested. DMG will further respond to this interrogatory once the protective order is in place.

Subject to and without waiving the foregoing objections, DMG responds that information responsive to this Interrogatory is found in DMG's document production, DM000171 – 459.

INTERROGATORY NO. 8:

Identify all user accounts and login credentials that DMG asserts Defendants and/or Defendants' agents used to access DMG's computers without authorization, or exceeding authorized access, including the "stolen login credentials," as alleged in paragraph 20 of DMG's Third Amended Complaint, and specifically identify all user accounts and login credentials that DMG asserts Anastasia used. The "login credentials" allegedly "stolen" should be specifically identified as such in response to this interrogatory.

RESPONSE TO INTERROGATORY NO. 8:

Objection: the interrogatory seeks information which may include communications subject to the attorney client privilege and attorney work product privilege. Further, the interrogatory seeks information by a known competitor that is trade secret and confidential as to the manner in which DMG conducts its business, and which may invade the privacy rights of third parties, which will require a Protective Order for DMG to

11

RESPONSES TO INTERROGATORIES SET ONE

EXHIBIT B
Page 11 of 19

1  provide the information requested. DMG will further respond to this

2  interrogatory once the protective order is in place.

3  INTERROGATORY NO. 9:

4      Describe each instance, including how and when, Defendants

5  and/or Defendants' agents exceeded authorized access (including all

6  instances in which Defendants and/or Defendants' agents "exceeded the

7  use authorized by Plaintiff for the credentials Defendants signed up for

8  access to," as alleged in paragraph 20 of DMG's Third Amended

9  Complaint), and identify all documents or things (including any

10  production number given by DMG) regarding or relating to such activity.

11  The physical location and IP address of any computer involved should be

12  identified in response to this interrogatory. The persons who conducted

13  or were involved in any investigation regarding such activities also

14  should be identified in response to this interrogatory.

15  RESPONSE TO INTERROGATORY NO. 9:

16      Objection: the interrogatory seeks information which may include

17  communications subject to the attorney client privilege and attorney

18  work product privilege. Further, the interrogatory seeks information by a

19  known competitor that is trade secret and confidential as to the manner

20  in which DMG conducts its business, and which may invade the privacy

21  rights of third parties, which will require a Protective Order for DMG to

22  provide the information requested. DMG will further respond to this

23  interrogatory once the protective order is in place.

24      Subject to and without waiving the foregoing objections, DMG

25  responds that on April 27, 2010, Defendants and/or Defendants' agents

26  connected to the dream-marriage.com servers, accessible via IP address

27  199.223.126.41 and located in Oregon, from computers with the IP

28  addresses 213.247.150.120 and 91.135.149.142, located in Russia. The

12                    RESPONSES TO INTERROGATORIES SET
                                              ONE

1  Defendants appear to have had several login/password combinations and

2  succeeded in logging in by trying all of them successively at the agency

3  login panel on the dream-marriage.com site.

4      Additionally, Defendants and/or Defendants' agents made

5  unauthorized access to computers accessible via IP address 199.223.126.41

6  in Oregon from computer(s) at the following IP addresses (among others), on the

7  following dates (among others):

8      a) March 1, 2010 from IP address 91.135.149.142 in Moscow, Russia;

9         DMCD0000001 – 1920, 96762 - 117799, 240679 – 240702.

10     b) March 2, 2010 from IP address 91.135.149.142 in Moscow, Russia;

11        DMCD0000001 – 1920, 96762 - 117799, 240679 – 240702.

12     c) March 5, 2010 from IP address 213.247.150.120 in Moscow, Russia;

13        DMCD0000001 - DMCD0050771, 96762- 240702.

14     d) March 9, 2010 from IP address 91.135.149.142 in Moscow, Russia;

15        DMCD0000001 – 1920, 96762 - 117799, 240679 – 240702.

16     e) April 6, 2010 from IP address 91.135.149.142 in Moscow, Russia;

17        DMCD0000001 – 1920, 96762 - 117799, 240679 – 240702.

18     f) April 6, 2010 from IP address 195.161.102.214 in Moscow, Russia;

19        DMCD0096762 – 117799, 240679 – 240690.

20     g) April 7, 2010 from IP address 195.161.102.214 in Moscow, Russia;

21        DMCD0096762 – 117799, 240679 – 240690.

22     h) April 8, 2010 from IP address 195.161.102.214 in Moscow, Russia;

23        DMCD0096762 – 117799, 240679 – 240690.

24     i) April 8, 2010 from IP address 91.135.149.142 in Moscow, Russia;

25        DMCD0000001 – 1920, 96762 - 117799, 240679 – 240702.

26     j) May 21, 2010 from IP address 91.135.149.142 in Moscow, Russia;

27        DMCD0000001 – 1920, 96762 - 117799, 240679 – 240702.

28

RESPONSES TO INTERROGATORIES SET
ONE

1       k) May 21, 2010 from IP address 195.161.102.214 in Moscow, Russia;

2           DMCD0096762 – 117799, 240679 – 240690.

3       l) June 22, 2010 from IP address 91.135.149.142 in Moscow, Russia;

4           DMCD0000001 – 1920, 96762 - 117799, 240679 – 240702.

5      Additional information will be provided in DMG's document production,

6  DM000170.

7  <u>INTERROGATORY NO. 10:</u>

8      Identify all persons that DMG asserts Defendants and/or

9  Defendants' agents unlawfully communicated with, including the female

10  members alleged in paragraph 21 of DMG's Third Amended Complaint.

11  Such persons should be identified by name, address, telephone number,

12  citizenship, date of birth, and passport number.

13  <u>RESPONSE TO INTERROGATORY NO. 10:</u>

14      Objection: the interrogatory seeks information which may include

15  communications subject to the attorney client privilege and attorney

16  work product privilege. Further, the interrogatory seeks information by a

17  known competitor that is trade secret and confidential as to the manner

18  in which DMG conducts its business, and which may invade the privacy

19  rights of third parties, which will require a Protective Order for DMG to

20  provide the information requested. DMG will further respond to this

21  interrogatory once the protective order is in place.

22      Subject to and without waiving the foregoing objections, DMG

23  responds that information responsive to this Interrogatory is found in

24  DMG's document production, DM000170.

25  <u>INTERROGATORY NO. 11:</u>

26      For each person identified in response to Interrogatory No. 10,

27  describe all alleged interfering activity, including how Defendants and/or

28  Defendants' agents harassed, intimidated, or otherwise unlawfully

14

RESPONSES TO INTERROGATORIES SET ONE

EXHIBIT B
Page 14 of 19

1  communicated with that person, and identify all documents or things

2  (including any production number given by DMG) regarding or relating

3  to such activity. The persons who conducted or were involved in any

4  investigation regarding such activities also should be identified in

5  response to this interrogatory.

6  RESPONSE TO INTERROGATORY NO. 11:

7      Objection: the interrogatory seeks information which may include

8  communications subject to the attorney client privilege and attorney

9  work product privilege. Further, the interrogatory seeks information by a

10  known competitor that is trade secret and confidential as to the manner

11  in which DMG conducts its business, and which may invade the privacy

12  rights of third parties, which will require a Protective Order for DMG to

13  provide the information requested. DMG will further respond to this

14  interrogatory once the protective order is in place.

15      Subject to and without waiving the foregoing objections, DMG

16  responds that information responsive to this Interrogatory is found in

17  DMG's document production, DM000150 – 169.

18  INTERROGATORY NO. 12:

19      Describe all circumvention attempts, including the specific actions

20  by Plaintiff to deny and/or limit Defendants' allegedly wrongful access to

21  Plaintiffs computers, systems, data, and services, and how Defendants

22  and/or Defendants' agents modified their activities to work around

23  Plaintiff s actions, as alleged in paragraph 22 of DMG' s Third Amended

24  Complaint. The persons who conducted or were involved in any

25  investigation regarding such activities also should be identified in

26  response to this interrogatory.

27

28

15

RESPONSES TO INTERROGATORIES SET ONE

EXHIBIT B
Page 15 of 19

RESPONSE TO INTERROGATORY NO. 12:

Objection: the interrogatory seeks information which may include communications subject to the attorney client privilege and attorney work product privilege. Further, the interrogatory seeks information by a known competitor that is trade secret and confidential as to the manner in which DMG conducts its business, and which may invade the privacy rights of third parties, which will require a Protective Order for DMG to provide the information requested. DMG will further respond to this interrogatory once the protective order is in place.

Subject to and without waiving the foregoing objections, DMG responds that in mid April, after discovering screen-scraping, DMG removed the ability to view more than a limited number of DMG's female members' profiles within a certain timeframe if the user attempting to view the female members' profiles was not logged in. After this functionality was implemented, the Defendants altered their screen-scraping code to log into the compromised accounts. The Defendants also attempted to mask their activity by scraping pages of the gallery in random order, rather than sequentially from page 1 to the last page.

Additionally, in mid-April, in response to Defendants' anti-competitive activity and pursuant to conversations with third parties, DMG added additional functionality to protect the profile information of its female members; this functionality was modified in late June to further protect against access from IP addresses identified as belonging to Defendants and/or Defendants' agents, and IP addresses identified as being located in Russia. In response, the defendant started logging into the site from anonymous proxy servers to conceal their origin.

16

RESPONSES TO INTERROGATORIES SET ONE

1

2

3  Dated: February 24, 2011          BRUCE A. FIELDS A.P.C.

4                                    By: _____

5                                         Bruce A. Fields
                                          Attorneys for Plaintiff
6                                         Dream Marriage Group, Inc.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

17                              RESPONSES TO INTERROGATORIES SET
                                                            ONE

# VERIFICATION

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES:

I have read the foregoing PLAINTIFF DREAM MARRIAGE GROUP, INC.S **RESPONSES TO DEFENDANT ANASTASIA INTERNATIONAL, INC'S INTERROGATORIES (SET ONE)** and know its contents.

I am an officer of PLAINTIFF Dream Marriage Group, Inc., a party to this action, and am authorized to make this verification for and on its behalf, and I make this verification for that reason.

I am informed and believe and on that ground allege that the matters stated in the foregoing document are true.

Executed on February 24, 2011 at Los Angeles, California.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Shyrah Butcher
Vice President Corporate Affairs
Dream Marriage Group, Inc.

**PROOF OF SERVICE**

STATE OF CALIFORNIA    )
                       )
COUNTY OF LOS ANGELES  )

    I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 1801 Century Park East, 24th Floor Los Angeles, California 90067.

    On February 25, 2011, I served the foregoing documents described as:  PLAINTIFF DREAM MARRIAGE GROUP, INC.'S RESPONSES TO DEFENDANT ANASTASIA INTERNATIONAL INC.'S INTERROGATORIES, FIRST SET OF REQUEST FOR ADMISSIONS AND FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS on:

Craig B. Bailey.
FULWIDER PATTON LLP
6060 Center Drive, Tenth Floor
Los Angeles, CA 90045

( )  BY EXPRESS OVERNIGHT MAIL - I caused such envelope with postage thereon fully prepaid to be placed in the United States mail at Los Angeles, California.

( BY MAIL - I caused such envelope with postage thereon fully prepaid to be placed in the United States mail at Los Angeles, California.

(  BY EMAIL- I caused a copy of said document to be transmitted to the above referenced recipient at cbailey@fulpat.com.

( )  BY FACSIMILE - I telecopied a copy of said document(s) to the above addressee(s) at the number(s) provided by the addressee(s).  The above-referenced document was transmitted by facsimile transmission and the transmission was reported as complete and without error by the facsimile machine.

( x) BY PERSONAL SERVICE - I caused such envelope to be delivered by hand to attorney.

(XX)  STATE - I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

( )  FEDERAL - I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

    Executed on February 25, 2011, at Los Angeles, California.

BRUCE A. FIELDS

18

RESPONSES TO INTERROGATORIES SET ONE

EXHIBIT B
Page 19 of 19

1  BRUCE A. FIELDS (SBN 102426)
   bfields@bfieldslaw.com
2  BRUCE A. FIELDS A.P.C.
3  1801 Century Park East, 24th Floor
   Los Angeles, California 90067
4  Telephone: 310-552-7832
5  Facsimile: 800-279-4830

6  Attorneys for Plaintiff
7  Dream Marriage Group, Inc.

8
9              UNITED STATES DISTRICT COURT
10            CENTRAL DISTRICT OF CALIFORNIA

11  DREAM MARRIAGE GROUP,          Case No. CV 10-5034 RSWL (FFMx)
12  INC.,
                                   **PLAINTIFF'S RESPONSES TO**
13              Plaintiff,         **DEFENDANT'S FIRST SET OF**
                                   **REQUESTS FOR PRODUCTION**
14
15       v.
16  ANASTASIA
17  INTERNATIONAL, INC. et al.,
18              Defendants.
19
20

21  PROPOUNDING PARTY:   ANASTASIA INTERNATIONAL, INC.
22  RESPONDING PARTY:    DREAM MARRIAGE GROUP, INC.
23  SET:                 ONE
24       Pursuant to Rules 26 and 34 of the Federal Rules of Civil
25  Procedure, plaintiff Dream Marriage Group, Inc. by its attorneys, hereby
26  object and respond to defendant's first set of requests for production.
27
28  DMG RESPONSES TO DEFENDANT
    ANASTASIA REQUEST FOR
    PRODUCTION OF DOCUMENTS

LITIGATION CALENDAR

FEB 2 5 2011

FULWIDER • PATTON, LLP

ADDED AS DOC.

1  REQUEST FOR PRODUCTION NO. 30:

2      Produce all documents that refer or relate to the ownership of

3  dream-marriage.com.

4  RESPONSE TO REQUEST FOR PRODUCTION NO. 30:

5      DMG incorporates by reference its general objections and

6  reservations as though fully set forth herein. DMG further objects that

7  this request, demanding DMG produce "all" documents, is overly broad

8  and unduly burdensome, oppressive and harassing, as the request does

9  not specify a time period and limit the scope. See, e.g., *Scruggs v. Vance*,

10 no. CIV S-06-0633 FCD DAD P, 2009 U.S. Dist. LEXIS 18520, at *3 (E.D.

11 Cal. Mar. 9, 2009). DMG further objects that this request seeks the

12 disclosure of information that is protected by the attorney-client privilege

13 and/or work product doctrine. Based on the objections, DMG will not

14 produce documents responsive to this request.

15 REQUEST FOR PRODUCTION NO. 31:

16     Produce all documents that refer or relate to the operation of

17 dream-marriage.com.

18 RESPONSE TO REQUEST FOR PRODUCTION NO. 31:

19     DMG incorporates by reference its general objections and

20 reservations as though fully set forth herein. DMG further objects that

21 this request, demanding DMG produce "all" documents, is overly broad

22 and unduly burdensome, oppressive and harassing, as the request does

23 not specify a time period and limit the scope. See, e.g., *Scruggs v. Vance*,

24 no. CIV S-06-0633 FCD DAD P, 2009 U.S. Dist. LEXIS 18520, at *3 (E.D.

25 Cal. Mar. 9, 2009). DMG further objects that this request seeks the

26 disclosure of information that is protected by the attorney-client privilege

27 and/or work product doctrine. Based on the objections, DMG will not

28 produce documents responsive to this request.

DMG RESPONSES TO DEFENDANT
ANASTASIA REQUEST FOR                    24
PRODUCTION OF DOCUMENTS

EXHIBIT C
Page 2 of  7

1   scope of discovery by calling for information and or documents not

2   relevant to the subject matter and or information and or documents that

3   may lead to the discovery of admissible evidence at trial. Based on the

4   objections, DMG will not produce documents responsive to this request.

5   REQUEST FOR PRODUCTION NO. 72:

6       Produce all documents sufficient to show the management

7   structure of Dream Marriage, Inc.

8   RESPONSE TO REQUEST FOR PRODUCTION NO. 72:

9       DMG incorporates by reference its general objections and

10  reservations as though fully set forth herein. DMG further objects that

11  this request, demanding DMG produce "all" documents, is overly broad

12  and unduly burdensome, oppressive and harassing, as the request does

13  not specify a time period and limit the scope. See, e.g., *Scruggs v. Vance*,

14  no. CIV S-06-0633 FCD DAD P, 2009 U.S. Dist. LEXIS 18520, at *3 (E.D.

15  Cal. Mar. 9, 2009). DMG further objects that this request exceeds the

16  scope of discovery by calling for information and or documents not

17  relevant to the subject matter and or information and or documents that

18  may lead to the discovery of admissible evidence at trial. Based on the

19  objections, DMG will not produce documents responsive to this request.

20  REQUEST FOR PRODUCTION NO. 73:

21      Produce all documents that refer or relate to the formation of

22  Dream World Partners, Inc.

23  RESPONSE TO REQUEST FOR PRODUCTION NO. 73:

24      DMG incorporates by reference its general objections and

25  reservations as though fully set forth herein. DMG further objects that

26  this request, demanding DMG produce "all" documents, is overly broad

27  and unduly burdensome, oppressive and harassing, as the request does

28  not specify a time period and limit the scope. See, e.g., *Scruggs v. Vance*,

DMG RESPONSES TO DEFENDANT
ANASTASIA REQUEST FOR                              52
PRODUCTION OF DOCUMENTS

EXHIBIT C
Page 3 of  7

1  no. CIV S-06-0633 FCD DAD P, 2009 U.S. Dist. LEXIS 18520, at *3 (E.D.

2  Cal. Mar. 9, 2009). DMG further objects that this request exceeds the

3  scope of discovery by calling for information and or documents not

4  relevant to the subject matter and or information and or documents that

5  may lead to the discovery of admissible evidence at trial. Based on the

6  objections, DMG will not produce documents responsive to this request.

7  REQUEST FOR PRODUCTION NO. 74:

8       Produce all documents that refer or relate to the ownership of

9  Dream World Partners, Inc.

10  RESPONSE TO REQUEST FOR PRODUCTION NO. 74:

11       DMG incorporates by reference its general objections and

12  reservations as though fully set forth herein. DMG further objects that

13  this request, demanding DMG produce "all" documents, is overly broad

14  and unduly burdensome, oppressive and harassing, as the request does

15  not specify a time period and limit the scope. See, e.g., *Scruggs v. Vance*,

16  no. CIV S-06-0633 FCD DAD P, 2009 U.S. Dist. LEXIS 18520, at *3 (E.D.

17  Cal. Mar. 9, 2009). DMG further objects that this request exceeds the

18  scope of discovery by calling for information and or documents not

19  relevant to the subject matter and or information and or documents that

20  may lead to the discovery of admissible evidence at trial. Based on the

21  objections, DMG will not produce documents responsive to this request.

22  REQUEST FOR PRODUCTION NO. 75:

23       Produce all documents sufficient to show the management

24  structure of Dream World Partners, Inc.

25  RESPONSE TO REQUEST FOR PRODUCTION NO. 75:

26       DMG incorporates by reference its general objections and

27  reservations as though fully set forth herein. DMG further objects that

28  this request, demanding DMG produce "all" documents, is overly broad

DMG RESPONSES TO DEFENDANT
ANASTASIA REQUEST FOR                    53
PRODUCTION OF DOCUMENTS

EXHIBIT C
Page 4 of  7

1  and unduly burdensome, oppressive and harassing, as the request does
2  not specify a time period and limit the scope. See, e.g., *Scruggs v. Vance*,
3  no. CIV S-06-0633 FCD DAD P, 2009 U.S. Dist. LEXIS 18520, at *3 (E.D.
4  Cal. Mar. 9, 2009). DMG further objects that this request exceeds the
5  scope of discovery by calling for information and or documents not
6  relevant to the subject matter and or information and or documents that
7  may lead to the discovery of admissible evidence at trial. Based on the
8  objections, DMG will not produce documents responsive to this request.
9  <u>REQUEST FOR PRODUCTION NO. 76:</u>
10     Produce all documents that refer or relate to the formation of
11  Innovative Global Solutions, Inc.
12  <u>RESPONSE TO REQUEST FOR PRODUCTION NO. 76:</u>
13     DMG incorporates by reference its general objections and
14  reservations as though fully set forth herein. DMG further objects that
15  this request, demanding DMG produce "all" documents, is overly broad
16  and unduly burdensome, oppressive and harassing, as the request does
17  not specify a time period and limit the scope. See, e.g., *Scruggs v. Vance*,
18  no. CIV S-06-0633 FCD DAD P, 2009 U.S. Dist. LEXIS 18520, at *3 (E.D.
19  Cal. Mar. 9, 2009). DMG further objects that this request exceeds the
20  scope of discovery by calling for information and or documents not
21  relevant to the subject matter and or information and or documents that
22  may lead to the discovery of admissible evidence at trial. Based on the
23  objections, DMG will not produce documents responsive to this request.
24  <u>REQUEST FOR PRODUCTION NO. 77:</u>
25     Produce all documents that refer or relate to the ownership of
26  Innovative Global Solutions, Inc.
27
28

DMG RESPONSES TO DEFENDANT
ANASTASIA REQUEST FOR                           54
PRODUCTION OF DOCUMENTS

EXHIBIT C
Page 5 of 7

1   objects that the request seeks information that is trade secret and

2   confidential as to the manner in which DMG conducts its business, which

3   will require a Protective Order for DMG to consider for production of the

4   requested documents. Based on the objections, DMG will not produce

5   documents responsive to this request.

6   <u>REQUEST FOR PRODUCTION NO. 81:</u>

7      . Produce all documents DMG may use as an exhibit at any hearing

8   or at the trial of this action.

9   <u>RESPONSE TO REQUEST FOR PRODUCTION NO. 81:</u>

10      DMG incorporates by reference its general objections and

11   reservations as though fully set forth herein. DMG further objects that

12   this request, demanding DMG produce "all" documents, is overly broad

13   and unduly burdensome, oppressive and harassing, as the request does

14   not specify a time period and limit the scope. See, e.g., *Scruggs v. Vance*,

15   no. CIV S-06-0633 FCD DAD P, 2009 U.S. Dist. LEXIS 18520, at *3 (E.D.

16   Cal. Mar. 9, 2009). DMG further objects that the request seeks

17   information that is trade secret and confidential as to the manner in

18   which DMG conducts its business, and which may invade the privacy of

19   third parties, which will require a Protective Order for DMG to consider

20   for production of the requested documents. Based on the objections, DMG

21   will not produce documents responsive to this request.

22

23   Dated: February 24, 2011      BRUCE A. FIELDS A.P.C.

24                    By:_____

25                     Bruce A. Fields

26                     Attorneys for Plaintiff

27                     Dream Marriage Group, Inc.

28

DMG RESPONSES TO DEFENDANT
ANASTASIA REQUEST FOR           57
PRODUCTION OF DOCUMENTS

**PROOF OF SERVICE**

STATE OF CALIFORNIA    )

COUNTY OF LOS ANGELES    )

     I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 1801 Century Park East, 24th Floor Los Angeles, California 90067.

     On February 25, 2011, I served the foregoing documents described as:  PLAINTIFF DREAM MARRIAGE GROUP, INC.'S RESPONSES TO DEFENDANT ANASTASIA INTERNATIONAL INC.'S INTERROGATORIES, FIRST SET OF REQUEST FOR ADMISSIONS AND FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS on:

Craig B. Bailey.
FULWIDER PATTON LLP
6060 Center Drive, Tenth Floor
Los Angeles, CA 90045

( ) BY EXPRESS OVERNIGHT MAIL - I caused such envelope with postage thereon fully prepaid to be placed in the United States mail at Los Angeles, California.

( BY MAIL - I caused such envelope with postage thereon fully prepaid to be placed in the United States mail at Los Angeles, California.

( BY EMAIL- I caused a copy of said document to be transmitted to the above referenced recipient at cbailey@fulpat.com.

( ) BY FACSIMILE - I telecopied a copy of said document(s) to the above addressee(s) at the number(s) provided by the addressee(s).  The above-referenced document was transmitted by facsimile transmission and the transmission was reported as complete and without error by the facsimile machine.

( x) BY PERSONAL SERVICE - I caused such envelope to be delivered by hand to attorney.

(XX)  STATE - I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

( )  FEDERAL - I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

     Executed on February 25, 2011, at Los Angeles, California.

BRUCE A. FIELDS

DMG RESPONSES TO DEFENDANT
ANASTASIA REQUEST FOR
PRODUCTION OF DOCUMENTS

58

EXHIBIT C
Page 7 of 7

# BRUCE A. FIELDS

A Professional Law Corporation
1801 Century Park East
Twenty-Fourth Floor
Los Angeles, California 90067

BFIELDS@BFIELDSLAW.COM

TELEPHONE:(310)552-7832
TELECOPIER:(800)279-4830

March 30, 2011

**FULWIDER • PATTON LLP**
**LOS ANGELES**

**MAR 3 1 2011**

RECEIVED
BY DOCKET DEPT.

VIA:   FedEx

Craig B. Bailey
Fulwider Patton LLP
6060 Center Drive Tenth Floor
Los Angeles, California 90045

    Re:   <u>DMG v. Anastasia International, docket no. 10-cv-5034</u>

Dear Craig:

    Enclosed, please find documents responsive to Anastasia International, Inc.'s First Set of Requests For Production. As many documents are responsive to more than one Request, we are providing these documents with sequential Bates numbers, and have provided the below list to identify which Requests the documents are responsive to. We have endeavored to reference specific documents responsive to each request, however, due to the amount of documents being produced, we may have inadvertently not have identified specific documents that could be responsive. Thus, we still reserve our rights to utilize all documents produced without limitation.

    You'll recall that we earlier produced the document with Bates nos. DM000001-DM000142, in early February; accordingly, we have not reproduced that document here.

    Additionally enclosed, please find a DVD-ROM with extensive computer log files and other data which is normally stored in electronic form and which would be unduly burdensome to produce in paper form.

Documents responsive to Request no. 1:

    DM000564  -  DM000564
    DM000565  -  DM000565
    DM000566  -  DM000568
    DM000569  -  DM000569

Documents responsive to Request no. 2:

    DM000564  -  DM000564
    DM000565  -  DM000565
    DM000566  -  DM000568
    DM000569  -  DM000569

Documents responsive to Request no. 3:

**40**

Craig B. Bailey
March 30, 2011
Page 2

Despite reasonable diligence and inquiry, DMG has not located any documents responsive to this Request. However, discovery is still ongoing, and DMG reserves the right to supplement this production in the event responsive documents are discovered.

Documents responsive to Request no. 4:

| DM000570 | - | DM000571 |
| DM000572 | - | DM000572 |
| DM000573 | - | DM000589 |

Documents responsive to Request no. 5:

Despite reasonable diligence and inquiry, DMG has not located any documents responsive to this Request. However, discovery is still ongoing, and DMG reserves the right to supplement this production in the event responsive documents are discovered.

Documents responsive to Request no. 13:

| DM000590 | - | DM000593 |

Documents responsive to Request no. 14:

| DM000460 | - | DM000466 |
| DM000594 | - | DM000599 |

Documents responsive to Request no. 17:

Despite reasonable diligence and inquiry, DMG has not located any documents responsive to this Request. However, discovery is still ongoing, and DMG reserves the right to supplement this production in the event responsive documents are discovered.

Documents responsive to Request no. 22:

Despite reasonable diligence and inquiry, DMG has not located any documents responsive to this Request. However, discovery is still ongoing, and DMG reserves the right to supplement this production in the event responsive documents are discovered.

Documents responsive to Request no. 23:

Despite reasonable diligence and inquiry, DMG has not located any documents responsive to this Request. However, discovery is still ongoing, and DMG reserves the right to supplement this production in the event responsive documents are discovered.

Documents responsive to Request no. 26:

| DM000001 | - | DM000142 |
| DM000156 | - | DM000163 |
| DM000164 | - | DM000166 |
| DM000167 | - | DM000169 |
| DM000502 | - | DM000513 |
| DM000524 | - | DM000524 |

EXHIBIT D
Page 2 of  11

Craig B. Bailey
March 30, 2011
Page 3

| | | |
|---|---|---|
| DM000528 | - | DM000532 |
| DM000538 | - | DM000538 |
| DM000590 | - | DM000593 |
| DM000606 | - | DM000608 |
| DM000613 | - | DM000616 |
| DM000620 | - | DM000624 |
| DM000631 | - | DM000633 |
| DM000643 | - | DM000647 |
| DM000745 | - | DM000750 |
| DM000751 | - | DM000754 |
| DM000759 | - | DM000761 |
| DM000762 | - | DM000781 |
| DM000796 | - | DM000797 |

Documents responsive to Request no. 27:

| | | |
|---|---|---|
| DM000001 | - | DM000142 |
| DM000156 | - | DM000163 |
| DM000164 | - | DM000166 |
| DM000167 | - | DM000169 |
| DM000502 | - | DM000513 |
| DM000524 | - | DM000524 |
| DM000528 | - | DM000532 |
| DM000533 | - | DM000537 |
| DM000538 | - | DM000538 |
| DM000560 | - | DM000563 |
| DM000590 | - | DM000593 |
| DM000606 | - | DM000608 |
| DM000613 | - | DM000616 |
| DM000620 | - | DM000624 |
| DM000631 | - | DM000633 |
| DM000643 | - | DM000647 |
| DM000727 | - | DM000727 |
| DM000728 | - | DM000728 |

EXHIBIT D
Page 3 of 11

Craig B. Bailey
March 30, 2011
Page 4

| | | |
|---|---|---|
| DM000729 | - | DM000729 |
| DM000730 | - | DM000730 |
| DM000731 | - | DM000731 |
| DM000732 | - | DM000732 |
| DM000733 | - | DM000733 |
| DM000734 | - | DM000734 |
| DM000735 | - | DM000735 |
| DM000736 | - | DM000736 |
| DM000737 | - | DM000737 |
| DM000738 | - | DM000738 |
| DM000739 | - | DM000739 |
| DM000740 | - | DM000740 |
| DM000741 | - | DM000744 |
| DM000745 | - | DM000750 |
| DM000751 | - | DM000754 |
| DM000755 | - | DM000758 |
| DM000759 | - | DM000761 |
| DM000762 | - | DM000781 |
| DM000782 | - | DM000782 |
| DM000783 | - | DM000783 |
| DM000789 | - | DM000795 |
| DM000796 | - | DM000797 |
| DM000798 | - | DM000801 |
| DMCD0001917- | | DMCD0001920 |

Documents responsive to Request no. 28:

| | | |
|---|---|---|
| DM000001 | - | DM000142 |
| DM000156 | - | DM000163 |
| DM000164 | - | DM000166 |
| DM000167 | - | DM000169 |
| DM000502 | - | DM000513 |
| DM000524 | - | DM000524 |
| DM000528 | - | DM000532 |

Craig B. Bailey
March 30, 2011
Page 5

| | | |
|---|---|---|
| DM000533 | - | DM000537 |
| DM000538 | - | DM000538 |
| DM000560 | - | DM000563 |
| DM000590 | - | DM000593 |
| DM000606 | - | DM000608 |
| DM000613 | - | DM000616 |
| DM000620 | - | DM000624 |
| DM000631 | - | DM000633 |
| DM000643 | - | DM000647 |
| DM000727 | - | DM000727 |
| DM000728 | - | DM000728 |
| DM000729 | - | DM000729 |
| DM000730 | - | DM000730 |
| DM000731 | - | DM000731 |
| DM000732 | - | DM000732 |
| DM000733 | - | DM000733 |
| DM000734 | - | DM000734 |
| DM000735 | - | DM000735 |
| DM000736 | - | DM000736 |
| DM000737 | - | DM000737 |
| DM000738 | - | DM000738 |
| DM000739 | - | DM000739 |
| DM000740 | - | DM000740 |
| DM000741 | - | DM000744 |
| DM000745 | - | DM000750 |
| DM000751 | - | DM000754 |
| DM000755 | - | DM000758 |
| DM000759 | - | DM000761 |
| DM000762 | - | DM000781 |
| DM000782 | - | DM000782 |
| DM000783 | - | DM000783 |
| DM000789 | - | DM000795 |

Craig B. Bailey
March 30, 2011
Page 6

| | | |
|---|---|---|
| DM000796 | - | DM000797 |
| DM000798 | - | DM000801 |
| DMCD0001917- | | DMCD0001920 |

Documents responsive to Request no. 32:

| | | |
|---|---|---|
| DM000727 | - | DM000727 |
| DM000728 | - | DM000728 |
| DM000729 | - | DM000729 |
| DM000730 | - | DM000730 |
| DM000731 | - | DM000731 |
| DM000732 | - | DM000732 |
| DM000736 | - | DM000736 |
| DM000737 | - | DM000737 |
| DM000738 | - | DM000738 |
| DM000739 | - | DM000739 |
| DM000740 | - | DM000740 |
| DM000782 | - | DM000782 |
| DM000783 | - | DM000783 |

Documents responsive to Request no. 33:

| | | |
|---|---|---|
| DM000740 | - | DM000740 |

Documents responsive to Request no. 34:

| | | |
|---|---|---|
| DM000736 | - | DM000736 |

Documents responsive to Request no. 35:

| | | |
|---|---|---|
| DM000727 | - | DM000727 |

Documents responsive to Request no. 36:

| | | |
|---|---|---|
| DM000728 | - | DM000728 |

Documents responsive to Request no. 37:

| | | |
|---|---|---|
| DM000732 | - | DM000732 |
| DM000738 | - | DM000738 |

Documents responsive to Request no. 38:

| | | |
|---|---|---|
| DM000731 | - | DM000731 |
| DM000783 | - | DM000783 |
| DM000782 | - | DM000782 |

Craig B. Bailey
March 30, 2011
Page 7

Documents responsive to Request no. 39:

DM000737    -    DM000737

Documents responsive to Request no. 40:

DM000739    -    DM000739

Documents responsive to Request no. 41:

DM000729    -    DM000729

Documents responsive to Request no. 42:

DM000730    -    DM000730

Documents responsive to Request no. 43:

DM000732    -    DM000732

DM000738    -    DM000738

Documents responsive to Request no. 44:

DM000594    -    DM000599
DM000600    -    DM000602
DM000604    -    DM000605

Documents responsive to Request no. 45:

DM000762    -    DM000781

Documents responsive to Request no. 46:

DM000727    -    DM000727

DM000728    -    DM000728

DM000729    -    DM000729

DM000730    -    DM000730

DM000731    -    DM000731

DM000732    -    DM000732

DM000736    -    DM000736

DM000737    -    DM000737

DM000738    -    DM000738

DM000739    -    DM000739

DM000740    -    DM000740

Documents responsive to Request no. 47:

Despite reasonable diligence and inquiry, DMG has not located any documents responsive to this Request. However, discovery is still ongoing, and DMG reserves the right to supplement this production in the event responsive documents are discovered.

