Bruce A. Fields (102426)
  bfields@bfieldslaw.com
Bruce A. Fields, A Professional Corp.
1801 Century Park East, 24th Floor
Los Angeles, California 90067
Telephone:   (310) 552-7832
Facsimile:   (800) 279-4830

R. Christopher Harshman (248214)
  rch@packetlaw.com
9701 Wilshire Blvd Ste 1000
Beverly Hills, CA 90212
Telephone:   (310) 651-3077
Facsimile:   (310) 773-9027

Attorneys for Plaintiff Dream Marriage Group, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Dream Marriage Group, Inc., <br><br>         Plaintiff, <br><br> vs. <br><br> **Anastasia International, Inc.**, et al., <br><br>         Defendants. | Case no. CV 10-05034-RSWL (FFMx) <br><br> NOTICE OF ERRATA |

To the Court, All Parties, and their Counsel of Record:

     Plaintiff Dream Marriage Group, Inc. hereby files the following Notice of Errata in connection with Plaintiff's Reply in Support of its Motion for Leave to File a Fourth Amended Complaint, electronically filed on June 13, 2012 as ECF No. 211 ("Reply Memorandum"):

ERRATA

    1.    The Reply Memorandum had an incomplete Table of Contents (p. i);

    2.    The Reply Memorandum had an incorrect Table of Authorities (p. ii-iii);

3.    The heading level changed for the headings found at 12:7, 12:8, 12:18, 12:26, and 14:12;

4.    Lines 3:20-22 were inadvertently included and should be struck; and

5.    Lines 10:22-24 were inadvertently included and should be struck.

Counsel for Plaintiff Dream Marriage Group, Inc. respectfully *apologizes* for these *inadvertent errors*, and respectfully request that all editions of the Reply Memorandum be corrected by interlineation or substitution, to reflect this Notice of Errata.

Substitute copies of the affected pages, with content otherwise unchanged and pagination retained as in the originally filed Reply Memorandum, are attached hereto.

Dated: June 14, 2012

> By:/s/ R. Christopher Harshman
> R. Christopher Harshman
> Attorneys for Plaintiff Dream Marriage Group, Inc.

# TABLE OF CONTENTS

**TABLE OF CONTENTS**..................................................................................................................**I**

**TABLE OF AUTHORITIES** ........................................................................................................**II**

I. INTRODUCTION .................................................................................................................................1

II. PLAINTIFF HAS SATISFIED THE REQUIREMENTS TO BRING THIS MOTION .......................................4

    A. *No Undue Delay*................................................................................................................4

    B. *Plaintiff's Amendments are Not Futile* .........................................................................12

    C. *Plaintiff Has Not Acted in Bad Faith*............................................................................12

    D. *Defendant will Not Be Prejudiced by These Amendments* ........................................14

III. CONCLUSION..................................................................................................................................17