EXHIBIT D
Page 7 of   11

Craig B. Bailey
March 30, 2011
Page 8

Documents responsive to Request no. 48:

| | | |
|---|---|---|
| DM000460 | - | DM000466 |

Documents responsive to Request no. 49:

| | | |
|---|---|---|
| DM000503 | - | DM000513 |
| DM000733 | - | DM000733 |
| DM000734 | - | DM000734 |
| DM000735 | - | DM000735 |
| DM000741 | - | DM000742 |
| DM000743 | - | DM000744 |
| DM000745 | - | DM000750 |
| DM000751 | - | DM000754 |
| DM000755 | - | DM000758 |
| DM000759 | - | DM000761 |

Documents responsive to Request no. 50:

| | | |
|---|---|---|
| DM000613 | - | DM000616 |
| DM000617 | - | DM000619 |
| DM000620 | - | DM000624 |
| DM000625 | - | DM000626 |
| DM000627 | - | DM000628 |
| DM000629 | - | DM000630 |
| DM000631 | - | DM000633 |
| DM000634 | - | DM000636 |
| DM000637 | - | DM000638 |
| DM000639 | - | DM000640 |
| DM000641 | - | DM000642 |
| DM000643 | - | DM000647 |
| DM000648 | - | DM000650 |
| DM000651 | - | DM000656 |
| DM000657 | - | DM000659 |
| DM000660 | - | DM000671 |
| DM000672 | - | DM000673 |
| DM000674 | - | DM000674 |

EXHIBIT D
Page 8 of 11

Craig B. Bailey
March 30, 2011
Page 9

| | | |
|---|---|---|
| DM000675 | - | DM000676 |
| DM000677 | - | DM000677 |
| DM000678 | - | DM000679 |
| DM000680 | - | DM000681 |
| DM000682 | - | DM000684 |
| DM000685 | - | DM000686 |
| DM000687 | - | DM000688 |
| DM000689 | - | DM000690 |
| DM000691 | - | DM000692 |
| DM000693 | - | DM000694 |
| DM000695 | - | DM000697 |
| DM000698 | - | DM000720 |
| DM000721 | - | DM000722 |
| DM000723 | - | DM000724 |
| DM000725 | - | DM000726 |
| DM000533 | | DM000537 |

Documents responsive to Request no. 51:

| | | |
|---|---|---|
| DM000538 | - | DM000538 |
| DM000606 | - | DM000608 |
| DM000727 | - | DM000727 |
| DM000728 | - | DM000728 |
| DM000729 | - | DM000729 |
| DM000730 | - | DM000730 |
| DM000731 | | DM000731 |
| DM000732 | - | DM000732 |
| DM000733 | | DM000733 |
| DM000734 | - | DM000734 |
| DM000735 | - | DM000735 |
| DM000737 | - | DM000737 |
| DM000738 | - | DM000738 |
| DM000739 | - | DM000739 |
| DM000740 | - | DM000740 |

**48**

Craig B. Bailey
March 30, 2011
Page 10

|              |   |              |
|--------------|---|--------------|
| DM000745     | - | DM000750     |
| DM000751     | - | DM000754     |
| DM000759     | - | DM000761     |
| DM000796     | - | DM000797     |
| DM000798     | - | DM000801     |
| DMCD0001917  | - | DMCD0001920  |

Documents responsive to Request no. 52:

|             |   |             |
|-------------|---|-------------|
| DMCD000001  | - | DMCD240702  |

Documents responsive to Request no. 53:

|             |   |             |
|-------------|---|-------------|
| DMCD000001  | - | DMCD240702  |

Documents responsive to Request no. 54:

|           |   |           |
|-----------|---|-----------|
| DM000150  | - | DM000156  |
| DM000163  | - | DM000169  |

Documents responsive to Request no. 55:

|           |   |           |
|-----------|---|-----------|
| DM000802  | - | DM000831  |

Documents responsive to Request no. 56:

|           |   |           |
|-----------|---|-----------|
| DM000150  | - | DM000155  |
| DM000156  | - | DM000163  |
| DM000164  | - | DM000166  |
| DM000167  | - | DM000169  |

Documents responsive to Request no. 57:

|           |   |           |
|-----------|---|-----------|
| DM000150  | - | DM000155  |
| DM000156  | - | DM000163  |
| DM000164  | - | DM000166  |
| DM000167  | - | DM000169  |

Documents responsive to Request no. 58:

|           |   |           |
|-----------|---|-----------|
| DM000590  | - | DM000593  |

Documents responsive to Request no. 60:

Despite reasonable diligence and inquiry, DMG has not located any documents responsive to this Request. However, discovery is still ongoing, and DMG reserves the right to supplement this production in the event responsive documents are discovered.

EXHIBIT D
Page 10 of   11

Craig B. Bailey
March 30, 2011
Page 11

Documents responsive to Request no. 61:

| | | |
|---|---|---|
| DM000564 | - | DM000564 |
| DM000565 | - | DM000565 |
| DM000566 | - | DM000568 |
| DM000569 | - | DM000569 |

Documents responsive to Request no. 62:

| | | |
|---|---|---|
| DM000570 | - | DM000571 |
| DM000572 | - | DM000572 |
| DM000573 | - | DM000589 |

Documents responsive to Request no. 63:

| | | |
|---|---|---|
| DM000460 | - | DM000466 |
| DM000602 | - | DM000602 |
| DM000570 | - | DM000571 |
| DM000572 | - | DM000572 |
| DM000573 | - | DM000589 |

Documents responsive to Request no. 64:

Other than the documents pertaining to this litigation, despite reasonable diligence and inquiry, DMG has not located any documents responsive to this Request. However, discovery is still ongoing, and DMG reserves the right to supplement this production in the event responsive documents are discovered.

Sincerely,

Bruce A. Fields, Esq.


Encl:   Paper document production DM000150-DM000832
        DVD-ROM disc with electronic production DMCD0000001-DMCD0240702

**50**

# EXHIBIT E

# FILED UNDER SEAL

**James Juo**
_____

| | |
|---|---|
| **From:** | Bruce Fields <bfields@bfieldslaw.com> |
| **Sent:** | Thursday, February 09, 2012 4:10 PM |
| **To:** | James Juo |
| **Cc:** | Craig Bailey; Bruce Fields; Chris Harshman (chris@dream-marriage.com) (chris@dream-marriage.com); R. Christopher Harshman <rch@packetlaw.com> |
| **Subject:** | DMG v Anastasia |

James,

To briefly memorialize our phone conversation, you will follow up with Judge Mumm's clerk on your proposed Application to File Under Seal with regard to the Joint Statement Motion to Compel due this Monday and you most likely will have your input and the Joint Stipulation to us by noon on Monday 2-13-12. As I advised, Mr. Munoz stated we just have to submit the Amended Joint Stipulation as required in the Court's Order of 1-30-12.

You have agreed to withdraw your present Joint Stipulation relative to Al's proposed experts served on 2-6-12 and we will let you know by tomorrow what documents (if any) cannot go to your expert in Moscow.

You advised that you will let us know about a proposed stipulation to modify the scheduling order within the next few days. As I advised, our request for a modification has to do with including and not limited to not being able to follow up on recently discovered information, the amendment of our complaint and our inability to depose Mr. Eremin.

Regards,
Bruce

Bruce A. Fields
A Professional Law Corporation
1801 Century Park East, Ste 2400
Los Angeles, CA 90067
310-552-7832
Fax 800-279-4830
bfields@bfieldslaw.com

**CONFIDENTIALITY NOTICE:** This e-mail transmission and any documents, files or previous-emails attached to it may contain information that is confidential or legally privileged.  If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that you must not read this transmission and that any disclosure, copying, printing, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify the sender by telephone or return e-mail and delete the original transmission and its attachments, without reading or saving in any manner.  Thank you.

1

EXHIBIT F
Page 1 of 1

# BRUCE A. FIELDS
## A PROFESSIONAL LAW CORPORATION
1801 Century Park East, 24ᵗʰ Floor
Los Angeles, California 90067

Telephone: (310) 552-7832
Facsimile: (800) 279-4830
Email: bfields@bfieldslaw.com

Bruce A. Fields

April 27, 2012

Via Email & US Mail

James Juo, Esq.
Fulwider Patton LLP
Howard Hughes Center
6060 Center Drive, Tenth Floor
Los Angeles, California 90045

**Re:** ***Dream Marriage Group, Inc. v. Anastasia International, Inc.***
***USDC Case No. 10 CV 5034 RSWL (FFMx)***

Dear James:

I write to schedule a meet and confer pursuant to L.R. 7-3 regarding DMG's intent to bring a motion to amend its Third Amended Complaint. We have good cause to seek this amendment, which will: clarify our claims based on information revealed in discovery; add plaintiff Dream World Partners, Inc.; add new defendants IT-Online, LLC, Stolitza, LLC, Web Service, LLC, Lookintom Consolidated, Ltd., Kirpton, Ltd. and Neil Bryant, the existence of which Plaintiff has only recently uncovered or confirmed as discovery in this matter has progressed; and correct the factual allegations of the complaint to reflect the results of our ongoing investigation into this matter. DMG will also seek to add one additional claim of Intentional Interference with Prospective Economic Advantage with respect to all defendants for the ongoing conduct relative to their joint and several coercion of DMG's agencies to preclude women from working with DMG, which has caused DMG substantial damage.

Anastasia will suffer no prejudice from this amendment as it does not change the fundamental nature of the suit nor does the amendment preclude your client from conducting further discovery relating to the amended complaint. Moreover, to the extent there has been any delay in filing this amendment, it is largely due to Anastasia's own obstructionist conduct in discovery, as well as it's failure to acquire information from the above referenced entities and individuals that have been managing all of Anastasia's business activities. Any delay is not a result of any lack of a good faith effort on our part in prosecuting this matter.

James Juo, Esq.
Fulwider Patton LLP
April 27, 2012
Page 2

As you are well aware, Fed. R. Civ P. 15(a) requires that leave to amend "shall be freely given when justice so desires." This policy is "to be applied with extreme liberality." *C.F. ex rel. Farnan v. Capistrano Unified Sch. Dist.*, 654 F.3d 975, 985 (9th Cir. 2011); see also *Cooper Development Co. v. Employers Insurance of Wausau*, 765 F.Supp. 1429, 1432 (N.D. Cal. 1991) (courts have been "quite liberal" in granting leave to amend); Moore, *3-15 Moore's Federal Practice - Civil* §15.14 ("A liberal, pro-amendment ethos dominates the intent and judicial construction of Rule 15(a).").

In light of the above, we request you stipulate to this amendment, to avoid burdening the Court with unnecessary motion practice. Please let me know your availability to discuss this issue as soon as possible; ideally, we can address this topic during our meet and confer on other discovery matters scheduled to begin late next week. We will have our proposed Fourth Amended Complaint available for your review within the next few days.

Nothing in this letter should be construed as a waiver or limitation of any of plaintiff's remedies or rights, including plaintiff's right to move *ex parte*, all of which are expressly reserved.

Very truly yours,

Bruce Fields

**James Juo**

| From: | James Juo |
|---|---|
| Sent: | Friday, April 27, 2012 9:40 PM |
| To: | 'Bruce Fields' |
| Cc: | Craig Bailey; Chris Harshman; Chris Harshman |
| Subject: | RE: Dream Marriage v Anastasia Pre Motion Conference |

Bruce,

Until you send us a copy of DMG's proposed Fourth Amended Complaint, we cannot conduct a meaningful conference of counsel regarding DMG's intent to seek leave to amend its complaint again.

James Juo
Partner
**FULWIDER ● PATTON LLP**
6060 Center Drive, Tenth Floor, Los Angeles, CA 90045
T: 310.824.5555  |  DD: 310.242.2656  |  F: 310.824.9696
Email: jjuo@fulpat.com  |  website: www.fulpat.com

The contents of this e-mail message and its attachments are covered by the Electronic Communications Privacy Act (18 U.S.C. 2510-2521) and are intended solely for the addressee(s) hereof. In addition, this e-mail transmission may be confidential and it may be subject to privilege protecting communications between attorneys or solicitors and their clients. If you are not the named recipient, or the employee or agent responsible for delivering the message to the intended recipient, or if this message has been addressed to you in error, you are directed not to read, disclose, reproduce, distribute, disseminate or otherwise use this transmission. Delivery of this message to any person other than the intended recipient(s) is not intended in any way to waive privilege or confidentiality. If you have received this communication in error, please notify us immediately by return e-mail or by telephone, 310-824-5555, and delete and/or destroy all copies of the message immediately.

**From:** Bruce Fields [mailto:bfields@bfieldslaw.com]
**Sent:** Friday, April 27, 2012 11:35 AM
**To:** James Juo
**Cc:** Craig Bailey; Chris Harshman; Chris Harshman; Bruce Fields
**Subject:** Dream Marriage v Anastasia Pre Motion Conference

James,

Please find enclosed a letter with today's date.

Regards,
Bruce

Bruce A. Fields
A Professional Law Corporation
1801 Century Park East, Ste 2400
Los Angeles, CA 90067
310-552-7832
Fax 800-279-4830
bfields@bfieldslaw.com

**CONFIDENTIALITY NOTICE:** This e-mail transmission and any documents, files or previous-emails attached to it may contain information that is confidential or legally privileged.  If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that you must not read this transmission and that any disclosure, copying, printing, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. If you have received this

1

EXHIBIT H
Page 1 of 2

transmission in error, please immediately notify the sender by telephone or return e-mail and delete the original transmission and its attachments, without reading or saving in any manner.  Thank you.

2

EXHIBIT H
Page 2 of  2

**James Juo**

_____

| | |
|---|---|
| **From:** | Bruce Fields <bfields@bfieldslaw.com> |
| **Sent:** | Monday, May 14, 2012 8:39 PM |
| **To:** | James Juo |
| **Cc:** | Craig Bailey; Chris Harshman; Nicholas Williamson; Bruce Fields |
| **Subject:** | FW: 4th Amended Complaint |

James,

I am forwarding the email that Chris sent on Friday with a link to download the 4th amended complaint. The complaint was too large to send it as an attachment.

We reserve our rights to further modify this pleading before it is filed.

We have a difference of opinion with respect to our attempt to meet and confer and our position is that the request was set forth in our April 27, 2012 letter. We contend that you did not require the completed complaint as we apprised you of the new parties, new claim and the basis for the factual assertions in support in our April 27, 2012 letter. You asserted that you could not apprise us as to whether you could stipulate until you reviewed the complaint.

I am available to discuss this motion tomorrow afternoon or on Wednesday. In the spirit of cooperation, we will schedule the hearing date for June 20, 2012 if we cannot stipulate as requested.

Regards,
Bruce

Bruce A. Fields
A Professional Law Corporation
1801 Century Park East, Ste 2400
Los Angeles, CA 90067
310-552-7832
Fax 800-279-4830
bfields@bfieldslaw.com

**CONFIDENTIALITY NOTICE**: This e-mail transmission and any documents, files or previous-emails attached to it may contain information that is confidential or legally privileged.  If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that you must not read this transmission and that any disclosure, copying, printing, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify the sender by telephone or return e-mail and delete the original transmission and its attachments, without reading or saving in any manner.  Thank you.

_____

**From:** Chris Harshman <rch@packetlaw.com>
**Date:** Monday, May 14, 2012 12:40 PM
**To:** Nicholas Williamson <nichwilliamson@gmail.com>
**Cc:** Bruce Fields <bfields@bfieldslaw.com>
**Subject:** Re: 4th Amended Complaint

**From: Chris Harshman <rch@packetlaw.com>**

1

EXHIBIT I
Page 1 of   2

**Date:** May 11, 2012 7:14:34 PM PDT
**To:** James Juo <jjuo@fulpat.com>
**Subject: 4th Amended Complaint Draft**

James,

Linked below, please find a current draft of our proposed 4th Amended Complaint. Please note that, while this is "pretty close" to what we ultimately intend to file (and may in fact be the document we file without further revision), we expressly reserve the right to further modify the document. (Should we stipulate to the filing of this amended complaint, we naturally will work with you -- including providing a redlined version -- before the actual filing of any modified document.)

http://myaccount.dropsend.com/file/dd17f6c087e7666c

Many thanks,
Chris

2

EXHIBIT I
Page 2 of 2

**James Juo**

| | |
|---|---|
| **From:** | Bruce Fields <bfields@bfieldslaw.com> |
| **Sent:** | Thursday, May 17, 2012 4:19 PM |
| **To:** | James Juo |
| **Cc:** | Craig Bailey; Nicholas Williamson; Chris Harshman |
| **Subject:** | Proposed Scheduling Stipulation re DMG's 4th Amended Complaint |

James,

Regarding a proposed amended scheduling order, since all of the proposed newly named defendants are foreign entities, it may take additional time to effect service. The new defendants should also be served with the amended scheduling order.

Given the above and in order to effect discovery following Rule 26 disclosures, a nine month extension would be reasonable. Thus, we proposed the following schedule:

Discovery Cut Off:           May 2, 2013
Expert Discovery Cut-off:     August 1, 2013
Last Day to file
Dispositive Motions:          September 5, 2013
Final Pre-Trail Conference:   December 2, 2013 10AM
Trial:                        January 14, 2014 9AM

We look forward to having a meaningful discussion in this regard. If you are not available today, please provide the times tomorrow so we can coordinate our schedule.

Regards,
Bruce


Bruce A. Fields
A Professional Law Corporation
1801 Century Park East, Ste 2400
Los Angeles, CA 90067
310-552-7832
Fax 800-279-4830
bfields@bfieldslaw.com

**CONFIDENTIALITY NOTICE**: This e-mail transmission and any documents, files or previous-emails attached to it may contain information that is confidential or legally privileged.  If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that you must not read this transmission and that any disclosure, copying, printing, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify the sender by telephone or return e-mail and delete the original transmission and its attachments, without reading or saving in any manner.  Thank you.

1

EXHIBIT J
Page 1 of 1

**James Juo**

| | |
|---|---|
| **From:** | James Juo |
| **Sent:** | Thursday, May 17, 2012 6:49 PM |
| **To:** | 'Chris Harshman' |
| **Cc:** | Bruce A. Fields; Craig Bailey; yeskoo@yeskoolaw.com |
| **Subject:** | RE: Amended complaint |

Chris,

The link below sends me to a "login" page for Dropsend.

James Juo
Partner
FULWIDER • PATTON LLP
6060 Center Drive, Tenth Floor, Los Angeles, CA 90045
T: 310.824.5555 | DD: 310.242.2656 | F: 310.824.9696
Email: jjuo@fulpat.com | website: www.fulpat.com

The contents of this e-mail message and its attachments are covered by the Electronic Communications Privacy Act (18 U.S.C. 2510-2521) and are intended solely for the addressee(s) hereof. In addition, this e-mail transmission may be confidential and it may be subject to privilege protecting communications between attorneys or solicitors and their clients. If you are not the named recipient, or the employee or agent responsible for delivering the message to the intended recipient, or if this message has been addressed to you in error, you are directed not to read, disclose, reproduce, distribute, disseminate or otherwise use this transmission. Delivery of this message to any person other than the intended recipient(s) is not intended in any way to waive privilege or confidentiality. If you have received this communication in error, please notify us immediately by return e-mail or by telephone, 310-824-5555, and delete and/or destroy all copies of the message immediately.

-----Original Message-----
From: Chris Harshman [mailto:rch@packetlaw.com]
Sent: Thursday, May 17, 2012 3:42 PM
To: James Juo
Cc: Bruce A. Fields
Subject: Amended complaint

James,

Attached, please find a "fixed" PDF copy of the proposed 4th Amended Complaint (the issue appears to be Microsoft Word embedding too many copies of fonts, trying to resolve that moving forward).

We were able to prepare a redlined version compared to the 3rd Amended; unfortunately we're running into the same issue with PDF filesize from Word, so I've made it available the same way we did the original 4th AC (fixing the PDF takes several hours in Acrobat Pro per affected PDF):

https://myaccount.dropsend.com/sentitems/details?file_id=5202823

Yours,
Chris

1

EXHIBIT K

**James Juo**

| | |
|---|---|
| **From:** | Chris Harshman <rch@packetlaw.com> |
| **Sent:** | Friday, May 18, 2012 12:05 AM |
| **To:** | James Juo |
| **Cc:** | Bruce Fields; Craig Bailey; Nicholas Williamson |
| **Subject:** | Re: Proposed Scheduling Stipulation re DMG's 4th Amended Complaint |
| **Attachments:** | 2012.05.16 Redlinedpdf.pdf; ATT00001..htm |

James,

The attached redline should work for you.

Thanks,
Chris

1

EXHIBIT L
Page 1 of  106



1   Bruce A. Fields~~(~~, SBN 102426~~)~~
2   ~~Haney, Buchanan & Patterson LLP~~
    ~~707 Wilshire Blvd.,~~
3   ~~53rd~~bfields@bfieldslaw.com
    BRUCE A. FIELDS, A PROFESSIONAL CORP.
4   1801 Century Park East, 24th Floor
5   Los Angeles, ~~CA 90017~~
    California 90067
6   Telephone:   ~~(213) 228-6500~~
7            (310) 552-7832
    Facsimile:   ~~(213) 228-6501~~   (800) 279-
8   4830
9   bfields@hbplaw.com
10
11  R. Christopher Harshman (248214)
12  rch@packetlaw.com
    9701 Wilshire Boulevard, Suite 1000
13  Beverly Hills, CA 90212
14  Telephone:   (310) 651-3077
    Facsimile:   (310) 773-9027
15
16  Attorneys for ~~Plaintiff~~Plaintiffs Dream
    Marriage Group, Inc. & Dream World
17  Partners, Inc.

        ~~UNITED STATES DISTRICT COURT~~
18
        ~~CENTRAL DISTRICT OF CALIFORNIA~~
19
20
        UNITED STATES DISTRICT COURT
21
        CENTRAL DISTRICT OF CALIFORNIA
22
23
24
25
26
27
28

Style Definition ... [31]
Style Definition ... [30]
Style Definition ... [29]
Style Definition ... [28]
Style Definition ... [27]
Style Definition ... [26]
Style Definition ... [25]
Style Definition ... [24]
Style Definition ... [23]
Style Definition ... [22]
Style Definition ... [21]
Style Definition ... [20]
Style Definition ... [19]
Style Definition ... [18]
Style Definition ... [17]
Style Definition ... [16]
Style Definition ... [15]
Style Definition ... [14]
Style Definition ... [13]
Style Definition ... [12]
Style Definition ... [11]
Style Definition ... [10]
Style Definition ... [9]
Style Definition ... [8]
Style Definition ... [7]
Style Definition ... [6]
Style Definition ... [5]
Style Definition ... [4]
Style Definition ... [3]
Style Definition ... [2]
Style Definition ... [1]
Formatted ... [32]
Formatted ... [33]
Formatted Table ... [34]
Formatted ... [35]
Formatted ... [36]
Formatted ... [37]
Formatted ... [38]
Formatted ... [39]
Formatted ... [40]
Formatted ... [41]
Formatted ... [42]
Formatted ... [43]
Formatted ... [44]

EXHIBIT L
Page 2 of  106



DREAM MARRIAGE GROUP, INC., a Nevada corporation,

Plaintiff,

vs.

ANASTASIA INTERNATIONALDream Marriage Group, Inc., a Kentucky corporation, and DOES 1-10, Dream World Partners, Inc.,

_____ Plaintiffs,

_____ vs.

Anastasia International, Inc.;
Stolitza, LLC;
IT Online Group;
Pay Online System;
Web Service, LLC;
Lookintom Consolidated Limited; and
DOES 5-10,

_____

Defendants.

Case No.no. CV 10-cv-5034 05034 RSWL (FFMx)

3RD AMENDED COMPLAINT FOR CYBERPIRACY Fourth Amended Complaint For:

1. 1. **Cyberpiracy**
[ 15 U.S.C. § 1125(D) ]
2. TRADEMARK INFRINGEMENT d) ]
2. **Trademark Infringement**
[ 15 U.S.C. § 1114(1)
3. FALSE DESIGNATION OF ORIGIN ]
3. **False Designation Of Origin**
[ 15 U.S.C. § 1125(A)
4. DILUTION ]
4. **Dilution**
[ 15 U.S.C. § 1125(C)
5. TRADEMARK INFRINGEMENT CALIFORNIA COMMON LAW
6. UNFAIR COMPETITION CAL. BUS. & PROF. ]
5. **Trademark Infringement**
[ California Common Law ]
6. **Unfair Competition**
[ Cal. Bus. & Prof. § 17200
7. COMPUTER ABUSE ]
7. **Computer Fraud & Abuse**
[ 18 USC § U.S.C. § 1030
8. **Tortious Interference with Prospective Economic Advantage**
[California Common Law]

DEMAND FOR JURY TRIAL

4
3RD AMENDED COMPLAINT CASE NO. 10 CV 5034 RSWL (FFMx)

2
Fourth Amended Complaint – CV10-5034-RSWL (FFMx)

**Formatted:** Font: Garamond
**Formatted:** Font: Garamond
**Formatted:** Caption Block
**Formatted:** Font: Garamond
**Formatted Table**

**Formatted:** Font: Garamond
**Formatted:** Font: Garamond, 14 pt, Bold
**Formatted:** Font: Garamond
**Formatted:** Caption Block
**Formatted:** Font: Garamond
**Formatted:** Font: Garamond

**Formatted:** Font: Garamond

**Formatted:** Font: Garamond

**Formatted:** Font: Garamond

**Formatted:** Font: Garamond

**Formatted:** Caption Block, No bullets or numbering, Adjust space between Latin and Asian text, Adjust space between Asian text and numbers, Tab stops: Not at 1.05"

**Formatted:** Font: Garamond
**Formatted:** Font: Garamond
**Formatted:** Font: Garamond, Bold



**Demand for Jury Trial**

Plaintiff

Plaintiffs Dream Marriage Group, Inc., a and Dream World Partners, Inc., Nevada corporation,corporations (together, "Plaintiffs"), by and through itstheir undersigned attorneys, complainscomplain and allegesallege as follows:

**JURISDICTION AND VENUE**

**INTRODUCTION**

1.      The Plaintiffs in this action operate, and their predecessors in interest have continuously and extensively operated, Internet-based matchmaking and related services (the "Services"), available on the World Wide Web at www.dream-marriage.com (the "Website") and through other channels, which facilitate men being introduced to, and corresponding with, women – the majority of whom are from the Commonwealth of Independent States and Ukraine (the "Commonwealth Women").

2.      The Plaintiffs' Services are in direct competition with those provided by defendant Anastasia International, Inc. ("Anastasia") and/or its agents or partners (as set forth herein) (collectively, "Defendants").

3.      The Plaintiffs have, individually or through their predecessors in interest, made continuous and extensive use of the "Dream Marriage" word mark, now a registered service mark (U. S. Trademark Registration No. 3,760,949) (the "Dream Marriage Mark"), since on or about December 2003.

4.      The Plaintiffs, like the Defendants, rely on relationships with third party agencies whom represent the Commonwealth Women, place them on websites like those maintained by the parties hereto, and otherwise help facilitate introductions and communication between the parties' male customers and the Commonwealth Women (the "Agencies").

5.      There is a substantial overlap between the Agencies who have established, ongoing contractual relationships with the Plaintiffs, and those Agencies who have similar relationships with the Defendants.

4
3RD AMENDED COMPLAINT - CASE NO. 10-CV-5034 RSWL (FFMX)

1

**Formatted:** Font: Garamond
**Formatted:** Font: Garamond
**Formatted:** Normal Indented, Indent: First line:  0", Line spacing:  single
**Formatted:** Font: Garamond
**Formatted:** Font: Garamond
**Formatted:** Font: Garamond
**Formatted:** Font: Garamond

EXHIBIT L
Page 5 of  106

6.    On or about July 24, 2009, the Defendants registered Infringing Domain Names that incorporate or are confusingly similar to the Plaintiffs' Dream Marriage Mark. Until on or about August, 2010, shortly after Plaintiff DMG filed the instant suit, the Defendants made use of those Infringing Domain Names to drive traffic to its own directly competing website.

7.    Starting in or before early April 2010 and continuing through at least December 2011, the Defendants engaged in a systematic practice of Screen-Scraping the Plaintiffs' Website (as discussed below), using the information obtained through that Screen-Scraping to interfere with the Plaintiffs' relationships with the Agencies, damaging Plaintiffs in an amount to be established at trial but estimated to be in excess of two million dollars ($2,000,000).

### PARTIES

1.    This is an action for cyberpiracy under 15 U.S.C. § 1125(d), for trademark infringement under 15 U.S.C. § 1114(1); for false designation of origin under 15 U.S.C. § 1125(c); and for unfair competition under California Business & Professions Code § 17200 and California common law as well as 18 USC § 1030. As such, this Court has subject matter jurisdiction over the claims pursuant to 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331 and 1338.

2.    This Court has supplemental jurisdiction over the claims in this Complaint that arise under the statutory and common law of the State of California pursuant to 28 U.S.C. § 1367(a) because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

8.    The plaintiff Plaintiff Dream Marriage Group, Inc. ("DMG") is a corporation incorporated under the laws of Nevada. DMG owns internet websites providing matchmaking and dating services to the public, via (*inter alia*) the website www.dream-

3RD AMENDED COMPLAINT - CASE NO. 10-CV-5034-RSWL (FFMX)

4

2

*Formatted:* Font: Garamond, 14 pt

*Formatted:* Font: Garamond, 14 pt, Kern at 14 pt

*Formatted:* Font: Garamond, 14 pt, Kern at 14 pt

EXHIBIT L
Page 6 of   106

marriage.com (the "Website"). DMG is the owner of the registered Dream Marriage Mark and Website described herein.

9.     Plaintiff Dream World Partners, Inc. ("DWP") is a corporation incorporated under the laws of Nevada, with its principal place of business in California.  DWP manages DMG's websites, and otherwise provides operational services for DMG. Under its management agreement with DMG, DWP has the right to pursue and assert all claims that violate DMG's trademark rights and rights associated with DMG's business.

~~3.~~     Defendant Anastasia International, Inc. is incorporated under the laws of Kentucky, with its principal place of business in Maine.  ~~The amount in controversy exceeds $75,000.  Accordingly, this district court has original jurisdiction over this matter pursuant to 28 USC § 1332.~~

~~4.     Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b) as a substantial part of  the events or omissions giving rise to the claim and the threatened and actual harm to Plaintiff  occurred in this District by reason of  Defendants' conduct as alleged below. Venue is also proper in this Judicial District pursuant to because Defendant Anastasia International, Inc. does business within this District.~~

**PARTIES**

~~5.~~ , and provides ~~Plaintiff  Dream Marriage Group, Inc.~~ (the "Dream Marriage ~~Group") is now, and at all relevant times was, a for-profit corporation organized and existing under the laws of  the State of  Nevada.  Plaintiff  owns and manages several internet websites providing matchmaking and dating services to the public.  The Dream Marriage Group is the owner of  the trademark described herein used in the conducting of  that business.~~

~~6.~~10.   Defendant ANASTASIA INTERNAIONAL, Inc., on information and belief, is a business organization incorporated in Kentucky engaged in internet matchmaking business internet matchmaking services in the United States and abroad,

Formatted: Font: Garamond, 14 pt, Kern at 14 pt

Formatted: Font: Garamond, 14 pt

Formatted: Font: Garamond, 14 pt

Formatted: Font: Garamond, 14 pt

Formatted: Font: Garamond, 14 pt

Formatted: Normal - Numbered, Line spacing:  single,  No bullets or numbering

Formatted: Font: Garamond

EXHIBIT L
Page 7 of  106

primarily conducting that business through various websites including but not limited to anatasiadate.com, anastasiainternational.com, anastasiaweb~~www.~~**anastasiadate**.com, www.**4affiliate**.net, www.**anastasiaweb**.com, www.russianbride.com, www.russianbrides.com, www.**svadba**.com, www.**anastasia-international**.com, anastasiawebscam.com, russianwomensites.com, mail-order-brides-websites.no.1reviews.com, anastasiainternationalscam.com, stop-scammers.com, and foreignpassion.com (the "Anastasia Sites"). Anastasia often refers to itself as AnastasiaDate, after the Anastasia Site www.**anastasiadate**.com, which comprises the bulk of its business.

Formatted: Font: Garamond

11.  Defendant IT Online Group ("IT Online") is a Russian entity of unknown form, using the Internet domain name **it-online.ru**, with its principle place of business at Obrazcova 14, Moscow, Russia 127055 and/or 8 March St, property 12, build. 3, Moscow, Russia, with (at least) the phone numbers +7 (495) 933-01-33, +7 (495) 775-15-43.

12.  Defendant Pay Online System is a Russian limited liability company with primary state registration number 1097746015047, with its principle place of business at 14 Obraztsova[1] Street, Moscow, Russia 127055. Pay Online System does business as "Payit-Online," and, upon information and belief, operates as a subsidiary and/or agent of IT Online.

13.  Defendant Stolitza, LLC ("Stolitza") is a Russian limited liability company, with its principle place of business at Obrazcova 14, Moscow, Russia 127055.

14.  Defendant Web Service, LLC ("Web Service") is, a Russian limited liability company with primary state registration number 1057748989528, with its principle place of business at 14 Obraztsova Street, Moscow, Russia 127055, with phone number +7 (495) 775-15-43.

1.  Defendant Lookintom Consolidated Limited ("Lookintom") is a British Virgin Islands limited company, company number 1059503, who may be served through its

---

[1] Plaintiffs are informed and believes that Obrazcova 14, 14 Obraztsova, and variations thereon, are equivalents that refer to the same street address, with "Obrazcova" and "Obraztsova" both being transliterations of Образцова

EXHIBIT L
Page 8 of  106

1  Registered Agent, Commonwealth Trust Limited, 1st Floor Yamraj Bldg., P.O. Box 3321,
2  Road Town, Tortola VG1110, British Virgin Islands. Lookintom maintains bank account(s)
3  at Hellenic Bank, Larnaca, Cyprus. Lookintom, during relevant times hereto, has leased and
4  does lease, colocated computer servers, used to operate the Anastasia Sites and to engage in
5  the Screen Scraping activity set forth below, in the United States through IT Online's Payit-
6  Online subsidiary. The email addresses provided for the Lookintom computer server lease
7  accounts are k.yan@**it-online.ru**, m.abasaliev@**it-online.ru**, and v.dzbioev@**it-online.ru**.