## TABLE OF AUTHORITIES

**CASES**

*Bowles v. Reade*, 198 F.3d 752 (9th Cir. 1999) ..................................................................4
*Broadfoot v. Diaz (In re Int'l Telemedia Assoc.)*, 25 B.R. 713 (Bankr. N.D. Ga. 2000) .....17
*Brown v. Terhune*, 2011 WL 3812596 (C.D. Cal. Aug. 30, 2011) ............................... 4, 16
*Butcher & Singer, Inc. v. Kellam*, 105 F.R.D. 450 (D. Del 1984) ....................................1, 5
*Christian v. Mattel, Inc.*, 286 F.3d 1118 (9th Cir. 2002) .....................................................6
*Cooper Development Co. v. Employers Insurance of Wausau*, 765 F.Supp. 1429 (N.D. Cal. 1991) ......4
*DCD Programs, Ltd. v. Leighton*, 833 F.2d 183 (9th Cir. 1987) ......................... 1, 4, 7, 13
*Delgado v. Orchard Supply Hardware Corp.*, 2011 WL 4627073 (E.D. Cal. October 3, 2011) .....13
*Department of Commerce v. United States House of Representatives*, 525 US 316 (1999) ..................12
*Duhn Oil Tool, Inc. v. Cooper Cameron Corp.*, 2010 WL 596312 (E.D. Cal. Feb. 16, 2010) ..........11
*Edwards v. City of Goldsboro*, 178 F.3d 231 (4th Cir. 1999) .............................................7
*Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048 (9th Cir. 2003) ..............................4
*Forum Fin. Group, LLC v. President, Fellows of Harvard College*, 199 F.R.D. 22 (D. Maine 2001) 17
*Golden Eagle Distrib. Co. v. Burroughs Corp.*, 801 F.2d 1531 (9th Cir. 1986) ...................5
*Greenberg v. Sala*, 822 F.2d 882 (9th Cir. 1987) ...............................................................6
*Griggs v. Pace American Group, Inc.*, 170 F.3d 877 (9th Cir. 1999) ................................13
*Higashi Farms, Inc. v. Bank of the West*, 2010 U.S. Dist. LEXIS 111430 (N.D. Cal. Oct. 8, 2010) ..............4
*Hip Hop Beverage Corp. v. RIC Representcoes Importacao e Comercio Ltda.*, 220 F.R.D. 614 (C.D.Cal.2003)............................................................................................. 12, 15, 16
*Howey v. U.S.*, 481 F.2d 1187 (9th Cir. 1973)............................................................ 3, 4, 5
*Hurn v. Retirement Fund Trust of Plumbing*, 648 F.2d 1252 (9th Cir. 1981) ....................5
*Int'l Controls Corp v. Vesco*, 593 F.2d 166 (2d Cir.1979) ...............................................17
*Johnson v. Hewlett Packard,* 809 F.Supp.2d 1114 (N.D. Cal. 2011) ................................15
*Kendrick v. Zanides*, 609 F. Supp. 1162 (N.D. Cal. 1985) .................................................6
*Levin v. Ruby Trading Corp.*, 248 F.Supp. 537 (S.D.N.Y.1965) ......................................17
*Minor v. FedEx Office and Print Services, Inc.*, 2010 WL 3080533, *3 (N.D. Cal. August 6, 2010) 5
*Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074 (9th Cir. 1990)............... 1, 4, 14
*Mutuelles Unies v. Kroll & Linstrom* 957 F2d 707 (9th Cir. 1992)......................................10
*New Eng. Merchs. Nat'l Bank v. Iran Power Generation & Transmission Co.*, 495 F.Supp. 73 (S.D.N.Y. 1980) ................................................................................................17
*Nucal Foods, Inc. v. Quality Egg LLC*, 2012 WL 260078 (E.D. Cal. Jan. 27, 2012) ..........7
*Raifman v. Wachovia Securities*, LLC, 2012 WL 1611030 (N.D. Cal. May 8, 2012) ........5
*Rio Properties, Inc. v. Rio Intern Interlink*, 284 F.3d 1007 (9th Cir. 2002) ......................16
*Robert Half Intern, Inc. v. Murray*, 2008 WL 2610793 (E.D. Cal. June 25, 2008) .........14
*Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530 (9th Cir. 1984) ..........................12
SEC v. Tome, 833 F.2d 1086 (2d Cir.1987)........................................................................17

*Semiconductor Energy Laboratory Co. Ltd. v. Chi Mei Optoelectronics Corp.*, 2006 WL 3826726 (N.D. Cal. Dec. 27, 2006) ..................................................................................................... 6
*Sierra Club v. Union Oil Co. of California*, 813 F.2d 1480 (9th Cir. 1987) ........................................ 15
*Space Sys./Loral, Inc. v. Lockheed Martin Corp.*, C-96-3418SI, 1998 WL 1045304 (N.D. Cal. Aug. 5, 1998) ............................................................................................................................. 7
*United States v. Webb*, 655 F.2d 977 (9th Cir. 1981) ........................................................................ 4

**RULES**

Fed. R. Civ. P. 11 ............................................................................................................... 1, 6, 7
Fed. R. Civ. P. 4 ................................................................................................................. 16, 17

it does business." (Defendant's Opposition, ECF No. 194 ("Opposition"), 17:6-9.) This Court must not permit the Defendant to have its cake and eat it too; in reality, the Defendant has ratified these actions by continuing to allow these entities to act in its name, manage all of its business affairs and activities, and continuing to pay the bills the Moscow Entities send them, among other acts. Accordingly, both Anastasia and its partners should answer for these actions. (See also Memorandum of Points and Authorities in Support of Plaintiff's Motion for Leave to File Fourth Amended Complaint, ECF No. 179 (the "Motion"), 4:24-7:26.)