8       7.2.    The true names and capacities, whether individual, corporate, associate or
9  otherwise of Does 15 through 10, inclusive, and each of them, are unknown to
10  ~~Plaintiff~~Plaintiffs, who therefore ~~sues~~sue said defendants by such fictitious names, and will
11  seek leave of this Court to amend this Complaint to show the true names and capacities
12  when they have been ascertained. ~~Plaintiff  is~~Plaintiffs are informed and believes, and on
13  that basis ~~alleges~~allege, that each defendant designated herein as a Doe was responsible,
14  intentionally, negligently, in a contributory and/or vicarious capacity, or in some other
15  actionable manner, for the events and happenings referred to herein which proximately and
16  legally caused the damages to ~~Plaintiff~~Plaintiffs as hereinafter alleged.

17       8.3.    ~~Plaintiff  is~~Plaintiffs are informed and believes and thereon ~~alleges~~allege, that
18  at all times herein mentioned each of the Defendants, including all Defendants sued under
19  fictitious names, and those agents, employees, and/or independent contractors identified
20  herein, was the agent and/or employee of each of the remaining Defendants, and in doing
21  the things herein alleged, was acting within the course and scope of this agency or
22  employment.

23       4.    Plaintiffs are informed and believes and thereon allege, that at all times herein
24  mentioned with Anastasia's knowledge and consent, Defendant IT-Online has held itself
25  out to the public as being Anastasia, as well as Anastasia's partner, has managed all of
26  Anastasia's internet activities, including and not limited to the activities that form the basis
27  of Plaintiff's claims herein. Plaintiff contends that Stolitza, IT-Online and Anastasia are

28

---

~~4~~
~~3RD AMENDED COMPLAINT - CASE NO. 10-CV-5034 RSWL (FFMx)~~
5
FOURTH AMENDED COMPLAINT – CV10-5034-RSWL (FFMx)

---

Formatted: Font: Garamond

Formatted: Normal - Numbered, Line
spacing:  single,  No bullets or numbering,
Adjust space between Latin and Asian
text, Adjust space between Asian text and
numbers

Formatted: Font: Garamond
Formatted: Font: Garamond
Formatted: Font: Garamond
Formatted: Font: Garamond
Formatted: Font: Garamond

Formatted: Font: Garamond

Formatted: Font: Garamond
Formatted: Font: Garamond

EXHIBIT L
Page 9 of  106

1 Partners or Quasi-Partners are jointly and severally liable for the activities and damages

2 asserted by Plaintiff herein. Plaintiffs are informed and believes and thereon allege, that at

3 all times herein mentioned that Anastasia accepted and ratified all the wrongful and tortious

4 activities of its Partners complained of herein.

5

6 **JURISDICTION AND VENUE**

7 This is an action for cyberpiracy under 15 U.S.C. § **FACTUAL ALLEGATIONS**

8 **Plaintiff's Mark**

9     5.     1125(d); for trademark infringement under 15 U.S.C. § 1114(1); for false

10 designation of origin under 15 U.S.C. § 1125(a); for dilution under 15 U.S.C. § 1125(c); for

11 common law trademark infringement; for unfair competition under California Business &

12 Professions Code §§ 17200 *et seq.* and California common law; for computer fraud and

13 abuse pursuant to 18 U.S.C. § 1030; and for tortious interference with prospective economic

14 advantage pursuant to California common law. Additionally, complete diversity exists

15 between the parties, and the amount in controversy exceeds $75,000. As such, this Court

16 has subject matter jurisdiction over the claims pursuant to 15 U.S.C. § 1121 and 28 U.S.C.

17 § 1338 (original jurisdiction for trademark claims), and 28 U.S.C. §§ 1331 (federal question)

18 and 1332 (diversity).

19     6.     This Court has supplemental jurisdiction over the claims in this Complaint that

20 arise under the statutory and common law of the State of California pursuant to 28 U.S.C.

21 § 1367(a) because the state law claims are so related to the federal claims that they form part

22 of the same case or controversy and/or derive from a common nucleus of operative facts.

23     7.     This Court has personal jurisdiction over the Defendants, in that all

24 Defendants have engaged in, contributed to, and induced the conduct at issue within the

25 United States and/or the State of California, and/or acted with the intent to cause the

26 effects complained of herein within the State of California and all Districts in the United

27 States. Plaintiffs are informed and believe, and additionally allege thereon that, among other

28

4

3RD AMENDED COMPLAINT - CASE NO. 10-CV-5034 RSWL (FFMX)

6

FOURTH AMENDED COMPLAINT – CV10-5034-RSWL (FFMX)

Formatted: Font: Garamond

EXHIBIT L
Page 10 of 106

things: (a) several, if not all, of the Defendants or their respective agents are doing or have
been doing business continuously in the State of California and this District; (b) a
substantial part of the wrongful acts committed by the Defendants, and each of them, have
occurred in interstate commerce, in the State of California and in the Central District of
California; and (c) Defendants know that the damages and other harmful effects of their
wrongful conduct occurs within the United States and primarily in California, where DWP
has its principal place of business and where a majority of the Plaintiffs' (and Defendants')
United States customers reside. Specifically, at relative times hereto, upon information and
belief, Stolitza and/or IT Online have been the operators in fact of the Anastasia Sites; Web
Service LLC has been the registered owner of various Anastasia Site (and other) domain
names and has been identified on Anastasia Sites as the copyright owner and/or operator
thereof; Lookintom has leased the servers upon which the Anastasia Sites operate and from
which the Defendants' Screen Scraping originated (the "Leased Servers"); and Pay Online
Systems has paid for those Leased Servers, located in New York and/or Virginia.

  8. Venue is proper in the Central District of California pursuant to 28 U.S.C.
§ 1391(b) as a substantial part of the events or omissions giving rise to the claim and the
threatened and actual harm to Plaintiffs occurred in this District by reason of Defendants'
conduct as alleged below.

**FACTUAL ALLEGATIONS**

**I. RELATED ENTITIES**

  9. Kirpton, Ltd. ("Kirpton") is an entity of unknown form incorporated or
otherwise formed in Seychelles., the Defendants contract with the Agencies they have
relationships with through this Kirpton entity.

  10. Neil Bryant ("Bryant") is,, a citizen of the United Kingdom who works for or
closely with Anastasia, IT Online, Stolitza, and/or Web Service. Bryant's name is associated
with an account used to perpetrate the Screen Scraping activities, as further set forth below.

EXHIBIT L
Page 11 of   106

Bryant has been identified as a "vice president" of "AnastasiaDate" in, e.g., email correspondence sent from "Anastasia's Affiliate Program Team" <affiliate@**anastasiadate**.com>, via mailer1.**anastasiaweb**.com (with IP address 205.177.28.45 (a/k/a ns.maine-inc.net, operated by or on behalf of Elena Sykes' Maine Webmasters (see ¶ 12) on August 25, 2011.

11.   Elena Sykes (nee Besuden) was a founder, sole shareholder, and, according to the Defendants, until recently was the sole officer, and director, of Anastasia.

12.   Elena Sykes additionally participated in the formation of Maine Webmasters, Inc. ("Maine Webmasters"), an entity that, among other things, provided office space to Anastasia, and whose maineinc.net and maine-inc.net domain names include Internet servers at the center of much of the activity discussed herein.

## II.   PLAINTIFF DREAM MARRIAGE GROUP'S MARK

9. 13.   For nearly eight (8)nine (9) years, the Dream Marriage Group, its assignors, and their predecessors in interest have continuously and conspicuously employed the word mark Dream‑ Marriage Mark in interstate commerce on the internet matchmaking/dating website Website "dream-marriage.com, and in related promotional materials. For almost a year," where the word markstylized Dream‑ Marriage has been a registered service mark. The Dream Marriage mark is used in connection withmark appears as a large, prominent element at the activitiesvery top of dream-marriage.com and the enterprises of the matchmaking websitesite's pages.

14.   Plaintiff The Dream Marriage Mark is used in connection with the ownerprovision of U.S. matchmaking services on the "dream-marriage.com" Website.

15.   Since March 16, 2010, the Dream Marriage Mark has been a registered service mark on the principal register of the United States Patent and Trademark Registration No. 3,760,940Office ("USPTO").[2]

---

[2] The registered trademark was amended on December 13, 2011, original registration having been inadvertently obtained with the mark specified as "Dream-Marriage"

Formatted: Font: Garamond
Formatted: Font: Garamond
Formatted: Normal - Numbered, Line spacing:  single,  No bullets or numbering
Formatted: Font: Garamond
Formatted: Font: Garamond
Formatted: Font: Garamond
Formatted: Font: Garamond
Formatted: Font: Garamond
Formatted: Font: Garamond
Formatted: Font: Garamond
Formatted: Font: Garamond
Formatted: Font: Garamond
Formatted: Font: Garamond
Formatted: Font: Garamond
Formatted: Font: Garamond
Formatted: Font: Garamond
Formatted: Font: Garamond
Formatted: Font: Garamond

EXHIBIT L
Page 12 of  106

16.   In addition to the Dream Marriage Mark being prominently featured on the Website's individual pages, the domain name Dream-Marriage.com, containing the Dream Marriage Mark, acts as an origin identifier for the Website. (*Panavision Int'l, L.P., v.* DREAM-MARRIAGE word mark, which evidences Plaintiff's exclusive right to *Toeppen*, 141 F.3d 1316, 1327 (9th Cir. 1998).)

10.17. During their more than 8 years of use the DREAM- MARRIAGE of the Dream Marriage Mark, the Plaintiffs and their predecessors have provided their Internet match-making services, bearing that mark, to millions of users.

18.   Through Plaintiff's continuous and conspicuous usage of its "The Dream-Marriage" mark ("Plaintiff's Mark"), Plaintiff is informed and believes and based thereon alleges that the mark is famous, and widely known and recognized by has been used continuously and extensively in advertising and publicity, through, e.g., the Plaintiffs' affiliates' marketing efforts, throughout the internet dating and matchmaking public as indicating the source of  Plaintiff's dating and Plaintiffs' and their predecessors' use.

19.   The Plaintiffs' matchmaking services  Plaintiff , bearing the Dream Marriage Group Mark, are continuously provided to customers in over a hundred countries worldwide, including all fifty States of the United States of America.

20.   The Plaintiffs' matchmaking services, bearing the Dream Marriage Mark, are offered through the Website, through a dedicated iPhone application, and through other channels of trade.

21.   Plaintiffs are informed and believe, and based thereon allege, that the Dream Marriage Mark has a high degree of recognition among its target market, and within the 'trading areas and channels of trade' surrounding matchmaking sites featuring Commonwealth Women.

22.   The USPTO registration of the Dream Marriage Mark constitutes prima facie evidence of the validity of the registered mark (15 U.S.C. § 1115(a)) and creates a

4
3RD AMENDED COMPLAINT - CASE NO. 10-CV-5034 RSWL (FFMX)

9

Formatted: Font: Garamond
Formatted: Font: Garamond
Formatted: Font: Garamond
Formatted: Normal - Numbered, Line spacing: single, No bullets or numbering
Formatted: Font: Garamond
Formatted: Font: Garamond
Formatted: Font: Garamond
Formatted: Font: Garamond
Formatted: Font: Garamond
Formatted: Font: Garamond
Formatted: Font: Garamond
Formatted: Font: Garamond
Formatted: Font: Garamond

presumption of distinctiveness (*Avery Dennison Corp. v. Sumpton*, 189 F.3d 868, 876 (9th Cir. 1999)).

~~11.~~23. Plaintiff DMG has exercised legitimate control over the uses of the Mark and has been diligent in abating the use of the Mark by unauthorized third parties by, e.g., demanding competing websites that infringe upon the Dream Marriage Mark cease-and-desist from such infringement.

~~12.     Plaintiff is informed and believes, and based thereon alleges, that through publicity, fact and legend, Plaintiff's Mark has acquired widespread public recognition that evokes strong and immediate reactions whenever it is uttered or used. Plaintiff is informed and believes, and based thereon alleges, that the impact of Plaintiff's Mark is significant, and as a result, the Mark has great commercial value. Plaintiff is informed and believes, and based thereon alleges, that the Defendants seek to exploit that value for their own gain.~~

III.    **DEFENDANTS' INFRINGING ACTIVITIES**

~~13.~~24. ~~Within a year prior to~~ Despite Plaintiffs' and their predecessors' use of the filing of this complaint, Plaintiff is Dream Marriage Mark in commerce for almost 9 years, Plaintiffs are informed and ~~believes~~believe, and based thereon ~~alleges~~allege, that the Defendants registered at least the following Internet domain names (the "Infringing Domain Names") ~~:~~") more than 5 years after this use began:

   a.  russian-dream-marriage.com
   b.  russian-dream-marriage.info
   c.  brides-for-dream-marriage.com
   d.  brides-for-dream-marriage.info
   e.  dreammarriageonline.com
   f.  dreammarriage.info
   g.  dreammarriag.info
   h.  dreemmarriage.info

Formatted: Normal - Numbered, Line spacing:  single,  No bullets or numbering

Formatted: Font: Garamond

Formatted: Font: Garamond

Formatted: Font: Garamond, No underline

Formatted: Heading 2, Line spacing: single, Don't keep with next, Adjust space between Latin and Asian text, Adjust space between Asian text and numbers

Formatted: Font: Garamond, Not Bold, No underline

Formatted: Font: Garamond

Formatted: Normal - Numbered, Line spacing:  single,  No bullets or numbering, Adjust space between Latin and Asian text, Adjust space between Asian text and numbers

Formatted: Font: Garamond

Formatted: Font: Garamond

Formatted: Font: Garamond

Formatted: Font: Garamond

Formatted: Font: Garamond

i. ~~dream-~~marriage-brides.com

j. dream-marriage-brides.info

~~k.~~i. dreammarriageonline.com

~~14.~~25. ~~Plaintiff has never~~The Plaintiffs have never authorized, either explicitly or implicitly, nor ever approved ~~of, the~~ Defendants' use of the Dream Marriage Mark, as Internet domain names or for any other purpose~~, and Plaintiff is~~. The Plaintiffs are informed and ~~believes~~believe, and based thereon ~~alleges~~allege, that the Defendants have never sought nor received permission for use of the Dream Marriage Mark. ~~Plaintiff is~~Plaintiffs are informed and ~~believes~~believe, and based thereon ~~alleges~~allege, that the Defendants had actual knowledge of ~~Plaintiff's~~the Dream Marriage Mark, prior to ~~Defendants' registering~~their registration of the Infringing Domain Names and ~~using~~use of the Dream Marriage Mark ~~so~~ extensively on ~~its sites.~~ the websites hosted thereon.

~~15.~~26. ~~Plaintiff is~~Plaintiffs are informed and ~~believes~~believe, and based thereon ~~alleges~~allege, that the Defendants' unauthorized registration and use of the Infringing Domain Names ~~is~~was likely to, and did, cause confusion, mistake, and deception as to the source or origin of the websites hosted at the Infringing Domain Names, and ~~is~~was likely to, and did, falsely suggest a sponsorship, connection, or license by, or association with ~~Plaintiff or its licensees.~~ the Plaintiffs.

~~16.~~27. ~~Plaintiff is~~Plaintiffs are informed and ~~believes~~believe, and based thereon ~~alleges~~allege, that the Defendants exercised joint ownership and/or control over the Infringing Domain Names and/or the content made available through the Infringing Domain Names.

~~17.~~28. ~~Plaintiff is~~Plaintiffs are informed and ~~believes~~believe, and based thereon ~~alleges~~allege, that the Defendants intentionally induced the infringement of ~~Plaintiff's~~the Dream Marriage Mark, and/or continued to supply products to those they knew or had reason to know were engaging in ~~trademark~~that infringement.

EXHIBIT L
Page 15 of 106

18.29.  ~~Plaintiff  is~~Plaintiffs are  informed and ~~believes~~believe, and based thereon ~~alleges~~allege, that  the Defendants were engaged in the direct control and monitoring of the instrumentalities used to infringe ~~Plaintiff's~~The Dream Marriage Mark:.

a.  ~~Plaintiff  is informed and believes, and based thereon alleges, that~~The Infringing Domain Name websites were hosted at (*inter* alia) IP address 205.177.28.58 (a/k/a 205-177-2-58.static.pccwglobal.net, a colocated server provided by Eleview International, Inc., a colocation customer of PCCW Global), from (at least) September 5, 2009 through August 13, 2010 (see ¶¶ 29(b), 38(b));

b.  Domain name resolution ("DNS") services for the Infringing Domain Names were provided by (*inter alia*) 63.219.179.93 (a/k/a mailer4.**anastasia**web.com, a colocated server provided by Eleview International, Inc., a colocation customer of PCCW Global; 63.219.179.93 was at all relevant times hereto a DNS server for Maine Webmasters' maineinc.net domain, from at least July 25, 2009 through August 4, 2010 (see ¶¶ 12, 10, 29(a), 38(c));

c.  DNS Records for the Infringing Domain Names were managed by a user logging into the GoDaddy administration system from IP address 91.135.149.142 (see 38(e), 55, 57, 63-65, 67, 101, 105, 116, 130), and that same GoDaddy account also managed ancillary domain names for the Defendants, including: **anastasia**beauties.com, **anastasia**beauties.info, **anastasia**love.info, **anastasia**marriage.com, **anastasia**marriage.info, **anastasia**singles.com, **anastasia**woman.com, **anastasia**xmas.com, bestsinglesdating.info, and singlesdatingsite.info;

d.  The Defendants make use of the Google Analytics accounts with identification ("Google Analytics ID") codes "1020911" and "2961669," with Google Analytics ID 1020911 used on, *inter alia*, the Anastasia Sites found on domain names www.**anastasia-international**.com, www.**anastasia-**

4
~~3RD AMENDED COMPLAINT - CASE NO. 10-CV-5034 RSWL (FFMX)~~

EXHIBIT L
Page 16 of  106

Formatted: Font: Garamond
Formatted: Font: Garamond
Formatted: Font: Garamond
Formatted: Font: Garamond
Formatted: Font: Garamond
Formatted: Font: Garamond

**international**.net, www.**anastasiadate**.com, www.**anastasiadate**.co.uk, www.**anastasiapress**.com, etc. (see ¶ 3, above) and Google Analytics ID 2961669 being used on, *inter alia*, the Defendants' www.**4affiliate**.net website (Id.), as well as the websites the Defendants made available at the following Infringing Domain Names (Google Analytics ID 2961669 was also used to track traffic to the websites hosted at the Infringing Domain Names dreammarriage.info, dreemmarriage.info, and dream-marriage-brides.info):

      i.   russian-dream-marriage.com

      ii.  russian-dream-marriage.info

      iii.  brides-for-dream-marriage.com

      iv.  brides-for-dream-marriage.info

      ~~a.~~v.  dreammarriageonline.com

      vi.  dreammarriag.info

      vii.  dream-marriage-brides.com

    e.  Employees and/or contractors working for IT Online administered the Google Analytics accounts corresponding to Google Analytics IDs 1020911 and 2961669; these individuals utilize IT-Online email addresses ending in @**it-online**.ru, or have otherwise been linked with IT-Online, Payit Online and Anastasia (see, e.g., ¶¶ 11, 1, 38(d)-(e), 42(a)-(b), (d), 45).

    30.   Most, if not all, of the email addresses discussed in ¶ 29(e), above, correspond with social media profiles on, e.g., Facebook.com, LinkedIn.com, and others, where the individuals using those email addresses describe working for IT Online or another defendant.

\\

\\

\\

\\

Formatted: Font: Garamond

Formatted: Normal - Numbered, Line spacing: single, Numbered + Level: 3 + Numbering Style: i, ii, iii, … + Start at: 1 + Alignment: Right + Aligned at: 1.38" + Indent at: 1.5", Adjust space between Latin and Asian text, Adjust space between Asian text and numbers



1  \\
2  \\
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

4
~~3RD AMENDED COMPLAINT - CASE NO. 10-CV-5034-RSWL (FFMx)~~

14
FOURTH AMENDED COMPLAINT – CV10-5034-RSWL (FFMx)

EXHIBIT L
Page 18 of 106

## IV.   THE DREAM-MARRIAGE.COM WEBSITE

31.   The Plaintiffs' www.dream-marriage.com website requires acceptance of its Terms of Service in order to create an account; a checkbox must be affirmatively checked, indicating acceptance to the Terms of Service linked thereto, with the link to those Terms of Service prominently displayed next to the check box, underlined as the text "Terms and Conditions," as seen, for example, here:



32.   Additionally, when browsing the www.dream-marriage.com Website, whether or not the end user is "logged in," a link to the Terms and Conditions appears, underlined, in contrasting type, at the bottom of every page, for example:



33.   At all relevant times hereto, the Terms of Service for the Website have included, *inter alia*, the following language:

a.   "You may not access the Site or utilize our Services if you … are not an individual utilizing our Services solely for your own personal use and in good faith;" and

4
3RD AMENDED COMPLAINT - CASE NO. 10-CV-5034 RSWL (FFMX)

16
FOURTH AMENDED COMPLAINT – CV10-5034-RSWL (FFMX)

1    b. "Before you may use any of our Services, you must read and agree to comply
2        with this Agreement …"
3    34.    On or about February 3, 2012, the Plaintiffs installed an alternate Terms of
4    Service (the "Revised Terms") document and flagged certain accounts (the "Scraper
5    Logins") as needing to affirmatively accept, by checking an "I agree" box as shown in ¶ 31,
6    above, the Revised Terms before those Scraper Logins could continue to access the Website.
7    35.    The Revised Terms included new language, including defining the term
8    "Competitor" to mean "any person, organization, or business entity providing dating
9    and/or matchmaking services in competition with [Plaintiffs], including any agents,
10   representatives, partners, affiliates, subsidiaries, employees, independent contractors, joint
11   venturers, and/or consultants of any such person, organization, or business entity," and
12   made binding on the user(s) of the Scraper Logins the following new terms, among others:
13       a. "Before you may use any of our Services, you must read and agree to comply
14           with this Agreement and understand and accept that this Agreement …
15           specifically prohibits you from using any robot, spider, scraper or other
16           automated means ("Scraping") to access Dream-Marriage.com or any other
17           website, Service, and/or System we make available without our express hand
18           written permission;"
19       b. "You represent and warrant that … [y]ou are not a Competitor [and you] are
20           not copying from, or accessing any information on, the dream-marriage.com
21           website ("Information"), via Scraping or by any other method, for any purpose
22           including without limitation providing any Information to any Competitor."
23       c. "Notwithstanding any other provision in this Agreement, you acknowledge
24           and agree that: (a) any violation of the Scraping provision of § 2, above, is per
25           se an unauthorized access within the meaning of 18 U.S.C. § 1030 (an "Access
26           Violation"); (b) we are not obligated to provide, and will not provide, any
27           notice or period in which to cure any Access Violation breach of this
28

———————————————————————————————
~~4~~
~~3RD AMENDED COMPLAINT - CASE NO. 10-CV-5034 RSWL (FFMX)~~

17
F OURTH A MENDED C OMPLAINT – CV10-5034-RSWL (FFMX)

DRAFT

EXHIBIT L
Page 21 of 106

Agreement; (c) any Access Violation shall obligate you to pay us liquidated damages of five thousand dollars ($5,000); (d) you acknowledge and agree that, notwithstanding any other provision herein, that any Access Violation would cause irreparable harm for which damages are an inadequate remedy, and that therefore we shall be entitled, in the event of any Access Violation, to specific performance and injunctive or other equitable relief, without bond, in addition to all other remedies available at law; and (e) the five thousand dollar ($5,000) loss requirement of 18 U.S.C. § 1030 shall be waived for the purpose of any civil action we elect to bring against you."

36.    In clear violation of these Terms of Service, the Defendants have been conducting a campaign of unauthorized access, or access in excess of any authorization, from in or before April 2010 through at least March 2012.

**V.    THE DEFENDANTS' UNAUTHORIZED ACCESS**

37.    All dates and times set forth herein are in the Pacific time zone, with daylight savings observed (as applicable).

~~19.~~38. The Defendants and/or Defendants' agents made use of a process known as "screen scraping"[3] to take, copy, and/or make use of a list of women online in the ~~Plaintiff's~~Plaintiffs' service, among other data (the "Scraped Data") (the Defendants' "Screen Scraping ~~Activity")."~~ activity). The Scraped Data was then used to identify Commonwealth Women appearing on both the Plaintiffs' and Defendants' respective websites. Armed with that information, the Defendants then sought to gain an unfair competitive advantage over the Plaintiffs by embarking on a campaign of harassment in an effort to coerce the Agencies, and the Commonwealth Women they represent, to stop conducting business with Plaintiffs. This Screen Scraping activity originated from, *inter alia*, the following IP addresses:

---

[3] See, e.g., M*Shift, Inc. v. Digital Insight Corp.*, ~~No. 8:10-cv-00710, slip op. at 16~~747 F.Supp.2nd 1147, 1161 (N. D. Cal., Oct. 8, 2010), *aff'd 435 Fed Appx 915 (Fed. Cir. 2011).)*

~~4~~
~~3RD AMENDED COMPLAINT - CASE NO. 10-CV-5034-RSWL (FFMX)~~

18

FOURTH AMENDED COMPLAINT – CV10-5034-RSWL (FFMX)

EXHIBIT L
Page 22 of 106

a.   Plaintiff  is 66.11.129.231 a/k/a 231.129.11.66.staffordnet.com (a server rented from Stafford Associates Computer Specialists, Inc. by Lookintom, paid for by Pay Online System), from February 2, 2011 through (at least) June 5, 2011 (see ¶¶ 46, 47(a)-(b), 301, 229, 240, 246, 248-250, 253, 265, 266, and 288);

b.   209.9.160.4 a/k/a 209-9-160-4. static.pccwglobal.net (a colocated server provide by Eleview International, Inc., a colocation customer of PCCW Global), from (at least) July 6, 2010 through August 13, 2010 (see ¶¶ 29(a)-(b), 55, 326);

c.   217.148.34.91 a/k/a mailer5.**anastasiaweb**.com (a server provided by Othello Technology Systems Limited in the United Kingdom), from at least April 7, 2010 through August 26, 2010 (see ¶¶ 1, 10, 29(b));

d.   213.247.150.120 a/k/a mx1.**it-online**.ru, from (at least) April 26, 2010 through July 1, 2010 (see ¶¶ 11, 1, 29(c), 38(c), 42(a)-(b), (d), 45, 55, 57, 62, 324);

e.   91.135.149.142 a/k/a mx2.**it-online**.ru, from (at least) April 20, 2010 through June 28, 2010 (see ¶¶ 11, 1, 29(c), (e), 38(d), 42(a)-(b), (d), 45, 55, 57, 63-65, 67, 101, 105, 116, 130, 323); and

f.   195.161.102.214, from (at least) June 15, 2010 through July 20, 2010 (see ¶¶ 52, 62-65, 331).

20.   Plaintiffs are informed and believesbelieve, and based thereon allegesallege, that the Defendants and/or Defendants' agents used various user accounts, without authorization, using stolen login credentials, and/or exceeded the use authorized by Plaintiff  for the credentials Defendants signed up for access to (the Defendants' "Unauthorized Access").

21.   Plaintiff  is informed and believes, and based thereon alleges, that Defendants and/or Defendants' agents used the Scraped Data to harass, intimidate, and otherwise unlawfully communicate with Plaintiff's female members (the Defendants'

3RD AMENDED COMPLAINT - CASE NO. 10-CV-5034 RSWL (FFMX)

19

Formatted: Font: Garamond
Formatted: Font: Garamond
Formatted: Font: Garamond
Formatted: Font: Garamond

"Interfering Activity").

22. 39. Plaintiff is informed and believes, and based thereon alleges, that Defendants and/or Defendants' agents willfully modified their activities to evade and/or "work around Plaintiff's" Plaintiffs' several attempts to deny and/or limit Defendants' wrongful access to Plaintiff's Plaintiffs' systems, data, and services (the Defendants' "Circumvention Attempts").

40. Plaintiff is Plaintiffs are informed and believe, and based thereon allege, that the Defendants' Circumvention Attempts included (*inter alia*) modifying their Screen Scraping computer software to:

    a. Provide a username and password (a "login") to the Plaintiffs' Website once the Plaintiffs had modified their Website to require such a login after a certain number of requests were received in a certain amount of time; and

    b. Access the Plaintiffs' Website through anonymous proxies and the Tor anonymity network[4].

## VI.   THE DEFENDANTS' FRAUDULENT ACCOUNT CREATION AND ACCESS

41. Additionally, the Defendants and/or Defendants' agents created user accounts on the Plaintiffs' Website (as set forth in greater detail below), none of which were created by legitimate male customers seeking to use the Website for themselves personally, that Defendants and/or their agents used to access the Website without authorization and/or exceeding the use authorized by Plaintiffs (the Defendants' "Unauthorized Access").

42. The Plaintiffs are informed and believe, and based thereon allege, that Andrey Ryabchikov ("Ryabchikov") is employed by IT Online, Stolitza, and/or Anastasia, in that:

    a. Ryabchikov's email address is a.ryabchikov@IT-Online.ru;

---

[4] Described by The Tor Project, Inc. as "similar to using a twisty, hard-to-follow route in order to throw off somebody who is tailing you — and then periodically erasing your footprints." Tor Project: Overview, *available at* https://www.torproject.org/about/overview.html.en (retrieved May 10, 2012).

EXHIBIT L
Page 24 of  106

Formatted: Normal - Numbered, Line spacing:  single,  No bullets or numbering, Adjust space between Latin and Asian text, Adjust space between Asian text and numbers

Formatted: Font: Garamond

Formatted: Font: Garamond

Formatted: Font: Garamond

Formatted: Font: Garamond



b. On November 11, 2010, the "WHOIS" contact information for the domain name maineinc.net (of Maine Webmasters; see ¶ 12) was changed from Elena Besuden (see ¶ 1 above) to Andrey Ryabchikov, a.ryabchikov@**IT-Online**.ru, It Online, Novo-sadovays 3-45, Moscow (see ¶¶ 11, 1, 29(e), 38(d)-(e), 42(a)-(b), (d));

c. Per the deposition testimony of Defendant Anastasia's Fed. R. Civ. P. 30(b)(6) designated witness, Elena Sykes, Andrey Ryabchikov was her principal contact in Moscow (ostensibly with Stolitza); and

d. From on or about (at least) November 16, 2010, through (at least) July 27, 2011, relevant times hereto, the contact information listed for the Anastasia Site (see ¶ 1) **4Affiliate**.net was Andrey Ryabchikov, with email address a.ryabchikov@**it-online**.ru, at Akademicheskaya B. 39, Moscow, 125008, Russian Federation.

43. Plaintiffs are informed and ~~believes~~believe, and based thereon ~~alleges, that~~ allege, that the Defendants created on the Plaintiffs' Website a user account, 'NeilB' (the "Neil Bryant Account"), an account opened in the name of defendant Neil Bryant.

44. The Neil Bryant Account was used to submit more than ten thousand Hypertext Transfer Protocol ("HTTP") requests to the Plaintiffs' Website as part of the Defendants' Screen Scraping activities ~~have~~.

45. The Neil Bryant Account was paid for, in part, using a Visa credit card, with a credit card number ending in 8261 and an expiration date of 12/2013, in the name of Andrey Ryabchikov. That credit card transaction was received from IP Address 91.135.154.1 (which reverse-resolves to IT Online's mx1.**it-online**.ru) (see ¶¶ 11, 1, 29(e), 38(d)-(e), 42(a)-(b), (d), 45 ("it-online"); ¶¶ 201, 225, 226, 304).

46. The Plaintiffs are informed and believe, and thereon allege, that the Defendants created user account 'DaveRobertson' on the Website, which was used to access the Website (without authorization from, and/or exceeding the use authorized by, the

~~3RD AMENDED COMPLAINT - CASE NO. 10-CV-5034 RSWL (FFMX)~~

21

**Formatted:** Font: Garamond
**Formatted:** Font: Garamond
**Formatted:** Font: Garamond
**Formatted:** Font: Garamond

Plaintiffs) from IP address 66.11.129.231 from on or about December 14, 2010, 8:05 am through at least August 4, 2011, 3:52 am.

47.     The Revised Terms (¶ 34, above) were accepted by the following Scraper Logins, at the dates and times indicated:

    a.  By user account 'NeilB' on February 4, 2011 at 5:43:23 a.m., 2011-02-04 05:43:23 from IP Address 66.11.129.231; and

    b.  By user account 'DaveRobertson' on August 8, 2011 at 3:55:03 a.m., from IP Address 66.11.129.231.

48.     Thereafter, the Defendants continued their Screen Scraping activity, with at least the following Scraper Logins from and corresponding IP addresses:

    a.  From IP address 199.48.147.38 on or about February 24, 2011 at 4:33 am using Scraper Login 'NeilB' (¶ 305);

    b.  From IP address 91.135.154.1 from on or about March 17, 2011 at 6:22 am through at least March 30, 2011 at 5:45 am using Scraper Login 'NeilB' (¶ 304);

    c.  From IP address 91.205.9.243 from on or about August 5, 2011 at 12:44 am through at least October 25, 2011 at 7:52 am using Scraper Login 'NeilB' (¶ 303);

    d.  From IP address 91.135.154.10 from on or about July 13, 2011 at 10:44 pm through at least November 2, 2011 at 12:37 am using Scraper Login 'NeilB' (¶ 302);

    e.  From IP address 66.11.129.231 from on or about November 1, 2010 at 3:20 am through at least November 8, 2011 at 4:06 am using Scraper Login 'NeilB' (¶ 301); and

    f.  From IP address 89.17.39.18 from on or about December 11, 2011 at 11:33 pm through at least December 11, 2011 at 11:33 pm using Scraper Login 'NeilB' (¶ 300).

EXHIBIT L
Page 26 of 106

49.   The Plaintiffs are informed and believe, and thereon allege, that the Defendants created user account 'yarthefish' on the Website, which was used to access the Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 66.11.129.231 on March 5, 2012 at 1:59 pm.

50.   Plaintiffs are informed and believe, and based thereon allege, that: Yaroslav Karasev identifies himself as the "Head of the Research Center at IT Online"; that Yaroslav Karasev uses the username 'yarthefish' on, e.g., Google's Gmail system; that Yaroslav Karasev's email address was granted access to the Google Analytics accounts for both the Infringing Domain Names and the Anastasia Sites; and that Yaroslav Karasev linked his Facebook profile to the Defendants' Anastasia Romance Tours.

51.   The Plaintiffs are informed and believe, and thereon allege, that the Defendants created user account 'SaudiMoon' on the Website, which was used to access the Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 192.251.226.206 from on or about January 18, 2010, 9:55 am through at least December 1, 2010, 11:02 am, from IP address 79.136.50.205 from on or about March 5, 2010, 4:33 pm through at least April 10, 2010, 10:58 am, and from IP address 174.36.199.200 on November 28, 2010 at 3:16 pm.