Defendant does not even attempt to counter many of the unsavory factual issues and dubious developments Plaintiff has to date uncovered through discovery, which include: the sudden abdication (shortly after this lawsuit was filed) of its long-time sole officer, director, and shareholder, Elena Sykes; and, the purported resignation of its president, Alexey Eremin ("Eremin"), after his deposition had been noticed but before Plaintiff could take it. Defendant makes no attempt to counter that facts that Eremin's company, Web Service LLC, has been assigned and/or registered Anastasia's federal trademarks, and shares offices with the other Moscow entities. (Motion, 5:3-6:2.)

Worse, Plaintiff has been unable to depose this key witness since August of 2011, in spite of Magistrate Judge Mumm's order that the deposition proceed (Jan. 10, 2012 Order Denying Defendant's Motion for Protective Order, ECF No. 99). Remarkably, Defendant lards its motion with purported claims of "bad faith" on the part of Plaintiff, but tellingly, it offers no defense to their ongoing flouting of this Court order.

\\\
\\\
\\\

This conduct has forced Plaintiff to name these related entities and pursue this amendment. At bottom, this is precisely the type of case where leave to amend should be "freely given" because "the purpose of pleadings is 'to facilitate a proper disposition on the merits'" *Howey v. U.S.*, 481 F.2d 1187, 1190 (9th Cir. 1973) (emphasis added).

3

1. (Management Agreement). DWP is the managing agent of DMG and has the authority "to exercise on behalf of the [DMG] all powers with respect to the Business as the Manager reasonably believes to be necessary and appropriate in the operation of the Business on behalf of the [DMG]." *Id.*, Ex. A at ¶ 3.1. Moreover, DWP has the specific authority "to monitor the performance of the Business, to exercise all rights, powers, privileges and other incidents of ownership or possession with respect to the Business and to take such action as may be necessary or advisable in connection with the Business, as determined by the Manager in its reasonable discretion." *Id.*, Ex. A at ¶ 3.2 (e). Defendant wholly ignores the fact that DWP has formally ratified its presence in this lawsuit. Declaration of Shyrah Butcher, ECF No. 178 ("Butcher Decl."), ¶ 22. *Mutuelles Unies v. Kroll & Linstrom* 957 F2d 707, 712 (9th Cir. 1992).

DWP has a direct economic and commercial interest in this action, as its remuneration is directly tied (as a percentage of the fees and revenues collected; Butcher Supp. Decl. Ex. A, ¶ 9) to the performance of DMG's business, and as such has been directly damaged by the wrongful conduct of the Defendant, the Defendant's agents, and the new defendants. DWP's interest became effective as of January 1, 2010, predating the filing of this lawsuit. (*Id.*, preamble.)

\\\
\\\
\\\

Defendant's counsel, indeed, met and conferred with Plaintiff's counsel over the very discovery items they seek to take Plaintiff to task for in the Defendant's Opposition (13:25-14:20); the Defendant, in turn, **never followed up** to obtain the discussed documents. Supp. Fields Decl., ¶ 3.

Finally, the Defendant will not be unduly prejudiced by the addition of DWP. Defendant does not dispute that has been aware of DWP since at least December, 2010. See, e.g., *Duhn Oil Tool, Inc. v. Cooper Cameron Corp.*, 2010 WL 596312, at *11 (E.D. Cal. Feb. 16, 2010) (finding leave to amend would not prejudice defendant who had notice and an

preparing oppositions thereto, favoring instead the present "omnibus" motion for leave to file one comprehensively amended final complaint.