52.   The Plaintiffs are informed and believe, and thereon allege, that the Defendants created user account 'vovancho' on the Website, which was used to access the Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 195.161.102.214 on January 21, 2010 at 11:05 pm.

53.   The Plaintiffs are informed and believe, and thereon allege, that the Defendants created user account 'AntonioKirsten' on the Website, which was used to access the Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 207.226.162.253 on January 29, 2010 at 5:53 am.

54.   The Plaintiffs are informed and believe, and thereon allege, that the Defendants created user account 'obe33' on the Website, which was used to access the

EXHIBIT L
Page 27 of   106

Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 192.251.226.206 from on or about February 7, 2010, 6:07 pm through at least December 22, 2010, 5:13 pm, from IP address 174.36.199.200 on November 10, 2010 at 12:49 pm, from IP address 174.36.199.201 on December 3, 2010 at 7:17 pm, from IP address 208.66.135.190 on December 18, 2010 at 12:13 pm, and from IP address 199.48.147.38 on February 1, 2011 at 8:09 pm.

55.   The Plaintiffs are informed and believe, and thereon allege, that the Defendants created user account 'yarostone' on the Website, which was used to access the Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 213.247.150.120 on February 19, 2010 at 1:43 am, from IP address 209.9.160.4 on March 1, 2010 at 6:08 am, and from IP address 91.135.149.142 on March 16, 2010 at 10:49 am.

56.   The Plaintiffs are informed and believe, and thereon allege, that the Defendants created user account 'VOYAKINS' on the Website, which was used to access the Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 192.251.226.206 on February 28, 2010 at 12:25 pm.

57.   The Plaintiffs are informed and believe, and thereon allege, that the Defendants created user account 'Yana613106' on the Website, which was used to access the Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 91.135.149.142 from on or about March 1, 2010, 6:30 am through at least March 9, 2010, 6:40 am, from IP address 204.93.137.42 from on or about March 2, 2010, 7:38 am through at least March 3, 2010, 10:46 pm, from IP address 217.64.166.3 from on or about March 2, 2010, 8:09 am through at least March 3, 2010, 10:44 pm, from IP address 195.69.74.9 from on or about March 2, 2010, 8:09 am through at least March 3, 2010, 10:47 pm, from IP address 89.234.7.214 on March 3, 2010 at 5:34 am, and from IP address 213.247.150.120 on March 5, 2010 at 3:55 am.

4
3RD AMENDED COMPLAINT - CASE NO. 10-CV-5034 RSWL (FFMX)

24
FOURTH AMENDED COMPLAINT – CV10-5034-RSWL (FFMX)

58.     The Plaintiffs are informed and believe, and thereon allege, that the Defendants created user account 'sAlexandre' on the Website, which was used to access the Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 62.212.67.209 on March 13, 2010 at 5:10 am.

59.     The Plaintiffs are informed and believe, and thereon allege, that the Defendants created user account 'angelo_it' on the Website, which was used to access the Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 192.251.226.206 from on or about March 23, 2010, 1:11 am through at least July 13, 2010, 5:22 am, and from IP address 94.23.44.129 from on or about July 7, 2010, 2:45 am through at least July 8, 2010, 12:58 am.

60.     The Plaintiffs are informed and believe, and thereon allege, that the Defendants created user account 'lugard.raymond' on the Website, which was used to access the Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 192.251.226.206 on April 1, 2010 at 7:40 am.

61.     The Plaintiffs are informed and believe, and thereon allege, that the Defendants created user account 'teddy4sure' on the Website, which was used to access the Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 192.251.226.206 on April 3, 2010 at 10:30 am.

62.     The Plaintiffs are informed and believe, and thereon allege, that the Defendants created user account 'AntonioK' on the Website, which was used to access the Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 213.247.150.120 from on or about April 5, 2010, 3:31 am through at least May 25, 2010, 11:31 pm, from IP address 195.161.102.214 on May 25, 2010 at 11:31 pm, from IP address 91.135.154.10 on August 2, 2011 at 10:50 pm, and from IP address 91.205.9.243 on August 2, 2011 at 10:58 pm.

63.     The Plaintiffs are informed and believe, and thereon allege, that the Defendants created user account 'Viktoriya120835' on the Website, which was used to

3RD AMENDED COMPLAINT - CASE NO. 10-CV-5034-RSWL (FFMX)

4

25

FOURTH AMENDED COMPLAINT – CV10-5034-RSWL (FFMX)

EXHIBIT L
Page 29 of 106

access the Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 195.161.102.214 from on or about April 6, 2010, 3:30 am through at least May 21, 2010, 4:31 am, and from IP address 91.135.149.142 from on or about May 21, 2010, 1:29 am through at least June 22, 2010, 12:45 am.

64. The Plaintiffs are informed and believe, and thereon allege, that the Defendants created user account 'Juliya765814' on the Website, which was used to access the Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 195.161.102.214 from on or about April 6, 2010, 3:39 am through at least April 7, 2010, 12:48 am, and from IP address 91.135.149.142 on April 6, 2010 at 9:15 am.

65. The Plaintiffs are informed and believe, and thereon allege, that the Defendants created user account 'Lyubov622655' on the Website, which was used to access the Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 195.161.102.214 on April 8, 2010 at 3:59 am, and from IP address 91.135.149.142 from on or about April 8, 2010, 5:10 am through at least April 8, 2010, 10:34 am.

66. The Plaintiffs are informed and believe, and thereon allege, that the Defendants created user account 'manthunder' on the Website, which was used to access the Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 192.251.226.206 on April 9, 2010 at 11:37 pm.

67. The Plaintiffs are informed and believe, and thereon allege, that the Defendants created user account 'Swordfish90293' on the Website, which was used to access the Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 91.135.149.142 from on or about April 12, 2010, 3:26 am through at least April 22, 2010, 4:49 am.

68. The Plaintiffs are informed and believe, and thereon allege, that the Defendants created user account 'saliebriggs' on the Website, which was used to access the

1   Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs)

2   from IP address 192.251.226.206 on May 1, 2010 at 11:33 am.

3       69.   The Plaintiffs are informed and believe, and thereon allege, that

4   Defendants created user account 'DEBERY' on the Website, which was used to access the

5   Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs)

6   from IP address 192.251.226.206 on May 8, 2010 at 5:25 am.

7       70.   The Plaintiffs are informed and believe, and thereon allege, that the

8   Defendants created user account 'kennedyrashak20' on the Website, which was used to

9   access the Website (without authorization from, and/or exceeding the use authorized by, the

10  Plaintiffs) from IP address 192.251.226.206 on May 9, 2010 at 4:12 pm, and from IP address

11  62.212.67.209 on May 17, 2010 at 3:50 am.

12      71.   The Plaintiffs are informed and believe, and thereon allege, that

13  Defendants created user account 'ikmerro2009' on the Website, which was used to access

14  the Website (without authorization from, and/or exceeding the use authorized by, the

15  Plaintiffs) from IP address 62.212.67.209 on May 11, 2010 at 4:34 am.

16      72.   The Plaintiffs are informed and believe, and thereon allege, that the

17  Defendants created user account 'davidstan' on the Website, which was used to access the

18  Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs)

19  from IP address 62.212.67.209 on May 11, 2010 at 11:56 pm.

20      73.   The Plaintiffs are informed and believe, and thereon allege, that the

21  Defendants created user account 'bheller00' on the Website, which was used to access the

22  Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs)

23  from IP address 192.251.226.206 on May 12, 2010 at 7:36 am.

24      74.   The Plaintiffs are informed and believe, and thereon allege, that the

25  Defendants created user account 'binb' on the Website, which was used to access the

26  Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs)

27  from IP address 79.136.50.205 on May 14, 2010 at 5:42 am.

28

75.     The Plaintiffs are informed and believe, and thereon allege, that the Defendants created user account 'prince0' on the Website, which was used to access the Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 62.212.67.209 on May 16, 2010 at 8:39 am.

76.     The Plaintiffs are informed and believe, and thereon allege, that the Defendants created user account 'alvarogr' on the Website, which was used to access the Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 192.251.226.206 on May 17, 2010 at 5:41 am, and from IP address 94.23.44.129 on May 26, 2010 at 7:43 am.

77.     The Plaintiffs are informed and believe, and thereon allege, that the Defendants created user account 'trial' on the Website, which was used to access the Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 70.247.168.60 from on or about May 17, 2010, 3:22 pm through at least May 25, 2010, 4:54 pm.

78.     The Plaintiffs are informed and believe, and thereon allege, that the Defendants created user account 'charles_elano' on the Website, which was used to access the Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 192.251.226.206 on May 19, 2010 at 5:09 pm.

79.     The Plaintiffs are informed and believe, and thereon allege, that the Defendants created user account 'pappin' on the Website, which was used to access the Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 192.251.226.206 on May 19, 2010 at 6:50 pm.

80.     The Plaintiffs are informed and believe, and thereon allege, that the Defendants created user account 'sakhitova_sophia@mail.ru' on the Website, which was used to access the Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 70.247.168.60 from on or about May 19, 2010, 8:44 pm through at least May 22, 2010, 8:46 pm.

81.    The Plaintiffs are informed and believe, and thereon allege, that the Defendants created user account 'yassoufa' on the Website, which was used to access the Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 192.251.226.206 on May 24, 2010 at 10:26 am.

82.    The Plaintiffs are informed and believe, and thereon allege, that the Defendants created user account 'Zac' on the Website, which was used to access the Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 70.247.168.60 on May 25, 2010 at 4:53 pm.

83.    The Plaintiffs are informed and believe, and thereon allege, that the Defendants created user account 'Roger' on the Website, which was used to access the Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 70.247.168.60 on May 25, 2010 at 5:00 pm.

84.    The Plaintiffs are informed and believe, and thereon allege, that the Defendants created user account 'tvolkova@ozrpost.com' on the Website, which was used to access the Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 70.247.168.60 from on or about May 25, 2010, 5:18 pm through at least May 25, 2010, 5:20 pm.

85.    The Plaintiffs are informed and believe, and thereon allege, that the Defendants created user account 'Rowland307' on the Website, which was used to access the Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 192.251.226.206 on May 31, 2010 at 4:32 pm.

86.    The Plaintiffs are informed and believe, and thereon allege, that the Defendants created user account 'Nwabueze' on the Website, which was used to access the Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 192.251.226.206 on June 3, 2010 at 1:27 am.

87.    The Plaintiffs are informed and believe, and thereon allege, that the Defendants created user account 'punchers' on the Website, which was used to access the

4
3RD AMENDED COMPLAINT – CASE NO. 10 CV 5034 RSWL (FFMX)

29
FOURTH AMENDED COMPLAINT – CV10-5034-RSWL (FFMX)

EXHIBIT L
Page 33 of  106

Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 192.251.226.206 on June 3, 2010 at 1:17 pm.

88.   The Plaintiffs are informed and believe, and thereon allege, that the Defendants created user account 'dovan' on the Website, which was used to access the Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 192.251.226.206 on June 4, 2010 at 8:24 am.

89.   The Plaintiffs are informed and believe, and thereon allege, that the Defendants created user account 'fnudu' on the Website, which was used to access the Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 192.251.226.206 on June 5, 2010 at 2:50 pm.

90.   The Plaintiffs are informed and believe, and thereon allege, that the Defendants created user account 'father01' on the Website, which was used to access the Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 79.136.50.205 on June 6, 2010 at 3:55 am.

91.   The Plaintiffs are informed and believe, and thereon allege, that the Defendants created user account 'senti' on the Website, which was used to access the Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 192.251.226.206 from on or about June 9, 2010, 8:07 am through at least June 13, 2010, 9:23 am.

92.   The Plaintiffs are informed and believe, and thereon allege, that the Defendants created user account 'morkenzie68' on the Website, which was used to access the Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 79.136.50.205 on June 9, 2010 at 12:04 pm.

93.   The Plaintiffs are informed and believe, and thereon allege, that the Defendants created user account 'mentor69' on the Website, which was used to access the Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 192.251.226.206 on June 9, 2010 at 3:16 pm.

4
3RD AMENDED COMPLAINT- CASE NO. 10-CV-5034 RSWL (FFMX)

30
FOURTH AMENDED COMPLAINT – CV10-5034-RSWL (FFMX)

EXHIBIT L
Page 34 of   106

94.     The Plaintiffs are informed and believe, and thereon allege, that the
Defendants created user account 'Rainye' on the Website, which was used to access the
Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs)
from IP address 192.251.226.206 on June 10, 2010 at 5:45 am.

95.     The Plaintiffs are informed and believe, and thereon allege, that the
Defendants created user account 'giddy2009' on the Website, which was used to access the
Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs)
from IP address 192.251.226.206 on June 11, 2010 at 5:55 am.

96.     The Plaintiffs are informed and believe, and thereon allege, that the
Defendants created user account 'bridge707' on the Website, which was used to access the
Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs)
from IP address 192.251.226.206 on June 14, 2010 at 1:57 pm.

97.     The Plaintiffs are informed and believe, and thereon allege, that the
Defendants created user account 'ricky4sky' on the Website, which was used to access the
Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs)
from IP address 192.251.226.206 on June 18, 2010 at 10:01 am.

98.     The Plaintiffs are informed and believe, and thereon allege, that the
Defendants created user account 'williambrown147' on the Website, which was used to
access the Website (without authorization from, and/or exceeding the use authorized by, the
Plaintiffs) from IP address 192.251.226.206 on June 20, 2010 at 2:14 am.

99.     The Plaintiffs are informed and believe, and thereon allege, that the
Defendants created user account 'jerry100' on the Website, which was used to access the
Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs)
from IP address 192.251.226.206 on June 20, 2010 at 12:42 pm.

100.    The Plaintiffs are informed and believe, and thereon allege, that the
Defendants created user account 'nancy225586' on the Website, which was used to access

1    the Website (without authorization from, and/or exceeding the use authorized by,

2    Plaintiffs) from IP address 192.251.226.206 on June 21, 2010 at 3:20 pm.

3        101.    The Plaintiffs are informed and believe, and thereon allege, that

4    Defendants created user account 'Paul2009June' on the Website, which was used to access

5    the Website (without authorization from, and/or exceeding the use authorized by,

6    Plaintiffs) from IP address 91.135.149.142 from on or about June 22, 2010, 1:11 am through

7    at least June 22, 2010, 1:14 am.

8        102.    The Plaintiffs are informed and believe, and thereon allege, that the

9    Defendants created user account 'saymark' on the Website, which was used to access the

10   Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs)

11   from IP address 192.251.226.206 on June 23, 2010 at 6:56 pm.

12       103.    The Plaintiffs are informed and believe, and thereon allege, that the

13   Defendants created user account 'spartacusns' on the Website, which was used to access the

14   Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs)

15   from IP address 62.212.67.209 on June 26, 2010 at 4:20 pm.

16       104.    The Plaintiffs are informed and believe, and thereon allege, that the

17   Defendants created user account 'feribaba' on the Website, which was used to access the

18   Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs)

19   from IP address 94.23.44.129 on July 7, 2010 at 1:36 pm.

20       105.    The Plaintiffs are informed and believe, and thereon allege, that the

21   Defendants created user account 'yugfbhgbedfuygeb' on the Website, which was used to

22   access the Website (without authorization from, and/or exceeding the use authorized by, the

23   Plaintiffs) from IP address 91.135.149.142 on July 9, 2010 at 2:20 am.

24       106.    The Plaintiffs are informed and believe, and thereon allege, that the

25   Defendants created user account 'andot' on the Website, which was used to access the

26   Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs)

27   from IP address 192.251.226.206 on July 9, 2010 at 7:12 pm.

28

EXHIBIT L
Page 36 of 106

107.   The Plaintiffs are informed and believe, and thereon allege, that the Defendants created user account 'tareqbadr' on the Website, which was used to access the Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 192.251.226.206 on July 19, 2010 at 11:34 pm.

108.   The Plaintiffs are informed and believe, and thereon allege, that the Defendants created user account 'jmiller23' on the Website, which was used to access the Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 95.154.230.252 on July 23, 2010 at 10:45 am.

109.   The Plaintiffs are informed and believe, and thereon allege, that the Defendants created user account 'micheal_2239' on the Website, which was used to access the Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 192.251.226.206 on July 30, 2010 at 6:34 pm.

110.   The Plaintiffs are informed and believe, and thereon allege, that the Defendants created user account 'vfredc' on the Website, which was used to access the Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 94.23.44.129 on July 31, 2010 at 11:33 am.

111.   The Plaintiffs are informed and believe, and thereon allege, that the Defendants created user account 'angelo99' on the Website, which was used to access the Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 94.23.44.129 from on or about August 3, 2010, 6:54 am through at least August 3, 2010, 6:54 am, from IP address 192.251.226.206 from on or about August 5, 2010, 5:24 am through at least September 16, 2010, 8:32 am, from IP address 174.36.199.200 on September 9, 2010 at 3:21 am, and from IP address 208.53.142.38 from on or about September 15, 2010, 12:16 am through at least September 20, 2010, 12:54 am.

112.   The Plaintiffs are informed and believe, and thereon allege, that the Defendants created user account 'rswainson' on the Website, which was used to access the

Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 95.154.230.252 on August 3, 2010 at 6:58 pm.

113. The Plaintiffs are informed and believe, and thereon allege, that the Defendants created user account 'Jerry_83' on the Website, which was used to access the Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 95.154.230.252 on August 7, 2010 at 11:38 am.

114. The Plaintiffs are informed and believe, and thereon allege, that the Defendants created user account 'LoneTrojan' on the Website, which was used to access the Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 192.251.226.206 on August 8, 2010 at 5:00 am.

115. The Plaintiffs are informed and believe, and thereon allege, that the Defendants created user account 'zellff13' on the Website, which was used to access the Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 95.154.230.252 on August 11, 2010 at 1:39 am.

116. The Plaintiffs are informed and believe, and thereon allege, that the Defendants created user account 'qmacco' on the Website, which was used to access the Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 91.135.149.142 on August 11, 2010 at 7:36 am.

117. The Plaintiffs are informed and believe, and thereon allege, that the Defendants created user account 'MrHernangod' on the Website, which was used to access the Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 192.251.226.206 on August 12, 2010 at 6:13 am.

118. The Plaintiffs are informed and believe, and thereon allege, that the Defendants created user account 'livefreelovefree' on the Website, which was used to access the Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 192.251.226.206 on August 12, 2010 at 1:38 pm.

119.   The Plaintiffs are informed and believe, and thereon allege, that the Defendants created user account 'ekcrew' on the Website, which was used to access the Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 192.251.226.206 on August 15, 2010 at 12:36 pm.

120.   The Plaintiffs are informed and believe, and thereon allege, that the Defendants created user account 'elric2' on the Website, which was used to access the Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 192.251.226.206 on August 15, 2010 at 8:20 pm.

121.   The Plaintiffs are informed and believe, and thereon allege, that the Defendants created user account 'm_shirani_f' on the Website, which was used to access the Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 174.36.199.201 on August 20, 2010 at 1:00 pm.

122.   The Plaintiffs are informed and believe, and thereon allege, that the Defendants created user account 'basl' on the Website, which was used to access the Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 174.36.199.200 on August 21, 2010 at 2:43 am.

123.   The Plaintiffs are informed and believe, and thereon allege, that the Defendants created user account 'winheart' on the Website, which was used to access the Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 192.251.226.206 on August 27, 2010 at 5:44 am.

124.   The Plaintiffs are informed and believe, and thereon allege, that the Defendants created user account 'lkkkkkkkkkkkkllllllllllj' on the Website, which was used to access the Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 208.53.142.38 on August 30, 2010 at 5:33 am.

125.   The Plaintiffs are informed and believe, and thereon allege, that the Defendants created user account 'JackSch' on the Website, which was used to access the

EXHIBIT L
Page 39 of  106

1  Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs)
2  from IP address 192.251.226.206 on September 7, 2010 at 8:15 pm.
3          126.   The Plaintiffs are informed and believe, and thereon allege, that the
4  Defendants created user account 'Jack23Sch' on the Website, which was used to access the
5  Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs)
6  from IP address 192.251.226.206 on September 7, 2010 at 8:17 pm.
7          127.   The Plaintiffs are informed and believe, and thereon allege, that the
8  Defendants created user account 'Mrcatz2456' on the Website, which was used to access the
9  Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs)
10  from IP address 192.251.226.206 on September 7, 2010 at 8:18 pm.
11          128.   The Plaintiffs are informed and believe, and thereon allege, that the
12  Defendants created user account 'southridge2' on the Website, which was used to access the
13  Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs)
14  from IP address 192.251.226.206 on September 10, 2010 at 5:14 am.
15          129.   The Plaintiffs are informed and believe, and thereon allege, that the
16  Defendants created user account 'FRANKEGBUS' on the Website, which was used to
17  access the Website (without authorization from, and/or exceeding the use authorized by, the
18  Plaintiffs) from IP address 208.53.142.38 on September 14, 2010 at 1:55 am.
19          130.   The Plaintiffs are informed and believe, and thereon allege, that the
20  Defendants created user account 'Giannitheone' on the Website, which was used to access
21  the Website (without authorization from, and/or exceeding the use authorized by, the
22  Plaintiffs) from IP address 91.135.149.142 on September 14, 2010 at 6:00 am.
23          131.   The Plaintiffs are informed and believe, and thereon allege, that the
24  Defendants created user account 'assgh' on the Website, which was used to access the
25  Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs)
26  from IP address 174.36.199.201 on September 18, 2010 at 1:49 am.
27
28

4
3RD AMENDED COMPLAINT - CASE NO. 10-CV-5034-RSWL (FFMX)

36
FOURTH AMENDED COMPLAINT – CV10-5034-RSWL (FFMX)

1    132.   The Plaintiffs are informed and believe, and thereon allege, that the

2    Defendants created user account 'ttttr' on the Website, which was used to access the

3    Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs)

4    from IP address 208.53.142.38 on September 21, 2010 at 11:47 pm.

5    133.   The Plaintiffs are informed and believe, and thereon allege, that the

6    Defendants created user account 'stefancod' on the Website, which was used to access the

7    Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs)

8    from IP address 95.154.230.252 on September 22, 2010 at 4:14 am.

9    134.   The Plaintiffs are informed and believe, and thereon allege, that the

10   Defendants created user account 'honeypot4u' on the Website, which was used to access the

11   Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs)

12   from IP address 95.154.230.252 from on or about September 24, 2010, 6:37 am through at

13   least September 24, 2010, 7:06 am.

14   135.   The Plaintiffs are informed and believe, and thereon allege, that the

15   Defendants created user account 'quoc' on the Website, which was used to access the

16   Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs)

17   from IP address 95.154.230.252 on September 24, 2010 at 7:58 pm.

18   136.   The Plaintiffs are informed and believe, and thereon allege, that the

19   Defendants created user account 'Alexey_2010' on the Website, which was used to access

20   the Website (without authorization from, and/or exceeding the use authorized by, the

21   Plaintiffs) from IP address 74.63.112.138 on September 27, 2010 at 11:03 pm, and from IP

22   address 95.154.230.252 from on or about September 27, 2010, 11:20 pm through at least

23   October 1, 2010, 4:17 am.

24   137.   The Plaintiffs are informed and believe, and thereon allege, that the

25   Defendants created user account 'seeef11' on the Website, which was used to access the

26   Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs)

27   from IP address 192.251.226.206 on October 1, 2010 at 1:48 pm.

28

4
3RD AMENDED COMPLAINT - CASE NO. 10-CV-5034 RSWL (FFMX)

37
FOURTH AMENDED COMPLAINT – CV10-5034-RSWL (FFMX)

EXHIBIT L
Page 41 of  106

138.   The Plaintiffs are informed and believe, and thereon allege, that the Defendants created user account 'saron11' on the Website, which was used to access the Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 95.154.230.252 on October 3, 2010 at 8:04 am.

139.   The Plaintiffs are informed and believe, and thereon allege, that the Defendants created user account 'amirhossein' on the Website, which was used to access the Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 174.36.199.201 on October 5, 2010 at 5:41 am, from IP address 192.251.226.206 on October 21, 2010 at 12:58 pm, and from IP address 208.66.135.190 on January 7, 2011 at 1:28 pm.

140.   The Plaintiffs are informed and believe, and thereon allege, that the Defendants created user account 'giacomo69' on the Website, which was used to access the Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 192.251.226.206 on October 7, 2010 at 2:15 pm.

141.   The Plaintiffs are informed and believe, and thereon allege, that the Defendants created user account 'muspish' on the Website, which was used to access the Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 192.251.226.206 on October 12, 2010 at 6:36 pm.

142.   The Plaintiffs are informed and believe, and thereon allege, that the Defendants created user account 'jahanradan' on the Website, which was used to access the Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 174.36.199.201 on October 16, 2010 at 1:59 am.

143.   The Plaintiffs are informed and believe, and thereon allege, that the Defendants created user account 'joeskitner' on the Website, which was used to access the Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 78.129.226.81 on October 17, 2010 at 10:56 pm.

144. The Plaintiffs are informed and believe, and thereon allege, that the Defendants created user account 'superebeng' on the Website, which was used to access the Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 74.63.112.138 on October 21, 2010 at 11:58 am, and from IP address 78.129.226.81 on October 22, 2010 at 2:13 pm.

145. The Plaintiffs are informed and believe, and thereon allege, that the Defendants created user account 'jackfrost1' on the Website, which was used to access the Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 208.53.142.38 on October 23, 2010 at 5:44 pm, and from IP address 174.36.199.201 on October 30, 2010 at 3:08 pm.

146. The Plaintiffs are informed and believe, and thereon allege, that the Defendants created user account 'Punchy' on the Website, which was used to access the Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 78.129.226.81 on October 24, 2010 at 7:06 am.

147. The Plaintiffs are informed and believe, and thereon allege, that the Defendants created user account 'Getush' on the Website, which was used to access the Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 192.251.226.206 on October 25, 2010 at 1:57 am.

148. The Plaintiffs are informed and believe, and thereon allege, that the Defendants created user account 'casinoonline12' on the Website, which was used to access the Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 95.154.230.252 on October 29, 2010 at 6:45 am.

149. The Plaintiffs are informed and believe, and thereon allege, that the Defendants created user account 'mx125' on the Website, which was used to access the Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 174.36.199.201 on October 29, 2010 at 8:22 am.

4
3RD AMENDED COMPLAINT - CASE NO. 10-CV-5034-RSWL (FFMX)

39
FOURTH AMENDED COMPLAINT – CV10-5034-RSWL (FFMX)

150.   The Plaintiffs are informed and believe, and thereon allege, that the Defendants created user account 'masoudv' on the Website, which was used to access the Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 192.251.226.206 on November 2, 2010 at 1:03 pm.

151.   The Plaintiffs are informed and believe, and thereon allege, that the Defendants created user account 'jade123' on the Website, which was used to access the Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 174.36.199.200 on November 5, 2010 at 6:31 am.

152.   The Plaintiffs are informed and believe, and thereon allege, that the Defendants created user account 'Laider4ever' on the Website, which was used to access the Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 95.154.230.252 on November 7, 2010 at 10:53 pm.

153.   The Plaintiffs are informed and believe, and thereon allege, that the Defendants created user account 'renato930' on the Website, which was used to access the Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 192.251.226.206 from on or about November 14, 2010, 1:17 pm through at least November 20, 2010, 12:58 pm.

154.   The Plaintiffs are informed and believe, and thereon allege, that the Defendants created user account 'PrettyDarkboy' on the Website, which was used to access the Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 74.63.112.138 on November 15, 2010 at 10:29 am.

155.   The Plaintiffs are informed and believe, and thereon allege, that the Defendants created user account 'chaos_d' on the Website, which was used to access the Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 78.129.226.81 on November 17, 2010 at 1:44 am.

156.   The Plaintiffs are informed and believe, and thereon allege, that the Defendants created user account 'farhood_m81' on the Website, which was used to access

4

3RD AMENDED COMPLAINT - CASE NO. 10-CV-5034 RSWL (FFMX)

40

FOURTH AMENDED COMPLAINT – CV10-5034-RSWL (FFMX)

EXHIBIT L
Page 44 of 106

1  the Website (without authorization from, and/or exceeding the use authorized by,

2  Plaintiffs) from IP address 192.251.226.206 on November 17, 2010 at 10:38 pm.

3      157.   The Plaintiffs are informed and believe, and thereon allege, that the

4  Defendants created user account 'Mortencolbert' on the Website, which was used to access

5  the Website (without authorization from, and/or exceeding the use authorized by,

6  Plaintiffs) from IP address 78.129.226.81 on November 21, 2010 at 10:32 am.

7      158.   The Plaintiffs are informed and believe, and thereon allege, that the

8  Defendants created user account 'andersrox' on the Website, which was used to access the

9  Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs)

10 from IP address 78.129.226.81 on November 21, 2010 at 2:44 pm.

11     159.   The Plaintiffs are informed and believe, and thereon allege, that the

12 Defendants created user account 'frankboy' on the Website, which was used to access the

13 Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs)

14 from IP address 62.212.67.209 on November 26, 2010 at 6:02 am.

15     160.   The Plaintiffs are informed and believe, and thereon allege, that the

16 Defendants created user account 'greenstar' on the Website, which was used to access the

17 Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs)

18 from IP address 174.36.199.200 on November 28, 2010 at 12:59 pm, from IP address

19 208.66.135.190 on January 3, 2011 at 2:21 pm, from IP address 174.36.199.201 on January

20 16, 2011 at 2:23 pm, from IP address 62.212.67.209 from on or about February 14, 2011,

21 2:59 pm through at least November 2, 2011, 6:38 pm, from IP address 192.251.226.206

22 from on or about August 16, 2011, 1:16 pm through at least September 23, 2011, 2:13 pm,

23 and from IP address 199.48.147.38 on August 19, 2011 at 8:29 pm.

24     161.   The Plaintiffs are informed and believe, and thereon allege, that the

25 Defendants created user account 'willhtell' on the Website, which was used to access the

26 Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs)

27 from IP address 192.251.226.206 on December 5, 2010 at 1:43 am.

28

~~3RD AMENDED COMPLAINT - CASE NO. 10-CV-5034-RSWL (FFMX)~~

41

FOURTH AMENDED COMPLAINT – CV10-5034-RSWL (FFMX)

EXHIBIT L
Page 45 of  106

162.   The Plaintiffs are informed and believe, and thereon allege, that the Defendants created user account 'trojansta2' on the Website, which was used to access the Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 208.66.135.190 on December 12, 2010 at 11:54 am.

163.   The Plaintiffs are informed and believe, and thereon allege, that the Defendants created user account 'arashkhan' on the Website, which was used to access the Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 192.251.226.206 on December 12, 2010 at 5:26 pm.

164.   The Plaintiffs are informed and believe, and thereon allege, that the Defendants created user account 'Rabiha' on the Website, which was used to access the Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 192.251.226.206 on December 15, 2010 at 2:08 am.

165.   The Plaintiffs are informed and believe, and thereon allege, that the Defendants created user account 'mary4all' on the Website, which was used to access the Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 174.36.199.201 on December 15, 2010 at 5:53 pm.

166.   The Plaintiffs are informed and believe, and thereon allege, that the Defendants created user account 'cedula_04' on the Website, which was used to access the Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 192.251.226.206 on December 16, 2010 at 5:51 pm.

167.   The Plaintiffs are informed and believe, and thereon allege, that the Defendants created user account 'daniel.wills' on the Website, which was used to access the Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 208.66.135.190 on December 18, 2010 at 1:25 pm.

168.   The Plaintiffs are informed and believe, and thereon allege, that the Defendants created user account 'fadi1980' on the Website, which was used to access the

Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 174.36.199.201 on December 20, 2010 at 2:11 am.

169.   The Plaintiffs are informed and believe, and thereon allege, that the Defendants created user account 'mysticarien' on the Website, which was used to access the Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 62.212.67.209 on December 20, 2010 at 5:19 am.

170.   The Plaintiffs are informed and believe, and thereon allege, that the Defendants created user account 'morfeo2003' on the Website, which was used to access the Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 208.66.135.190 on December 22, 2010 at 12:49 pm.

171.   The Plaintiffs are informed and believe, and thereon allege, that the Defendants created user account 'b_keyvani' on the Website, which was used to access the Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 208.66.135.190 on December 23, 2010 at 12:09 pm.

172.   The Plaintiffs are informed and believe, and thereon allege, that the Defendants created user account 'carlisle123' on the Website, which was used to access the Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 192.251.226.206 on December 23, 2010 at 10:56 pm.

173.   The Plaintiffs are informed and believe, and thereon allege, that the Defendants created user account 'homa1916' on the Website, which was used to access the Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 192.251.226.206 on December 24, 2010 at 9:46 am.

174.   The Plaintiffs are informed and believe, and thereon allege, that the Defendants created user account 'mhb_67' on the Website, which was used to access the Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 208.66.135.190 on December 25, 2010 at 1:06 am.

175.   The Plaintiffs are informed and believe, and thereon allege, that the Defendants created user account 'rana_khalil21' on the Website, which was used to access the Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 199.48.147.38 on December 25, 2010 at 10:46 am.

176.   The Plaintiffs are informed and believe, and thereon allege, that the Defendants created user account 'rouhi67' on the Website, which was used to access the Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 174.36.199.200 on December 27, 2010 at 5:06 am.

177.   The Plaintiffs are informed and believe, and thereon allege, that the Defendants created user account 'r2r' on the Website, which was used to access the Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 174.36.199.200 on December 27, 2010 at 2:43 pm.

178.   The Plaintiffs are informed and believe, and thereon allege, that the Defendants created user account 'sjs55' on the Website, which was used to access the Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 174.36.199.200 on January 2, 2011 at 5:47 pm.

179.   The Plaintiffs are informed and believe, and thereon allege, that the Defendants created user account 'cloud1268' on the Website, which was used to access the Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 208.66.135.190 on January 3, 2011 at 12:46 am, and from IP address 192.251.226.206 on June 17, 2011 at 11:04 am.

180.   The Plaintiffs are informed and believe, and thereon allege, that the Defendants created user account 'brazok' on the Website, which was used to access the Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 199.48.147.38 on January 4, 2011 at 5:01 am.

181.   The Plaintiffs are informed and believe, and thereon allege, that the Defendants created user account 'lazio2008' on the Website, which was used to access the

EXHIBIT L
Page 48 of  106

Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 174.36.199.200 on January 5, 2011 at 8:38 am.

182.   The Plaintiffs are informed and believe, and thereon allege, that the Defendants created user account 'mindblowin' on the Website, which was used to access the Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 74.63.112.138 on January 7, 2011 at 9:51 am.

183.   The Plaintiffs are informed and believe, and thereon allege, that the Defendants created user account 'arifk' on the Website, which was used to access the Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 174.36.199.201 on January 7, 2011 at 9:45 pm, and from IP address 192.251.226.206 from on or about January 8, 2011, 2:12 am through at least January 10, 2011, 11:07 am.