### B.  Plaintiff's Amendments are Not Futile

*1. DWP Has Standing*

An amendment is futile only if it would clearly be subject to dismissal. *Hip Hop Beverage Corp. v. RIC Representcoes Importacao e Comercio Ltda.*, 220 F.R.D. 614, 622-3 (C.D.Cal.2003). Although courts will determine legal sufficiency using the same standards as applied on a motion pursuant to Fed. R. Civ. P. 12(b)(6), such issues should be raised in a motion to dismiss rather than in an opposition to a motion for leave to amend. *Id.* at 623; see generally, *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 541 (9th Cir. 1984). As set forth above, DWP has, alongside DMG, a real, direct interest in this litigation, and has been directly harmed by the wrongful conduct of the Defendant and/or those operating for Defendant's benefit.

*2. Plaintiff's Tortious Interference Claim is not Futile*

As shown above, DWP has standing to be in this lawsuit. As DWP has its principal place of business in California, it has standing to bring the tortious interference claim. Moreover, if any plaintiff has standing, it satisfies the standing requirement for all co-plaintiffs who are proper parties on the same complaint seeking the same relief. *Department of Commerce v. United States House of Representatives*, 525 US 316, 328 (1999) (The "presence of one party with standing assures that (the) controversy before (the) Court is justiciable.") (parentheses added). Thus, Defendant's futility arguments must be rejected.

### C.  Plaintiff Has Not Acted in Bad Faith

A party "acts in bad faith when it seeks to amend its pleadings solely for a 'wrongful motive' such as unnecessary delay or harassment." *Delgado v. Orchard Supply Hardware Corp.*, 2011 WL 4627073 (E.D. Cal. October 3, 2011); *Griggs v. Pace American Group, Inc.*, 170 F.3d 877, 881 (9th Cir. 1999) (party acts in bad faith when it is merely seeking to prolong the litigation by adding baseless legal theories). As noted above, Defendant's cries of "delay" are disingenuous in light of their discovery abuse, particularly their ongoing refusal to produce

12. For Request nos. 86, 89 and 90, Plaintiff offered to produce documents if Defendant narrowed these hopelessly overbroad requests. Defendant refused. *Id.*

DMG also has not acted in bad faith regarding the addition of DWP. Despite Defendant's protests to the contrary, Plaintiff has produced DWP documents, including a licensing agreement. Supp. Fields Decl., ¶ 17. Defendant wholly ignores the fact that in response to Defendant's first requests for production that Plaintiff stated it would produce DWP documents. Supp. Fields Decl ., Ex. A . Plaintiff is continuing do so, and will moving forward if this motion is granted. Defendant's claims of bad faith are further undercut by the fact that Defendant is still requesting documents regarding DWP, including Defendant's Fourth (served May 11, 2012) , Fifth (served May 11, 2012) and Sixth (May 25, 2012) requests for production. Supp. Fields Decl., ¶ 18.

### D.     Defendant will Not Be Prejudiced by These Amendments

Prejudice is found when "the litigation is *radically* shifted by the amendment." *Robert Half Intern, Inc. v. Murray*, 2008 WL 2610793 * 6 (E.D. Cal. June 25, 2008) (emphasis added). The Ninth Circuit has found such substantial prejudice only where the claims sought to be added "would have *greatly altered* the nature of the litigation." *Morongo*, 893 F.2d 1074, 1079 (9th Cir. 1990) (emphasis added). However, "where new issues raised are substantially related to the issues already in the suit, and the new claims are similar or the same, then the scope of litigation is not greatly altered." *Robert Half Intern, Inc. v. Murray*, 2008 WL 2610793 * 6 (E.D. Cal. June 25, 2008) . Moreover, "requiring a slight adjustment of a discovery plan in light of the addition of proposed counterclaims does not constitute unfair prejudice." *Id.*

Defendant's prejudice arguments ignore the fundamental fact that the Fourth Amendment Complaint does not "radically" change the theory and scope of the case: Plaintiff is still suing Anastasia for the same causes of action as before, it is now only including the closely related offshore "Moscow Entities" and Lookintom that either engaged in or originated the same behavior. Additionally, the single claim Plaintiff is adding- tortious interference with prospective business advantage- is not "vastly expanding" the nature or the scope of the litigation as the *same* acts underlying the other causes of action,

14