184.   The Plaintiffs are informed and believe, and thereon allege, that the Defendants created user account 'ninja_99' on the Website, which was used to access the Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 174.36.199.201 on January 9, 2011 at 12:08 am.

185.   The Plaintiffs are informed and believe, and thereon allege, that the Defendants created user account 'miaj63' on the Website, which was used to access the Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 174.36.199.201 on January 13, 2011 at 6:02 am.

186.   The Plaintiffs are informed and believe, and thereon allege, that the Defendants created user account 'iyadkh' on the Website, which was used to access the Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 174.36.199.201 on January 14, 2011 at 5:33 pm.

187.   The Plaintiffs are informed and believe, and thereon allege, that the Defendants created user account 'e55amg' on the Website, which was used to access the

EXHIBIT L
Page 49 of 106

Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 74.63.112.138 on January 22, 2011 at 9:29 am.

188.   The Plaintiffs are informed and believe, and thereon allege, that the Defendants created user account 'mamadd' on the Website, which was used to access the Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 192.251.226.206 on January 24, 2011 at 8:49 am.

189.   The Plaintiffs are informed and believe, and thereon allege, that the Defendants created user account 'jagermcconnell' on the Website, which was used to access the Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 74.63.112.138 on January 24, 2011 at 11:45 am.

190.   The Plaintiffs are informed and believe, and thereon allege, that the Defendants created user account 'avrumia1' on the Website, which was used to access the Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 199.48.147.38 on January 29, 2011 at 4:38 pm.

191.   The Plaintiffs are informed and believe, and thereon allege, that the Defendants created user account 'picardnelis' on the Website, which was used to access the Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 74.63.112.138 on January 30, 2011 at 12:44 pm.

192.   The Plaintiffs are informed and believe, and thereon allege, that the Defendants created user account 'bluesilk2' on the Website, which was used to access the Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 208.66.135.190 on January 31, 2011 at 1:49 am.

193.   The Plaintiffs are informed and believe, and thereon allege, that the Defendants created user account 'orbit100' on the Website, which was used to access the Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 192.251.226.206 on February 1, 2011 at 2:58 am.

EXHIBIT L
Page 50 of  106

194.   The Plaintiffs are informed and believe, and thereon allege, that the Defendants created user account 'smilycolor' on the Website, which was used to access the Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 199.48.147.38 on February 1, 2011 at 9:49 am.

195.   The Plaintiffs are informed and believe, and thereon allege, that the Defendants created user account 'tamtamtam' on the Website, which was used to access the Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 192.251.226.206 on February 7, 2011 at 8:49 pm.

196.   The Plaintiffs are informed and believe, and thereon allege, that the Defendants created user account 'zxcvbgfdsa' on the Website, which was used to access the Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 208.66.135.190 on February 9, 2011 at 2:03 am.

197.   The Plaintiffs are informed and believe, and thereon allege, that the Defendants created user account 'kobra2011' on the Website, which was used to access the Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 199.48.147.38 on February 10, 2011 at 11:26 am.

198.   The Plaintiffs are informed and believe, and thereon allege, that the Defendants created user account 'ALI.KARIMIAN' on the Website, which was used to access the Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 208.66.135.190 on February 10, 2011 at 7:01 pm.

199.   The Plaintiffs are informed and believe, and thereon allege, that the Defendants created user account 'nobenin' on the Website, which was used to access the Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 192.251.226.206 on February 11, 2011 at 11:12 am.

200.   The Plaintiffs are informed and believe, and thereon allege, that the Defendants created user account 'nino_tiger' on the Website, which was used to access the

Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 192.251.226.206 on February 13, 2011 at 6:26 pm.

201.   The Plaintiffs are informed and believe, and thereon allege, that the Defendants created user account 'pols14110' on the Website, which was used to access the Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 91.135.154.1 from on or about February 16, 2011, 10:12 am through at least February 16, 2011, 10:14 am.

202.   The Plaintiffs are informed and believe, and thereon allege, that the Defendants created user account 'hasib360' on the Website, which was used to access the Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 192.251.226.206 on February 18, 2011 at 3:15 am.

203.   The Plaintiffs are informed and believe, and thereon allege, that the Defendants created user account 'MOH3N' on the Website, which was used to access the Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 192.251.226.206 on February 21, 2011 at 9:25 pm.

204.   The Plaintiffs are informed and believe, and thereon allege, that the Defendants created user account 'justinkalan' on the Website, which was used to access the Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 208.66.135.190 on February 23, 2011 at 2:37 pm.

205.   The Plaintiffs are informed and believe, and thereon allege, that the Defendants created user account 'dxbdreams' on the Website, which was used to access the Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 199.48.147.38 on February 24, 2011 at 2:58 am.

206.   The Plaintiffs are informed and believe, and thereon allege, that the Defendants created user account 'stormy9696' on the Website, which was used to access the Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 199.48.147.38 on February 24, 2011 at 4:56 pm.

EXHIBIT L
Page 52 of  106

207.   The Plaintiffs are informed and believe, and thereon allege, that the Defendants created user account 'bandoree' on the Website, which was used to access the Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 62.212.67.209 on February 25, 2011 at 7:08 am.

208.   The Plaintiffs are informed and believe, and thereon allege, that the Defendants created user account 'bob2121212' on the Website, which was used to access the Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 199.48.147.38 on February 26, 2011 at 6:53 pm.

209.   The Plaintiffs are informed and believe, and thereon allege, that the Defendants created user account 'dracman' on the Website, which was used to access the Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 62.212.67.209 on February 28, 2011 at 3:50 am, and from IP address 192.251.226.206 on March 21, 2011 at 5:54 am.

210.   The Plaintiffs are informed and believe, and thereon allege, that the Defendants created user account 'edwin17' on the Website, which was used to access the Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 208.66.135.190 on March 3, 2011 at 1:32 pm.

211.   The Plaintiffs are informed and believe, and thereon allege, that the Defendants created user account 'sureshjat007jat' on the Website, which was used to access the Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 192.251.226.206 on March 5, 2011 at 10:52 am.

212.   The Plaintiffs are informed and believe, and thereon allege, that the Defendants created user account 'biribiri' on the Website, which was used to access the Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 208.66.135.190 on March 6, 2011 at 1:27 pm.

213.   The Plaintiffs are informed and believe, and thereon allege, that the Defendants created user account 'fery_123' on the Website, which was used to access the

Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 62.212.67.209 on March 10, 2011 at 3:46 am.

214.   The Plaintiffs are informed and believe, and thereon allege, that the Defendants created user account 'sandmanstylie' on the Website, which was used to access the Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 192.251.226.206 on March 12, 2011 at 10:21 pm.

215.   The Plaintiffs are informed and believe, and thereon allege, that the Defendants created user account 'ilies22' on the Website, which was used to access the Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 62.212.67.209 on March 15, 2011 at 4:12 am.

216.   The Plaintiffs are informed and believe, and thereon allege, that the Defendants created user account 'Miroslava1289464' on the Website, which was used to access the Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 74.63.112.138 on March 17, 2011 at 5:26 am.

217.   The Plaintiffs are informed and believe, and thereon allege, that the Defendants created user account 'Irina1330727' on the Website, which was used to access the Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 74.63.112.138 from on or about March 17, 2011, 6:57 am through at least March 17, 2011, 7:14 am.

218.   The Plaintiffs are informed and believe, and thereon allege, that the Defendants created user account 'smmb60' on the Website, which was used to access the Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 192.251.226.206 on March 18, 2011 at 1:20 pm.

219.   The Plaintiffs are informed and believe, and thereon allege, that the Defendants created user account 'ha.or' on the Website, which was used to access the Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 199.48.147.38 on March 18, 2011 at 11:27 pm.

220.   The Plaintiffs are informed and believe, and thereon allege, that the Defendants created user account 'sentia' on the Website, which was used to access the Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 199.48.147.38 on March 19, 2011 at 10:02 am.

221.   The Plaintiffs are informed and believe, and thereon allege, that the Defendants created user account 'bholu' on the Website, which was used to access the Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 192.251.226.206 on March 20, 2011 at 2:26 am.

222.   The Plaintiffs are informed and believe, and thereon allege, that the Defendants created user account 'sami7' on the Website, which was used to access the Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 192.251.226.206 on March 20, 2011 at 12:36 pm.

223.   The Plaintiffs are informed and believe, and thereon allege, that the Defendants created user account 'streetit' on the Website, which was used to access the Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 192.251.226.206 on March 21, 2011 at 1:16 am.

224.   The Plaintiffs are informed and believe, and thereon allege, that the Defendants created user account 'edafge' on the Website, which was used to access the Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 192.251.226.206 on March 27, 2011 at 11:09 pm.

225.   The Plaintiffs are informed and believe, and thereon allege, that the Defendants created user account 'Bobichek' on the Website, which was used to access the Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 91.135.154.1 from on or about March 30, 2011, 3:39 am through at least March 30, 2011, 2:11 pm.

226.   The Plaintiffs are informed and believe, and thereon allege, that the Defendants created user account 'alexander_t' on the Website, which was used to access the

Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 91.135.154.1 on March 30, 2011 at 5:33 am.

227.   The Plaintiffs are informed and believe, and thereon allege, that Defendants created user account 'sbrl' on the Website, which was used to access the Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 199.48.147.38 on April 1, 2011 at 12:45 pm.

228.   The Plaintiffs are informed and believe, and thereon allege, that Defendants created user account 'smithster23' on the Website, which was used to access the Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 192.251.226.206 on April 4, 2011 at 11:24 pm.

229.   The Plaintiffs are informed and believe, and thereon allege, that Defendants created user account 'DonSmitt' on the Website, which was used to access the Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 66.11.129.231 from on or about April 5, 2011, 12:28 am through at least September 19, 2011, 8:00 am, from IP address 91.135.154.10 from on or about July 12, 2011, 12:56 am through at least September 15, 2011, 6:16 am, and from IP address 91.205.9.243 from on or about July 18, 2011, 3:40 am through at least August 3, 2011, 12:00 am.

230.   The Plaintiffs are informed and believe, and thereon allege, that Defendants created user account 'Anastasia1820973' on the Website, which was used to access the Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 74.63.112.138 on April 8, 2011 at 5:45 am.

231.   The Plaintiffs are informed and believe, and thereon allege, that Defendants created user account 'harshaaliaschinna' on the Website, which was used to access the Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 74.63.112.138 on April 10, 2011 at 4:14 am.

232.    The Plaintiffs are informed and believe, and thereon allege, that the Defendants created user account 'ankitpatel230988' on the Website, which was used to access the Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 192.251.226.206 on April 12, 2011 at 11:29 am.

233.    The Plaintiffs are informed and believe, and thereon allege, that the Defendants created user account 'sandeepms87' on the Website, which was used to access the Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 192.251.226.206 on April 14, 2011 at 8:18 am.

234.    The Plaintiffs are informed and believe, and thereon allege, that the Defendants created user account 'Elena1408266' on the Website, which was used to access the Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 192.251.226.206 from on or about April 19, 2011, 8:31 am through at least April 22, 2011, 7:29 am.

235.    The Plaintiffs are informed and believe, and thereon allege, that the Defendants created user account 'alnico_at_live.it' on the Website, which was used to access the Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 199.48.147.38 on April 20, 2011 at 6:32 am, and from IP address 192.251.226.206 on April 28, 2011 at 12:52 am.

236.    The Plaintiffs are informed and believe, and thereon allege, that the Defendants created user account 'CuriousItalian' on the Website, which was used to access the Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 192.251.226.206 on April 21, 2011 at 6:52 am.

237.    The Plaintiffs are informed and believe, and thereon allege, that the Defendants created user account 'hamedyasi' on the Website, which was used to access the Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 192.251.226.206 on April 26, 2011 at 1:30 pm.

238.   The Plaintiffs are informed and believe, and thereon allege, that the Defendants created user account 'omofranky' on the Website, which was used to access the Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 192.251.226.206 on April 29, 2011 at 1:34 am.

239.   The Plaintiffs are informed and believe, and thereon allege, that the Defendants created user account 'alireza66' on the Website, which was used to access the Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 192.251.226.206 on May 3, 2011 at 3:50 am.

240.   The Plaintiffs are informed and believe, and thereon allege, that the Defendants created user account 'asefd' on the Website, which was used to access the Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 66.11.129.231 on May 4, 2011 at 3:10 am.

241.   The Plaintiffs are informed and believe, and thereon allege, that the Defendants created user account 'chamir' on the Website, which was used to access the Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 62.212.67.209 on May 8, 2011 at 12:52 pm.

242.   The Plaintiffs are informed and believe, and thereon allege, that the Defendants created user account 'mheisen' on the Website, which was used to access the Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 192.251.226.206 on May 12, 2011 at 3:19 am.

243.   The Plaintiffs are informed and believe, and thereon allege, that the Defendants created user account 'erfanjoker' on the Website, which was used to access the Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 199.48.147.38 on May 14, 2011 at 4:36 am.

244.   The Plaintiffs are informed and believe, and thereon allege, that the Defendants created user account 'prdep37' on the Website, which was used to access the

4
3RD AMENDED COMPLAINT- CASE NO. 10-CV-5034-RSWL (FFMX)

54

Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 192.251.226.206 on May 14, 2011 at 10:46 pm.

245.   The Plaintiffs are informed and believe, and thereon allege, that the Defendants created user account 'kjsdhhh453' on the Website, which was used to access the Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 74.63.112.138 on May 20, 2011 at 1:52 pm.

246.   The Plaintiffs are informed and believe, and thereon allege, that the Defendants created user account 'gogic' on the Website, which was used to access the Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 66.11.129.231 on May 27, 2011 at 3:55 am.

247.   The Plaintiffs are informed and believe, and thereon allege, that the Defendants created user account 'hani_9' on the Website, which was used to access the Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 199.48.147.38 on May 31, 2011 at 5:05 am.

248.   The Plaintiffs are informed and believe, and thereon allege, that the Defendants created user account 'masfgfgs' on the Website, which was used to access the Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 66.11.129.231 on June 8, 2011 at 4:43 am.

249.   The Plaintiffs are informed and believe, and thereon allege, that the Defendants created user account 'sfhasfdhfj' on the Website, which was used to access the Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 66.11.129.231 on June 9, 2011 at 12:15 am.

250.   The Plaintiffs are informed and believe, and thereon allege, that the Defendants created user account 'sgsfghgqq' on the Website, which was used to access the Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 66.11.129.231 on June 9, 2011 at 12:32 am.

251.   The Plaintiffs are informed and believe, and thereon allege, that the Defendants created user account 'marcomillan' on the Website, which was used to access the Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 192.251.226.206 on June 13, 2011 at 11:03 am.

252.   The Plaintiffs are informed and believe, and thereon allege, that the Defendants created user account 'alialavi' on the Website, which was used to access the Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 192.251.226.206 on June 21, 2011 at 2:32 am.

253.   The Plaintiffs are informed and believe, and thereon allege, that the Defendants created user account 'gsfdhghgh' on the Website, which was used to access the Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 66.11.129.231 on June 22, 2011 at 12:20 am.

254.   The Plaintiffs are informed and believe, and thereon allege, that the Defendants created user account 'beckham.cristiano' on the Website, which was used to access the Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 192.251.226.206 on June 24, 2011 at 6:33 pm.

255.   The Plaintiffs are informed and believe, and thereon allege, that the Defendants created user account 'manojrathod' on the Website, which was used to access the Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 192.251.226.206 on July 8, 2011 at 3:40 am.

256.   The Plaintiffs are informed and believe, and thereon allege, that the Defendants created user account 'arjunbyanju' on the Website, which was used to access the Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 199.48.147.38 on July 14, 2011 at 3:21 am.

257.   The Plaintiffs are informed and believe, and thereon allege, that the Defendants created user account 'sen123' on the Website, which was used to access the

Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 192.251.226.206 on July 15, 2011 at 6:52 am.

258.   The Plaintiffs are informed and believe, and thereon allege, that the Defendants created user account 'maf12345' on the Website, which was used to access the Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 192.251.226.206 on July 15, 2011 at 1:41 pm.

259.   The Plaintiffs are informed and believe, and thereon allege, that the Defendants created user account 'CA30715' on the Website, which was used to access the Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 91.205.9.243 on July 19, 2011 at 1:25 am.

260.   The Plaintiffs are informed and believe, and thereon allege, that the Defendants created user account 't.a.s.m.18' on the Website, which was used to access the Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 192.251.226.206 on July 19, 2011 at 10:43 am.

261.   The Plaintiffs are informed and believe, and thereon allege, that the Defendants created user account 'sanis70' on the Website, which was used to access the Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 199.48.147.38 on July 22, 2011 at 11:41 am.

262.   The Plaintiffs are informed and believe, and thereon allege, that the Defendants created user account 'r.m1353' on the Website, which was used to access the Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 199.48.147.38 on July 25, 2011 at 11:24 am.

263.   The Plaintiffs are informed and believe, and thereon allege, that the Defendants created user account 'kawajaanam' on the Website, which was used to access the Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 192.251.226.206 on July 27, 2011 at 6:49 am.

264.    The Plaintiffs are informed and believe, and thereon allege, that the Defendants created user account 'darkpella' on the Website, which was used to access the Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 192.251.226.206 from on or about July 27, 2011, 9:18 am through at least September 16, 2011, 9:19 am, and from IP address 199.48.147.38 on November 4, 2011 at 10:17 am.

265.    The Plaintiffs are informed and believe, and thereon allege, that the Defendants created user account 'sdfsdfjhgsdfsdfsdf' on the Website, which was used to access the Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 66.11.129.231 on August 4, 2011 at 4:27 am.

266.    The Plaintiffs are informed and believe, and thereon allege, that the Defendants created user account 'gudgle' on the Website, which was used to access the Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 66.11.129.231 from on or about August 4, 2011, 5:20 am through at least October 18, 2011, 6:00 am.

267.    The Plaintiffs are informed and believe, and thereon allege, that the Defendants created user account 'nimamiry' on the Website, which was used to access the Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 199.48.147.38 on August 5, 2011 at 9:47 pm.

268.    The Plaintiffs are informed and believe, and thereon allege, that the Defendants created user account 'fadiohead' on the Website, which was used to access the Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 192.251.226.206 on August 13, 2011 at 10:58 am.

269.    The Plaintiffs are informed and believe, and thereon allege, that the Defendants created user account 'jupiter5566' on the Website, which was used to access the Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 192.251.226.206 on August 16, 2011 at 7:53 am.

270.   The Plaintiffs are informed and believe, and thereon allege, that the Defendants created user account 'kelvinebrown' on the Website, which was used to access the Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 192.251.226.206 on August 19, 2011 at 6:06 am.

271.   The Plaintiffs are informed and believe, and thereon allege, that the Defendants created user account 'raaz88' on the Website, which was used to access the Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 192.251.226.206 on August 25, 2011 at 6:16 am.

272.   The Plaintiffs are informed and believe, and thereon allege, that the Defendants created user account 'kabotar' on the Website, which was used to access the Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 192.251.226.206 on August 31, 2011 at 3:59 am.

273.   The Plaintiffs are informed and believe, and thereon allege, that the Defendants created user account 'kian65' on the Website, which was used to access the Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 199.48.147.38 on September 4, 2011 at 5:34 am.

274.   The Plaintiffs are informed and believe, and thereon allege, that the Defendants created user account 'saiiiii' on the Website, which was used to access the Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 192.251.226.206 on September 5, 2011 at 10:23 pm.

275.   The Plaintiffs are informed and believe, and thereon allege, that the Defendants created user account 'Anastasiya2100480' on the Website, which was used to access the Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 192.251.226.206 on September 6, 2011 at 9:13 pm.

276.   The Plaintiffs are informed and believe, and thereon allege, that the Defendants created user account 'ghiathtr' on the Website, which was used to access the

EXHIBIT L
Page 63 of  106

Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 199.48.147.38 on September 8, 2011 at 12:38 pm.

277.   The Plaintiffs are informed and believe, and thereon allege, that the Defendants created user account 'Tratata12345' on the Website, which was used to access the Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 91.135.154.10 on September 13, 2011 at 10:57 pm.

278.   The Plaintiffs are informed and believe, and thereon allege, that the Defendants created user account 'fadosato' on the Website, which was used to access the Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 192.251.226.206 on September 15, 2011 at 8:25 am.

279.   The Plaintiffs are informed and believe, and thereon allege, that the Defendants created user account 'willings' on the Website, which was used to access the Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 192.251.226.206 on September 16, 2011 at 4:59 pm.

280.   The Plaintiffs are informed and believe, and thereon allege, that the Defendants created user account 'djmehdi' on the Website, which was used to access the Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 192.251.226.206 on September 18, 2011 at 9:07 am.

281.   The Plaintiffs are informed and believe, and thereon allege, that the Defendants created user account 'xxaassddffxx' on the Website, which was used to access the Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 192.251.226.206 on September 18, 2011 at 9:17 am.

282.   The Plaintiffs are informed and believe, and thereon allege, that the Defendants created user account 'azooz12' on the Website, which was used to access the Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 192.251.226.206 on September 18, 2011 at 12:27 pm.

EXHIBIT L
Page 64 of  106

283.   The Plaintiffs are informed and believe, and thereon allege, that the Defendants created user account 'malek20' on the Website, which was used to access the Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 192.251.226.206 on September 23, 2011 at 2:30 am.

284.   The Plaintiffs are informed and believe, and thereon allege, that the Defendants created user account 'Olgood' on the Website, which was used to access the Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 91.205.9.243 on September 30, 2011 at 2:19 am, and from IP address 91.135.154.10 on September 30, 2011 at 4:14 am.

285.   The Plaintiffs are informed and believe, and thereon allege, that the Defendants created user account 'we65u' on the Website, which was used to access the Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 91.205.9.243 on October 10, 2011 at 10:54 pm.

286.   The Plaintiffs are informed and believe, and thereon allege, that the Defendants created user account 'Stephen257' on the Website, which was used to access the Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 91.135.154.10 from on or about October 11, 2011, 4:36 am through at least October 11, 2011, 4:52 am.

287.   The Plaintiffs are informed and believe, and thereon allege, that the Defendants created user account 'nimashaahi' on the Website, which was used to access the Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 199.48.147.38 on October 19, 2011 at 6:42 am.

288.   The Plaintiffs are informed and believe, and thereon allege, that the Defendants created user account 'PeterWang' on the Website, which was used to access the Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 66.11.129.231 from on or about October 22, 2011, 10:14 am through at least November 6, 2011, 10:59 pm.

EXHIBIT L
Page 65 of 106

289.   The Plaintiffs are informed and believe, and thereon allege, that the Defendants created user account 'h.fallahnezhad' on the Website, which was used to access the Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 199.48.147.38 on October 31, 2011 at 11:51 am.

290.   The Plaintiffs are informed and believe, and thereon allege, that the Defendants created user account 'temaz' on the Website, which was used to access the Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 91.135.154.10 on November 1, 2011 at 3:23 am.

291.   The Plaintiffs are informed and believe, and thereon allege, that the Defendants created user account 'iuhli' on the Website, which was used to access the Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 91.205.9.243 on November 18, 2011 at 6:58 am.

292.   The Plaintiffs are informed and believe, and thereon allege, that the Defendants created user account 'thebigmoc' on the Website, which was used to access the Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 199.48.147.38 on November 19, 2011 at 2:29 am.

293.   The Plaintiffs are informed and believe, and thereon allege, that the Defendants created user account 'marvel8' on the Website, which was used to access the Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 91.205.9.243 on December 12, 2011 at 10:17 pm.

294.   The Plaintiffs are informed and believe, and thereon allege, that the Defendants created user account 'sdh56424' on the Website, which was used to access the Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 91.205.9.243 on December 13, 2011 at 4:37 am.

295.   The Plaintiffs are informed and believe, and thereon allege, that the Defendants created user account 'm0o0o1' on the Website, which was used to access the

Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 62.212.67.209 on January 4, 2012 at 5:11 am.

296.   The Plaintiffs are informed and believe, and thereon allege, that Defendants created user account 'Bill731983' on the Website, which was used to access the Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 91.205.9.243 on January 11, 2012 at 2:59 am.

297.   The Plaintiffs are informed and believe, and thereon allege, that Defendants created user account 'BenMitteran' on the Website, which was used to access the Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 91.205.9.243 from on or about January 16, 2012, 5:48 am through at least January 20, 2012, 3:36 am.

298.   The Plaintiffs are informed and believe, and thereon allege, that Defendants created user account 'bdgbdb' on the Website, which was used to access the Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 91.205.9.243 on January 22, 2012 at 11:18 pm.

299.   The Plaintiffs are informed and believe, and thereon allege, that Defendants created user account 'md_rock1983' on the Website, which was used to access the Website (without authorization from, and/or exceeding the use authorized by, the Plaintiffs) from IP address 199.48.147.38 on February 6, 2012 at 6:06 am.

300.   The 'NeilB' account was used to perform Screen Scraping of the Plaintiffs' Website from IP address 89.17.39.18 from on or about December 11, 2011 at 11:33 pm through at least December 11, 2011 at 11:33 pm.

301.   The 'NeilB' account was used to perform Screen Scraping of the Plaintiffs' Website from IP address 66.11.129.231 from on or about November 1, 2010 at 3:20 am through at least November 8, 2011 at 4:06 am.

4
3RD AMENDED COMPLAINT - CASE NO. 10-CV-5034-RSWL (FFMX)

63
FOURTH AMENDED COMPLAINT – CV10-5034-RSWL (FFMX)

302.    The 'NeilB' account was used to perform Screen Scraping of the Plaintiffs' Website from IP address 91.135.154.10 from on or about July 13, 2011 at 10:44 pm through at least November 2, 2011 at 12:37 am.

303.    The 'NeilB' account was used to perform Screen Scraping of the Plaintiffs' Website from IP address 91.205.9.243 from on or about August 5, 2011 at 12:44 am through at least October 25, 2011 at 7:52 am.

304.    The 'NeilB' account was used to perform Screen Scraping of the Plaintiffs' Website from IP address 91.135.154.1 from on or about March 17, 2011 at 6:22 am through at least March 30, 2011 at 5:45 am.

305.    The 'NeilB' account was used to perform Screen Scraping of the Plaintiffs' Website from IP address 199.48.147.38 on or about February 24, 2011 at 4:33 am.

306.    The 'NeilB' account was used to perform Screen Scraping of the Plaintiffs' Website from IP address 208.66.135.190 on or about January 14, 2011 at 6:06 am.

307.    The 'NeilB' account was used to perform Screen Scraping of the Plaintiffs' Website from IP address 178.177.231.88 on or about December 17, 2010 at 11:50 am.

308.    The 'NeilB' account was used to perform Screen Scraping of the Plaintiffs' Website from IP address 192.251.226.206 on or about December 13, 2010 at 1:21 am.

309.    The 'NeilB' account was used to perform Screen Scraping of the Plaintiffs' Website from IP address 174.36.199.201 on or about December 10, 2010 at 6:53 am.

310.    The 'NeilB' account was used to perform Screen Scraping of the Plaintiffs' Website from IP address 174.36.199.200 on or about December 8, 2010 at 5:28 am.

311.    The 'NeilB' account was used to perform Screen Scraping of the Plaintiffs' Website from IP address 85.214.73.63 on or about November 16, 2010 at 12:55 am.

312.    The 'NeilB' account was used to perform Screen Scraping of the Plaintiffs' Website from IP address 79.136.50.205 on or about November 11, 2010 at 12:37 am.

313.    The 'NeilB' account was used to perform Screen Scraping of the Plaintiffs' Website from IP address 95.154.230.252 on or about November 9, 2010 at 2:08 am.

314.   The 'NeilB' account was used to perform Screen Scraping of the Plaintiffs' Website from IP address 174.142.248.162 on or about November 1, 2010 at 3:33 am.

315.   The 'NeilB' account was used to perform Screen Scraping of the Plaintiffs' Website from IP address 217.118.66.42 on or about November 1, 2010 at 1:58 am.

316.   The 'NeilB' account was used to perform Screen Scraping of the Plaintiffs' Website from IP address 208.53.142.38 on or about October 26, 2010 at 7:10 am.

317.   The 'NeilB' account was used to perform Screen Scraping of the Plaintiffs' Website from IP address 78.129.226.81 on or about October 26, 2010 at 7:04 am.

318.   The 'NeilB' account was used to perform Screen Scraping of the Plaintiffs' Website from IP address 74.63.112.138 from on or about September 26, 2010 at 11:42 pm through at least October 26, 2010 at 2:34 am.

319.   The 'NeilB' account was used to perform Screen Scraping of the Plaintiffs' Website from IP address 78.40.231.89 from on or about October 14, 2010 at 7:47 am through at least October 19, 2010 at 5:20 am.

320.   The 'NeilB' account was used to perform Screen Scraping of the Plaintiffs' Website from IP address 85.25.71.227 from on or about September 27, 2010 at 2:14 am through at least September 27, 2010 at 4:28 am.

321.   The 'NeilB' account was used to perform Screen Scraping of the Plaintiffs' Website from IP address 90.155.166.241 on or about September 25, 2010 at 10:41 pm.

322.   The 'NeilB' account was used to perform Screen Scraping of the Plaintiffs' Website from IP address 62.212.67.209 on or about September 24, 2010 at 12:55 am.

323.   The 'NeilB' account was used to perform Screen Scraping of the Plaintiffs' Website from IP address 91.135.149.142 from on or about January 13, 2010 at 2:03 am through at least September 14, 2010 at 7:35 am.

324.   The 'NeilB' account was used to perform Screen Scraping of the Plaintiffs' Website from IP address 213.247.150.120 from on or about January 25, 2010 at 12:12 am through at least August 24, 2010 at 11:24 pm.

325.   The 'NeilB' account was used to perform Screen Scraping of the Plaintiffs' Website from IP address 62.33.191.144 from on or about June 15, 2010 at 11:11 am through at least August 24, 2010 at 7:01 pm.

326.   The 'NeilB' account was used to perform Screen Scraping of the Plaintiffs' Website from IP address 209.9.160.4 from on or about March 2, 2010 at 11:09 am through at least August 13, 2010 at 3:03 am.

327.   The 'NeilB' account was used to perform Screen Scraping of the Plaintiffs' Website from IP address 94.23.44.129 on or about July 12, 2010 at 4:49 am.

328.   The 'NeilB' account was used to perform Screen Scraping of the Plaintiffs' Website from IP address 203.229.170.86 on or about July 12, 2010 at 12:43 am.

329.   The 'NeilB' account was used to perform Screen Scraping of the Plaintiffs' Website from IP address 217.148.34.91 on or about July 5, 2010 at 7:31 am.

330.   The 'NeilB' account was used to perform Screen Scraping of the Plaintiffs' Website from IP address 217.148.34.92 from on or about June 25, 2010 at 8:55 am through at least July 2, 2010 at 3:49 am.

331.   The 'NeilB' account was used to perform Screen Scraping of the Plaintiffs' Website from IP address 195.161.102.214 from on or about January 21, 2010 at 12:27 am through at least July 1, 2010 at 7:07 am.

332.   The 'NeilB' account was used to perform Screen Scraping of the Plaintiffs' Website from IP address 70.247.168.60 on or about May 25, 2010 at 5:02 pm.

333.   The 'NeilB' account was used to perform Screen Scraping of the Plaintiffs' Website from IP address 204.93.137.42 from on or about March 2, 2010 at 5:13 am through at least April 1, 2010 at 5:11 am.

334.   The 'NeilB' account was used to perform Screen Scraping of the Plaintiffs' Website from IP address 66.216.126.30 from on or about March 29, 2010 at 7:34 am through at least April 1, 2010 at 5:05 am.

335.   The 'NeilB' account was used to perform Screen Scraping of the Plaintiffs' Website from IP address 64.33.50.65 from on or about March 3, 2010 at 2:53 am through at least April 1, 2010 at 3:27 am.

336.   The 'NeilB' account was used to perform Screen Scraping of the Plaintiffs' Website from IP address 66.132.174.73 on or about March 30, 2010 at 3:48 am.

337.   The 'NeilB' account was used to perform Screen Scraping of the Plaintiffs' Website from IP address 195.69.74.9 on or about March 2, 2010 at 5:59 am through at least March 3, 2010 at 10:47 pm.

338.   The 'NeilB' account was used to perform Screen Scraping of the Plaintiffs' Website from IP address 217.64.166.3 from on or about March 2, 2010 at 5:58 am through at least March 3, 2010 at 10:45 pm.

339.   The 'NeilB' account was used to perform Screen Scraping of the Plaintiffs' Website from IP address 89.234.7.214 from on or about March 2, 2010 at 1:37 pm through at least March 3, 2010 at 10:27 am.

**VII.   THE DEFENDANTS' INTERFERENCE**

340.   Armed with the information obtained through their Screen Scraping, the Defendants embarked on a campaign of harassment and intimidation targeting the Agencies representing the Commonwealth Women (the Defendants' "Interfering Activity").

23.341.   This Interfering Activity has irreparably harmed and, if not enjoined, will continue to irreparably harm Plaintiff and its long-used and federally registered marks, the Plaintiffs.

24.342.   Plaintiff is informed and believes, and based thereon alleges, that The Defendants' activitiesInterfering Activity have additionally irreparably harmed and, if not enjoined, will continue to irreparably harm the general public who has an inherent interest in being free from confusion, mistake and deception.

**Formatted:** Font: Garamond

**Formatted:** Normal - Numbered, Line spacing:  single,  No bullets or numbering, Adjust space between Latin and Asian text, Adjust space between Asian text and numbers

**Formatted:** Font: Garamond

**Formatted:** Font: Garamond

**Formatted:** Font: Garamond

**Formatted:** Font: Garamond

**Formatted:** Font: Garamond

**FIRST CAUSE OF ACTION**

343. Plaintiffs, including their predecessors in interest, have commercial relationships with the Agencies representing the Commonwealth dating back more than 8 years, to the earliest days of Plaintiff's operation of its Website.

344. Plaintiffs' relationships with the Agencies are ongoing, generating revenues for the Plaintiffs (and commensurate commissions for the Agencies) on a monthly basis. Continuing economic benefit for the Plaintiffs was, should be, and in many cases still is, the status quo.

345. The Defendants knew about these relationships and intended to disrupt them; the Defendants, in fact, specifically referenced and, in effect, demanded the cessation of, the Agencies' relationships with the Plaintiffs (among others) when making their unfounded demands of exclusivity. For instance, in mid-April, 2010, the Plaintiffs received communications from several Agencies stating, in effect, that the Agencies had each been contacted by Anastasia stating they would not be paid their accrued commission(s) unless the profiles of the Commonwealth Women represented by the Agencies were removed from every one of Anastasia's competitors' websites, including the Plaintiffs' Website.

346. The Defendants perpetrated this scheme: through its unlawful Screen Scraping; through modifying Screen Scraping to counteract the Plaintiffs' attempts to thwart that Screen Scraping; and, upon information and belief, through their fraudulent assertion of contractual terms that did not exist in the actual language of the contract(s) (such as, e.g., claiming ¶ 2.5 of their (Kirpton, Ltd.'s) agreement with the Agencies gave Anastasia absolute exclusivity for the Commonwealth Women, when in fact that paragraph of the Defendants' Agreement ("ДОГОВОР") contains only an ineffective and incomplete purported 'grant' of certain intellectual property rights: "The [Agency] realizes that ALL the data produced while executing this contract, such as: photos, profiles placed on [Anastasia's] Internet-sites, e-mail addresses, data-bases, etc. are [Anastasia's] property. The [Agency] has no right to use [Anastasia's] data, by any way, including coping, revision, placing in any

source of information, including ANY Internet-sites. Such [Agency] activity is considered to be the infringement of [Anastasia]'s rights to the intellectual property, may cause non-payment of the recompenses to the [Agency] and is prosecuted." (Translation from the original.)

347.   The Plaintiffs' relationships with the Agencies has been disrupted and the Plaintiffs themselves harmed, in that the Plaintiffs have had Commonwealth Women leave its Website, and has, through their use of a somewhat mitigating 'invisibility' feature, seen their revenues drop dramatically (with the Agencies' commissions reduced commensurately) for those Commonwealth Women caught in the Defendants' net of interference.

348.   The Defendants' wrongful conduct, described herein, was the sole cause of Plaintiffs' harm; no other causes are known to the Plaintiffs, and the Agencies requesting the profiles of their represented Commonwealth Women be removed or made invisible specifically referenced the Defendants' activities when making those requests.

**FIRST CAUSE OF ACTION**

*(Cyberpiracy – 15 U.S.C. § 1125(d))*

25.349.   Plaintiff realleges Plaintiffs reallege and incorporates incorporate by reference paragraphs 1 through 24 23 as though fully set forth herein.

26.350.   Plaintiff is Plaintiffs are informed and believes believe, and based thereon alleges allege, that Defendants had a bad faith intent to profit from Plaintiff's the Dream Marriage Mark.

27.351.   Plaintiff is Plaintiffs are informed and believes believe, and based thereon alleges allege, that Defendants registered, trafficked in, and/or used the Infringing Domain Names, which are identical and/or confusingly similar and/or dilutive of Plaintiff's the Dream Marriage Mark.

28.352.   Plaintiff is Plaintiffs are informed and believes believe, and based thereon alleges allege, that Plaintiff's the Dream Marriage Mark were was distinctive at the

---

Formatted: Font: Garamond, Not Bold
Formatted: Font: Garamond, Not Bold
Formatted: Font: Garamond
Formatted: Heading - Subhead, Left, Line spacing:  single, Don't keep with next, Adjust space between Latin and Asian text, Adjust space between Asian text and numbers
Formatted: Normal - Numbered, Line spacing:  single,  No bullets or numbering
Formatted: Font: Garamond
Formatted: Font: Garamond
Formatted: Font: Garamond
Formatted: Font: Garamond
Formatted: Font: Garamond
Formatted: Font: Garamond
Formatted: Font: Garamond
Formatted: Font: Garamond
Formatted: Font: Garamond
Formatted: Font: Garamond
Formatted: Font: Garamond
Formatted: Font: Garamond
Formatted: Font: Garamond
Formatted: Font: Garamond

time Defendants registered and used the Infringing Domain Names in that, *inter alia,* the Plaintiffs (and their predecessors in interest) had been using the mark in interstate commerce for more than five years at the time the Infringing Domain Names were registered.

29.353.   ~~Plaintiff is~~Plaintiffs are informed and ~~believes~~believe, and based thereon ~~alleges~~allege, that ~~the~~ Defendants do not have, nor have ever had, any intellectual property rights or any other rights in ~~Plaintiff's~~or to the Dream Marriage Mark.

30.354.   ~~Plaintiff is~~Plaintiffs are informed and ~~believes~~believe, and based thereon ~~alleges~~allege, that none of the Infringing Domain Names consist of the legal name of any of the ~~Defendant~~Defendants, nor is a name ~~that is~~otherwise commonly used to identify ~~the~~any Defendant.

31.355.   ~~Plaintiff is~~Plaintiffs are informed and ~~believes~~believe, and based thereon ~~alleges~~allege, that ~~Defendant has~~the Defendants have not made any prior use of any of the Infringing Domain Names in connection with the bona fide offering of any goods or services.

32.356.   ~~Plaintiff is~~Plaintiffs are informed and ~~believes~~believe, and based thereon ~~alleges~~allege, that ~~Defendant has~~the Defendants have not made any bona fide use of ~~Plaintiff's~~the Dream Marriage Mark on a website accessible under any of the Infringing Domain Names.

33.357.   ~~Plaintiff is~~Plaintiffs are informed and ~~believes~~believe, and based thereon ~~alleges~~allege, that ~~Defendant~~the Defendants registered, trafficked in, or used the Infringing Domain Names to exploit their value for commercial gain by creating a likelihood of confusion as to source, sponsorship, affiliation or endorsement.

34.358.   Defendants' registration, use, or trafficking in the Infringing Domain Names constitutes cyberpiracy in violation of 15 U.S.C. §~~-~~1125(d), entitling ~~Plaintiff~~Plaintiffs to relief.

Formatted: Font: Garamond
Formatted: Font: Garamond
Formatted: Font: Garamond
Formatted: Font: Garamond
Formatted: Font: Garamond
Formatted: Font: Garamond
Formatted: Font: Garamond
Formatted: Font: Garamond
Formatted: Font: Garamond
Formatted: Font: Garamond
Formatted: Font: Garamond
Formatted: Font: Garamond
Formatted: Font: Garamond
Formatted: Normal - Numbered, Line spacing:  single,  No bullets or numbering, Adjust space between Latin and Asian text, Adjust space between Asian text and numbers
Formatted: Font: Garamond
Formatted: Font: Garamond
Formatted: Font: Garamond
Formatted: Font: Garamond
Formatted: Font: Garamond
Formatted: Font: Garamond
Formatted: Font: Garamond
Formatted: Font: Garamond
Formatted: Font: Garamond
Formatted: Font: Garamond

85.359.    By reason of Defendants' acts alleged herein, Plaintiff isPlaintiffs are informed and believesbelieve, and based thereon allegesallege that Plaintiff'sPlaintiffs' remedy at law is not adequate to compensate for the damages caused by Defendants, and that accordingly, Plaintiff isPlaintiffs are entitled to preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116.

86.360.    By reason of Defendants' acts alleged herein, Plaintiff isPlaintiffs are entitled to recover Defendants' profits, actual damages and the costs of the action, or statutory damages under 15 U.S.C. §  1117(d), on the election of PlaintiffPlaintiffs.

87.361.    Plaintiff isPlaintiffs are informed and believesbelieve, and based thereon allegesallege, that this is an exceptional case making PlaintiffPlaintiffs eligible for an award of Attorney's fees under 15 U.S.C. § 1117.

SECOND CAUSE OF ACTION

SECOND CAUSE OF ACTION

*(Trademark Infringement – 15 U.S.C. § 1114(1))*

88.362.    Plaintiff reallegesPlaintiffs reallege and incorporatesincorporate by reference paragraphs 1 through 7523 as though fully set forth herein.

89.    Plaintiff isPlaintiffs are informed and believesbelieve, and based thereon alleges, thatallege, the Defendants' use in commerce of the Infringing Domain Names and the websites and advertisements displayed at the Infringing Domain Names, is likely to cause confusion, mistake, and to deceive.

40.    Plaintiff is informed and believes, and based thereon alleges, that Defendants' use of the Infringing Domain Names is likely to cause initial interest confusion among the general public.

41.    The acts of Defendants as alleged herein constitute trademark infringement in violation of 15 U.S.C. § 1114(1), entitling Plaintiff to relief.

42.    Plaintiff is informed and believes, and based thereon alleges, that

4
3RD AMENDED COMPLAINT - CASE NO. 10-CV-5034-RSWL (FFMX)

71
FOURTH AMENDED COMPLAINT – CV10-5034-RSWL (FFMx)

EXHIBIT L
Page 75 of  106

Formatted: Font: Garamond
Formatted: Normal - Numbered, Line spacing:  single,  No bullets or numbering
Formatted: Font: Garamond
Formatted: Font: Garamond
Formatted: Font: Garamond
Formatted: Font: Garamond
Formatted: Font: Garamond
Formatted: Font: Garamond
Formatted: Font: Garamond
Formatted: Font: Garamond
Formatted: Font: Garamond
Formatted: Font: Garamond
Formatted: Font: Garamond
Formatted: Font: Garamond
Formatted: Font: Garamond
Formatted: Font: Garamond
Formatted: Heading - Subhead, Left, Line spacing:  single, Don't keep with next, Adjust space between Latin and Asian text, Adjust space between Asian text and numbers
Formatted: Font: Garamond, Not Bold
Formatted: Font: Garamond, Not Bold
Formatted: Font: Garamond, Not Bold
Formatted: Font: Garamond
Formatted: Font: Garamond
Formatted: Font: Garamond
Formatted: Font: Garamond, Not Bold, Not Italic
Formatted: Font: Garamond
Formatted: Font: Garamond

1    Defendants have unfairly profited from the infringing actions alleged.

2       43.    By reason of Defendants' acts, Plaintiff is informed and believes, and

3    based thereon alleges, that Plaintiff has suffered damage to the goodwill associated

4    with its Marks.

5       44.    Plaintiff is informed and believes, and based thereon alleges, that

6    Defendants' activities have irreparably harmed and, if not enjoined, will continue to

7    irreparably harm Plaintiff and its long-used federally registered and common law

8    marks.

9       45.    Plaintiff is informed and believes, and based thereon alleges, that

10   Defendants' activities have irreparably harmed and, if not enjoined, will continue to

11   irreparably harm the general public who has an interest in being free from confusion,

12   mistake, and deception.

13      46.    By reason of Defendants' alleged herein, Plaintiff is informed and

14   believes, and based thereon alleges, that Plaintiff's remedy at law is not adequate to

15   compensate for the damages caused by Defendants, and that accordingly, Plaintiff is

16   entitled to preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116.

17      47.    By reason of Defendants' willful acts, Plaintiff is entitled to damages, and

18   that those damages be trebled under 15 U.S.C. § 1117.

19      48.    Plaintiff is informed and believes, and based thereon alleges, that this is an

20   exceptional case making Plaintiff eligible for an award of attorneys' fees under

21   15 U.S.C. § 1117.

22              **THIRD CAUSE OF ACTION**

23          *(False Designation of Origin – 15 U.S.C. § 1125(a))*

24      49.    Plaintiff realleges and incorporates by reference paragraphs 1 through 48

25   as though fully set forth herein.

26

27

28
                                    4
                    3RD AMENDED COMPLAINT - CASE NO. 10-CV-5034-RSWL (FFMx)

28                                  72
                    Fourth Amended Complaint – CV10-5034-RSWL (FFMx)

50.363.    Plaintiff is informed and believes, and based thereon alleges, that Defendants' improper use in commerce of the Infringing Domain Names and the websites and advertisements displayed at the Infringing Domain Names, is likely to cause confusion, mistake, and to deceive deception of the public as to the identity of Plaintiffs services, causing irreparable harm to Plaintiffs for which there is no adequate remedy at law.

364.    Plaintiff is Plaintiffs are informed and believes believe, and based thereon alleges, that allege, the Defendants' improper use of the Infringing Domain Names is likely to cause initial interest confusion among the general public.

365.    The acts of Defendants as alleged herein constitute trademark infringement in violation of 15 U.S.C. § 1114(1), entitling Plaintiffs to relief.

366.    Plaintiffs are informed and believe, and based thereon allege, that the Defendants have unfairly profited from the infringing actions alleged.

367.    Plaintiffs are informed and believe, and based thereon allege, that they have suffered damage to the goodwill associated with its Dream Marriage Mark due to the Defendants' acts.

368.    Plaintiffs are informed and believe, and based thereon allege, that the Defendants' activities have irreparably harmed and, if not enjoined, will continue to irreparably harm Plaintiffs and its long-used federally registered and common law Dream Marriage Mark.

369.    Plaintiffs are informed and believe, and based thereon allege, that the Defendants' activities have irreparably harmed and, if not enjoined, will continue to irreparably harm the general public, which has an interest in being free from confusion, mistake, and deception.

370.    By reason of Defendants' acts alleged herein, Plaintiffs are informed and believe, and based thereon allege, that Plaintiffs' remedy at law is not adequate to compensate for the damages caused by Defendants, and that accordingly, Plaintiffs are entitled to preliminary and permanent injunctive relief pursuant to 15 U. S.C. § 1116.

Formatted: Normal - Numbered, Line spacing:  single,  No bullets or numbering, Adjust space between Latin and Asian text, Adjust space between Asian text and numbers

Formatted: Font: Garamond

Formatted: Font: Garamond

Formatted: Font: Garamond

Formatted: Font: Garamond

Formatted: Font: Garamond

1    371.   By reason of Defendants' willful acts, Plaintiffs are entitled to damages, and

2    that those damages be trebled under 15 U.S.C. § 1117.

3    372.   Plaintiffs are informed and believe, and based thereon allege, that this is an

4    exceptional case making Plaintiffs eligible for an award of attorneys' fees under 15 U.S.C.

5    §1117.

6

7                          **THIRD CAUSE OF ACTION**

8                    *(False Designation of Origin - 15 U.S.C. § 1125(a))*

9    373.   Plaintiffs reallege and incorporate by reference paragraphs 1 through 23 as

10   though fully set forth herein.

11   374.   Plaintiffs are informed and believe, and based thereon allege, that Defendants'

12   improper use in commerce of the Infringing Domain Names and the websites and

13   advertisements displayed at the Infringing Domain Names is likely to cause confusion,

14   mistake, and deception among consumers as to the affiliation, connection or association of

15   Plaintiffs' services, or to deceive consumers as to the origin, sponsorship or approval of

16   Plaintiffs' services. This conduct constitutes trademark infringement of Dream Marriage

17   Mark and false designation of origin in violation of 15 U.S.C. § 1125(a), entitling Plaintiffs

18   to relief.

19   375.   Defendants' conduct has caused and will continue to cause damage to

20   Plaintiffs, and is causing irreparable harm to Plaintiffs for which there is no adequate

21   remedy at law.

22   51. 376.   Plaintiffs are informed and believe, and based thereon allege, that the

23   Defendants' improper use of the Infringing Domain Names is likely to cause initial interest

24   confusion among the general public.

25   52.   The acts of Defendants as alleged herein constitute trademark

26   infringement of Plaintiff's Marks and false designation of origin in violation of 15

27   U.S.C. § 1125(a), entitling Plaintiff to relief.

28

> **Formatted:** Normal - Numbered, Line spacing:  single,  No bullets or numbering, Adjust space between Latin and Asian text, Adjust space between Asian text and numbers

> **Formatted:** Font: Garamond

> **Formatted:** Font: Garamond

1    53.377.    Plaintiff isPlaintiffs are informed and believesbelieve, and based

2  thereon allegesallege, that the Defendants have unfairly profited from the infringing actions

3  alleged.

4    54.378.    By reason of Defendants' acts, Plaintiff isPlaintiffs are informed and

5  believesbelieve, and based thereon allegesallege, that Plaintiff hasPlaintiffs have suffered

6  damage to the goodwill associated with its MarksDream Marriage Mark.

7    55.379.    Plaintiff isPlaintiffs are informed and believesbelieve, and based

8  thereon allegesallege, that the Defendants' activities have irreparably harmed and, if not

9  enjoined, will continue to irreparably harm PlaintiffPlaintiffs and itstheir long-used

10  federally registered and common law marksMark.

11    56.380.    Plaintiff isPlaintiffs are informed and believesbelieve, and based

12  thereon allegesallege, that the Defendants' activities have irreparably harmed and, if not

13  enjoined, will continue to irreparably harm the general public who has an interest in being

14  free from confusion, mistake, and deception.

15    57.381.    By reason of Defendants' acts alleged herein, Plaintiff isPlaintiffs are

16  informed and believesbelieve, and based thereon allegesallege, that Plaintiff'sPlaintiffs'

17  remedy at law is not adequate to compensate for the damages caused by Defendants, and

18  that accordingly, Plaintiff isPlaintiffs are entitled to preliminary and permanent injunctive

19  relief pursuant to 15 U.S.C. § 1116.

20    58.382.    By reason of Defendants' willful acts, Plaintiff isPlaintiffs are entitled

21  to damages, and that those damages be trebled under 15 U.S.C. § 1117.

22    59.383.    Plaintiff isPlaintiffs are informed and believesbelieve, and based

23  thereon allegesallege, that this is an exceptional case making PlaintiffPlaintiffs eligible for

24  an award of attorneys' fees under 15 U1215U.S.C. § §1117.

25

26

27

28

Formatted: Font: Garamond
Formatted: Font: Garamond
Formatted ... [87]
Formatted: Font: Garamond
Formatted: Font: Garamond
Formatted: Font: Garamond
Formatted: Font: Garamond
Formatted: Font: Garamond
Formatted: Font: Garamond
Formatted: Font: Garamond
Formatted: Font: Garamond
Formatted: Font: Garamond
Formatted: Font: Garamond
Formatted: Font: Garamond
Formatted: Font: Garamond
Formatted: Font: Garamond
Formatted: Font: Garamond
Formatted: Font: Garamond
Formatted: Font: Garamond
Formatted: Font: Garamond
Formatted: Font: Garamond
Formatted: Font: Garamond
Formatted: Font: Garamond
Formatted: Font: Garamond
Formatted: Font: Garamond
Formatted: Font: Garamond
Formatted: Font: Garamond
Formatted: Font: Garamond
Formatted: Font: Garamond
Formatted: Font: Garamond
Formatted: Font: Garamond
Formatted: Font: Garamond

1  
2  

~~FOURTH CAUSE OF ACTION~~

3  

**FOURTH CAUSE OF ACTION**

4  

*(Dilution – ~~,~~ 15 U.S.C. ~~,~~ § 1125(c))*

5  

~~60.~~384.    ~~Plaintiff  realleges~~Plaintiffs reallege and ~~incorporates~~incorporate by

6  reference paragraphs 1 through ~~59~~23 as though fully set forth herein.

7  

~~61.~~385.    ~~Plaintiff  is~~Plaintiffs are informed and ~~believes~~believe, and based

8  thereon ~~alleges~~allege, that ~~Plaintiff's~~the Dream Marriage Mark is famous, as that term is

9  used in 15 U.S.C. ~~,~~ § 1125(c), and was famous before Defendants' improper adoption and

10  use of the Infringing Domain Names as alleged herein, based on, among other things, the

11  Mark's inherent distinctiveness, federal ~~registrations~~registration, and exclusive nationwide

12  use, advertising, promotion and recognition.

13  

~~62.~~386.    ~~Plaintiff  is~~Plaintiffs are informed and ~~believes~~believe, and based

14  thereon ~~alleges~~allege, that Defendants' improper use in commerce of the Infringing

15  Domain Names is likely to cause dilution by blurring and/or dilution by tarnishment in

16  violation of 15 U.S.C. ~~,~~ § 1125(c), entitling ~~Plaintiff~~Plaintiffs to relief.

17  

~~63.~~387.    ~~Plaintiff  is~~Plaintiffs are informed and ~~believes~~believe, and based

18  thereon ~~alleges~~allege, that Defendants have unfairly profited from the infringing actions

19  alleged.

20  

~~64.~~388.    By reason of Defendants' acts, ~~Plaintiff  is~~Plaintiffs are informed and

21  ~~believes~~believe, and based thereon ~~alleges~~allege, that ~~Plaintiff  has~~Plaintiffs have suffered

22  damage to the goodwill associated with its ~~Marks~~Mark and ~~has~~have been irreparably

23  harmed.

24  

~~65.~~389.    By reason of Defendants' acts, ~~Plaintiff  is~~Plaintiffs are informed and

25  ~~believes~~believe, and based thereon ~~alleges~~allege, that ~~Plaintiff's~~Plaintiffs remedy at law is

26  not adequate to compensate for the damages caused by Defendants, and that accordingly,

27  
28  

Formatted: Font: Garamond, Not Bold
Formatted: Heading - Subhead, Left, Line spacing:  single, Don't keep with next, Adjust space between Latin and Asian text, Adjust space between Asian text and numbers
Formatted: Font: Garamond, Not Bold
Formatted: Font: Garamond, Not Bold
Formatted: Font: Garamond, Not Bold, Not Italic
Formatted: Font: Garamond
Formatted: Font: Garamond
Formatted: Font: Garamond
Formatted: Font: Garamond
Formatted: Font: Garamond
Formatted: Font: Garamond
Formatted: Font: Garamond
Formatted: Font: Garamond
Formatted: Font: Garamond
Formatted: Font: Garamond
Formatted: Font: Garamond
Formatted: Font: Garamond
Formatted: Font: Garamond
Formatted: Font: Garamond
Formatted: Font: Garamond
Formatted: Font: Garamond
Formatted: Font: Garamond
Formatted: Font: Garamond
Formatted: Font: Garamond
Formatted: Font: Garamond
Formatted: Font: Garamond
Formatted: Font: Garamond
Formatted: Font: Garamond

1  Plaintiff is Plaintiffs are entitled to preliminary and permanent injunctive relief pursuant to

2  15 U.S.C. § 1116.

3  66. 390.   By reason of Defendants' willful acts, Plaintiff is Plaintiffs are entitled

4  to damages, and that those damages be trebled under 15 U.S.C. § 1117.

5  67. 391.   Plaintiff is Plaintiffs are informed and believes believe, and based

6  thereon alleges allege, that this is an exceptional case making Plaintiff Plaintiffs eligible for

7  an award of attorneys' fees under 15 U.S.C. § 1117.

8  **FIFTH CAUSE OF ACTION**

9

10  **FIFTH CAUSE OF ACTION**

11  *(Trademark Infringement — California Common Law)*

12  68. 392.   Plaintiff realleges Plaintiffs reallege and incorporates incorporate by

13  reference paragraphs 1 through 67 23 as though fully set forth here herein.

14  69. 393.   Plaintiff is Plaintiffs are informed and believes believe, and based

15  thereon alleges allege, that the Defendants have improperly used Plaintiff's the Dream

16  Marriage Mark in commerce and have used, including using the Infringing Domain Names

17  in connection with their business.

18  70. 394.   Plaintiff is Plaintiffs are informed and believes believe, and based

19  thereon alleges allege, that the Defendants' improper use in commerce of Plaintiff's the

20  Dream Marriage Mark and the Infringing Domain Names are likely to cause confusion or

21  mistake or to deceive as to the source of origin in violation of the common law of the State

22  of California, entitling Plaintiff Plaintiffs to relief.

23  71. 395.   Plaintiff is Plaintiffs are informed and believes believe, and based

24  thereon alleges allege, that the Defendants have unfairly profited from the infringing actions

25  alleged.

26  72. 396.   By reason of Defendants' acts, Plaintiff is Plaintiffs are informed and

27  believes believe, and based thereon alleges, that Plaintiff has allege, Plaintiffs have suffered

28

EXHIBIT L
Page 81 of 106

Formatted ... [88]
Formatted ... [89]
Formatted ... [90]
Formatted ... [91]
Formatted ... [92]
Formatted ... [93]
Formatted ... [94]
Formatted ... [95]
Formatted ... [96]
Formatted ... [97]
Formatted ... [98]
Formatted ... [99]
Formatted ... [100]
Formatted ... [101]
Formatted ... [102]
Formatted ... [103]
Formatted ... [104]
Formatted ... [105]
Formatted ... [106]
Formatted ... [107]
Formatted ... [108]
Formatted ... [109]
Formatted ... [110]
Formatted ... [111]
Formatted ... [112]
Formatted ... [113]
Formatted ... [114]
Formatted ... [115]
Formatted ... [116]
Formatted ... [117]
Formatted ... [118]
Formatted ... [119]
Formatted ... [120]
Formatted ... [121]
Formatted ... [122]
Formatted ... [123]
Formatted ... [124]
Formatted ... [125]
Formatted ... [126]
Formatted ... [127]
Formatted ... [128]
Formatted ... [129]

damage to the goodwill associated with ~~its Marks~~the Dream Marriage Mark and ~~has~~have been irreparably harmed.

~~73.~~397.   By reason of Defendants' acts, ~~Plaintiff is informed and believes, and based thereon alleges, that Plaintiff's~~Plaintiffs' remedy at law is not adequate to compensate for the damages caused by Defendants, ~~and that~~; accordingly, ~~Plaintiff is~~Plaintiffs are entitled to preliminary and permanent injunctive relief.

~~SIXTH CAUSE OF ACTION~~

SIXTH CAUSE OF ACTION

*(Unfair Competition – ~~Cal. Bus. & Prof. § §~~ 17200) et. seq.)*

~~74.~~398.   ~~Plaintiff realleges~~Plaintiffs reallege and ~~incorporates~~incorporate by reference paragraphs 1 through ~~73~~348 as though fully set forth herein.

~~75.~~399.   ~~Plaintiff is~~Plaintiffs are informed and ~~believes~~believe, and based thereon ~~alleges~~allege, that ~~the~~ Defendants' conduct constitutes unfair competition in that such acts were and are unlawful, unfair, deceptive and/or fraudulent business acts or practices in violation of California Business & Professions Code ~~§~~ §§ 17200, *et seq.*

~~76.~~400.   As a direct and proximate result of Defendants' wrongful conduct, ~~Plaintiff is informed and believes, and based thereon alleges, that Plaintiff has~~the Plaintiffs have suffered injury in fact, which injuries include damage to ~~Plaintiff's~~Plaintiffs' goodwill with potential clients. ~~Plaintiff is~~Plaintiffs are informed and ~~believes~~believe, and based thereon ~~alleges~~allege, that Defendants' conduct has also caused damage to consumers within the State of California and worldwide.

~~77.~~401.   ~~Plaintiff is informed and believes, and based thereon alleges, that~~The Defendants' wrongful conduct has proximately caused, and will continue to cause ~~Plaintiff~~Plaintiffs substantial injury, including without limitation a loss of potential revenues, dilution of goodwill, confusion of potential partners and customers, and diminution of the value of ~~Plaintiff's~~Plaintiffs' Dream Marriage Mark and products.

EXHIBIT L
Page 82 of 106

78.402.   ~~Plaintiff is~~Plaintiffs are informed and ~~believes~~believe, and based thereon ~~alleges~~allege, that the harm ~~that~~ Defendants' continued wrongful acts will cause to ~~Plaintiff~~Plaintiffs is both imminent and irreparable, and the amount of damage sustained by ~~Plaintiff~~Plaintiffs will be difficult to ascertain if these acts continue. As such, ~~Plaintiff~~ ~~has~~Plaintiffs have no adequate remedy at law, and ~~is~~are therefore entitled to an injunction restraining Defendants, their officers, agents, employees, and all persons acting in concert with them from engaging in further such unlawful conduct.

~~79.   Plaintiff is further entitled to restitution from Defendants.~~

~~SEVENTH CAUSE OF ACTION~~

**SEVENTH CAUSE OF ACTION**

*(Computer Fraud and Abuse Act — 18 U.S.C. § § 1030)*

80.403.   ~~Plaintiff realleges~~Plaintiffs reallege and ~~incorporates~~incorporate by reference paragraphs 1 through ~~79~~348 as though fully set forth herein.

81.404.   ~~Plaintiff's dream-marriage.com website~~Plaintiffs' Website is hosted on web server computers and other server computers located in the State of Oregon and servicing customers throughout the United States and worldwide, which are thus used in interstate and foreign commerce and communication, and are therefore "protected computers" pursuant to 18 U.S.C. § 1030(e)(2)(B).

405.   ~~Pursuant to 18 U.S.C. § 1030(g), Plaintiff "may maintain a civil action against the violator to obtain compensatory damages and injunctive relief or other equitable relief." A civil suit brought "under section 1030(g) must prove (1) damage or loss (2) by reason of (3) a violation of some other provision of section 1030, and (4) conduct involving one of the factors set forth in section 1030(a)(5)(B)(i)-(v)." Motorola, Inc.~~The Defendants were not authorized, implicitly or explicitly, to access the Website for the purpose of competing with the Plaintiffs or for any other non-personal (i.e., commercial) purpose, in violation of the Terms of Service.

~~3RD AMENDED COMPLAINT - CASE NO. 10-CV-5034-RSWL (FFMX)~~

79

406.   Further, the Defendants' automated Screen Scraping was explicitly banned by the Revised Terms, to which they affirmatively agreed.

407.   The Defendants' use of the Scraped Data and the Website exceeded any authorization they might have had to use that data or that website.

408.   Any authorization the Defendants might have had to access the Website or the Scraped Data terminated when the Defendants used the Websites and/or the Scraped Data in an unauthorized way, and/or when the Defendants violated the Terms of Service and/or Revised Terms.

82.   Plaintiffs have *v. Lemke Corporation*, 600 F. Supp. 2d 760, 765 (N.D. Il. 2009) (statute revised in September 2008 to refer to "subclauses (I), (II), (III), (IV), or (V) of subsection (c)(1)(A)(i)" instead of (a)(5)(B)(i)-(v)).

409.   Plaintiff  has been damaged and incurred loss ("Damage and Loss") in an amount in excess of five thousand dollars ($5000) and substantially more, subject to proof. This includes, without limitation:

83.a.   The Plaintiffs' reasonable costs incurred in: responding to the Screen Scraping Activity, Unauthorized Access, and Circumvention Attempts; conducting a damage assessment; and revenue lost, cost incurred, and other consequential damages incurred because of interruption of service, as specified in 18 U.S.C. § 1030(e)(11), including $ 3030.25 spent investigating the Defendants' Screen Scraping Activity and conducting a damage assessment, $ 1,089.42 spent developing and deploying responses to the Defendants' Circumvention Attempts; and $ 1,399.66 spent developing and deploying the 'invisibility' feature to mitigate the damage(s) caused by the Defendants' conduct;

b.   Plaintiff'sRevenue lost and consequential damages incurred as a result of the loss of sales of services in connection with female members who left the Website and/or elected to have their profiles made 'invisible' as a result of the

4
3RD AMENDED COMPLAINT - CASE NO. 10-CV-5034 RSWL (FFMX)

EXHIBIT L
Page 84 of 106

**Formatted:** Font: Garamond

**Formatted:** Font: Garamond

**Formatted:** Font: Garamond

**Formatted:** Normal - Numbered, Line spacing:  single, Numbered + Level: 2 + Numbering Style: a, b, c, ... + Start at: 1 + Alignment: Left + Aligned at:  0.75" + Indent at:  1", Adjust space between Latin and Asian text, Adjust space between Asian text and numbers

**Formatted:** Font: Garamond

**Formatted:** Font: Garamond

Defendants' conduct in an amount subject to proof at trial but estimated to be in excess of $2,000,000;

c.   Other economic damages including loss of reputation and goodwill (*Creative Computing v Getloaded.com, LLC*, 386 F3d 930 (9th Cir. 2004)

84.410.   Plaintiffs' Damage and Loss is the direct and proximate result of Defendants' conduct, as set forth herein, specifically, ~~Plaintiff was~~Plaintiffs were damaged and incurred loss by reason of Defendants' Screen Scraping Activity and Unauthorized Access, which:

a.   Violated 18 U.S.C. § 1030(a)(2)(C) in that ~~it was intentional access of a computer~~they intentionally accessed protected computers without authorization, or ~~their access~~ exceeding ~~that which was~~ authorized ~~access~~, thereby obtaining information, the Scraped Data, from ~~a~~those protected ~~computer~~computers;

b.   Violated 18 U.S.C. § 1030(a)(5)(B) by "intentionally access[ing] a protected computer without authorization, and as a result of such conduct, recklessly caus[ing] damage"; ~~and~~

c.   Violating 18 U.S.C. § 1030(a)(4) by knowingly and with intent to defraud[5], as that term is used in the Computer Fraud and Abuse Act, accessing the Website without authorization, or exceeding authorized access, and by means of such conduct furthering the intended fraud and obtaining anything of value; and

~~c.~~d.   Violated 18 U.S.C. ~~S.C.~~ § 1030(a)(5)(C) by "intentionally access[ing] a protected computer without authorization, and as a result of such conduct, caus[ing] damage and loss."

Formatted: Font: Garamond
Formatted: Normal - Numbered, Line spacing:  single,  No bullets or numbering, Adjust space between Latin and Asian text, Adjust space between Latin and Asian text and numbers
Formatted: Font: Garamond
Formatted: Font: Garamond, 14 pt
Formatted: Font: Garamond, 14 pt
Formatted: Font: Garamond, 14 pt
Formatted: Font: Garamond, 14 pt
Formatted: Font: Garamond, 14 pt
Formatted: Font: Garamond, 14 pt
Formatted: Font: Garamond, 14 pt
Formatted: Font: Garamond, 14 pt
Formatted: Font: Garamond
Formatted: Font: Garamond, 14 pt
Formatted: Font: Garamond, 14 pt
Formatted: Font: Garamond, 14 pt
Formatted: Font: Garamond

Formatted: Font: Garamond, 14 pt
Formatted: Normal - Numbered, Line spacing:  single, Numbered + Level: 2 + Numbering Style: a, b, c, … + Start at: 1 + Alignment: Left + Aligned at:  0.75" + Indent at:  1", Adjust space between Latin and Asian text, Adjust space between Asian text and numbers
Formatted: Font: Garamond, 14 pt
Formatted: Font: Garamond, 14 pt
Formatted: Font: Garamond

411.   The Defendants gave false information to access the Scraped Data on the Website, disregarded the Plaintiffs' Terms of Service and Revised Terms, and obtained the Scraped Data – a database of the Plaintiffs' female members, which is of great value.

412.   Defendants' Screen Scraping Activity and Unauthorized Access conduct caused loss to ~~Plaintiff~~Plaintiffs in a one year period aggregating at least $5,000 in value, satisfying.

~~85.~~413.   This civil action is authorized by 18 U.S.C. § 1030~~(e)(1)(A)(i)(I~~g).

**PRAYER FOR RELIEF**

**EIGHTH CAUSE OF ACTION**

*(Tortious Interference With Prospective Economic Advantage – California Common Law)*

414.   Plaintiffs reallege and incorporate by reference paragraphs 1 through 348 as though fully set forth herein.

415.   The Plaintiffs have and have had economic relationships between themselves and the third party Agencies representing the Commonwealth Women.

416.   Those economic relationships, left to the status quo, have a high probability – approaching a mathematical certainty – of providing future economic benefit to the Plaintiffs.

417.   The Defendants had actual knowledge of the Plaintiffs' economic relationships with the Agencies; too, the Defendants intentionally and expressly targeted those very relationships with communications enabled by the Scraped Data they obtained through their Screen Scraping, Unauthorized Access, etc. activities; the Defendants intended to disrupt the Plaintiffs' relationships by purporting to enforce with the Agencies a non-existent 'exclusivity' clause regarding the Commonwealth Women listed by the Agencies on the Plaintiffs' Website.

418.   Plaintiffs are informed and believe, and based thereon allege, that in furtherance of this effort to interfere with and disrupt Plaintiffs' business, Defendants

~~3RD AMENDED COMPLAINT - CASE NO. 10-CV-5034 RSWL (FFMX)~~
82
FOURTH AMENDED COMPLAINT – CV10-5034-RSWL (FFMX)

EXHIBIT L
Page 86 of  106

---

Formatted: Font: Garamond

Formatted: Font: Garamond

Formatted: Font: Garamond

Formatted: Font: Garamond

Formatted: Normal - Numbered, Line spacing:  single,  No bullets or numbering, Adjust space between Latin and Asian text, Adjust space between Asian text and numbers

1   and/or Defendants' agents willfully modified their activities to evade and/or "work around"

2   Plaintiffs Circumvention Attempts.

3        419.   As a direct and proximate result of the Defendants' conduct, the Plaintiffs

4   have been harmed in an amount subject to proof, but estimated to be in excess of

5   $2,000,000 in revenues lost due to Commonwealth Women who were forced, or had their

6   respective Agencies forced, to remove or make invisible their profiles from the Plaintiffs'

7   Website as a result of the Defendants' campaign of intimidation and harassment.

8        420.   As a direct and proximate result of Defendants' wrongful conduct, Plaintiffs

9   are informed and believe, and based thereon allege, that Plaintiffs have additionally suffered

10  injury in fact to Plaintiffs' goodwill with current and prospective clients.

11       421.   Plaintiffs are informed and believe, and based thereon allege, that Defendants'

12  wrongful conduct has proximately caused and will continue to cause Plaintiffs substantial

13  injury, including, without limitation, a loss of potential revenues, dilution of goodwill,

14  confusion of potential partners and customers, and diminution of the value of the Dream

15  Marriage Mark, business and products.

16       422.   Plaintiffs are informed and believe, and based thereon allege, that the harm

17  that Defendants' continued wrongful acts will cause to Plaintiffs are both imminent and

18  irreparable, and the amount of damage sustained by Plaintiffs will be difficult to ascertain if

19  these acts continue. As such, Plaintiffs have no adequate remedy at law, and is therefore

20  entitled to an injunction restraining Defendants, their officers, agents, employees, and all

21  persons acting in concert with them from engaging in further such unlawful conduct.

22       423.   The aforementioned conduct of the Defendants, and each of them, was

23  willful and was intended to cause injury to the plaintiff. Plaintiff is therefore entitled to an

24  award of exemplary or punitive damages.

25

26

27

28

### PRAYER FOR RELIEF

WHEREFORE, ~~Plaintiff~~Plaintiffs respectfully ~~requests~~request that the Court enter judgment in ~~its~~their favor on all claims and grant relief as follows:

1. An ordering requiring Defendants to transfer to ~~Plaintiff~~Plaintiffs the Infringing Domain Names, and any other domain names they own which are identical or confusingly similar to ~~Plaintiff's~~the Dream Marriage Mark.

2. An order preliminarily and permanently enjoining and restraining Defendants, and their officers, agents, servants, employees, attorneys and all those in active concert or participation with them from:

   a. Registering or using, in any manner, any Internet domain name that incorporates, in whole or part, ~~Plaintiff's~~the Dream Marriage Mark or any name, mark or designation confusingly similar thereto;

   b. Using ~~any of Plaintiff's Marks~~the Dream Marriage Mark or any other name, mark, designation or depiction in a manner that is likely to cause confusion regarding whether Defendant is affiliated or associated with or sponsored by ~~Plaintiff;~~Plaintiffs or their licensees;

   c. Registering any Internet domain name that incorporates, in whole or in part, ~~Plaintiff's Marks~~the Dream Marriage Mark or any name, mark or designation confusingly similar thereto;

   d. Practicing trademark infringement, trademark dilution, unfair competition, false designation of origin, passing off, or false advertising, against ~~Plaintiff;~~Plaintiffs or misappropriation of ~~Plaintiff's~~Plaintiffs' trademark rights; ~~and~~

   e. Screen Scraping (as that term is defined in *MShift, Inc. v. Digital Insight Corp.*, 747 F.Supp.2nd 1147, 1161 (N. D. Cal., Oct. 8, 2010)) the Plaintiffs' websites;

   f. Attempting to assert any term – including without limitation any claim of absolute exclusivity, forfeiture of revenues already accrued, or any term

unenforceable on its face – not actually contained within any agreement(s) the Defendants may have with any Agency;

e.g.  Assisting, aiding or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (f) above.

3.  A nAn order enjoining Defendants, their officers, agents, employees, licensees and assigns, and all persons acting in concert with them, from engaging in such further unfair business practices and unfair competition under California Business and Professions Code §§ 17200 *et seq.*, and/or under the common law as alleged hereinabove.

3.4.  An order requiring Defendants to account to PlaintiffPlaintiffs for, and disgorge, all profits they have derived by reason of the unlawful acts complained of above.

4.5.  An award of itsPlaintiffs' actual damages or, at its election, statutory damages, and that those damages be trebled, pursuant to 15 U.S.C. § § 1117(a), to the extent trebled damages are provided for.

6.  For the tort claims against Defendants as sued herein, general damages and punitive and exemplary damages, in amounts to be determined at trial.

5.7.  An order awarding Plaintiff itto Plaintiffs their costs of suit, including reasonable attorney fees.

6.8.  An order granting prejudgment and post-judgment interest at the highest lawful rate on all sums awarded Plaintiffs other than punitive damages.

7.9.  An order directing each DefendantDefendants to file with the Court and serve upon PlaintiffPlaintiffs within thirty (30) days after service of an injunction, a written report under oath setting forth in detail the manner and form in which the Defendant hasDefendants have complied with the injunction and judgment.

8.10.  Such further and additional relief as the Court may deem just and appropriate.

Formatted: Font: Garamond

Formatted: Normal - Numbered, Line spacing:  single, Numbered + Level: 2 + Numbering Style: a, b, c, … + Start at: 1 + Alignment: Left + Aligned at:  0.75" + Indent at:  1", Adjust space between Latin and Asian text, Adjust space between Asian text and numbers

Formatted: Font: Garamond

Formatted: Font: Garamond

Formatted: Normal - Numbered, Line spacing:  single,  No bullets or numbering, Adjust space between Latin and Asian text, Adjust space between Asian text and numbers

Formatted: Font: Garamond

Formatted: Font: Garamond

Formatted: Font: Garamond

Formatted: Font: Garamond

Formatted: Font: Garamond

Formatted: Font: Garamond

Formatted: Normal - Numbered, Line spacing:  single,  No bullets or numbering, Adjust space between Latin and Asian text, Adjust space between Asian text and numbers

Formatted: Font: Garamond

Formatted: Font: Garamond

Formatted: Font: Garamond

Formatted: Font: Garamond

Formatted: Font: Garamond

Formatted: Font: Garamond



**JURY TRIAL DEMAND**

Plaintiffs demand a trial by jury on all issues so triable.

Dated: ~~December 14, 2010~~
May 7, 2012

~~Haney, Buchanan & Patterson LLP Bruce A. Fields~~

~~Bruce A. Fields~~

By:

~~Attorneys for Plaintiff~~R. Christopher Harshman

Attorneys for Plaintiffs Dream Marriage Group, Inc. and Dream World Partners, Inc.

~~3RD AMENDED COMPLAINT - CASE NO. 10-CV-5034-RSWL (FFMX)~~
~~4~~
86



**JURY TRIAL DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

Dated: December 14, 2010                     Haney, Buchanan & Patterson LLP
                                             Bruce A. Fields

                                             _____
                                             Bruce A. Fields
                                             Attorneys for Plaintiff

4
3RD AMENDED COMPLAINT - CASE NO. 10-CV-5034-RSWL (FFMX)

87
FOURTH AMENDED COMPLAINT – CV10-5034-RSWL (FFMx)

| Page 1: [1] Style Definition | RCH | 5/16/2012 8:44:00 PM |
|---|---|---|

Document Map: Font: (Default) Lucida Grande, 12 pt, Kern at 14 pt, Don't add space between paragraphs of the same style, Line spacing:  single, Widow/Orphan control, Pattern: Clear

| Page 1: [2] Style Definition | RCH | 5/16/2012 8:44:00 PM |
|---|---|---|

Comment Subject: Font: Garamond, Kern at 14 pt, Don't add space between paragraphs of the same style, Line spacing:  single, Widow/Orphan control

| Page 1: [3] Style Definition | RCH | 5/16/2012 8:44:00 PM |
|---|---|---|

Comment Text: Font: Garamond, 12 pt, Kern at 14 pt, Don't add space between paragraphs of the same style, Line spacing:  single, Widow/Orphan control

| Page 1: [4] Style Definition | RCH | 5/16/2012 8:44:00 PM |
|---|---|---|

Balloon Text: Font: (Default) Lucida Grande, 9 pt, Kern at 14 pt, Don't add space between paragraphs of the same style, Line spacing:  single, Widow/Orphan control

| Page 1: [5] Style Definition | RCH | 5/16/2012 8:44:00 PM |
|---|---|---|

TOA Heading: Font: Garamond, No underline, All caps, Kern at 14 pt, Space After: 11.9 pt, Don't add space between paragraphs of the same style, Line spacing:  Exactly 22.75 pt, Widow/Orphan control, Don't keep with next

| Page 1: [6] Style Definition | RCH | 5/16/2012 8:44:00 PM |
|---|---|---|

Table of Authorities: Font: Garamond, Kern at 14 pt, Indent: Left:  0", Hanging: 0.19", Space After:  11.9 pt, Don't add space between paragraphs of the same style, Line spacing:  single, Widow/Orphan control, Don't keep lines together, Tab stops: Not at

| Page 1: [7] Style Definition | RCH | 5/16/2012 8:44:00 PM |
|---|---|---|

TOC 9: Font: +Body (Cambria), 9 pt, Kern at 14 pt, Indent: Left:  1.56", Don't add space between paragraphs of the same style, Line spacing:  Exactly 22.75 pt, Widow/Orphan control

| Page 1: [8] Style Definition | RCH | 5/16/2012 8:44:00 PM |
|---|---|---|

TOC 8: Font: +Body (Cambria), 9 pt, Kern at 14 pt, Indent: Left:  1.36", Don't add space between paragraphs of the same style, Line spacing:  Exactly 22.75 pt, Widow/Orphan control

| Page 1: [9] Style Definition | RCH | 5/16/2012 8:44:00 PM |
|---|---|---|

TOC 7: Font: +Body (Cambria), 9 pt, Kern at 14 pt, Indent: Left:  1.17", Don't add space between paragraphs of the same style, Line spacing:  Exactly 22.75 pt, Widow/Orphan control

| Page 1: [10] Style Definition | RCH | 5/16/2012 8:44:00 PM |
|---|---|---|

TOC 6: Font: +Body (Cambria), 9 pt, Kern at 14 pt, Indent: Left:  0.97", Don't add space between paragraphs of the same style, Line spacing:  Exactly 22.75 pt, Widow/Orphan control

| Page 1: [11] Style Definition | RCH | 5/16/2012 8:44:00 PM |
|---|---|---|

TOC 5: Font: +Body (Cambria), 9 pt, Kern at 14 pt, Indent: Left:  0.78", First line:  0", Right:  0", Space After:  0 pt, Don't add space between paragraphs of the same style, Line spacing:  Exactly 22.75 pt, Widow/Orphan control, Don't keep lines togethe

| Page 1: [12] Style Definition | RCH | 5/16/2012 8:44:00 PM |
|---|---|---|

TOC 4: Font: Garamond, 9 pt, Kern at 14 pt, Indent: Left:  0.58", First line:  0", Right:  0", Space After:  11.9 pt, Don't add space between paragraphs of the same

| Page 1: [13] Style Definition | RCH | 5/16/2012 8:44:00 PM |
|---|---|---|

TOC 3: Font: Garamond, Italic, Kern at 14 pt, Indent: Left: 0.39", First line: 0", Right: 0", Space After: 11.9 pt, Don't add space between paragraphs of the same style, Line spacing: single, Widow/Orphan control, Don't keep lines together, Tab stops

| Page 1: [14] Style Definition | RCH | 5/16/2012 8:44:00 PM |
|---|---|---|

TOC 2: Font: Garamond, Small caps, Kern at 14 pt, Indent: Left: 0.19", First line: 0", Right: 0", Space After: 11.9 pt, Don't add space between paragraphs of the same style, Line spacing: single, Widow/Orphan control, Don't keep lines together, Tab s

| Page 1: [15] Style Definition | RCH | 5/16/2012 8:44:00 PM |
|---|---|---|

TOC 1: Font: Garamond, Bold, Kern at 14 pt, Indent: Left: 0", First line: 0", Right: 0", Space After: 0 pt, Don't add space between paragraphs of the same style, Line spacing: Exactly 22.75 pt, Widow/Orphan control, Don't keep lines together, Tab sto

| Page 1: [16] Style Definition | RCH | 5/16/2012 8:44:00 PM |
|---|---|---|

Footnote Reference: Font: 10 pt

| Page 1: [17] Style Definition | RCH | 5/16/2012 8:44:00 PM |
|---|---|---|

Footnote Text: Font: Garamond, 11 pt, Kern at 14 pt, Space Before: 0 pt, After: 0 pt, Don't add space between paragraphs of the same style, Line spacing: Multiple 0.9 li, Widow/Orphan control, Don't keep lines together

| Page 1: [18] Style Definition | RCH | 5/16/2012 8:44:00 PM |
|---|---|---|

Footer: Font: Garamond, 10 pt, Small caps, Not Raised by / Lowered by , Kern at 14 pt, Centered, Don't add space between paragraphs of the same style, Line spacing:

| Page 1: [19] Style Definition | RCH | 5/16/2012 8:44:00 PM |
|---|---|---|

Header: Font: Garamond, Not Raised by / Lowered by , Kern at 14 pt, Don't add space between paragraphs of the same style, Line spacing:  Exactly 22.75 pt, Widow/Orphan control, Tab stops:  3", Centered +  6", Right

| Page 1: [20] Style Definition | RCH | 5/16/2012 8:44:00 PM |
|---|---|---|

Hyperlink: No underline, Font color: Text 1

| Page 1: [21] Style Definition | RCH | 5/16/2012 8:44:00 PM |
|---|---|---|

Single Spacing: Font: Garamond, 14 pt, Kern at 14 pt, Don't add space between paragraphs of the same style, Line spacing:  single

| Page 1: [22] Style Definition | RCH | 5/16/2012 8:44:00 PM |
|---|---|---|

Heading 9:  No bullets or numbering

| Page 1: [23] Style Definition | RCH | 5/16/2012 8:44:00 PM |
|---|---|---|

Heading 8:  No bullets or numbering

| Page 1: [24] Style Definition | RCH | 5/16/2012 8:44:00 PM |
|---|---|---|

Heading 7:  No bullets or numbering

| Page 1: [25] Style Definition | RCH | 5/16/2012 8:44:00 PM |
|---|---|---|

Heading 6:  No bullets or numbering

| Page 1: [26] Style Definition | RCH | 5/16/2012 8:44:00 PM |
|---|---|---|

Heading 5:  No bullets or numbering

| Page 1: [27] Style Definition | RCH | 5/16/2012 8:44:00 PM |
|---|---|---|

Heading 4: Font: (Default) Garamond, Not Bold, Italic, Font color: Text 1, Kern at 14

22.75 pt, Numbered + Level: 1 + Numbering Style: 1, 2, 3, … + Start at: 1 + Alignment: L

| Page 1: [28] Style Definition | RCH | 5/16/2012 8:44:00 PM |
|---|---|---|

Heading 3: Font: (Default) Garamond, Font color: Text 1, Kern at 14 pt, Don't add space between paragraphs of the same style, Line spacing:  Exactly 22.75 pt, Numbered + Level: 1 + Numbering Style: A, B, C, … + Start at: 1 + Alignment: Left + Aligned at:

| Page 1: [29] Style Definition | RCH | 5/16/2012 8:44:00 PM |
|---|---|---|

Heading 2: Font: (Default) Garamond, Font color: Text 1, Small caps, Kern at 14 pt, Don't add space between paragraphs of the same style, Line spacing:  Exactly 22.75 pt, Numbered + Level: 1 + Numbering Style: I, II, III, … + Start at: 1 + Alignment: Left

| Page 1: [30] Style Definition | RCH | 5/16/2012 8:44:00 PM |
|---|---|---|

Heading 1: Font: (Default) Garamond, 15 pt, Small caps, Kern at 16 pt, Space Before: 22.75 pt, Don't add space between paragraphs of the same style, Line spacing: Exactly 22.75 pt,  No bullets or numbering, Widow/Orphan control

| Page 1: [31] Style Definition | RCH | 5/16/2012 8:44:00 PM |
|---|---|---|

Normal: Font: Garamond, Kern at 14 pt, Don't add space between paragraphs of the same style, Line spacing:  Exactly 22.75 pt, Widow/Orphan control

| Page 1: [32] Formatted | RCH | 5/16/2012 8:44:00 PM |
|---|---|---|

Font: Garamond

| Page 1: [33] Formatted | RCH | 5/16/2012 8:44:00 PM |
|---|---|---|

EXHIBIT L
Page 96 of  106

| Page 1: [34] Formatted Table | RCH | 5/16/2012 8:44:00 PM |
|---|---|---|

Formatted Table

| Page 1: [35] Formatted | RCH | 5/16/2012 8:44:00 PM |
|---|---|---|

Font: Garamond

| Page 1: [36] Formatted | RCH | 5/16/2012 8:44:00 PM |
|---|---|---|

Font: Garamond

| Page 1: [37] Formatted | RCH | 5/16/2012 8:44:00 PM |
|---|---|---|

Font: Courier New

| Page 1: [38] Formatted | RCH | 5/16/2012 8:44:00 PM |
|---|---|---|

Font: Courier New

| Page 1: [39] Formatted | RCH | 5/16/2012 8:44:00 PM |
|---|---|---|

Font: Courier New

| Page 1: [40] Formatted | RCH | 5/16/2012 8:44:00 PM |
|---|---|---|

Caption Block

| Page 1: [41] Formatted | RCH | 5/16/2012 8:44:00 PM |
|---|---|---|

Font: Garamond

| Page 1: [42] Formatted | RCH | 5/16/2012 8:44:00 PM |
|---|---|---|

Font: Garamond

| Page 1: [43] Formatted | RCH | 5/16/2012 8:44:00 PM |
|---|---|---|

Font: Garamond, 14 pt, Kern at 14 pt

| Page 11: [45] Formatted | RCH | 5/16/2012 8:44:00 PM |
|---|---|---|

Font: Garamond

| Page 11: [46] Formatted | RCH | 5/16/2012 8:44:00 PM |
|---|---|---|

Font: Garamond

| Page 11: [47] Formatted | RCH | 5/16/2012 8:44:00 PM |
|---|---|---|

Font: Garamond

| Page 11: [48] Formatted | RCH | 5/16/2012 8:44:00 PM |
|---|---|---|

Font: Garamond

| Page 11: [49] Formatted | RCH | 5/16/2012 8:44:00 PM |
|---|---|---|

Font: Garamond

| Page 11: [50] Formatted | RCH | 5/16/2012 8:44:00 PM |
|---|---|---|

Font: Garamond

| Page 11: [51] Formatted | RCH | 5/16/2012 8:44:00 PM |
|---|---|---|

Font: Garamond

| Page 11: [52] Formatted | RCH | 5/16/2012 8:44:00 PM |
|---|---|---|

Font: Garamond

| Page 11: [53] Formatted | RCH | 5/16/2012 8:44:00 PM |
|---|---|---|

Font: Garamond

| Page 11: [54] Formatted | RCH | 5/16/2012 8:44:00 PM |
|---|---|---|

Font: Garamond

EXHIBIT L
Page 98 of 106

Font: Garamond

| Page 11: [56] Formatted | RCH | 5/16/2012 8:44:00 PM |

Font: Garamond

| Page 11: [57] Formatted | RCH | 5/16/2012 8:44:00 PM |

Font: Garamond

| Page 11: [58] Formatted | RCH | 5/16/2012 8:44:00 PM |

Font: Garamond

| Page 11: [59] Formatted | RCH | 5/16/2012 8:44:00 PM |

Font: Garamond

| Page 11: [60] Formatted | RCH | 5/16/2012 8:44:00 PM |

Font: Garamond

| Page 11: [61] Formatted | RCH | 5/16/2012 8:44:00 PM |

Font: Garamond

| Page 11: [62] Formatted | RCH | 5/16/2012 8:44:00 PM |

Font: Garamond

| Page 11: [63] Formatted | RCH | 5/16/2012 8:44:00 PM |

Font: Garamond

| Page 11: [64] Formatted | RCH | 5/16/2012 8:44:00 PM |

Font: Garamond

| Page 11: [65] Formatted | RCH | 5/16/2012 8:44:00 PM |

EXHIBIT L
Page 99 of 106

| Page 11: [66] Formatted | RCH | 5/16/2012 8:44:00 PM |
|---|---|---|

Font: Garamond

| Page 11: [67] Formatted | RCH | 5/16/2012 8:44:00 PM |
|---|---|---|

Font: Garamond

| Page 11: [68] Formatted | RCH | 5/16/2012 8:44:00 PM |
|---|---|---|

Font: Garamond

| Page 11: [69] Formatted | RCH | 5/16/2012 8:44:00 PM |
|---|---|---|

Font: Garamond

| Page 11: [70] Formatted | RCH | 5/16/2012 8:44:00 PM |
|---|---|---|

Font: Garamond

| Page 11: [71] Formatted | RCH | 5/16/2012 8:44:00 PM |
|---|---|---|

Font: Garamond

| Page 11: [72] Formatted | RCH | 5/16/2012 8:44:00 PM |
|---|---|---|

Font: Garamond

| Page 11: [73] Formatted | RCH | 5/16/2012 8:44:00 PM |
|---|---|---|

Font: Garamond

| Page 11: [74] Formatted | RCH | 5/16/2012 8:44:00 PM |
|---|---|---|

Font: Garamond

| Page 11: [75] Formatted | RCH | 5/16/2012 8:44:00 PM |
|---|---|---|

Font: Garamond

EXHIBIT L
Page 100 of 106

Font: Garamond

| Page 11: [77] Formatted | RCH | 5/16/2012 8:44:00 PM |
|---|---|---|

Font: Garamond

| Page 11: [78] Formatted | RCH | 5/16/2012 8:44:00 PM |
|---|---|---|

Font: Garamond

| Page 11: [79] Formatted | RCH | 5/16/2012 8:44:00 PM |
|---|---|---|

Font: Garamond

| Page 11: [80] Formatted | RCH | 5/16/2012 8:44:00 PM |
|---|---|---|

Font: Garamond

| Page 11: [81] Formatted | RCH | 5/16/2012 8:44:00 PM |
|---|---|---|

Font: Garamond

| Page 11: [82] Formatted | RCH | 5/16/2012 8:44:00 PM |
|---|---|---|

Font: Garamond

| Page 11: [83] Formatted | RCH | 5/16/2012 8:44:00 PM |
|---|---|---|

Font: Garamond

| Page 11: [84] Formatted | RCH | 5/16/2012 8:44:00 PM |
|---|---|---|

Font: Garamond

| Page 11: [85] Formatted | RCH | 5/16/2012 8:44:00 PM |
|---|---|---|

Font: Garamond

| Page 11: [86] Formatted | RCH | 5/16/2012 8:44:00 PM |
|---|---|---|

| Page 75: [87] Formatted | RCH | 5/16/2012 8:44:00 PM |
|---|---|---|

Normal - Numbered, Line spacing:  single,  No bullets or numbering, Adjust space between Latin and Asian text, Adjust space between Asian text and numbers

| Page 77: [88] Formatted | RCH | 5/16/2012 8:44:00 PM |
|---|---|---|

Font: Garamond

| Page 77: [89] Formatted | RCH | 5/16/2012 8:44:00 PM |
|---|---|---|

Font: Garamond

| Page 77: [90] Formatted | RCH | 5/16/2012 8:44:00 PM |
|---|---|---|

Font: Garamond

| Page 77: [91] Formatted | RCH | 5/16/2012 8:44:00 PM |
|---|---|---|

Font: Garamond

| Page 77: [92] Formatted | RCH | 5/16/2012 8:44:00 PM |
|---|---|---|

Font: Garamond

| Page 77: [93] Formatted | RCH | 5/16/2012 8:44:00 PM |
|---|---|---|

Font: Garamond

| Page 77: [94] Formatted | RCH | 5/16/2012 8:44:00 PM |
|---|---|---|

Font: Garamond

| Page 77: [95] Formatted | RCH | 5/16/2012 8:44:00 PM |
|---|---|---|

Font: Garamond

| Page 77: [96] Formatted | RCH | 5/16/2012 8:44:00 PM |
|---|---|---|

| Page 77: [97] Formatted | RCH | 5/16/2012 8:44:00 PM |
|---|---|---|

Font: Garamond

| Page 77: [98] Formatted | RCH | 5/16/2012 8:44:00 PM |
|---|---|---|

Font: Garamond

| Page 77: [99] Formatted | RCH | 5/16/2012 8:44:00 PM |
|---|---|---|

Font: Garamond

| Page 77: [100] Formatted | RCH | 5/16/2012 8:44:00 PM |
|---|---|---|

Font: Garamond

| Page 77: [101] Formatted | RCH | 5/16/2012 8:44:00 PM |
|---|---|---|

Heading - Subhead, Left, Line spacing:  single, Don't keep with next, Adjust space between Latin and Asian text, Adjust space between Asian text and numbers, Tab stops: Not at  4.81"

| Page 77: [102] Formatted | RCH | 5/16/2012 8:44:00 PM |
|---|---|---|

Font: Garamond, Not Bold

| Page 77: [103] Formatted | RCH | 5/16/2012 8:44:00 PM |
|---|---|---|

Font: Garamond, Not Bold

| Page 77: [104] Formatted | RCH | 5/16/2012 8:44:00 PM |
|---|---|---|

Font: Garamond, Not Bold

| Page 77: [105] Formatted | RCH | 5/16/2012 8:44:00 PM |
|---|---|---|

Font: Garamond

EXHIBIT L
Page 103 of 106

Font: Garamond

| Page 77: [107] Formatted | RCH | 5/16/2012 8:44:00 PM |
|---|---|---|

Font: Garamond

| Page 77: [108] Formatted | RCH | 5/16/2012 8:44:00 PM |
|---|---|---|

Font: Garamond

| Page 77: [109] Formatted | RCH | 5/16/2012 8:44:00 PM |
|---|---|---|

Font: Garamond

| Page 77: [110] Formatted | RCH | 5/16/2012 8:44:00 PM |
|---|---|---|

Font: Garamond

| Page 77: [111] Formatted | RCH | 5/16/2012 8:44:00 PM |
|---|---|---|

Font: Garamond

| Page 77: [112] Formatted | RCH | 5/16/2012 8:44:00 PM |
|---|---|---|

Font: Garamond

| Page 77: [113] Formatted | RCH | 5/16/2012 8:44:00 PM |
|---|---|---|

Font: Garamond

| Page 77: [114] Formatted | RCH | 5/16/2012 8:44:00 PM |
|---|---|---|

Font: Garamond

| Page 77: [115] Formatted | RCH | 5/16/2012 8:44:00 PM |
|---|---|---|

Font: Garamond

| Page 77: [116] Formatted | RCH | 5/16/2012 8:44:00 PM |
|---|---|---|

**164**

EXHIBIT L
Page 104 of 106

| Page 77: [117] Formatted | RCH | 5/16/2012 8:44:00 PM |
|---|---|---|

Font: Garamond

| Page 77: [118] Formatted | RCH | 5/16/2012 8:44:00 PM |
|---|---|---|

Font: Garamond

| Page 77: [119] Formatted | RCH | 5/16/2012 8:44:00 PM |
|---|---|---|

Font: Garamond

| Page 77: [120] Formatted | RCH | 5/16/2012 8:44:00 PM |
|---|---|---|

Font: Garamond

| Page 77: [121] Formatted | RCH | 5/16/2012 8:44:00 PM |
|---|---|---|

Font: Garamond

| Page 77: [122] Formatted | RCH | 5/16/2012 8:44:00 PM |
|---|---|---|

Font: Garamond

| Page 77: [123] Formatted | RCH | 5/16/2012 8:44:00 PM |
|---|---|---|

Font: Garamond

| Page 77: [124] Formatted | RCH | 5/16/2012 8:44:00 PM |
|---|---|---|

Font: Garamond

| Page 77: [125] Formatted | RCH | 5/16/2012 8:44:00 PM |
|---|---|---|

Font: Garamond

| Page 77: [126] Formatted | RCH | 5/16/2012 8:44:00 PM |
|---|---|---|

Font: Garamond

EXHIBIT L
Page 105 of 106

Font: Garamond

| Page 77: [128] Formatted | RCH | 5/16/2012 8:44:00 PM |
|---|---|---|

Font: Garamond

| Page 77: [129] Formatted | RCH | 5/16/2012 8:44:00 PM |
|---|---|---|

Font: Garamond

EXHIBIT L
Page 106 of  106

1

1    BRUCE A. FIELDS A PROFESSIONAL
        CORPORATION
2    1801 Century Park East, 24th Floor
     Los Angeles, CA 90067
3    Telephone (310) 552-7832
     Facsimile (800) 279-4830
4    Email:  bfields@bfieldslaw.com
     Attorneys for Plaintiff
5
     CRAIG B. BAILEY, ESQ.
6    Fulwider Patton
     Fulwider Patton Lee & Utecht, LLP
7    Howard Hughes Center
     6060 Center Drive, Tenth Floor
8    Los Angeles, CA 90045
     Telephone:  (310) 824-5555
9    Facsimile:  (310) 824-9696
     Email:  cbailey@fulpat.com
10

11
                    UNITED STATES DISTRICT COURT
12                  CENTRAL DISTRICT OF CALIFORNIA

13

14
     DREAM MARRIAGE GROUP, INC., a   ) Case No. 10-5034 RSWL
15   Nevada corporation,            ) (FFMx)
                                    )
16          Plaintiff,              )
                                    )
17       vs.                        )FOR ATTORNEYS' EYES ONLY
                                    )
18   ANASTASIA INTERNATIONAL,       )
     INC., a Kentucky corporation,  )
19   and Does 1-10,                 )
                                    )
20          Defendants.             )

21

22
                     Rebecca M. Pearson, RPR
23                  PEARSON REPORTING, INC.
                       P.O. Box 1538
24                Bangor, Maine 04402-1538
                      (207) 945-6880
25                beckypearson1017@aol.com

SYKES, Elena 30b6 - Vol. 1

**167**

12

```
 1            and responsibilities for the company?
 2      A     Just oversees that the clients are happy and dealing
 3            with some of the customer complaints.
 4      Q     And what are the job descriptions and functions of the
 5            other employees that you identified?
 6      A     Steve Sias is involved in tour sales.  Jessica Rushlow
 7            and Alison Theriault is -- and Becky -- oh, Becky
 8            Shorey, Rebecca Shorey.  I forget her.  It's
 9            S H O R E Y.  And they're in customer service.  They
10            just -- they talk to customers and help them.
11                 Debbie Sykes has management experience, so she
12            oversees the employees and also does a little bit of
13            dealing with tour related issues.
14      Q     Did you -- does any employee that works within the
15            office for you perform any Internet functions?
16      A     Can you define Internet functions?
17      Q     Basically monitoring your website, making changes on
18            the websites.  I'll start with that.
19      A     No.
20      Q     Can you identify all the websites that Anastasia
21            International operates under?
22      A     I think the most -- the main website is
23            anastasiadate.com.
24      Q     And what other websites do you -- does, does Anastasia
25            operate under directly?
```

SYKES, Elena 30b6 - Vol. 1

24

```
 1    A    That was an idea when it started, yes.  It's supposed

 2         to be -- yes.  It's supposed to be a site to -- for

 3         American -- for foreign men to communicate with

 4         Russian women -- Russian and Ukrainian women, yes.

 5    Q    What e-mail addresses of Anastasia are utilized to

 6         communicate with IT-Online?

 7    A    I do not understand the question.  What Anastasia

 8         e-mail addresses we use, us five people, to

 9         communicate with IT-Online?

10    Q    Correct.

11    A    The same ones that they use to deal with customers.  I

12         don't see why we should have a separate e-mail address

13         to deal with IT-Online.

14    Q    I don't know whether you do or you don't.  I asked the

15         question.

16              So that would be either the russianbride e-mail

17         address or anastasiaweb address?

18    A    Mm-hmm.  I'm sorry, I'm sorry.  I'm playing with the

19         cord.

20              Yes.  Whatever that I said in the previous

21         answer.

22    Q    Are you aware of any other e-mail addresses that are

23         utilized by you or your employees or anyone that's

24         acting on behalf of Anastasia that communicates with

25         IT-Online?
```

SYKES, Elena 30b6 - Vol. 1

EXHIBIT M
Page 3 of  10

53

1   Q   Miss Sykes, did you make any inquiry to find documents

2       responsive to request No. 21?

3   A   (Examining document) There's really no documents to --

4       having to do with that.

5   Q   Did you contact -- again it's the same, same question

6       regarding the Moscow entity.  Did you inquire --

7   A   Same answer.

8   Q   Yeah.  And did you investigate in any way to find

9       documents responsive to request No. 22?

10  A   (Examining document) I -- that would be out of my area

11      of -- I, I don't deal with domains in any way.  I, I

12      understand now what landing page is and I had -- I

13      have nothing to do with that.  I -- there's, there's

14      just not any documents that I have that -- you know,

15      relating to that.

16  Q   When you first formed Anastasia International --

17  A   Mm-hmm.

18  Q   -- did you pick any names for a website for it?

19  A   Yes.

20  Q   Okay.

21  A   Well, when I formed Anastasia in 1992, there was no

22      Internet.

23  Q   Okay.  At some point did you select Internet names for

24      your company?

25  A   I have.  I have picked russianbride.com and

SYKES, Elena 30b6 - Vol. 1

**170**

132

1              the gentlemen who --

2    A    That is my ex-husband, David Besuden, now deceased.

3    Q    Turn to the second page.  It says Anastasia's proud to

4         have the largest full staff in the industry with more

5         than 80 full-time professionals hard at work in our

6         U.S. and Moscow offices.

7              Do you see where it says that?

8    A    Yes, I do.

9    Q    Is that a true statement?

10   A    Right now or at that time?

11   Q    At that time.

12   A    I think what this refers to is that the company

13        that -- at that time what the customer is seeing or

14        what he experiences is a joint effort of over 80

15        people in America and Russia bringing this product to

16        them.

17   Q    And who do -- who -- according to your understanding,

18        who do those 80 people consist of?

19   A    I'm not really sure of what the year of this

20        publication is.

21   Q    Okay.  Well, how many are there now?

22   A    There's only -- as I stated, all the American

23        employees are on record.  I have been told that our --

24        that there are about 250 people employed in Moscow

25        structure all together.

SYKES, Elena 30b6 - Vol. 1

147

```
 1     Q    How long did Anastasia utilize the phone number
 2          207-262-9595 and fax number 207-262-3295?
 3     A    My best estimate would be since the office has been
 4          moved to Maine from Kentucky, which should have been
 5          anywhere in 2000, 2001.
 6     Q    When is the first time you became aware of the company
 7          IT-Online?
 8     A    I cannot say.
 9     Q    How did you find the company or the persons associated
10          with Stolitza?
11     A    Well, the business structure of Anastasia has been,
12          from the very beginning, the catalogues where we would
13          put ads in Russian newspapers and solicit women
14          clients, and then we'll put ads in American
15          publications and get male clients.  And we'll publish
16          catalogues and send it to the men, and the men would
17          request addresses and start writing women.  And it was
18          very kind of slow, but that's the only way that was
19          available at the time.
20               So at that point I have, in fact, been dealing
21          with agencies in Russia and the Ukraine who are
22          bringing pictures of women to me and selling those to
23          me.
24               When the web came about, I have -- we were toying
25          with the idea of -- we have had some success with this
```

SYKES, Elena 30b6 - Vol. 1

**172**

148

```
 1          business model of catalogues, and we have grown quite
 2          a bit -- I'm sorry -- I'm sorry.  I just lost my train
 3          of thought.
 4              We were toying with the idea of opening an office
 5          in Moscow, which we have made an attempt at it in, I
 6          think it must have been, oh, the end of the '90s
 7          somewhere, and Andrey Ryabchikov was one of the
 8          programmers that was in that initial Anastasia
 9          attempt.  He was hired, I think, to help with the
10          russianbride website, and there were a couple other
11          people there, and -- who are not with the company
12          anymore.  And then he came up with an idea of -- I
13          don't know if he copied it from somebody else's site
14          or he came up with it himself or -- where he came to
15          us with an idea of having e-mail communications
16          between, you know, the American men and Russian women.
17          And it was a very far-fetched idea at the time,
18          because in Russia very few people actually had
19          computers and even fewer had Internet access.
20              So his proposition would be to establish this
21          through existing contacts and existing agencies, and
22          that's how, I believe, Stolitza came to be as Andrey
23          and his crew, whoever he's hired, from them beginning
24          this little Anastasia website that then grew into what
25          it is today.
```

SYKES, Elena 30b6 - Vol. 1

EXHIBIT M
Page 7 of  10

149

```
 1    Q    Is there any particular reason why you both didn't
 2         form the company together as opposed to his having a
 3         separate company in Moscow?
 4    A    Well, I don't remember.  I don't think we believed in
 5         his idea that much at the time honestly, because my
 6         ex-husband is -- was very traditional and not web
 7         savvy or interested.  I don't think he learned how to
 8         e-mail until his last days.  I mean, he was really not
 9         technically oriented, and he didn't -- certainly
10         didn't believe that this would ever take off.  We were
11         willing to see how it goes and invest a certain amount
12         of money into it, but I don't think we were willing
13         to, you know, fully sign up and finance it.
14    Q    So you both wanted to keep things separate and kind of
15         you would handle the -- you would handle the U.S.
16         men's side of it, and they would handle the Russian
17         women part of it?
18    A    Exactly.  Well, not only the women, but the agencies
19         also, because the agencies were from the very
20         beginning very important.  As I said, since the women
21         had no computers in their home or any access to
22         computers, other than the agencies, the agencies were
23         a very important part of this whole picture so --
24    Q    So you decided to set up an arrangement for him to
25         handle the agencies and set up the Internet, because
```

SYKES, Elena 30b6 - Vol. 1

EXHIBIT M
Page 8 of  10

150

```
 1         he's the one that had the idea?
 2    A    Well, we didn't set up anything for him.  I mean,
 3         he's -- I mean, that was his idea, but they -- his
 4         company or I don't know their company, I don't know
 5         who -- how that whole thing works there --
 6    Q    So the Moscow entity, yeah.
 7    A    -- the Moscow entity has ran with this idea, and
 8         somehow they were able to establish all these contacts
 9         and work out all these deals and keep all these
10         agencies under control, which to us was -- we wouldn't
11         be able to do that.  The work ethics in Russia is not
12         such that it's very easy to keep people under control,
13         in my experience.  So I wouldn't undertake such a
14         task, and it was really doubtful that he would succeed
15         in it or his company would succeed it in.  But they
16         did, and here we are today.
17    Q    So primarily -- are you aware that they -- they --
18         IT-Online and also Stolitza, or whoever the personnel
19         are there, hold themselves out as being Anastasia
20         International?
21    A    Yes.
22    Q    That they represent themselves as being Anastasia
23         International?
24    A    Yes.
25    Q    How do you know that?
```

SYKES, Elena 30b6 - Vol. 1

**175**

167

1                        CERTIFICATE

2          I, Rebecca M. Pearson, RPR, a Notary Public in

3     and for the State of Maine, hereby certify that on the

4     26th day of October, 2011, personally appeared before

5     me at the offices of Gross, Minsky & Mogul, P.A., 23

6     Water Street, Bangor Maine, the within-named deponent,

7     ELENA SYKES, who was sworn to testify the truth, the

8     whole truth, and nothing but the truth in the cause of

9     action DREAM MARRIAGE GROUP, INC. v. ANASTASIA

10    INTERNATIONAL, INC.

11         I further certify that this deposition was

12    stenographically reported by me and later reduced to

13    computerized transcription, and that the foregoing is

14    a full and true record of the testimony given by the

15    deponent.

16         I further certify that I am a disinterested

17    person in the event or outcome of the above-named

18    cause of action.

19         IN WITNESS WHEREOF, I subscribe my hand this 7th

20    day of November, 2011.

21

22

23                        Rebecca M. Pearson, RPR
                          Notary Public
24    My commission expires:

25    February 22, 2016

SYKES, Elena 30b6 - Vol. 1

EXHIBIT M
Page 10 of  10

1  Craig B. Bailey (State Bar No. 114,410)               **HIGHLY CONFIDENTIAL**
      cbailey@fulpat.com
2  James Juo (State Bar No. 193,852)
      jjuo@fulpat.com
3  FULWIDER PATTON LLP
   Howard Hughes Center
4  6060 Center Drive, Tenth Floor
   Los Angeles, California 90045
5  Telephone: (310) 824-5555
   Facsimile: (310) 824-9696
6
7  Attorneys for Defendant Anastasia International, Inc.

8              **UNITED STATES DISTRICT COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10

11  DREAM MARRIAGE GROUP, INC.,          CASE NO. 10 CV 5034 RSWL (FFMx)

12          Plaintiff/Counter-Defendant,

13  v.                                   **DEFENDANT ANASTASIA INTERNATIONAL, INC.'S RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES (NOS. 1-13)**

14  ANASTASIA INTERNATIONAL, INC,

15          Defendant/Counterclaimant.

16

17

18          Defendant Anastasia International, Inc. ("Anastasia"), submits the following

19  responses to Plaintiff's First Set Interrogatories (Nos. 1-13).

20

21                          General Objections

22          Anastasia makes the following General Objections which are incorporated by

23  reference into Anastasia's response to each interrogatory, to the extent applicable,

24  whether or not stated in any individual response.  Anastasia's responses are qualified

25  by the objections, whether general or specific, asserted herein.

26          1.      Anastasia objects to Plaintiff's Interrogatories to the extent they exceed

27  the scope of discovery established by the applicable Federal Rules of Civil

28  Procedure, Local Rules, or Orders of the Court.

449081.     DEFENDANT ANASTASIA INTERNATIONAL, INC.'S            **HIGHLY CONFIDENTIAL**
            RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES   (SUBJECT TO PROTECTIVE ORDER)
            Civil Action No. 10 CV 5034 RSWL (FFMx)

Exhibit N
Page 1 of 4

REDACTED

8

9   **INTERROGATORY NO. 6**: Identify each instance, including the date and means

10 of communication in which YOU have communicated with IT Online; identify any

11 documents that YOU have referencing any form of business arrangement or

12 relationship YOU have or have had with IT Online and set forth all facts that

13 describe the nature of any business arrangement or relationship YOU have or have

14 had with IT Online.

15 **RESPONSE TO INTERROGATORY NO. 6:**

16     In addition to its General Objections incorporated herein, Anastasia objects to

17 this interrogatory on the grounds that the language "each instance" of having

18 communicated with IT Online, "any documents," "referencing," "any form of

19 business arrangement or relationship," and "all facts" that describe the nature of

20 "any business arrangement or relationship" with IT Online, are overly broad, unduly

21 burdensome, and oppressive.  Anastasia further objects to this interrogatory as

22 seeking confidential business information which is not relevant and not reasonably

23 calculated to lead to the discovery of admissible evidence.  Anastasia further objects

24 to the extent the request seeks information which may include communications

25 subject to attorney-client privilege or work product generated as a result of

26 litigation.

27     Subject to and without waiver of its General Objections and the immediately

28 preceding specific objections incorporated herein, Anastasia answers as follows:

433336..

DEFENDANT ANASTASIA INTERNATIONAL, INC.'S
RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES
Civil Action No. 10 CV 5034 RSWL (FFMx)

9

**HIGHLY CONFIDENTIAL**
(SUBJECT TO PROTECTIVE ORDER)

**178**

Exhibit N
Page 2 of 4

1        Anastasia has no documents referencing any form of business arrangement or
2   relationship between Anastasia and IT Online.  Anastasia started working with
3   Stolitza LLC to assist with website development and operations in Russia and other
4   former Soviet countries a number of years ago.  Over time, Stolitza LLC undertook
5   more responsibility for the operations with decreasing supervision by Anastasia.
6   Eventually, the websites and the operations in Russia and former Soviet countries
7   were being run by Stolitza LLC autonomously from Anastasia, although Anastasia
8   was still involved in customer service, tour sales, and banking operations.  Anastasia
9   understands that there may be some kind of arrangement or relationship between
10  Stolitza LLC and IT Online, but Anastasia has no knowledge of the specifics
11  regarding any such arrangement or relationship.
12

REDACTED

DEFENDANT ANASTASIA INTERNATIONAL, INC.'S
RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES
Civil Action No. 10 CV 5034 RSWL (FFMx)

10

**HIGHLY CONFIDENTIAL**
(SUBJECT TO PROTECTIVE ORDER)

Exhibit N
Page 3 of 4

1    CERTIFICATE OF SERVICE

2  **STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

3    I am employed in the County of Los Angeles, State of California.  I am over

4  the age of eighteen years and not a party to the within action; my business address is
6060 Center Drive, Tenth Floor, Los Angeles, California 90045.

5

6    On May 18, 2011, I served the following document(s) described as
DEFENDANT ANASTASIA INTERNATIONAL, INC.'S RESPONSE TO

7  PLAINTIFF'S FIRST SET OF INTERROGATORIES (NOS. 1-13) on the interested

8  parties in this action by placing true copies thereof enclosed in sealed envelopes
addressed as follows:

9

10    Bruce A. Fields                  R. Christopher Harshman
        Bruce A. Fields, APC          9701 Wilshire Blvd., 10th Floor
11    1801 Century Park East, 24th Floor    Beverly Hills, CA 90212
        Los Angeles, California  90067
12

13    ☒ **BY MAIL:**  I enclosed the document(s) in a sealed envelope or package

14  addressed to the persons at the addresses listed below and placed the envelope
for collection and mailing, following our ordinary business practices.  I am

15  readily familiar with Fulwider Patton's practice for collecting and processing
correspondence for mailing.  On the same day that the correspondence is

16  placed for collection and mailing, it is deposited in the ordinary course of

17  business with the United States Postal Service, in a sealed envelope with
postage fully prepaid.

18

19    ☐ **BY HAND DELIVERY:**  I caused such envelope(s) to be delivered by

20  hand to the addressee(s).

21  **FEDERAL:**  I declare that I am employed in the office of a member of the

22  bar of this Court at whose direction the service was made.  I declare under
penalty of perjury under the laws of the United States of America that the

23  foregoing is true and correct.

24  Executed on May 18, 2011, at Los Angeles, California.

25

26                                        Kathleen Gaines
                                          Kathleen Gaines

27

28

449081.      DEFENDANT ANASTASIA INTERNATIONAL, INC.'S
             RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES
             Civil Action No. 10 CV 5034 RSWL (FFMx)

Exhibit N
Page 4 of 4

Case 2:10-cv-05034-RSWL-FFM   Document 196-1   Filed 06/06/12   Page 176 of 187   Page
ID #:2907
Case 2:10-cv-05034-RSWL-FFM   Document 29-7   Filed 08/22/11   Page 31 of 71   Page ID
#:625

query the Whois database except as reasonably necessary to register
domain names or modify existing registrations. VeriSign reserves the right
to restrict your access to the Whois database in its sole discretion to
ensure
operational stability.  VeriSign may restrict or terminate your access to
the
Whois database for failure to abide by these terms of use. VeriSign
reserves the right to modify these terms at any time.

The Registry database contains ONLY .COM, .NET, .EDU domains and
Registrars.
% By submitting a query to RU-CENTER's Whois Service
% you agree to abide by the following terms of use:
% http://www.nic.ru/about/servpol.html (in Russian)
% http://www.nic.ru/about/en/servpol.html (in English).

```
Domain name:            ANASTASIADATE.COM
Name Server:            ns.maine-inc.net
Name Server:            ns2.maine-inc.net
Name Server:            ns5.maineinc.net
Creation Date:          2007.10.04
Updated Date:           2010.11.19
Expiration Date:        2013.10.04

Status:                 DELEGATED

Registrant ID:          IYSXO8R-RU
Registrant Name:        Boris E Sashin
Registrant Organization: Boris E Sashin
Registrant Street1:     Obrazcova 14
Registrant City:        Moscow
Registrant State:       Moscow
Registrant Postal Code: 127055
Registrant Country:     RU

Administrative, Technical Contact
Contact ID:             IYSXO8R-RU
Contact Name:           Boris E Sashin
Contact Organization:   Boris E Sashin
Contact Street1:        Obrazcova 14
Contact City:           Moscow
Contact State:          Moscow
Contact Postal Code:    127055
Contact Country:        RU
Contact Phone:          +7 9104233891
Contact E-mail:         borissashin@yahoo.com
```

**Schmitt Decl. page 032**

**181**

Registrar:              Regional Network Information Center, JSC dba RU-CENTER

Last updated on 2011.03.27 10:39:58 MSK/MSD

Case 2:10-cv-05034-RSWL-FFM   Document 196-1   Filed 06/06/12   Page 178 of 187   Page
ID #:2809
Case 2:10-cv-05034-RSWL-FFM   Document #:2909   Filed 08/22/11   Page 33 of 71   Page ID
#:627

```
Whois Server Version 2.0

Domain names in the .com and .net domains can now be registered
with many different competing registrars. Go to http://www.internic.net
for detailed information.

    Domain Name: ANASTASIA-INTERNATIONAL.COM
    Registrar: REGIONAL NETWORK INFORMATION CENTER, JSC DBA RU-CENTER
    Whois Server: whois.nic.ru
    Referral URL: http://www.nic.ru
    Name Server: NS.ANNASTASIA-INTERNATIONAL.COM
    Name Server: NS.MAINE-INC.NET
    Name Server: NS2.MAINE-INC.NET
    Name Server: NS5.MAINEINC.NET
    Status: clientTransferProhibited
    Updated Date: 25-nov-2010
    Creation Date: 27-nov-2006
    Expiration Date: 27-nov-2011

>>> Last update of whois database: Sun, 27 Mar 2011 06:40:42 UTC <<<
```

NOTICE: The expiration date displayed in this record is the date the
registrar's sponsorship of the domain name registration in the registry is
currently set to expire. This date does not necessarily reflect the
expiration
date of the domain name registrant's agreement with the sponsoring
registrar.  Users may consult the sponsoring registrar's Whois database to
view the registrar's reported date of expiration for this registration.

TERMS OF USE: You are not authorized to access or query our Whois
database through the use of electronic processes that are high-volume and
automated except as reasonably necessary to register domain names or
modify existing registrations; the Data in VeriSign Global Registry
Services' ("VeriSign") Whois database is provided by VeriSign for
information purposes only, and to assist persons in obtaining information
about or related to a domain name registration record. VeriSign does not
guarantee its accuracy. By submitting a Whois query, you agree to abide
by the following terms of use: You agree that you may use this Data only
for lawful purposes and that under no circumstances will you use this Data
to: (1) allow, enable, or otherwise support the transmission of mass
unsolicited, commercial advertising or solicitations via e-mail, telephone,
or facsimile; or (2) enable high volume, automated, electronic processes
that apply to VeriSign (or its computer systems). The compilation,
repackaging, dissemination or other use of this Data is expressly
prohibited without the prior written consent of VeriSign. You agree not to

**Schmitt Decl. page 034**

use electronic processes that are automated and high-volume to access or
query the Whois database except as reasonably necessary to register
domain names or modify existing registrations. VeriSign reserves the right
to restrict your access to the Whois database in its sole discretion to
ensure
operational stability.  VeriSign may restrict or terminate your access to
the
Whois database for failure to abide by these terms of use. VeriSign
reserves the right to modify these terms at any time.

The Registry database contains ONLY .COM, .NET, .EDU domains and
Registrars.
% By submitting a query to RU-CENTER's Whois Service
% you agree to abide by the following terms of use:
% http://www.nic.ru/about/servpol.html (in Russian)
% http://www.nic.ru/about/en/servpol.html (in English).

```
Domain name:            ANASTASIA-INTERNATIONAL.COM
Name Server:            ns.annastasia-international.com
Name Server:            ns.maine-inc.net
Name Server:            ns2.maine-inc.net
Name Server:            ns5.maineinc.net
Creation Date:          2006.11.27
Updated Date:           2010.11.19
Expiration Date:        2011.11.27

Status:                 DELEGATED

Registrant ID:          IYSXO8R-RU
Registrant Name:        Boris E Sashin
Registrant Organization: Boris E Sashin
Registrant Street1:     Obrazcova 14
Registrant City:        Moscow
Registrant State:       Moscow
Registrant Postal Code: 127055
Registrant Country:     RU

Administrative, Technical Contact
Contact ID:             IYSXO8R-RU
Contact Name:           Boris E Sashin
Contact Organization:   Boris E Sashin
Contact Street1:        Obrazcova 14
Contact City:           Moscow
Contact State:          Moscow
Contact Postal Code:    127055
Contact Country:        RU
```

**Schmitt Decl. page 035**

Case 2:10-cv-05034-RSWL-FFM   Document 196-1   Filed 06/06/12   Page 180 of 187   Page
Case 2:10-cv-05034-RSWL-FFM   Document 30-1   Filed 08/22/11   Page 35 of 71   Page ID
ID #:300
#:629

```
Contact Phone:          +7 9104233891
Contact E-mail:         borissashin@yahoo.com

Registrar:              Regional Network Information Center, JSC dba RU-
CENTER

Last updated on 2011.03.27 10:41:10 MSK/MSD
```

**Schmitt Decl. page 036**

EXHIBIT O
Page 5 of  5

1  Bruce A. Fields (102426)
   bfields@bfieldslaw.com
2  Bruce A. Fields A.P.C.
3  1801 Century Park East, 24th Floor
   Los Angeles, California 90067
4  Telephone:   310-552-7832
   Facsimile:    800-279-4830
5
6  Attorneys for Plaintiff
   Dream Marriage Group, Inc.
7
8                  UNITED STATES DISTRICT COURT
9                 CENTRAL DISTRICT OF CALIFORNIA
10
11  Dream Marriage Group, Inc.,          Case no. CV 10-5034 RSWL (FFMx)
12                        Plaintiff,     PLAINTIFF'S  RESPONSES TO
                                         DEFENDANT'S SECOND SET OF
13           vs.                         REQUESTS FOR PRODUCTION
14  Anastasia International, Inc. et al., CONFIDENTIAL - ATTORNEYS' EYES
15                        Defendants.    ONLY
16
17
18  PROPOUNDING PARTY:   ANASTASIA INTERNATIONAL, INC.
19  RESPONDING PARTY:    DREAM MARRIAGE GROUP, INC.
20  SET:                 ONE
21
22        Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, plaintiff Dream
23  Marriage Group, Inc. by its attorneys, hereby object and respond to defendant's second set
24  of requests for production.
25                  GENERAL OBJECTIONS AND RESERVATIONS
26        Plaintiff Dream Marriage Group, Inc. ("DMG") has not yet completed its
27  investigation of the facts pertaining to this action, its discovery, or its preparation for trial.
28  Insofar as any request properly seeks information, DMG has made a reasonable effort to

1   RESPONSE TO REQUEST FOR PRODUCTION NO. 85:

2   DMG incorporates by reference its general objections and reservations as though

3   fully set forth herein. DMG further objects that this request is vague and ambiguous. DMG

4   further objects that this request, demanding DMG produce "all" documents, is overly broad

5   and unduly burdensome, oppressive and harassing. See, e.g., *Scruggs v. Vance*, no. CIV S-06-

6   0633 FCD DAD P, 2009 U.S. Dist. LEXIS 18520, at *3 (E.D. Cal. Mar. 9, 2009). Subject to

7   and without waiving the foregoing objections, DMG will make available for inspection and

8   copying on a mutual agreeable date and time those non-privileged documents within its

9   possession, custody and control it deems responsive to this request.

10   REQUEST FOR PRODUCTION NO. 86.  Documents sufficient to identify all

11   persons/entities who have operated the website at www.dream-marriage.com at any time

12   from January 1, 2009 to the present.

13   RESPONSE TO REQUEST FOR PRODUCTION NO. 86:

14   DMG incorporates by reference its general objections and reservations as though

15   fully set forth herein. DMG further objects that this request is vague and ambiguous as to

16   the term "operated". DMG further objects that this request, demanding DMG produce

17   "documents sufficient to identify", is overly broad and unduly burdensome, oppressive and

18   harassing. See, e.g., *Scruggs v. Vance*, no. CIV S-06-0633 FCD DAD P, 2009 U.S. Dist. LEXIS

19   18520, at *3 (E.D. Cal. Mar. 9, 2009). Subject to and without waiving the foregoing

20   objections, DMG will not produce documents responsive to this request.

21   REQUEST FOR PRODUCTION NO. 87.  Documents sufficient to identify all

22   persons/entities who have been responsible for interfacing and/or communicating with the

23   Agencies that provide women's profiles or other content for the website at www.dream-

24   marriage.com at any time from January 1, 2009 to the present.

25   RESPONSE TO REQUEST FOR PRODUCTION NO. 87:

26   DMG incorporates by reference its general objections and reservations as though

27   fully set forth herein. DMG further objects that this request is vague and ambiguous.

28

6

1   REQUEST FOR PRODUCTION NO. 89  Documents sufficient to identify all
2   person/entities who have been involved in the design of the website at www.dream-
3   marriage.com from the creation of the website to the present.
4   RESPONSE TO REQUEST FOR PRODUCTION NO. 89:
5   DMG incorporates by reference its general objections and reservations as though
6   fully set forth herein. DMG further objects that this request is vague and ambiguous.
7   Plaintiff objects to this request on the grounds that the phrases "involved in," "design," and
8   "the website at" are vague and ambiguous and undefined. DMG further objects that this
9   request, demanding DMG produce "documents sufficient to identify", is overly broad and
10  unduly burdensome, oppressive and harassing. See, e.g., *Scruggs v. Vance*, no. CIV S-06-0633
11  FCD DAD P, 2009 U.S. Dist. LEXIS 18520, at *3 (E.D. Cal. Mar. 9, 2009). Further, this
12  request is overly broad, unduly burdensome, oppressive and harassing to the extent that it is
13  not limited to time and scope and seeks documents not relevant to the claims or defenses in
14  this case, and not reasonably calculated to lead to the discovery of relevant admissible
15  evidence. Based on the foregoing objections, DMG will not produce documents responsive
16  to this request.
17  REQUEST FOR PRODUCTION NO. 90  Documents sufficient to identify all
18  person/entities who have been involved with the maintenance of the website at
19  www.dream-marriage.com at any time from January 1, 2009 to the present.
20  RESPONSE TO REQUEST FOR PRODUCTION NO. 90:
21  DMG incorporates by reference its general objections and reservations as though
22  fully set forth herein. DMG further objects that this request is vague and ambiguous.
23  Plaintiff objects to this request on the grounds that the phrases "involved with,"
24  "maintenance," and "the website at" are vague and ambiguous and undefined. DMG further
25  objects that this request, demanding DMG produce "documents sufficient to identify", is
26  overly broad and unduly burdensome, oppressive and harassing. See, e.g., *Scruggs v. Vance*, no.
27  CIV S-06-0633 FCD DAD P, 2009 U.S. Dist. LEXIS 18520, at *3 (E.D. Cal. Mar. 9, 2009).
28  Further, this request is overly broad, unduly burdensome, oppressive and harassing to the

8

PLAINTIFF'S RESPONSES TO DEFENDANT'S 2ND SET OF REQUESTS FOR PRODUCTION - CV 10-5034 RSWL (FFMX)

Exhibit P
Page 3 of 7

1  extent that it is not limited to time and scope and seeks documents not relevant to the
2  claims or defenses in this case, and not reasonably calculated to lead to the discovery of
3  relevant admissible evidence. Based on the foregoing objections, DMG will not produce
4  documents responsive to this request.

5  REQUEST FOR PRODUCTION NO. 91 Documents sufficient to identify all
6  person/entities who have been involved with the programming of the website at
7  www.dream-marriage.com at any time from January 1, 2009 to the present.

8  RESPONSE TO REQUEST FOR PRODUCTION NO. 91:

9  DMG incorporates by reference its general objections and reservations as though
10  fully set forth herein. DMG further objects that this request is vague and ambiguous.
11  Plaintiff objects to this request on the grounds that the phrases "involved with,"
12  "programming," and "the website at" are vague and ambiguous and undefined. DMG
13  further objects that this request, demanding DMG produce "documents sufficient to
14  identify", is overly broad and unduly burdensome, oppressive and harassing. See, e.g., *Scruggs*
15  *v. Vance*, no. CIV S-06-0633 FCD DAD P, 2009 U.S. Dist. LEXIS 18520, at *3 (E.D. Cal.
16  Mar. 9, 2009). Further, this request is overly broad, unduly burdensome, oppressive and
17  harassing to the extent that it is not limited to time and scope and seeks documents not
18  relevant to the claims or defenses in this case, and not reasonably calculated to lead to the
19  discovery of relevant admissible evidence. Subject to and without waiving the foregoing
20  objections, and to the extent Plaintiff has reasonably interpreted the vague and ambiguous
21  phrases, DMG will make available for inspection and copying on a mutual agreeable date
22  and time those non-privileged documents with respect to the time period relative to DMG's
23  claims within its possession, custody and control it deems responsive to this request.

24

25  REQUEST FOR PRODUCTION NO. 92 Documents sufficient to identify all
26  person/entities who have been involved with the hosting of the website at www.dream-
27  marriage.com at any time from January 1, 2009 to the present.
28

PLAINTIFF'S RESPONSES TO DEFENDANT'S 2ND SET OF REQUESTS FOR PRODUCTION - CV 10-5034 RSWL (FFMX)

Exhibit P
Page 4 of 7

1  relevant to the claims or defenses in this case, and not reasonably calculated to lead to the
2  discovery of relevant admissible evidence. DMG further objects that this request is vague
3  and ambiguous as to the reference to "business relationship between A Foreign Affair and
4  DMG or the website at www.dream-marriage.com." The request further seeks documents
5  protected by the attorney client privilege and attorney work product privilege. Based on the
6  objections, Plaintiff will not produce documents responsive to this request.

7

8  Dated: April 9, 2012                          Bruce A. Fields A.P.C.

9

10                                         By: _____
                                                Bruce A. Fields
11                                              Attorneys for Plaintiff
                                                Dream Marriage Group, Inc.
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                     156
PLAINTIFF'S RESPONSES TO DEFENDANT'S 2ND SET OF REQUESTS FOR PRODUCTION - CV 10-5034 RSWL (FFMX)

## PROOF OF SERVICE

**I. DAY, MANNER AND METHOD OF SERVICE; TITLE OF DOCUMENT SERVED**

On April 9, 2012 (the "Service Date"), I caused to be served ☐ an original ☒ a true and correct copy of Plaintiff's response to Defendant's 2nd Set of Interrogatories and 2nd Set of Requests for Production upon the parties set forth below, or on the attached service list (the "Recipient(s)) by:

☐**XXPersonal Service** (Cal. Code Civ. Proc. ("CCP") § 1011; Fed. R. Civ. P. ("FRCP") 5(b)(2).)

☐**Mail**, when I deposited the Document, in a sealed envelope, with postage thereon fully paid, addressed to the Recipient(s) as set forth below, in a post office, mailbox, subpost office, substation, or mail chute, or other like facility regularly maintained by the USPS, in Los Angeles, California, on the Service Date. (CCP §§ 1013(a)-(b); 1013a(1); FRCP 5(b)(2)(C).)

☐**Mail**, in accordance with the business' practice (with which I am readily familiar), when I placed the Document for collection and processing for mailing with the USPS, in an envelope addressed to the Recipient(s) as set forth below that was sealed and placed for collection and mailing on the Service Date at my business address, set forth below. Pursuant to our ordinary business practices, the Document will be deposited with the USPS that same day in the ordinary course of business. (CCP §§ 1013(a)-(b), 1013a(3).)

☐**Electronic Notification**, when I ☐ sent or ☐ filed the Document via the Court's CM/ECF system (pursuant to C.D. Cal. L.R. 5-3.3, N.D. Cal. Civil L.R. 5.5(b), or an equivalent local rule of this Court) or an electronic filing service provider which sent, an electronic message to the electronic address(es) at or through which the Recipient(s) authorized electronic service, specifying the exact name of the document served, and providing a hyperlink at which the served document may be viewed and downloaded. (CCP § 1010.6(a)(1)(C); CRC 2.251; FRCP 5(b)(3).)

☐**Electronic Transmission** via electronic mail ("email"), pursuant to ☐ written agreement or ☐ the rules of this Court, when I transmitted an electronic copy of the Document, from my@email.com (my electronic service address) to the electronic service address(es) at or through which the Recipient(s) authorized electronic service, on the Service Date, at 4:20 p.m. (CCP § 1010.6(a)(1)(B); CRC 2.251; FRCP 5(b)(2)(E).)

☐**Express mail**, when I deposited the Document, in a sealed envelope with Express Mail postage paid, addressed to the Recipient(s) as set forth below, in a post office, mailbox, subpost office, substation, or mail chute, or other like facility regularly maintained by the United States Postal Service ("USPS") for receipt of Express Mail, in Beverly Hills, California, on the Service Date. (CCP § 1013(c)-(d).)

☐_____ (an "Express Service Carrier" and a means reasonably calculated to ensure delivery to the Recipient(s) not later than the close of the next business day), when I deposited the Document, in an envelope or package designated by the Express Service Carrier with delivery fees paid or provided for, addressed to the Recipient(s) as set forth below, in a box or other facility regularly maintained by the Express Service Carrier, or delivered to an authorized courier or driver authorized by the Express Service Carrier to receive documents, in Beverly Hills, California, on the Service Date. (CCP § 1005(b)-(c).)

☐**Facsimile Transmission** ("fax") of the Document, pursuant to written agreement, that I made to a fax machine maintained by the Recipient(s) at the fax machine telephone number(s) shown below, being the fax number(s) last given by the Recipient(s). The fax transmission was made on the Service

**191**

Date, at 4:20 p.m., from sending fax machine telephone number (310) 555-1212. This fax transmission was reported as complete and without error; a copy of the transmission report is attached hereto and I hereby declare that the transmission report was properly issued by the sending fax machine. (CCP § 1013(e)-(f); CRC 2.306(a), (h); FRCP 5(b)(2)(E).)

☐ **Leaving** the Document in a manner specified in ☐ CCP § 1011(a)-(b) or ☐ FRCP 5(b)(2)(B):

## II.   EACH PERSON AND/OR ENTITY SERVED

Service of the Document was made on each party set forth here or, for a represented party, the attorney(s) representing that party. (CRC 1.21(a); Fed. R. Civ. P. 5(b)(1).)

Craig B. Bailey.
FULWIDER PATTON LLP
6060 Center Drive, Tenth Floor
Los Angeles, CA 90045

## III.   DECLARATION

☐ **State:** I hereby certify that: I am over the age of 18 years; not a party to, nor interested in, this matter; that I am:
  ☐ employed in, or ☐ a resident of Los Angeles County, State of California; or
  ☐ an active member of the State Bar of California;
  and that my business address is:          (Cal. Code Civ. Proc. § 1013a(1)-(2).)
☐ **Federal:** I hereby certify that I am:
  ☐ employed in the office of a member of, or ☐ an attorney admitted *pro hac vice* before, the Bar of this Court, at whose direction the service was made; or
  ☐ ☒ a member of the Bar of, or ☐ admitted *pro hac vice* before, the United States District Court, Central District of California.

I declare under penalty of perjury, ☐ under the laws of the State of California, if this matter is before the courts of that state; Cal. Code Civ. Proc. § 2015.5) or ☐ under the laws of the United States of America, if this matter is being heard before a Court of the United States and this certification is executed without the United States (28 U.S.C. § 1746), that the foregoing is true and correct. This Declaration constitutes Proof of Service of the Document, as contemplated by, e.g., CRC 1.21(c); C.D. Cal. L.R. 5-3.1, etc. Executed on April 9, 2012 at Los Angeles, California.

/s/ Bruce A. Fields
Bruce A. Fields, APC